IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS, <br><br>             *Plaintiffs*, <br>         v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br>             *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**MOTION TO INTERVENE OF RIVER CITY GENDER ALLIANCE
AND ACLU OF TEXAS**

River City Gender Alliance and the ACLU of Texas (collectively, "Movants") seek intervention as defendants of right, pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, Movants request permissive intervention under Rule 24(b)(1). Defendants oppose the motion to intervene as of right and are not in a position to state their position on Movants'

request for permissive intervention; Plaintiffs are not able to state their position on the Motion for Intervention without seeing the motion papers.

1.     Movants are River City Gender Alliance ("RCGA"), and the ACLU of Texas. The facts below are supported by the declarations of Katherine Parris, as representative of RCGA, and Cheryl Newcomb, as representative of the ACLU of Texas. *See* Exhs. 1 and 2. Movants also submit a Memorandum of Law in Support of their Motion to Intervene, an Appendix, a Proposed Answer in Intervention, and a Proposed Order Granting Intervention.

2.     RCGA is an Omaha-based, nonprofit organization that provides peer support for transgender and gender non-conforming people. It currently has more than 150 members, spanning all age ranges. It has several members who have a medical need for treatment related to gender transition and who anticipate needing treatment over the next year. One of these members is a Nebraska state employee who receives healthcare coverage through their employee healthcare plan, and who has been denied coverage for their hysterectomy and hormone therapy. At least one of these members works at a Catholic hospital and receives healthcare coverage through their employee healthcare plan. At least one of these members receives primary care at a public hospital. At least one of these members receives primary care at a Catholic hospital. And at least one of these members was subject to discrimination related to their transgender status while receiving care at a hospital. If Plaintiffs succeed in striking down the U.S. Department of Health and Human Service's final rule, "Nondiscrimination in Health Programs and Activities" (the "Regulation"), RCGA fears that its members will be discriminated against in healthcare based on their gender identity.

3.     The ACLU of Texas is a nonpartisan, nonprofit organization with more than 10,000 members dedicated to defending the principles embodied in our Constitution and our

nation's civil rights laws. It is the Texas affiliate of the American Civil Liberties Union. The ACLU of Texas advocates on behalf of transgender people, people seeking reproductive healthcare, and religious freedom. If Plaintiffs succeed in striking down the Regulation, the ACLU of Texas fears that its members will be subject to discrimination in healthcare. The ACLU of Texas has multiple members who are transgender, including at least one member who must rely on public hospitals for his emergency healthcare needs and members who anticipate requiring medical treatment related to gender transition for themselves or their dependents within the next year. The ACLU of Texas also currently has several members who plan to seek reproductive care within the next year. One ACLU of Texas member has a history of high-risk pregnancy requiring emergency miscarriage management, including abortion; this member lacks private health insurance and would have to rely on a public hospital for emergency care. Another member's current medical circumstances would make any pregnancy a medical emergency for her. Finally, the ACLU of Texas has at least one member who objects to the use of her taxpayer dollars to fund religiously motivated discrimination at public hospitals.

     4.     Movants seek to intervene as of right under Federal Rule of Civil Procedure 24(a), or, alternatively, for permissive intervention under Federal Rule of Civil Procedure 24(b).

     5.     Movants satisfy all the requirements for intervention of right.

          a.     The motion to intervene is timely. It is being filed less than one month after Plaintiffs filed their Complaint, and before this Court has ruled (or even set a briefing schedule) on any motions, and it poses no danger of prejudice to any existing party.

          b.     Movants' members have several legally protectable interests at stake. First, Movants' members have interest in protecting their rights under the

    Regulation. Second, Movants' members have an interest in equal access to healthcare. Third, Movants' members have an Equal Protection Clause interest in avoiding discrimination by their state governments. Fourth, Movants' members have an Establishment Clause interest in avoiding the concrete harms that would be imposed on them if Plaintiffs succeed in obtaining their requested religious accommodations. Fifth, Movants' members have an interest in ensuring that their tax dollars are not used to fund religiously motivated discrimination at public hospitals. Sixth, Movants' members have an interest in receiving stabilizing care for their emergency medical condition, in accordance with the Emergency Medical Treatment and Active Labor Act. The public interest also supports Movants' intervention to resolve the important constitutional and statutory questions raised by this litigation.

c. Movants may assert the interest of their members. The interests described above are highly germane to the respective missions of RCGA and the ACLU of Texas. RCGA focuses specifically on issues confronting transgender people. And the ACLU of Texas has a strong and longstanding interest in protecting the rights of transgender people and people seeking reproductive healthcare in Texas, as well as the right to religious freedom. Movants' individual members need not participate in this litigation because the questions presented are primarily legal.

d. The interests of Movants' members could be severely impaired by the outcome of this case. Movants' members stand to lose the legal

      protections afforded under the Regulation. As a result, they may confront discrimination in healthcare, violation of their constitutional rights under the Equal Protection and Establishment Clauses, and the serious risk that they will be denied access to abortion-related care even in in emergency circumstances. Movants should not be forced to wait until the conclusion of this lawsuit to vindicate these interests.

e. Defendants may not adequately represent the interests of Movants' members. In particular, Movants' members have an acutely personal interest at stake, which differs in degree and kind from Defendants' interests. Moreover, Movants will make legal arguments that are different from those that Defendants are likely to make. First, Movants seek to defend the Regulation on Establishment Clause grounds. Based on HHS's position in other cases, Defendants are unlikely to argue that any religious accommodation of Plaintiffs' discriminatory religious beliefs would violate the Establishment Clause. Second, Movants seek to defend the Regulation on Equal Protection Clause grounds. Based on the federal government's briefs in other cases, Defendants are unlikely to argue that the policies Plaintiffs seek to implement deny equal protection on the basis of sex and on the basis of gender identity, whereas Movants will make those constitutional arguments. Third, Movants seek to assert that Plaintiffs' requested relief would violate the Emergency Medical Treatment and Active Labor Act, and there is no indication that Defendants would seek to assert that statute here. The presence of these

       additional arguments suffices to demonstrate that the representation may be inadequate.

6. Alternatively, Movants satisfy the standard for permissive intervention under Rule 24(b)(1). Permissive intervention lies in the sound discretion of this Court, which may permit anyone to intervene who has a "defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, Movants and Defendants will address many of the same legal issues relating to the Regulation's validity. Additionally, Movants' significant interest in protecting their members' regulatory, statutory, and constitutional rights militate in favor of permissive intervention. And Movants' ability to address these interests—including by raising additional legal defenses in support of the Regulation—would contribute significantly to the just and equitable resolution of the legal issues presented in this case. Thus, even if the Court concludes that Movants are not entitled to intervene as of right, it should grant Movants' request for permissive intervention.

## REQUEST FOR RELIEF

For these reasons and those expressed in the accompanying memorandum of law, Movants respectfully urge this Court to GRANT their motion to intervene and permit their intervention in this case in an expeditious fashion.

Respectfully submitted this 16th day of September, 2016.

/s/ Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6577

Daniel Mach*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss*
Brigitte Amiri*
Joshua Block*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller*
AMERICAN CIVIL LIBERTIES
  UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Counsel for Movants*

*Applications for admission forthcoming.

# CERTIFICATE OF CONFERENCE

On September 15, 2016, counsel for Movants informed Sheila Lieber, Deputy Director of the Civil Division of the U.S. Department of Justice and counsel for Defendants, that Movants will seek to intervene in *Franciscan Alliance v. Burwell* and asked her clients' position on that motion. On September 15, 2016, Ms. Lieber responded that Defendants will likely oppose Movants' request for intervention as of right and that Defendants are not currently in a position to state their position on Movants' request for permissive intervention.

On September 15, 2016, counsel for Movants informed Austin R. Nimocks, of the Office of the Texas Attorney General, who is counsel for the States of Texas, Wisconsin, Nebraska, Kansas, and the Commonwealth of Kentucky by and through Governor Matthew G. Bevin (collectively, the "State Plaintiffs"), and Luke Goodrich, of The Becket Fund for Religious Liberty, who is counsel for Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC, and Christian Medical & Dental Associations (collectively, the "Private Plaintiffs") that Movants will seek to intervene in *Franciscan Alliance v. Burwell*, and asked their clients' positions on that motion. Mr. Nimocks and Mr. Goodrich informed Movants' counsel that, without having received any information on the alleged basis of intervention, Plaintiffs cannot consent.

/s/ Rebecca L. Robertson
Rebecca L. Robertson

# CERTIFICATE OF SERVICE

On September 16, 2016, I electronically submitted the foregoing **MOTION TO INTERVENE OF RIVER CITY GENDER ALLIANCE AND THE ACLU OF TEXAS** and attached documents to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for Plaintiffs through the Court's ECF system. Counsel for Defendants has not entered an appearance in this case. I hereby certify that I have mailed copies of the filing to Defendants via U.S. Mail at the address of their designated representative: Mikia J. Turner, 200 Independence Avenue, S.W., Washington, District of Columbia County, DC 20201. In addition, I have emailed copies of the filing to Sheila Lieber, Deputy Director of the Civil Division of the U.S. Department of Justice and counsel for Defendants, and Adam Grogg, Trial Attorney of the U.S. Department of Justice's Federal Programs Branch, who Movants believe to be the assigned trial attorney for Defendants in this case.

/s/ Rebecca L. Robertson
Rebecca L. Robertson