**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

FRANCISCAN ALLIANCE, INC.;
SPECIALITY PHYSICIANS OF
ILLINOIS, LLC,; CHRISTIAN
MEDICAL & DENTAL
ASSOCIATIONS;

- and -

STATE OF TEXAS;
STATE OF WISCONSIN;
STATE OF NEBRASKA;
COMMONWEALTH OF KENTUCKY, by
and through Governor Matthew G. Bevin;
and STATE OF KANSAS;

       *Plaintiffs*,

  v.

SYLVIA BURWELL, Secretary of the
United States Department of Health and
Human Services; and UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES;

       *Defendants*,

  - and -

RIVER CITY GENDER ALLIANCE, on
behalf of its members; and AMERICAN
CIVIL LIBERTIES UNION of TEXAS, on
behalf of its members;

       *Intervenor-Defendants*.

Civ. Action No. 7:16-cv-00108-O

**[PROPOSED] ANSWER IN INTERVENTION**

Intervenor-Defendants River City Gender Alliance and the ACLU of Texas

answer the paragraphs of Plaintiffs' complaint as follows:

## INTRODUCTION AND NATURE OF THE ACTION

The introductory paragraphs of the complaint do not set forth individual allegations and contain legal assertions to which no response is required. To the extent a response is required, the allegations are denied.

## I. PARTIES

1.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

2.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

3.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

4.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

5.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

6.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

7.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

8.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

9.      Admitted.

10.     Admitted.

11.     Admitted.

## II. JURISDICTION AND VENUE

12.     Admitted.

13.     To the extent that Intervenor-Defendants are permitted to challenge venue in their capacity as intervenors, the allegation is denied.

## III. FACTUAL BACKGROUND

14.     Admitted.

15.     The text of 42 U.S.C. § 18116 speaks for itself. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

16.     The text of 20 U.S.C. § 1681 speaks for itself. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

17.     The text of 20 U.S.C. § 1688 speaks for itself. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

18.     Denied.

19.     Denied.

20.     The text of 42 U.S.C. § 18023 speaks for itself. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

21.     The text of 42 U.S.C. § 300a-7(b) and (d) speak for themselves. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

22.     The text of 45 C.F.R. § 92.4 speaks for itself. To the extent Plaintiffs' characterization of the regulation differs from the text, the allegation is denied.

23.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

24.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

25.     The text of 45 C.F.R. § 92.4 speaks for itself. To the extent Plaintiffs' characterization of the regulation differs from the text, the allegation is denied. Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the allegation. To the extent a response is required, the allegation is denied.

26.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

27.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself.  The final rule applies only to covered entities, not to individual physicians, healthcare providers, or professionals employed at those entities. The rule does not declare that hysterectomies are "medically necessary to treat gender dysphoria" as a matter of law or "without regard to the opinions, judgment, and conscientious considerations" of "medical professionals." The Complaint quotes a sentence fragment from the final rule, but the full sentence states: "If, for example, an issuer or State Medicaid agency denies a claim for coverage

for a hysterectomy *that a patient's provider says* is medically necessary to treat gender dysphoria, OCR will evaluate the extent of the covered entity's coverage policy for hysterectomies under other circumstances." (Emphasis added). To the extent that the remainder of the allegation's characterization the final rule differs from the text, the allegation is denied.

28.    Denied. The regulations do not require any conduct inconsistent with applicable standards of care. The widely accepted standards of care for treating gender dysphoria are published by the World Professional Association for Transgender Health ("WPATH"), which have been recognized as the authoritative standards of care by the leading medical organizations, including the American Medical Association and the American Psychological Association, the Endocrine Society, and the American College of Obstetricians and Gynecologists.  The WPATH standards of care have also been recognized as the authoritative standards of care by federal courts.

29.    Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities. The regulations do not require covered entities to provide procedures that are not "strictly identified as medically necessary or appropriate." Rather, the final rule states: "[I]f a covered entity covers certain types of elective procedures that are beyond those strictly identified as medically necessary or appropriate, it must apply the same standards to its coverage of comparable procedures related to gender transition." The regulation does not require a covered entity that provides "a mastectomy as part of a medically-necessary treatment for cancer" to provide treatments for gender dysphoria that are not also medically necessary.

30.     Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities. Moreover, if a covered entity provides medically necessary hysterectomies for other conditions, the covered entity must also provide medically necessary hysterectomies for gender dysphoria. The regulation does not require that covered entity to provide any treatment that is not medically necessary under applicable standards of care.

31.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

32.     Denied. The regulation applies to covered entities, not to individual physicians employed at those covered entities. The regulations do not require covered entities to provide services that are inconsistent with applicable standards of care.

33.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

34.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

35.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

36.     Denied. 45 C.F.R. § 92.4 prohibits discrimination based on sex, and "on the basis of sex includes, but is not limited to, discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related

medical conditions, sex stereotyping, and gender identity." HHS dismissed a complaint under the Weldon Amendment, Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, Div. H., tit. V § 507(d) (Dec. 18, 2015), related to California's comprehensive insurance coverage requirements because the complainants were not covered entities under the Weldon Amendment.

37.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 16, 2016), speaks for itself, as does the text of 45 C.F.R. § 92.208. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

38.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

39.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

40.     The cited statute, legislative history, and regulations speak for themselves. To the extent Plaintiffs' characterizations differ from the texts, the allegation is denied.

41.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

42.     The text of HHS-690 Form speaks for itself. To the extent Plaintiffs' characterization of HHS-690 Form differs from the text, the allegation is denied.

43.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

44.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

45.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

46.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

47.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

48.     The text of the statutes and final rule speak for themselves. To the extent Plaintiffs' characterizations differ from the texts, the allegation is denied.

49.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

50.     Denied.

51.     The texts of the cited decisions speak for themselves. To the extent Plaintiffs' characterizations differ from the texts, the allegation is denied.

52.     Intervenor-Defendants deny that "Texas zealously protects the physician-patient relationship." Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the allegation. To the extent a response is required, the allegation is denied.

53.     Intervenor-Defendants deny that the Texas Legislature has "redoubled its longstanding commitment to physician-patient autonomy." Moreover, the text of Texas Occupational Code § 162.0021 speaks for itself. To the extent Plaintiffs' characterization of the law differs from the text, the allegation is denied.

54.     The text of Texas Health & Safety Code § 311.083 speaks for itself. To the extent Plaintiffs' characterization of the law differs from the text, the allegation is denied.

55.     The text of 22 Texas Administrative Code § 177.5 speaks for itself. To the extent Plaintiffs' characterization of the law differs from the text, the allegation is denied.

56.     The first sentence of the allegation is admitted. The remainder of the allegation is denied.

57.     Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities.

58.     The first sentence is admitted. The Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the allegations.

59.     Denied.

60.     The text of Title VII and the cited decision speak for themselves. To the extent Plaintiffs' characterizations differ from the texts, the allegation is denied.

61.     Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities. The regulation does not prevent covered employers from providing reasonable accommodation in accordance with Title VII.

62.     Denied.

63.     Denied. The regulations state:  "A covered entity that provides an employee health benefit program to its employees and/or their dependents shall be liable for violations of this part in that employee health benefit program only when: (a) The entity is principally engaged in providing or administering health services, health insurance coverage, or other health coverage; (b) The entity receives Federal financial assistance a primary objective of which is to fund the entity's employee health benefit program; or (c) The entity is not principally engaged in providing or administering health services, health insurance coverage, or other health coverage, but operates a health program or activity, which is not an employee health benefit program, that receives Federal financial assistance; except that the entity is liable under this part with regard to the provision or administration of employee health benefits only with respect to the employees in that health program or activity." 45 C.F.R. § 92.208

64.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

65.     Denied. The regulations state:  "A covered entity that provides an employee health benefit program to its employees and/or their dependents shall be liable for violations of this part in that employee health benefit program only when: (a) The entity is principally engaged in providing or administering health services, health

insurance coverage, or other health coverage; (b) The entity receives Federal financial

assistance a primary objective of which is to fund the entity's employee health benefit

program; or (c) The entity is not principally engaged in providing or administering health

services, health insurance coverage, or other health coverage, but operates a health

program or activity, which is not an employee health benefit program, that receives

Federal financial assistance; except that the entity is liable under this part with regard to

the provision or administration of employee health benefits only with respect to the

employees in that health program or activity." 45 C.F.R. § 92.208

66.     The text of the final rule, Nondiscrimination in Health Programs and

Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs'

characterization of the final rule differs from the text, the allegation is denied.

67.     Intervenor-Defendants lack sufficient knowledge to admit or deny the

allegation. To the extent a response is required, the allegation is denied.

68.     The first sentence of the allegation is denied. Intervenor-Defendants lack

sufficient knowledge to admit or deny the remainder of the allegation. To the extent a

response is required, the allegation is denied.

69.     Denied.

70.     Intervenor-Defendants lack sufficient knowledge to admit or deny the

allegation. To the extent a response is required, the allegation is denied.

71.     Intervenor-Defendants lack sufficient knowledge to admit or deny the

allegation. To the extent a response is required, the allegation is denied.

72.     Intervenor-Defendants lack sufficient knowledge to admit or deny the

allegation. To the extent a response is required, the allegation is denied.

73.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

74.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

75.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

76.     Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities.

77.     Denied. The regulations apply to covered entities, not to individual doctors employed at covered entities. Intervenor-Defendants lack sufficient knowledge to admit or deny the first sentence of the allegation. To the extent a response is required, the allegation is denied.

78.     Denied. Intervenor-Defendants lack sufficient knowledge to admit or deny the first sentence of the allegation.  With respect to the second sentence of the allegation: The regulations state:  "A covered entity that provides an employee health benefit program to its employees and/or their dependents shall be liable for violations of this part in that employee health benefit program only when: (a) The entity is principally engaged in providing or administering health services, health insurance coverage, or other health coverage; (b) The entity receives Federal financial assistance a primary objective of which is to fund the entity's employee health benefit program; or (c) The entity is not principally engaged in providing or administering health services, health insurance coverage, or other health coverage, but operates a health program or activity, which is not an employee health benefit program, that receives Federal financial assistance; except

that the entity is liable under this part with regard to the provision or administration of employee health benefits only with respect to the employees in that health program or activity." 45 C.F.R. § 92.208.

79.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

80.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

81.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

82.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

83.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

84.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

85.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

86.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

87.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

88.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

89.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

90.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

91.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

92.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

93.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

94.     Denied.

95.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

96.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

97.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

98.     As to the first sentence, the text of the 45 C.F.R. § 92.4 speaks for itself and prohibits discrimination based on sex, and "on the basis of sex includes, but is not limited to, discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender identity." To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied. As to the remaining allegations,

Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

99.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

100.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

101.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

102.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

103.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

104.     Denied. The regulation does not subject a third-party administrator to liability for implementing an exclusion mandated by the employer.

105.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

106.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

107.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

108.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

109.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

110.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

## IV. CLAIMS

**A. Alleged by All Plaintiffs.**

## COUNT I

**Agency Action Not in Accordance With Law.**

111.     To the extent a response is required, the allegation is denied.

112.     Admitted.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

## COUNT II

### Excess of Statutory Authority

143.    To the extent a response is required, the allegation is denied.

144.    Admitted.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

## COUNT III

### Arbitrary, Capricious, and Abuse of Discretion

175.   To the extent a response is required, the allegation is denied.

176.   Admitted.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

**B. Alleged by CMDA, Franciscan, and Specialty Physicians Only.**

## COUNT IV

### Compelled Speech

202.    To the extent a response is required, the allegation is denied.

203.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

204.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

205.    Denied.

206.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

207.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

## COUNT V

### Viewpoint Discrimination

214.     To the extent a response is required, the allegation is denied.

215.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

216.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

217.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

218.     Denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     Denied.

223.    Denied.

## COUNT VI

### Overbreadth

224.    To the extent a response is required, the allegation is denied.

225.    Denied.

226.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

227.    Denied.

228.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

229.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

## COUNT VII

### Vagueness

235.    To the extent a response is required, the allegation is denied.

236.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

237.    Denied.

238.    Denied.

239.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

240.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

## COUNT VIII

### Unbridled Discretion

245.    To the extent a response is required, the allegation is denied.

246.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

247.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

248.    The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

249.    Denied.

250.    The second sentence of the allegation is denied. The text of Title IX speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the first sentence of the allegation is denied.

251.    The second sentence of the allegation is denied. The text of Title IX speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the first sentence of the allegation is denied.

252.    Denied.

253.    Denied.

## COUNT IX

### Unconstitutional Conditions

254.    To the extent a response is required, the allegation is denied.

255.    Denied.

256.    Denied.

257.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

258.    Denied.

259.    Denied.

## COUNT X

### Freedom of Speech and Association

260.    To the extent a response is required, the allegation is denied.

261.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

262.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

263.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

264.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

265.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

## COUNT XI

### Religious Freedom Restoration Act

271.    To the extent a response is required, the allegation is denied.

272.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

273.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

274.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

275.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

276.    Denied.

277.    Denied.

278.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

279.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

280.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

281.    Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

## COUNT XII

### Religious Freedom Restoration Act

286.     To the extent a response is required, the allegation is denied.

287.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

288.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

289.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

290.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

291.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

292.     The text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied.

293.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

294.     With respect to the first sentence of the allegation: Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied. The rest of the allegation is denied.

295.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

296.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

297.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

298.     Denied.

299.     Denied.

300.     Denied.

301.     Denied.

## COUNT XIII

### Free Exercise Clause

302.     To the extent a response is required, the allegation is denied.

303.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

304.     Denied.

305.     Denied.

306.     Denied.

307.     Denied.

308.     Denied.

309.     Denied.

## COUNT XIV

### Substantive Due Process

310.    To the extent a response is required, the allegation is denied.

311.    Denied.

312.    The allegation contains legal assertions that are vague and undefined. To the extent a response is required, the allegation is denied.

313.    The allegation contains legal assertions that are vague and undefined. To the extent a response is required, the allegation is denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

## COUNT XV

### Equal Protection

320.    To the extent a response is required, the allegation is denied.

321.    Admitted.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

**C. Alleged by Government Plaintiffs Only.**

## COUNT XVI

### Spending Clause

326.     To the extent a response is required, the allegation is denied.

327.     The texts of cited decisions speak for themselves. To the extent Plaintiffs' characterization of the decisions differs from the texts, the allegation is denied.

328.     Denied.

329.     The texts of cited statutes speak for themselves. To the extent Plaintiffs' characterization of the statutes differs from the texts, the allegation is denied.

330.     Denied.

331.     The text of 20 U.S.C. § 1688 speaks for itself. To the extent Plaintiffs' characterization of the statute differs from the text, the allegation is denied.

332.     Denied.

333.     Denied.

## COUNT XVII

### Sovereign Immunity

334.     To the extent a response is required, the allegation is denied.

335.     The text of cited decision speaks for itself. To the extent Plaintiffs' characterization of the decision differs from the text, the allegation is denied.

336.     Denied.

337.     Denied.

338.     Denied.

339.     Denied.

340.     The first sentence of the allegation is admitted. With respect to the second sentence of the allegation, the text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied. The rest of the allegation is denied.

## COUNT XVIII

### Spending Clause

341.     To the extent a response is required, the allegation is denied.

342.     The allegation contains legal assertions that are vague and undefined. To the extent a response is required, the allegation is denied.

343.     The text of cited decision speaks for itself. To the extent Plaintiffs' characterization of the decision differs from the text, the allegation is denied.

344.     Intervenor-Defendants lack sufficient knowledge to admit or deny the allegation. To the extent a response is required, the allegation is denied.

345.     Denied.

346.     Denied.

347.     Denied.

348.     The first sentence of the allegation is admitted. With respect to the second sentence of the allegation, the text of the final rule, Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016), speaks for itself. To the extent Plaintiffs' characterization of the final rule differs from the text, the allegation is denied. The rest of the allegation is denied.

## COUNT XIX

### Commandeering

349.   To the extent a response is required, the allegation is denied.

350.   Denied.

351.   Denied.

## COUNT XX

### Tenth Amendment

352.   To the extent a response is required, the allegation is denied.

353.   Denied.

354.   Denied.

355.   Denied.

### DEFENSES

### First Defense

Plaintiffs lack Article III standing.

### Second Defense

Plaintiffs lack prudential standing.

### Third Defense

Plaintiffs have failed to exhaust administrative remedies.

### Fourth Defense

Plaintiffs' claims are not ripe.

### Fifth Defense

Plaintiffs fail to state a claim on which relief can be granted.

**Sixth Defense**

Plaintiffs' requested relief is barred by the Establishment Clause of U.S. Const.

amend. I.

**Seventh Defense**

Plaintiffs' requested relief is barred by the Equal Protection Clause of U.S. Const.

amend. XIV, § 1.

**Eighth Defense**

Plaintiffs' requested relief is barred by the Emergency Medical Treatment and

Active Labor Act, 42 U.S.C. §§ 1385dd.

**Ninth Defense**

The State of Wisconsin's claims are barred by the doctrines of collateral estoppel

and issue preclusion.

Respectfully submitted this 16th day of September, 2016.

/s/ Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
 UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146


Kali Cohn
AMERICAN CIVIL LIBERTIES
 UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6577

Brian Hauss*
Joshua Block*
Brigitte Amiri*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Daniel Mach*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Amy Miller*
AMERICAN CIVIL LIBERTIES
  UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Counsel for Movants*

*Applications for admission forthcoming