IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.;<br>SPECIALITY PHYSICIANS OF ILLINOIS, LLC,;<br>CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS;<br>STATE OF WISCONSIN;<br>STATE OF NEBRASKA;<br>COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS,<br><br>   *Plaintiffs*,<br>  v.<br><br>SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>   *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR
<u>EXTENSION OF TIME TO RESPOND TO MOTION TO INVERVENE</u>**

  Plaintiffs seek to delay briefing on the motion to intervene until 14 days after Defendants have filed their responsive pleading. Proposed Intervenors oppose this motion for extension of time for the following reasons:

  There is no need for this Court to delay briefing on the motion to intervene in order to assess whether Defendants will adequately represent Proposed Intervenors'

1

interests in the litigation. Proposed Intervenors have already indicated what defenses they intend to raise in litigation, and Defendants' response to the intervention motion will inform the Court whether they intend to raise the same defenses. Defendants' responsive pleading is unlikely to shed any more light on this issue than their response to the intervention motion.

Even if Defendants file an Answer indicating that they will raise the same defenses that Proposed Intervenors seek to raise, that still would not guarantee that Defendants would adequately represent Proposed Intervenors' interests in the case. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994) (holding that proposed intervenors met their "minimal burden" of establishing that the government's "representation 'may be' inadequate" (citation omitted)).

Delaying resolution of the motion to intervene could prejudice Proposed Intervenors' ability to participate in the litigation. "An intervenor of right under Rule 24(a) is treated as if he were an original party and has equal standing with the original parties." *Donovan v. Oil, Chemical & Atomic Workers Int'l Union*, 718 F.2d 1341, 1350 (5th Cir. 1983) (citation and internal quotation marks omitted). However, an intervenor "cannot change the issues framed between the original parties, and must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell." 7C Wright & Miller, Fed. Prac. & Proc. § 1920 (citation and internal quotation marks omitted).

While their motion pends, Proposed Intervenors could be prejudiced by the denial of "legal rights associated with formal intervention, namely the briefing of issues, presentation of evidence, and ability to appeal." *Espy*, 18 F.3d at 1207. If Plaintiffs

move for a preliminary injunction before the intervention motion is resolved, for example, Proposed Intervenors would be unable to participate as parties at a crucial stage of the litigation.

It is unclear whether Plaintiffs seek to extend the deadline until 14 days after Defendants file their Answer, or any response to the Complaint (such as a motion to dismiss). *See* Fed. R. Civ. P. 7(a) (defining "pleading" to include only complaints and answers). If the Plaintiffs mean to postpone briefing on the motion to intervene until Defendants file their Answer, there could be significant delay in resolving the motion to intervene—especially if Defendants file a motion to dismiss.

Delaying resolution of the intervention motion could also waste judicial resources. For example, the Court could be required to address multiple rounds of briefing on motions to dismiss—one raised by Defendants before they file their responsive pleading, and another raised by Proposed Intervenors after intervention.

To avoid these problems, would-be intervenors are routinely advised to file motions for intervention "as soon as possible after learning of their interest in the case." *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996). And a request for intervention "made before the existing parties have joined issue in the pleadings has been regarded as clearly timely." 7C Wright & Miller, Fed. Prac. & Proc. § 1916; *accord Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). The same principles counsel against unnecessary delay in the briefing and adjudication of intervention motions.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for extension of time should be denied.

Respectfully submitted this 5th day of October, 2016.

/s/ Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6575

Daniel Mach*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss*
Brigitte Amiri*
Joshua Block*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller*
AMERICAN CIVIL LIBERTIES
  UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Applications for admission forthcoming.

4

**CERTIFICATE OF SERVICE**

On October 5, 2016, I electronically submitted the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO INTERVENE** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for Plaintiffs through the Court's ECF system. Counsel for Defendants has not entered an appearance in this case. I hereby certify that I have mailed copies of the filing to Defendants via U.S. Mail at the address of their designated representative: Mikia J. Turner, 200 Independence Avenue, S.W., Washington, District of Columbia County, DC 20201. In addition, I have emailed copies of the filing to Sheila Lieber and Adam Grogg, who have identified themselves as counsel for Defendants in this case.

/s/ Rebecca L. Robertson  
Rebecca L. Robertson