IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SYLVIA BURWELL, *et al.*, <br><br> *Defendants*. | No. 7:16-CV-00108 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO INTERVENE** |

The putative intervenors do not dispute that a key issue in their motion to intervene is the adequacy of the federal government's representation. Given that concession, Plaintiffs have a very simple request: Rather than speculating about what arguments the federal government is "likely to make," ECF No. 7 at 5, let everyone see what arguments the federal government actually does make—whether in an answer to the Complaint or a motion to dismiss. Then the Court can make an informed decision on the adequacy of the government's representation. Other courts in the same situation have done precisely that. *See, e.g.*, *Ansley v. Warren*, No. 1:16-CV-54, Dkt. No. 30 (W.D.N.C. March 29, 2016) ("Plaintiffs shall have fourteen (14) days from the date the Defendant files an answer or otherwise responds to the Complaint to respond to the Motion to Intervene."). And the putative intervenors offer no examples to the contrary.

Instead, they offer more speculation. First, they say that giving the federal government a chance to respond to the Complaint is "unlikely" to shed additional light on the nature of the government's representation, because the government "will inform the Court" of its defenses in response to the motion to intervene. ECF No. 16 at 2. But the government is under no obligation to "inform the Court" of all of its anticipated defenses in response to the motion to intervene. It could just as

easily decide that keeping Plaintiffs in the dark is more important than keeping putative intervenors out of the case. Either way, time—and the response to the Complaint—will tell.

Next, the putative intervenors speculate that they "could" be prejudiced by an extension "if" Plaintiffs move for a preliminary injunction or "if" Defendants file a motion to dismiss. *Id.* at 2-3. Of course, the litigation will soon move forward. But that will simply clarify whether the federal government adequately represents the putative intervenors' interests. In the meantime, the putative intervenors can offer their legal arguments in an *amicus* brief (to which Plaintiffs will consent) and will therefore suffer no prejudice. By contrast, adding intervenors now will prejudice Plaintiffs, because "[a]dditional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1941) (J. Wyzanski)).

Finally, the putative intervenors say that granting an extension "could" waste judicial resources because the Court "could" face multiple rounds of briefing on motions to dismiss. ECF No. 16 at 3. But that can happen regardless of when and how the Court resolves the motion to intervene. What is certain is that the parties will waste judicial resources by filing briefs speculating about what arguments the federal government might make, when they could just as easily wait a few weeks and see what arguments the government actually makes.

Respectfully submitted this 6th day of October, 2016.

| | |
|---|---|
| /s/ Luke W. Goodrich<br>Luke W. Goodrich<br>DC Bar No. 977736<br>(N.D. Tex. Admission pending)<br>The Becket Fund for Religious Liberty<br>1200 New Hampshire Ave. NW<br>Suite 700<br>Washington, DC 20036<br>(202) 955-0095<br>(202) 955-0090<br>lgoodrich@becketfund.org<br><br>*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC* | KEN PAXTON<br>Attorney General of Texas<br><br>JEFFREY C. MATEER<br>First Assistant Attorney General<br><br>BRANTLEY STARR<br>Deputy First Assistant Attorney General<br><br>PRERAK SHAH<br>Senior Counsel to the Attorney General<br><br>ANDREW D. LEONIE<br>Associate Deputy Attorney General for Special Litigation<br><br>AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General for Special Litigation<br><br>/s/ Austin R. Nimocks<br>AUSTIN R. NIMOCKS<br>Texas Bar No. 24002695<br>Austin.Nimocks@texasattorneygeneral.gov<br><br>MICHAEL C. TOTH<br>Senior Counsel for Special Litigation<br><br>Special Litigation Division<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br><br>*ATTORNEYS FOR PLAINTIFF STATES AND NORTH TEXAS STATE HOSPITAL* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2016 the foregoing reply was served via ECF on Movants. Counsel for Defendants has not entered an appearance in this case. I hereby certify that I have mailed copies of the filing to Defendants via U.S. Mail at the address of their designated representative: Mikia J. Turner, 200 Independence Avenue, S.W., Washington, DC 20201. In addition, I have emailed copies of the filing to Sheila Lieber and Adam Grogg, who have identified themselves to Plaintiffs as counsel for Defendants in this case.

/s/ Luke W. Goodrich
Luke W. Goodrich