IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC. et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　Defendants. | Civil Action No. 7:16-cv-000108-O |

## ORDER

Before the Court is Plaintiffs' Motion for Extension of Time to Respond to Motion to Intervene (ECF No. 12), filed October 3, 2016. Plaintiffs sought to extend their deadline to respond to the Motion to Intervene (ECF No. 7) from October 7, 2016 to 14 days after Defendants file their response to Plaintiffs' Complaint. The Certificate of Conference indicated that Defendants were unopposed to the motion, but the putative intervenors were opposed to the extension. *See* ECF No. 12. The Court ordered expedited briefing on this issue. *See* ECF No. 15. The putative intervenors filed a timely response on October 5, 2016, and Plaintiffs replied on October 6, 2016. Having considering the Motion, briefing, and applicable law, the Court finds that Plaintiffs Motion should be and is hereby **GRANTED.**

I.　　LEGAL STANDARDS

　　A.　　Fed. R. Civ. Proc. 24(a)

1

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Accordingly, to intervene of right under Rule 24(a)(2), the Fifth Circuit requires that: (1) the intervention application must be timely; (2) the applicant must have an interest relating to the property that is the subject of the action; (3) the applicant must be so situated that the disposition may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & State of La.*, 493 F.3d 570, 578 (5th Cir. 2007); *see also Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis*, 493 F.3d at 578; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

## II.  ANALYSIS

The putative intervenors have the burden of proof to show that their interests are inadequately represented. *Espy*, 18 F.3d at 1207 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) ("The final requirement for intervention as a matter of right is that the applicant's interest must be inadequately represented by the existing parties to the suit. The applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.'"). In light of this, Plaintiffs should be allowed to respond to Defendants' responsive pleading once it is filed.

This will also provide the Court with enough information to determine whether the putative intervenors have met their burden to show that their interests are inadequately represented. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996)) ("This requirement [for applicants to show that their interests are inadequately represented by existing parties to the suit], however, must have some teeth, so there are two presumptions of adequate representation . . . The first arises where one party is a representative of the absentee by law [and]. . . the second presumption 'arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit,' in which event 'the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.'"). The putative intervenors will not be prejudiced by the extension because they have filed a timely motion to intervene which the Court can consider once the parties have stated their positions in this case. *Espy*, 18 F.3d at 1206.

Accordingly, the Court **GRANTS** Plaintiffs' Motion (ECF No. 12). Plaintiffs have until 14 days after Defendants have filed their responsive pleading to the Complaint.

**SO ORDERED** on this **7th day** of **October, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

3