**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br><br> v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR [PARTIAL SUMMARY JUDGMENT] [OR] [PRELIMINARY INJUNCTION]** <br><br><br><br> Civ. Action No. 7:16-cv-00108-O |

This matter came before the Court on the State Plaintiffs' Motion for Partial Summary Judgment on Counts I, II, III, and XVI. The Court finds that there is no genuine issue of material fact, and that the State Plaintiffs are entitled to judgment as a matter of law. Accordingly, the State Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**.

The Court hereby **DECLARES** that 45 C.F.R. pt. 92 (the "Rule"), which redefines Section 1557 of the Affordable Care Act to extend Title IX's definition of "sex" to include "gender identity," "sex stereotypes," and "termination of pregnancy," violates the Administrative Procedure Act because it is "not in accordance with law" and is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5. U.S.C. § 706(1)(A) & (C).

The Court also **DECLARES** that the Rule violates the clear-statement doctrine of the Spending Clause of Article I, Section 8 of the United States Constitution by imposing ambiguous conditions on the acceptance of Medicaid and Medicare funding. *See South Dakota v. Dole*, 483 U.S. 203, 207 (1987) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981)).

Defendants, their agents, servants, employees, attorneys, and all persons and entities in active concert or participation with them, directly or indirectly, are **PERMANENTLY ENJOINED** from enforcing 45 C.F.R. pt. 92 and any derivative provision in such manner as to define "sex" as including "gender identity," "sex stereotypes," and "termination of pregnancy."

**SO ORDERED** on this ___ day of _____, 2016.

 

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2