IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br> v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br> *Defendants*. | Civil Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' MOTION
TO STAY BRIEFING ON PLAINTIFFS' DISPOSITIVE MOTIONS AND
RESET DEADLINES FOR RESPONDING TO MOTION TO INTERVENE**

1

The River City Gender Alliance and the ACLU of Texas, as Proposed Intervenors, respectfully request that this Court stay briefing on the Motions for Partial Summary Judgment or, in the Alternative, Preliminary Injunction filed by Plaintiffs on October 21, 2016, ECF Nos. 22 and 24, and reset the deadlines for Plaintiffs to respond to the intervention motion so that Proposed Intervenors may fully participate in opposing Plaintiffs' potentially dispositive motions. The motions for summary judgment or preliminary injunction would strip critical protections from transgender individuals and women in Texas, Nebraska, and numerous other states. Proposed Intervenors' members would suffer irreparable harm if an injunction is issued before they are allowed to intervene and fully participate in the proceedings.

In particular, Proposed Intervenors request that the Court issue an order staying briefing on Plaintiffs' motions, and resetting the deadline for Plaintiffs' response to the intervention motion to 14 days from the issuance of its order. In the alternative, if Plaintiffs prefer to review the Defendants' opposition to the dispositive motions before Plaintiffs file their response to the motion to intervene, Proposed Intervenors request that the Court reset the deadline for Plaintiffs' response to the intervention motion to 14 days from Defendants' filing of their opposition to Plaintiffs' motions and stay further briefing on Plaintiffs' motions until the motion to intervene is resolved. In either event, Proposed Intervenors request that the motion to intervene be resolved in sufficient time for them to fully participate in any scheduling conferences, depositions, or pre-hearing discovery on Plaintiffs' potentially dispositive motions.

**PROCEDURAL HISTORY**

Plaintiffs filed their original Complaint on August 23, 2016. ECF No. 1. On September 16, 2016, before any motions or responsive pleadings were filed, the River City Gender Alliance and the ACLU of Texas filed a timely motion to intervene. ECF No. 7. Proposed Intervenors' members include transgender people and women seeking reproductive healthcare—the individuals whom Section 1557 and the Regulation sought to protect, and against whom Plaintiffs seek to discriminate. In their memorandum in support of intervention, ECF No. 8, Proposed Intervenors explained that they intended to assert affirmative defenses that Defendants are not likely to raise.

The parties' responses to the motion to intervene were originally due on October 7, 2016. On October 3, 2016, Plaintiffs filed a motion to extend the parties' time to respond until 14 days after Defendants file their responsive pleadings. ECF No. 12. In support of their request, Plaintiffs asserted that, in order to evaluate whether Defendants' adequately represent Proposed-Intervenors' interests, Plaintiffs should be provided an opportunity to review the government's response to the Complaint before responding to the motion to intervene.

Proposed Intervenors opposed the motion for extension of time. ECF. No. 16. Proposed Intervenors explained that "[d]elaying resolution of the motion to intervene could prejudice Proposed Intervenors' ability to participate in the litigation." *Id.* at 2. Proposed Intervenors specifically noted that "[i]f Plaintiffs move for a preliminary injunction before the intervention motion is resolved, for example, Proposed Intervenors would be unable to participate as parties at a crucial stage of the litigation." *Id.* at 2–3.

On October 6, 2016, Plaintiffs filed their reply. ECF No. 17. Instead of confirming that they indeed intended to file motions for partial summary judgment or preliminary injunction,

Plaintiffs accused Proposed Intervenors of merely "speculat[ing] that they 'could' be prejudiced by an extension 'if' Plaintiffs move for a preliminary injunction." *Id.* at 2. Notably, Plaintiffs declined to inform the Court that they had contacted counsel for Defendants via telephone on September 23, 2016, and inquired whether Defendants would agree to a preliminary injunction. *See* ECF No. 24 at 3.

On October 7, 2016, Defendants filed their response to the intervention motion. ECF No. 19. Defendants stated that they "oppose intervention as-of-right under Rule 24(a) because defendants can adequately defend plaintiffs' claims in this case." *Id.* Defendants did not provide any response to Proposed Intervenors' legal arguments regarding adequacy of representation. *See* Mem. of Law in Support of Mot. to Intervene, ECF No. 8, at 19-23 (citing, *inter alia*, *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015); *Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014)). Defendants also did not dispute Proposed Intervenors' contention that Defendants would not raise applicable legal defenses that Proposed Intervenors intended to assert. *Id.* at 20–23. Defendants took no position on permissive intervention under Rule 24(b). *Id.*

On October 7, 2016, the Court granted Plaintiffs' motion for an extension of time to file their response to the intervention motion. ECF No. 20. The Court stated that "[t]he putative intervenors will not be prejudiced by the extension because they have filed a timely motion to intervene which the Court can consider once the parties have stated their positions in this case." *Id.* at 3.

Having obtained an extension of time, Plaintiffs filed an amended complaint on October 17, 2016, ECF No. 21, and then filed motions for summary judgment or, in the alternative, a preliminary injunction on October 21, 2016, ECF Nos. 22, 24.

## ARGUMENT

River City Gender Alliance and the ACLU of Texas filed a timely motion to intervene that could have been resolved well in advance of Plaintiffs' motions for summary judgment or a preliminary injunction. They have requested not only permissive intervention, but have also asserted an entitlement to intervention as of right. By asking this Court to delay briefing on the motion to intervene until after a responsive pleading, and then filing preemptive motions for summary judgment or a preliminary injunction, Plaintiffs pulled a "bait and switch" that would effectively nullify Proposed Intervenors' right to participate in critical, potentially dispositive proceedings that may have an immediate impact on their members.

The Court should not tolerate this gamesmanship. The motions for partial summary judgment or preliminary injunction threaten to strip critical protections from transgender individuals and women in Texas, Nebraska, and numerous other states. Proposed Intervenors and their members would suffer irreparable harm if the Court issues an injunction or declaratory judgment before they are allowed to intervene and fully participate in the proceedings.

The substance of Plaintiffs' motions underscores the need for a timely ruling on the motion to intervene. Plaintiffs' motions are based on declarations that reiterate the factual allegations in their Complaint. Unlike a ruling on a motion to dismiss, however, a motion for summary judgment can be granted only if there is no disputed question of fact, and a motion for preliminary injunction can be granted only if factual determinations are made regarding likelihood of success on the merits. As demonstrated in the Proposed Answer, ECF No. 10, Proposed Intervenors dispute virtually all of Plaintiffs' factual contentions. In particular, Plaintiffs make factual assertions regarding "the common understanding within the scientific, medical, academic, and general communities" regarding the meaning of sex, ECF No. 23 at 21,

and regarding the medical necessity of treatments for gender dysphoria and abortions, ECF No. 25 at 26–29, that Proposed Intervenors intend to vigorously contest.

      The better course of action is to stay briefing on Plaintiffs' motions until after the Court rules on the motion to intervene. That would allow the parties and the Proposed Intervenors to follow a single briefing schedule and participate equally in status conferences, depositions, or any other pre-hearing discovery. To expedite this process, the Court could reset Plaintiffs' deadline for responding to the intervention motion to 14 days after the issuance of its order staying briefing on their motions for summary judgment or a preliminary injunction. Resolving the motion to intervene before addressing Plaintiffs' potentially dispositive motions would not cause them any unfair prejudice. The motion to intervene was filed long before Plaintiffs' motions for partial summary judgment or preliminary injunction, and would have been fully briefed by now had Plaintiffs not sought an extension. (As noted above, Defendants filed their response to the intervention motion on October 7, 2016.) Plaintiffs cannot delay resolution of the motion to intervene and then claim they are prejudiced by the very delay they requested.

      At a minimum, if Plaintiffs prefer to review the Defendants' opposition to the dispositive motions before Plaintiffs file their response to the motion to intervene, the Court should reset Plaintiffs' deadline for responding to the intervention motion to 14 days after Defendants file their opposition to Plaintiffs' motions for partial summary judgment or preliminary injunction, and then stay further briefing on Plaintiffs' motions until the motion to intervene is resolved. That schedule would enable the Court to rule on the motion to intervene and, if intervention is granted, issue a scheduling order allowing Proposed Intervenors to oppose Plaintiffs' motions. That procedure, however, would needlessly delay a ruling on Plaintiffs' motions for a lengthy period of time because it would prevent Proposed Intervenors from filing their opposition papers

on the same schedule as Defendants. Moreover, in light of Defendants' failure to provide any argument disputing Proposed Intervenors' contentions regarding adequacy of representation, there is no need to further delay briefing from Plaintiffs on that issue.

## CONCLUSION

For the foregoing reasons, the Court should stay briefing on Plaintiffs' motions and reset the deadline for Plaintiffs' response to the intervention motion to 14 days after the issuance of its order. In the alternative, the Court should reset Plaintiffs' deadline for responding to the intervention motion to 14 days from Defendants' filing of their opposition to Plaintiffs' motions, and then stay further briefing until the motion to intervene is resolved.

Respectfully submitted this 24th day of October, 2016.

/s/ Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
   UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
   UNION OF TEXAS
P.O. Box 6000169
Dallas, TX 75360

Daniel Mach*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss*
Brigitte Amiri*
Joshua Block*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller*
AMERICAN CIVIL LIBERTIES
   UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Applications for admission pending.

**CERTIFICATE OF CONFERENCE**

On October 23, counsel for Proposed Intervenors informed Austin R. Nimocks and Luke Goodrich, counsel for Plaintiffs, via e-mail that Proposed Intervenors planned to file this motion asking the Court either to: (a) call for Plaintiffs to respond to the motion to intervene within 14 days and stay briefing on Plaintiffs' motions until the motion to intervene is resolved, or (b) wait for Defendant to respond to Plaintiffs' motions and then stay further briefing on Plaintiffs' motions until the motion to intervene is resolved.  Proposed Intervenors asked Plaintiffs' position on the instant motion.  On October 24, Mr. Nimocks responded via e-mail that Plaintiffs oppose the motion.

On October 23, counsel for Proposed Intervenors informed Adam Grogg and Emily Nestler, counsel for Defendants, via email that Proposed Intervenors planned to file this motion asking the Court either to: (a) call for Plaintiffs to respond to the motion to intervene within 14 days and stay briefing on Plaintiffs' motions until the motion to intervene is resolved, or (b) wait for Defendant to respond to Plaintiffs' motions and then stay further briefing on Plaintiffs' motions until the motion to intervene is resolved.  Proposed Intervenors asked Defendants' position on the instant motion.  Proposed Intervenors have not received a response to their inquiry.

/s/ Rebecca L. Robertson
Rebecca L. Robertson

**CERTIFICATE OF SERVICE**

On October 24, 2016, I electronically submitted the foregoing **MOTION TO STAY BRIEFING ON PLAINTIFFS' DISPOSITIVE MOTIONS AND RESET DEADLINES FOR RESPONDING TO MOTION TO INTERVENE** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/ Rebecca L. Robertson
Rebecca L. Robertson