**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

|  |  |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br>   *Plaintiffs*, <br><br>  v. <br><br> SYLVIA BURWELL, Secretary of the <br>  United States Department of Health <br>  and Human Services, *et al.*, <br><br>   *Defendants*. | No. 7:16-cv-00108 |

**DEFENDANTS' MOTION TO SET SCHEDULE
FOR PRELIMINARY INJUNCTION PROCEEDINGS**

Defendants respectfully request an order staying briefing on the two motions for partial summary judgment or, in the alternative, a preliminary injunction that plaintiffs filed on October 21, 2016, and setting a schedule for briefing a single motion for preliminary injunction. Plaintiffs' requests for partial summary judgment are premature and procedurally improper, and cannot reasonably be adjudicated within the limited time—by January 1, 2017—that plaintiffs propose. There is no basis for rushing into consideration of summary judgment, particularly given that, at this early stage, the Court has not yet had opportunity to determine its own jurisdiction. Accordingly, the Court should stay summary judgment proceedings, direct plaintiffs to file a single motion for preliminary injunction, and set page limits and a schedule for briefing such a motion that are reasonable in light of plaintiffs' proposed timeframe.[1]

---

[1] Counsel for defendants conferred with counsel for plaintiffs regarding the relief requested herein, and counsel for plaintiffs indicated that plaintiffs will oppose defendants' motion.

## BACKGROUND

Plaintiffs challenge a final rule issued by the Department of Health and Human Services on May 18, 2016. *See Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31,376 (May 18, 2016). Plaintiffs filed suit more than three months later, on August 23, 2016, *see* Compl., ECF No. 1, and waited to serve the United States Attorney for the Northern District of Texas for an additional month, until September 26, 2016.[2] The operative complaint, which plaintiffs filed just nine days ago, contains twenty separate counts. *See* ECF No. 21. Defendants' answer or other response to the complaint is presently due on November 25, 2016. *See* Fed. R. Civ. P. 12(a)(2).[3]

On October 21, 2016, plaintiffs filed two separate motions seeking summary judgment on the majority of the counts in their complaint or, in the alternative, a preliminary injunction. *See* ECF No. 22 ("State Plaintiffs' Motion"); ECF No. 24 ("Plaintiffs' Motion"). Plaintiffs had five months since the final rule was promulgated to prepare these submissions. Plaintiffs' briefs— each of which purports to adopt and incorporate by reference statements and arguments advanced in the other, *see, e.g.*, ECF No. 22 at 3; ECF No. 23 at 2, 19, 25; ECF No. 25 at 23, 32—present, in total, 76 pages of argument. Plaintiffs also filed an appendix totaling 919 pages. ECF No. 26.

---

[2] Plaintiffs have yet to file proof of service on the United States Attorney for the Northern District of Texas and on the United States Attorney General. *See* Fed. R. Civ. P. 4(i)(2).

[3] The Court granted plaintiffs' request for an extension of time to respond to the Motion to Intervene of River City Gender Alliance and ACLU of Texas (Sept. 16, 2016), ECF No. 7, until "14 days after Defendants have filed their responsive pleading to the Complaint." Order at 3 (Oct. 7, 2016), ECF No. 20. Defendants filed their response to the intervention motion on October 7, 2016. ECF No. 19. On October 24, 2016, the proposed intervenors filed a motion to stay briefing on plaintiffs' partial summary judgment motions and to reset the deadline for plaintiffs to respond to their intervention motion. ECF No. 27. Defendants take no position on the proposed intervenors' motion, which remains pending.

Plaintiffs seek a ruling on their motions for partial summary judgment by January 1, 2017. *See* ECF No. 22 at 3; ECF. No. 24 at 2; ECF No. 25 at 48. Alternatively, "if the Court does not have time to rule on . . . partial summary judgment by January 1, 2017," plaintiffs seek a preliminary injunction by that date. ECF No. 22 at 3; *accord* ECF No. 24 at 2.

## ARGUMENT

In keeping with plaintiffs' own suggestion that a January 1, 2017 deadline for adjudicating summary judgment may well be infeasible, the Court should stay summary judgment proceedings and set a schedule for briefing a single preliminary injunction motion.

**1.** Plaintiffs have asked this Court to issue a summary judgment ruling on complex legal questions of national importance, on the basis of the materials compiled in their own appendix and without regard to the contents of the administrative record, in fewer than 75 days. *Cf.* LCvR 56.2 (prohibiting a party from filing a summary judgment motion within 90 days of trial). Particularly in light of plaintiffs' own delay in filing suit and perfecting service, plaintiffs' request is unreasonable, and plaintiffs' partial summary judgment motions are premature.

It is a "fundamental principle[] of judicial review of agency action" that "'the focal point for judicial review should be the administrative record'" that "the agency presents to the reviewing court," and "'not some new record made initially in the reviewing court.'" *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 733 (1985) (alterations omitted) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973); citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)); *see Medina Cty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (noting that the Administrative Procedure Act requires courts to "review 'the whole record or those parts of it cited by a party'" in issuing a final ruling on claims brought under the Act

(quoting 5 U.S.C. § 706)); *Nat'l Women, Infants, & Children Grocers Ass'n v. Food & Nutrition Serv.*, 416 F. Supp. 2d 92, 97 (D.D.C. 2006) ("in APA review cases, whether agency action was contrary to law is a legal issue that a Court resolves on the basis of the administrative record" (citing *Am. Bioscience, Inc. v. Thompson,* 269 F.3d 1077, 1083 (D.C. Cir. 2001))). "Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision," *Tex. Comm. on Natural Res. v. Van Winkle*, 197 F. Supp. 2d 586, 595 (N.D. Tex. 2002) (citation omitted), but not without an administrative record.

Here, at this early stage of the litigation, defendants have not had adequate opportunity to compile, certify, and produce the voluminous administrative record that supports the agency's decisions that plaintiffs challenge. *See* 81 Fed. Reg. at 31,376 (summarizing the relevant regulatory history, including an August 1, 2013 Request for Information that yielded 402 comments and a September 8, 2015 Notice of Proposed Rulemaking that yielded 24,875 comments). This fact alone warrants a stay. *See, e.g.*, *Town of Abita Springs v. U.S. Army Corps of Eng'rs*, 153 F. Supp. 3d 894, 902 (E.D. La. 2015) (noting that the court granted the government's "Motion to Continue Plaintiff's First Motion for Partial Summary Judgment," which "argu[ed] that [the summary judgment] motion was premature because the administrative record had not yet been compiled and lodged").

Moreover, defendants' deadline to file an answer or other response to the complaint, where threshold jurisdictional issues will be raised, remains thirty days away. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citation omitted). "Without jurisdiction the court cannot proceed at all in any cause." *Id.* at 94. Indeed, courts routinely stay summary judgment

briefing pending the resolution of a motion to dismiss.[4] For all of these reasons, staying proceedings on plaintiffs' premature requests for summary judgment is the appropriate course.

2.      While defendants contest whether plaintiffs are entitled to any relief, much less by January 1, 2017, staying summary judgment proceedings would not prohibit plaintiffs from seeking relief by that date. Again, plaintiffs themselves acknowledge as much by moving, in the alternative, for a preliminary injunction—the more appropriate procedural vehicle for seeking expedited relief where imminent irreparable injury is alleged. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(a).

Yet even to the extent plaintiffs' present motions seek only preliminary injunctions, they are procedurally improper. Together, plaintiffs' briefs total 76 pages, exceeding the Local Rules' 50-page limitation for an opening summary judgment brief, *see* LCvR 56.5(b); *see also* LCvR 56.2(b) (limiting each party to one summary judgment motion), much less the Rules' 25-page limitation for an opening preliminary injunction brief, *see* LCvR 7.2(c). To facilitate the orderly disposition of plaintiffs' demand for preliminary relief, the Court should direct plaintiffs to file a single motion for preliminary injunction and set page limits and deadlines for the briefs that are reasonable in light of the January 1, 2017 deadline that plaintiffs put forward. Defendants respectfully suggest the following:

| Plaintiffs' Motion | 7 days after the Court's order | 40 pages |
| Defendants' Response | 20 days after plaintiffs file their motion | 40 pages |
| Plaintiffs' Reply | 10 days after defendants file their response | 20 pages |

---

[4] *See, e.g.*, *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 216 n.3 (5th Cir. 2001) (noting that district court stayed defendant's summary judgment response pending ruling on motion to dismiss); *Apalachicola Riverkeeper v. Taylor Energy Co., LLC*, No. 12-cv-337, 2013 WL 1897142, at *1 (E.D. La. May 4, 2013) (same); *Direct Supply, Inc. v. Specialty Hosps. of Am., LLC*, 878 F. Supp. 2d 13, 18 n.5 (D.D.C. 2012) (same); *Sweeney v. Tex. State Univ.*, No. 14-cv-910, 2015 WL 2345086, at *4 (W.D. Tex. May 14, 2015) (recommending similar and noting that the plaintiff's summary judgment motion was "plainly premature").

## CONCLUSION

Defendants request that the Court grant their motion, stay further proceedings on plaintiffs' motions, and establish page limits and a schedule for briefing a single motion for preliminary injunction.

Dated:   October 26, 2016                           Respectfully Submitted,

                                                    BENJAMIN C. MIZER
                                                    Principal Deputy Assistant Attorney
                                                        General

                                                    JENNIFER D. RICKETTS
                                                    Director, Federal Programs Branch

                                                    SHEILA M. LIEBER
                                                    Deputy Director, Federal Programs Branch

                                                    /s/ *Adam Grogg*
                                                    ADAM GROGG (New York Bar)
                                                    EMILY BROOKE NESTLER (D.C. Bar
                                                        No. 973886)
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Ave. NW
                                                    Washington, DC  20530
                                                    phone: (202) 514-2395
                                                    fax: (202) 616-8470
                                                    email: adam.a.grogg@usdoj.gov

                                                    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2016, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Adam Grogg*
ADAM GROGG

**CERTIFICATE OF CONFERENCE**

On October 25, 2016, counsel for defendants informed Austin R. Nimocks and Luke Goodrich, counsel for plaintiffs, via e-mail that defendants planned to file this motion, and asked plaintiffs' position on the relief requested herein. On October 26, 2016, Mr. Goodrich responded via e-mail that plaintiffs will oppose the motion.

/s/ *Adam Grogg*
ADAM GROGG