**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.;<br>SPECIALITY PHYSICIANS OF ILLINOIS, LLC,;<br>CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br> - and -<br><br>STATE OF TEXAS;<br>STATE OF WISCONSIN;<br>STATE OF NEBRASKA;<br>COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS,<br><br>            *Plaintiffs*,<br>      v.<br><br>SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>            *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO STAY BRIEFING ON PLAINTIFFS' DISPOSITIVE MOTIONS AND RESET DEADLINES FOR RESPONDING TO MOTION TO INTERVENE**

The Department of Health & Human Services issued the Final Rule at issue in this case on May 18, 2016. Plaintiffs waited three months before filing their Complaint on August 23, 2016, and then waited another two months before filing a motion for preliminary injunction on October 21, 2016. Proposed Intervenors filed their motion to intervene more than a month before

Plaintiffs filed their motion for partial summary judgment or preliminary injunction. If Plaintiffs had allowed the motion to intervene to be briefed pursuant to the standard schedule, Proposed Intevenors' request could have been resolved without delay. But instead of opposing the motion to intervene on the merits, Plaintiffs orchestrated a "bait and switch" in which they have delayed the motion to intervene and then attempted to ram through a nationwide preliminary injunction that would strip vital legal protections from Proposed Intervenors' members. Plaintiffs have now conceded that they had already planned to file a motion for preliminary injunction when they asked to delay briefing the motion to intervene. *See* ECF No. 29 at 2. They try to argue that the parties and the Court had notice of this impending motion by pointing to their previous statement—made in a reply brief only after Proposed Intervenors expressly raised the possibility that Plaintiffs' motion for extension of time could prevent Proposed Intervenors from participating in preliminary injunction proceedings—that "the case will move forward." That vague statement falls far short of Plaintiffs' duty of candor to the Court. Plaintiffs should not be rewarded for their attempt at gamesmanship. Any delay necessary to resolve the motion to intervene is entirely of Plaintiffs' own making, and their claims of prejudice should not be countenanced.

Proposed Intervenors must be allowed to intervene so that they can protect their members' vital interests in this litigation. In particular, Proposed Intervenors' members include transgender people and women residing in Plaintiff States who reasonably fear that they will be exposed to discrimination in healthcare if Plaintiffs succeed in enjoining the Regulation. ECF No. 8 at 7–9. These members have several legally protectable interests that would be prejudiced by such a disposition, such as: their legal rights under the Affordable Care Act and the Regulation; their ability to access healthcare coverage, services, and facilities on a

nondiscriminatory basis; their right to be free from government discrimination; their right to be

free from the harms imposed by the government endorsement of religion; their interest in making

sure their state tax dollars are not used to fund religious discrimination at public hospitals; and

their right to appropriate stabilizing care, including abortion, for emergency medical conditions.

*Id.* at 12–17. Plaintiffs are therefore grossly inaccurate when they assert that Proposed

Intervenors have only an "ideological interest" in whether their members receive legal

protections under the challenged Regulation.

Plaintiffs are also incorrect when they assert that judicial economy requires further delay

before Plaintiffs should be made to respond to the intervention motion. To the contrary, there is

no need to delay further briefing on the intervention motion, given Defendants' failure to provide

any argument disputing Proposed Intervenors' contentions regarding adequacy of representation

in their own response to the intervention motion. Plaintiffs cite no authority for the proposition

that the Court must await Defendants' Answer to determine whether Defendants will adequately

represent the interests asserted by Proposed Intervenors. In fact, motions to intervene are

routinely granted before responsive pleadings are filed. *See, e.g., Texas v. United* States, 805

F.3d 653 (5th Cir. 2015) (granting defendant-intervenors' motion to intervene as of right before

the government filed its answer); *accord Fund for Animals, Inc. v. Norton*, No. 1:01-cv-00813-

GK (D.D.C.), Dkt. Nos. 33, 34, 50, *rev'd*, 322 F.3d 728 (D.C. Cir. 2003) (remanding with

instructions to grant intervention to an additional intervenor); *Am. Meat Inst. v. U.S. Dep't of

Agric.*, 968 F. Supp. 2d 38, 46 (D.D.C. 2013), *aff'd*, 760 F.3d 18 (D.C. Cir. 2014) (en banc).

Merely allowing Proposed Intervenors to file an *amicus* brief at this stage would not

afford them the full legal protections due to intervenors of right under Rule 24(a)(2). Plaintiffs'

*amicus* proposal "ignores the legal rights associated with formal intervention, namely the

briefing of issues, presentation of evidence, and ability to appeal." *Sierra Club v. Espy*, 18 F.3d

1202, 1207 (5th Cir. 1994); *see also, e.g.*, *United States v. City of Los Angeles*, 288 F.3d 391,

400 (9th Cir. 2002) ("Although it denied intervention, the district court granted the Police

League amicus curiae status. However, amicus status is insufficient to protect the League's

rights."); *New York Pub. Interest Research Grp., Inc. v. Regents of State of N.Y.*, 516 F.2d 350,

352 n.3 (2d Cir. 1975) ("The order appealed from did grant leave to appellants to participate as

amicus curiae. They nevertheless are entitled to insist upon intervention, to which we hold they

have a right."). Unlike intervenors, *amici* are not entitled to raise legal claims or defenses left

unaddressed by the parties. *Id.*at 352; *see also* Charles A. Wright & Arthur R. Miller, 16AA Fed.

Prac. & Proc. Juris. § 3975.1 (4th ed.). Nor are *amici* entitled to participate as full parties in the

factual development necessary to resolve motions for partial summary judgment or preliminary

injunction. *See Russell v. Bd. of Plumbing Exam'r*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

The denial of these procedural rights at a critical stage of the litigation would irreparably

prejudice Proposed Intervenors. *White v. Texas Am. Bank/Galleria, N.A.*, 958 F.2d 80 (5th Cir.

1992) (holding that a district grant of summary judgment concurrently with a grant of

intervention unfairly prejudiced intervenors' right to participate as full parties in summary

judgment proceedings).

  In particular, Proposed Intervenors seek both to raise issues that are not likely to be

addressed by Defendants and to vigorously contest Plaintiffs' factual assertions in support of

their motions for summary judgment or preliminary injunction. First, as noted in the motion to

intervene, Proposed Intervenors plan to raise defenses under the Establishment Clause, the Equal

Protection Clause, and the Emergency Medical Treatment and Active Labor Act ("EMTALA"),

which are not likely to be addressed by Defendants. *See* ECF No. 8 at 21–22. Second, Proposed

Intervenors intend to vigorously contest many of the factual assertions supporting Plaintiffs'
motions, such as those regarding the medical necessity of treatment for gender dysphoria or
abortions. *See* ECF No. 25 at 26–29; *see also* ECF No. 10. Plaintiffs argue that Defendants will
adequately represent Proposed Intervenors at this stage of the proceedings, ECF No. 29 at 3, but
that, of course, begs the very question raised by the motion to intervene. Despite Plaintiffs'
contentions, Proposed Intervenors have explained at length why they believe that Defendants
will not adequately represent their interests in these proceedings. *See* ECF No. 8 at 19–23.

   Finally, staying briefing on Plaintiffs' motions pending resolution of the intervention
motion would not cause any undue prejudice. Plaintiffs argue that any delay in briefing their
request for summary judgment or preliminary injunction would prejudice their own interests;
however, this argument is unreasonable in light of the significant delay Plaintiffs themselves
have exhibited in these proceedings. The final rule being challenged here was issued by the U.S.
Department of Health and Human Services on May 18, 2016. *See Nondiscrimination in Health
Programs and Activities*, 81 Fed. Reg. 31,376–01 (May 18, 2016). Plaintiffs filed this lawsuit on
August 23, 2016, more than three months later. *See* ECF No. 1. They did not serve the United
States Attorney for the Northern District of Texas until September 26, 2016. *See* ECF No. 28 at
2. They filed the currently operative complaint on October 17, 2016. ECF No. 21. And they filed
their motions for partial summary judgment or preliminary injunction on October 21, 2016, more
than five months after the final rule was issued. ECF Nos. 23, 25. Given Plaintiffs' extreme
delay, and in light of the fact that they themselves asked the Court to suspend briefing on
Proposed Intervenors' motion to intervene, they cannot credibly argue that any delay on briefing
their requests for dispositive relief would irreparably prejudice their rights. *See* Charles A.
Wright & Arthur R. Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 & n.13 (3d ed.) (stating that a

plaintiff's long delay in seeking a preliminary injunction after learning of the threatened injury undermines any claim of irreparable harm) (collecting cases).

## CONCLUSION

For the foregoing reasons, the Court should either: (1) stay briefing on Plaintiffs' motions and reset the deadline for Plaintiffs' response to the intervention motion to 14 days after the issuance of its order; or (2) reset Plaintiffs' deadline for responding to the intervention motion to 14 days from Defendants' filing of their opposition to Plaintiffs' motions, and then stay further briefing until the motion to intervene is resolved.

Respectfully submitted this 31st day of October, 2016.

/s/ Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
   UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
   UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6575

Daniel Mach*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss*
Joshua Block*
Brigitte Amiri*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller*
AMERICAN CIVIL LIBERTIES
   UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Applications for admission pending.

## CERTIFICATE OF SERVICE

On October 31, 2016, I electronically submitted the foregoing **PROPOSED INTERVENORS' REPLY IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO STAY BRIEFING ON PLAINTIFFS' DISPOSITIVE MOTIONS AND RESET DEADLINES FOR RESPONDING TO MOTION TO INTERVENE** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/Rebecca L. Robertson

Rebecca L. Robertson