## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **FRANCISCAN ALLIANCE, INC. et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:16-cv-00108-O** |
| | § | |
| **SYLVIA BURWELL, Secretary of the** | § | |
| **United States Department of Health and** | § | |
| **Human Services; and UNITED STATES** | § | |
| **DEPARTMENT OF HEALTH AND** | § | |
| **HUMAN SERVICES,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Defendants' Motion to Set Schedule for Preliminary Injunction Proceedings (ECF No. 28), filed October 26, 2016; Putative Intervenors' Motion to Stay Briefing (ECF No. 27), filed October 24, 2016; Plaintiffs' Response to Putative Intervenors' Motion to Stay Briefing (ECF No. 29), filed October 28, 2016; and Putative Intervenors' Reply (ECF No. 30), filed October 31, 2016.

For the foregoing reasons, Defendants' Motion to Set Schedule for Preliminary Injunction Proceedings is **GRANTED in part** and **DENIED in part**. Further, Putative Intervenors' Motion to Stay Briefing is **DENIED**.

## I.        BACKGROUND

Plaintiffs brought the above-styled action against Defendants on August 23, 2016, challenging the legality of 45 C.F.R. § 92 (the "Rule"). *See generally* Compl., ECF No. 1. Plaintiffs include State of Texas, State of Wisconsin, State of Nebraska, Commonwealth of Kentucky, State of Kansas, State of Louisiana, State of Arizona, and State of Mississippi ("State Plaintiffs"), as well as Franciscan Alliance, and Christian Medical and Dental Society

(collectively, "Plaintiffs").  *Id.*  The Rule, which was promulgated by the Department of Health and Human Services on May 18, 2016, and goes into effect on January 1, 2017, interprets the word "sex" to include a "gender identity spectrum" and covers "any entity that operates a health program or activity, any part of which receives Federal financial assistance."  See Am. Compl. 5–8; 48, ECF No. 21.  Under the Rule, covered medical professionals will be required to perform medical transition procedures and covered insurance companies will be required to cover "all health services related to gender transition" or face severe financial penalties.  *Id.*  Plaintiffs filed their Amended Complaint on October 17, 2016, claiming the Rule violates: (1) the Administrative Procedure Act ("APA"); (2) the First Amendment; (3) the Fifth Amendment; (4) the Religious Freedom Restoration Act; (5) the Spending Clause of Article I; (6) the Eleventh Amendment; and (7) the Tenth Amendment.  *See generally*, Am. Compl., ECF No. 21.

On October 21, 2016, Plaintiffs filed two separate motions for partial summary judgment, or in the alternative, a preliminary injunction, arguing the Rule violates the APA and the clear-statement doctrine of the spending clause.  *See* ECF No. 22 ("State Plaintiffs' Motion"); ECF No. 24 ("Plaintiffs' Motion").  Plaintiffs ask that if the Court is unable to rule on the summary judgment motion before January 1, 2017, when the Rule goes into effect, that the Court enter a preliminary injunction against the Rule.  Pls.' Mot. Summ. J. 48, ECF No. 24.  On October 24, 2016, the American Civil Liberties Union of Texas and River City Gender Alliance (collectively, "Putative Intervenors") filed a motion to stay briefing on Plaintiffs' dispositive motions and reset deadlines for responding to their pending motion to intervene.  ECF No. 27.  Then Defendants filed a motion to set a schedule for preliminary injunction proceedings on October 26, 2016, in which they asked the Court to stay summary judgment proceedings.  ECF No. 28.  Plaintiffs ask the Court to maintain the current briefing schedule and resolve the motions for partial summary judgment or motions for

preliminary injunction before January 1, 2017, when Plaintiffs will be required to adjust medical and insurance coverage.  Pls.' Resp. 7, ECF No. 29.

## II.     LEGAL STANDARD

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  District courts are to "weigh competing interests and maintain an even balance" in deciding whether to issue a stay.  *Id.*

## III.    ANALYSIS

The Court examines Defendants' motion to set schedule for preliminary injunction proceedings and Putative Intervenors' motion to stay briefing on Plaintiffs' dispositive motions and reset deadlines for responding to motion to intervene in turn.

### A.     Defendants' Motion to Set Schedule for Preliminary Injunction Proceedings

Defendants request an order (1) staying briefing on the two motions for partial summary judgment, or in the alternative, a preliminary injunction; (2) directing Plaintiffs to file a single motion for preliminary injunction; and (3) setting an expedited briefing schedule on the preliminary injunction.  Defs.' Mot. Set Schedule 1, ECF No. 28.

#### 1.   Preliminary Injunction

Defendants argue that the preliminary injunction, and not summary judgment, is the proper procedural vehicle through which to consider expedited relief for Plaintiffs' alleged imminent irreparable injury.  Defs.' Mot. Set Schedule 5, ECF No. 28.  The Court agrees that at this stage of

the proceedings, when Defendants' answer to Plaintiffs' complaint is not presently due, and the date of alleged irreparable injury is fast approaching, Plaintiffs' motions for preliminary injunction should be given priority.

In order to resolve Plaintiffs' motions for preliminary injunction before January 1, 2017, the Court orders the following briefing schedule. Any supplemental briefing Plaintiffs wish to submit on their motions for preliminary injunction (ECF Nos. 22, 24) must be filed on or before **November 9th, 2016**,[1] Defendants' response to Plaintiffs' motions for preliminary injunction must be filed on or before **November 23, 2016**,[2] and Plaintiffs may reply on or before **November 30, 2016**.[3]

## 2. Summary Judgment Motion

Plaintiffs would like the motions for partial summary judgment resolved before January 1, 2017, but acknowledge by requesting a preliminary injunction in the alternative that resolution within the desired timeline may not be possible. Because the issues involved are complex and deeply-significant, Defendants have not yet filed an answer, and Plaintiffs have already filed extensive briefing,[4] the Court will not be able to consider both the motions for partial summary judgment and motions for preliminary injunction before the January 1, 2017 deadline. Therefore,

---

[1] Plaintiffs are not required to file a single motion for preliminary injunction as Defendants requested. The Court will consider the current pleading and any supplemental briefing Plaintiffs file on or before November 9, 2016.

[2] November 14, 2016 was the initial deadline set for Defendants' response to Plaintiffs' motion for partial summary judgment, or in the alternative, preliminary injunction. Pls.' Resp. 5 n.1, ECF No. 9. Therefore, a November 23, 2016 deadline should provide more than sufficient time to provide a response to Plaintiffs' motions for preliminary injunction.

[3] The Court notes that briefing on the preliminary injunction will continue to be governed by the page limits set out in the Local Rules, absent leave of Court.

[4] Plaintiffs' Appendix to their motion for partial summary judgment alone totals almost 1,000 pages. Pls.' Mot. Summ. J. App., ECF No. 26.

pending resolution of the preliminary injunction, the Plaintiffs' motions for partial summary judgment is stayed until further notice of the Court.

Importantly, the present briefing schedule would require Defendants to file a response to Plaintiffs' motion for summary judgment before their answer to Plaintiffs' complaint was due. Defs.' Mot. Set Schedule 2, ECF No. 28; Local Rule 7.1(e).[5] Defendants have indicated that they will dispute the Court's subject matter jurisdiction. Defs.' Mot. Set Schedule 4, ECF No. 28. Because jurisdiction must be determined at the outset and is likely to be disputed, Defendants' answer will be an important part of the Court's analysis in determining jurisdiction or lack thereof. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Defendants' answer to Plaintiffs' complaint is expected to address disputed jurisdictional issues and therefore would aid the Court in assessing jurisdiction.

Defendants contend they "have not had adequate opportunity to compile, certify, and produce the voluminous administrative record that supports the agency's decisions that plaintiffs challenge." Defs.' Mot. Set Schedule 4, ECF No. 28. In judicial review of agency action, "the focal point for judicial review should be the administrative record … the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (citations omitted). Considering Plaintiffs' motions for partial summary judgment and reviewing the agency action that resulted in the Rule will require the Court to consider the administrative record presented by Defendants.

---

[5] Although the Federal Rules of Civil Procedure provide that if a motion for summary judgment is filed before a responsive pleading is due, the response to the summary judgment motion is due 21 days after the responsive pleading is due, Local Rule 7.1(e) dictates that a response to a motion for summary judgment is due 21 days after the motion is filed. Fed. R. Civ. P. 56.

With important jurisdictional issues in dispute, limited time to consider the pending motion for preliminary injunction, and no administrative record or answer from Defendants yet to review, the Court finds it prudent to impose a limited stay against the Plaintiffs' motions for partial summary judgment.  The stay does not prevent Plaintiffs from seeking relief through their alternative motion for preliminary injunction.  Further, the stay will allow the Court to address the Plaintiffs' motions for preliminary injunction before January 1, 2017 and evaluate the motions for partial summary judgment with Defendants' answer and administrative record in the normal course of this litigation.

### B.      Putative Intervenors' Motion to Stay Briefing

In their motion to stay briefing, Putative Intervenors ask the Court to resolve their motion to intervene before proceeding on the Plaintiffs' motions for partial summary judgment or the alternative motions for preliminary injunction.  Put. Intervenors' Mot. Stay Briefing 6, ECF No. 27.  But as stated in the Court's October 7, 2016 Order, considering the motion to intervene after Defendants file their answer will "provide the Court with enough information to determine whether the Putative Intervenors have met their burden to show that their interests are inadequately represented."  Order 3, ECF No. 20 (citing *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014)).  Accordingly, the Court will consider the Putative Intervenors' motion to intervene once the parties have stated their positions in the case.

The Putative Intervenors remain free to participate in all proceedings as amici curiae, as they did when filing their proposed answer on September 16, 2016.  *See* Put. Intervenors' Prop. Ans., ECF No. 10.  Putative Intervenors' concern that they will be unable to "fully participate in any scheduling conferences, depositions, or pre-hearing discovery" is premature as Defendants have not yet filed an answer to Plaintiffs' complaint and discovery has not yet commenced.  Put.

6

Intervenors' Mot. Stay Briefing 2, ECF No. 27.  The Court further rules that in participating as amici, Putative Intervenors will be bound by the same deadlines set for Defendants.  Further, with tight time constraints at work over the motions for preliminary injunction and the motions for summary judgment stayed, the Court finds no pressing reason to resolve the motion to intervene before Plaintiffs' motions for preliminary injunction.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Schedule for Preliminary Injunction Proceedings (ECF No. 28) is **GRANTED** to the extent that it asks the Court to stay summary judgment proceedings.  The motion is **DENIED** as to the precise preliminary injunction deadlines and page limits Defendant asks the Court to adopt.

Further, Putative Intervenors' Motion to Stay Briefing (ECF No. 27) is hereby **DENIED**.  Accordingly, it is **ORDERED** that any supplemental briefing on Plaintiffs' motions for preliminary injunction (ECF Nos. 22, 24) is due on or before **November 9, 2016**.  Defendants' Response is due on or before **November 23, 2016**, and any Reply from Plaintiffs must be filed on or before **November 30, 2016**.

**SO ORDERED** on this **1st day** of **November, 2016**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**