**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS, STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant,<br><br>*Plaintiffs*,<br><br>v.<br><br>SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>*Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' MOTION FOR EXPEDITED
RECONSIDERATION OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS
AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 1

    I.    The Court Should Reconsider Its Decision Delaying Briefing on the Motion to
         Intervene, and Thereby Constructively Denying the Motion. ........................................... 1

    II.  In the Event the Court Declines to Reconsider Its Constructive Denial of Intervention,
         It Should Nevertheless Stay Briefing Pending Proposed Intervenors' Appeal .................. 6

         1.  *Proposed Intervenors Are Likely to Succeed on the Merits of their Motion to
             Intervene.* ....................................................................................................... 7

         2.  *Proposed Intervenors Will Suffer Irreparable Prejudice if Proceedings Are Not
             Stayed.* .......................................................................................................... 10

         3.  *The Other Parties Will Not Be Unduly Harmed by a Stay.* ...................................... 11

         4.  *The Public Interest Supports a Stay.* ....................................................................... 13

         5.  *Alternatively, Proposed Intervenors Present a Substantial Case on the Merits and
             the Equities Tip Sharply in Favor of Granting a Stay.* ............................................. 14

CONCLUSION .......................................................................................................................... 15

CERTIFICATE OF CONFERENCE ......................................................................................... 16

CERTIFICATE OF SERVICE .................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**

*Adkins v. City of New York*,
  143 F. Supp. 3d 134 (S.D.N.Y. 2015) ....................................................................... 4

*Barber v. Bryant*,
  --- F. Supp. 3d ----, Cause No. 3:16-CV-417-CWR-LRA, 2016 WL 3562647
  (S.D. Miss. June 30, 2016) ................................................................................... 3, 4

*Barber v. Bryant,*
  833 F.3d 510 (5th Cir. 2016) ................................................................................. 4

*Black Firefighters Ass'n v. City of Dallas*,
  19 F.3d 992 (5th Cir. 1994) ................................................................................... 3

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ........................................................................ passim

*Cutter v. Wilkinson*,
  544 U.S. 709 (2005) .............................................................................................. 3

*Deerfield Med. Ctr. v. City of Deerfield Beach*,
  661 F.2d 328 (5th Cir. Unit B 1981) ..................................................................... 4

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
  356 F.3d 1256 (10th Cir. 2004) ............................................................................ 6

*Dos Santos v. Bell Helicopter Textron, Inc. District*,
  651 F. Supp. 2d 550 (N.D. Tex. 2009) ................................................................. 2

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ................................................................................... 3

*Elrod v. Burns*,
  427 U.S. 347 (1976) .............................................................................................. 4

*Estate of Thornton v. Caldor*,
  472 U.S. 703 (1985) .............................................................................................. 3

*Fishman Jackson PLLC v. Israely*,
  --- F. Supp. 3d -----, Civil Action No. 3:15-CV-2897-G, 2016 WL 1436431
  (N.D. Tex. Apr. 12, 2016) ..................................................................................... 2

*Fund for Animals, Inc. v. Norton*,
  322 F.3d 728 (D.C. Cir. 2003) .............................................................................. 9

*Glenn v. Brumby*,
  663 F.3d 1312 (11th Cir. 2011) ........................................................ 4

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997).......................................................................... 2

*Mova Pharm. Corp. v. Shalala*,
  140 F.3d 1060 (D.C. Cir. 1998) ....................................................... 7

*Plain v. Murphy Family Farms*,
  296 F.3d 975 (10th Cir. 2002) .......................................................... 6

*Planned Parenthood of Gulf Coast, Inc. v. Gee*,
  --- F.3d ----, 2016 WL 4895921 (5th Cir. Sept. 14, 2016).................... 3

*Ross v. Marshall*,
  426 F.3d 745 (5th Cir. 2005) ............................................................ 4

*Ruiz v. Estelle*,
  650 F.2d 555 (5th Cir. 1981) .......................................................... 14

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ................................................... 5, 6, 10

*Sierra Club v. Glickman*,
  82 F.3d 106 (5th Cir. 1996) .............................................................. 4

*Smith v. City of Salem*,
  378 F.3d 566 (6th Cir. 2004) ............................................................ 4

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) ............................................................ 9

*Texas v. United States*,
  Civil Action No. 7:16-cv-00054-O .................................................... 5

*The Arkansas Project v. Shaw*,
  Civil Action No. C-10-75, 2010 WL 2522415 (S.D. Tex. June 17, 2010).......... 7-8

*United States ex rel. Richards v. De Leon Guerrero*,
  Misc. No. 92-00001, 1992 WL 212272 (D.N. Mar. Is. May 22, 1992)................. 6

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ......................................................... 2-3

*White v. Texas Am. Bank/Galleria, N.A.*,
  958 F.2d 80 (5th Cir. 1992) ..................................................... 5, 10

*Wildmon v. Berwick Universal Pictures*,
    983 F.2d 21 (5th Cir. 1992) ................................................................. 7

**Statutes**
45 C.F.R. § 92.1 ....................................................................................... 11

**Other Authorities**
Charles A. Wright & Arthur R. Miller, 11A Federal Practice & Procedure Civil
    § 2948.1 & n.13 (3d ed.) ...................................................................... 12

**Rules**
Federal Rule of Appellate Procedure 8(a)(2) ............................................... 6

Federal Rule of Civil Procedure 24(a)(2) ......................................... 7, 10, 14

Federal Rule of Civil Procedure 54(b) ........................................................ 2

**Regulations**
*Nondiscrimination in Health Programs and Activities*,
    81 Fed. Reg. 31,376–01 (May 18, 2016) ............................................. 11

## INTRODUCTION

On November 1, this Court issued an order denying Proposed Intervenors' Motion to Stay Briefing on Plaintiffs' Dispositive Motions and Reset Deadlines for Responding to Motion to Intervene. ECF No. 32. This decision effectively denies Proposed Intervenors' motion to intervene by preventing them from participating as parties at a critical—if not *the* critical—stage of the litigation. For the reasons discussed below, Proposed Intervenors respectfully request that the Court reconsider its decision and grant the Motion to Intervene. Alternatively, Proposed Intervenors request that the Court temporarily stay briefing pending Proposed Intervenors' appeal of the denial of the Motion to Intervene.

Given the short deadlines currently imposed on the preliminary injunction proceedings, Proposed Intervenors respectfully request that the Court resolve this Motion on an expedited basis, so that they may have adequate time to seek emergency relief on appeal if necessary.

## ARGUMENT

**I.    The Court Should Reconsider Its Decision Delaying Briefing on the Motion to Intervene, and Thereby Constructively Denying the Motion.**

Although the Court has not expressly ruled whether Proposed Intervenors will ultimately be able to participate as parties in this case going forward, it has now made clear that Proposed Intervenors will not be able to participate as parties in proceedings related to Plaintiffs' Motions for Preliminary Injunction. The Court's decision effectively denies the Motion to Intervene by preventing Proposed Intervenors from exercising the formal rights associated with intervention—including the rights to raise defenses, present evidence, appeal a grant of preliminary injunction, and request a stay of injunction pending appeal—at a critical stage of this litigation. Because the Court's denial of intervention will irreparably prejudice Proposed Intervenors' right to

1

participate in this litigation, and because the Motion to Intervene is meritorious, Proposed

Intervenors respectfully request that the Court reconsider its decision and grant intervention.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however

designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the

parties . . . may be revised at any time before the entry of judgment adjudicating all the claims

and all the parties' rights and liabilities." Whether to grant a motion for reconsideration "rests

within the sound discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651

F. Supp. 2d 550, 553 (N.D. Tex. 2009). Motions for reconsideration are appropriate to "correct

manifest errors of law or fact or to present newly discovered evidence." *Fishman Jackson PLLC*

*v. Israely*, --- F. Supp. 3d -----, Civil Action No. 3:15-CV-2897-G, 2016 WL 1436431, at *3

(N.D. Tex. Apr. 12, 2016). Here, reconsideration is appropriate both because the Court

manifestly erred in denying Proposed Intervenors the opportunity to participate as full parties in

preliminary injunction proceedings, and because the impending change in Administration

significantly raises the likelihood that Defendants' litigating positions will differ substantially

from those advanced by Proposed Intervenors.

A preliminary injunction is a "drastic remedy," *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997), one which may determine the rights of the parties and other affected individuals for

several years while litigation marches forward. That is especially true where, as here, Plaintiffs

seek to enjoin a federal law protecting the rights of thousands of individuals throughout the

nation. As Proposed Intervenors argued in their Motion to Intervene, their members will be

directly and irreparably harmed if Plaintiffs succeed in enjoining the Regulation, even

temporarily. Most significantly, Proposed Intervenors' members will lose protections against

discrimination currently afforded by the Final Rule. *Wal-Mart Stores, Inc. v. Texas Alcoholic*

2

*Beverage Comm'n*, 834 F.3d 562, 566–67 (5th Cir. 2016) (holding that a regulation's intended beneficiary has a legally protectable interest in intervening to defend the regulation); *accord Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). If the Final Rule is enjoined, Proposed Intervenors' members will be denied critical protections against discrimination in healthcare, including protections guaranteeing them equal access to vitally important healthcare coverage and services. *See Black Firefighters Ass'n v. City of Dallas*, 19 F.3d 992, 994 (5th Cir. 1994) (holding that proposed intervenors had a legally protectable interest in avoiding discrimination in employment); *accord Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (en banc); *see also Planned Parenthood of Gulf Coast, Inc. v. Gee*, --- F.3d ----, 2016 WL 4895921, at *16 (5th Cir. Sept. 14, 2016) (holding that denial of access to the medical provider of one's choice imposes irreparable harm). Additionally, the denial of appropriate stabilizing care to patients undergoing emergency medical conditions may result in life-threatening harm. *See* ECF No. 8 at 16.

Plaintiffs' requested preliminary injunction would also violate the constitutional rights of Proposed Intervenors' members. If Plaintiffs are granted the relief they seek, they would receive an exemption from complying with the law that imposes significant harms on third parties, thereby crossing the line from accommodation to unlawful fostering of religion. *See Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) ("[C]ourts must take adequate account of the burdens a requested accommodation may impose on nonbeneficiaries, and they must be satisfied that the Act's prescriptions are and will be administered neutrally among different faiths." (citing *Estate of Thornton v. Caldor*, 472 U.S. 703, 709–10 (1985)); *see also Barber v. Bryant*, --- F. Supp. 3d ----, Cause No. 3:16-CV-417-CWR-LRA, 2016 WL 3562647 (S.D. Miss. June 30, 2016), at *27–32 (holding, on motion for preliminary injunction, that a state law authorizing religiously

motivated discrimination against LGBT people and unmarried people likely violated the Establishment Clause), *stay denied*, 833 F.3d 510 (5th Cir. 2016), *appeal pending*. The requested preliminary injunction would also authorize the State Plaintiffs to discriminate in violation of the Equal Protection Clause. *See Glenn v. Brumby*, 663 F.3d 1312, 1320 (11th Cir. 2011) (holding that discrimination against transgender people is sex discrimination); *accord Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004); *see also Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) (holding that transgender status is a quasi-suspect classification). The denial of these constitutional rights for even a moment would also impose irreparable harm. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981) (holding that the violation of constitutional rights imposes irreparable harm) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Barber*, 2016 WL 3562647, at *32 (holding that Equal Protection Clause and Establishment Clause violations impose irreparable harm).

The simple fact is that Plaintiffs are suing *in order to* impair the interests of Proposed Intervenors' members. While the Federal Government may be the defendant in this case, transgender people and women seeking reproductive care are the ones in the crosshairs, and it is they who will lose critical protections against discrimination in healthcare if the Final Rule is enjoined. *See Ross v. Marshall*, 426 F.3d 745, 757 n.46 (5th Cir. 2005) ("With respect to a potential intervenor seeking to *defend* an interest being attacked by a plaintiff in a lawsuit, we have observed that the intervenor is a real party in interest when the suit was intended to have a 'direct impact' on the intervenor." (citing *Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996))). To protect their members, Proposed Intervenors must be allowed to participate as full parties *now*. As the Fifth Circuit stated in *Brumfield*, "[i]t would indeed be a questionable rule that would require prospective intervenors to wait on the sidelines until after a court has already

decided enough issues contrary to their interests. The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." 749 F.3d at 344–45.

That is particularly true here. As *amici curiae*, Proposed Intervenors lack the "legal rights associated with formal intervention, namely the briefing of issues, presentation of evidence, and ability to appeal." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). As a result, they are not entitled to dispute the factual contentions supporting Plaintiffs' requests for preliminary injunction, nor are they entitled to raise legal claims and defenses left unaddressed by the parties. The denial of these legal rights imposes irreparable prejudice on Proposed Intervenors' ability to protect the rights of their members. Moreover, if the Court grants a preliminary injunction while the motion to intervene remains pending, Proposed Intervenors will have no recourse to appeal that decision or seek a stay of the preliminary injunction pending appellate review. Proposed Intervenors have good reason to be concerned about this result, given that the government waited more than two months to seek a stay of the nationwide injunction issued in *Texas v. United States*, Civil Action No. 7:16-cv-00054-O.[1]

The right to intervene necessarily encompasses the right to participate meaningfully in proceedings that could impair the intervenor's legally protectable interests. *See White v. Texas Am. Bank/Galleria, N.A.*, 958 F.2d 80, 83–85 (5th Cir. 1992) (holding that a district grant of summary judgment concurrently with a grant of intervention unfairly prejudiced intervenors' right to participate as full parties in summary judgment proceedings); *cf. also Espy*, 18 F.3d at

---

[1] Although the Court has stated that it must await Defendants' answer to assess the adequacy of their representation, ECF No. 32 at 6, no such delay is necessary. As discussed below, Proposed Intervenors have already met their "minimal" burden of establishing that the government's "representation 'may be' inadequate," particularly given the impending change in Administration. *See infra* at 9–10 (quoting *Espy*, 18 F.3d at 1207–08).

1207 ("The intervention in the appeal of the district court's injunction cannot adequately substitute for intervention at the district court level, as many more issues are at stake in the district court than the single issue now on appeal."). If Proposed Intervenors remain barred from participating as parties in preliminary injunction proceedings, then they will have no recourse for safeguarding the significant, legally protectable interests at stake in those proceedings. Thus, by refusing to resolve the Motion to Intervene during the relevant time period, the Court has constructively denied the motion. Because the Motion is meritorious, *see infra* at 7–10, Proposed Intervenors respectfully request that the Court reconsider its decision and grant the motion to intervene.

## II.   In the Event the Court Declines to Reconsider Its Constructive Denial of Intervention, It Should Nevertheless Stay Briefing Pending Proposed Intervenors' Appeal.

If the Court refuses to reconsider its decision constructively denying the Motion to Intervene, it should stay briefing on Plaintiffs' Motions for Preliminary Injunction pending Proposed Intervenors' appeal. "Although no express provision of the Federal Rules of Civil Procedure authorizes a stay of proceedings upon denial of intervention, a court may exercise its discretion in the same fashion as it deals with an injunction pending appeal." *United States ex rel. Richards v. De Leon Guerrero*, Misc. No. 92-00001, 1992 WL 212272, at *2 (D.N. Mar. Is. May 22, 1992); *see also Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004) (noting that after a district court has rejected a party's attempt to intervene in an action and refuses to stay proceedings, the unsuccessful intervening party should move the appeals court for a stay pursuant to Federal Rule of Appellate Procedure 8(a)(2) (citing *Plain v. Murphy Family Farms*, 296 F.3d 975, 981 (10th Cir. 2002))). To succeed on a motion to stay proceedings, the movant "must show the likelihood of his prevailing on the merits on

appeal, that he is likely to suffer irreparable injury from the denial of the stay, that the other

parties will not be substantially harmed by the grant of stay, *and* that granting the stay will serve

the public interest." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992) (per

curiam). Proposed Intervenors easily meet these requirements.

1. *Proposed Intervenors Are Likely to Succeed on the Merits of their Motion to Intervene.*

As discussed above, the Court's delay in adjudicating the Motion to Intervene until after

it has resolved Plaintiffs' preliminary injunction motions amounts to a constructive denial of

intervention. Because Proposed Intervenors are entitled to intervene as of right in this

proceeding, they are likely to succeed in an appeal challenging this denial of intervention. To

intervene as of right pursuant to Rule 24(a)(2), an applicant must satisfy four requirements: "(1)

[t]he application [for intervention] must be timely; (2) the applicant must have an interest

relating to the property or transaction that is the subject of the action; (3) the applicant must be so

situated that the disposition of the action may, as a practical matter, impair or impede its ability

to protect its interest; and (4) the applicant's interest must be inadequately represented by the

existing parties to the suit." *Brumfield*, 749 F.3d at 341 (citations and internal quotation marks

omitted). Proposed Intervenors have satisfied each of these requirements.

First, as this Court itself recognized, the Motion to Intervene is timely. ECF No. 20 at 3.

It was filed less than one month after Plaintiffs filed their original Complaint, and before the

Court had ruled (or even set a briefing schedule) on any motions. As such, the Motion to

Intervene posed no danger of undue prejudice to the existing parties. *See, e.g.*, *Mova Pharm.

Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) ("Upjohn sought to intervene a few

weeks after Mova initiated its action, and before the district court ruled on the preliminary

injunction; this cannot be regarded as untimely."); *The Arkansas Project v. Shaw*, Civil Action

No. C-10-75, 2010 WL 2522415, at *3 (S.D. Tex. June 17, 2010) (holding that motion to intervene would not prejudice parties, given that it was filed before the deadline for joinder of parties and that no other essential deadlines had passed).

Second, Proposed Intervenors' members—several of whom anticipate requiring gender-affirming care or reproductive care within the next year—have a number of legally protectable interests at stake in this litigation, including: an interest in protecting their legal rights under the Final Rule; an interest in accessing healthcare on a nondiscriminatory basis; an Equal Protection Clause interest in avoiding discrimination by their state governments; an Establishment Clause interest in avoiding the concrete harms that would be imposed on them if Plaintiffs succeed in obtaining their requested religious accommodations; an interest in ensuring that their tax dollars are not used to fund religiously motivated discrimination at public hospitals; and an interest in receiving stabilizing care for their emergency medical condition, in accordance with the Emergency Medical Treatment and Active Labor Act. ECF No. 8 at 12–16. Additionally, the public interest in this case strongly supports intervention. *Id.* at 16–17; *see also Brumfield*, 749 F.3d at 344 ("The interest requirement may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group. The zone of interests protected by a constitutional provision or statute of general application is arguably broader than the protectable interests recognized in other contexts.").[2]

Third, as discussed above, the interests of Proposed Intervenors' members could be severely impaired by the outcome of this case—including any preliminary injunction. Such an order would abrogate their legal rights under the Final Rule, expose them to discrimination in coverage for—and access to—medically necessary healthcare, and violate their constitutional

---

[2] As discussed in the Motion to Intervene, Proposed Intervenors may assert the interests of their members. ECF No. 8 at 17–18.

rights under the Establishment and Equal Protection Clauses. *Supra* at 2–4; ECF No. 8 at 18–19. Because these harms are irreparable, even a preliminary injunction would irreversibly impair the rights of Proposed Intervenors' members.

Finally, Defendants will not adequately represent the interests of Proposed Intervenors' members. As discussed in the Motion to Intervene, Proposed Intervenors' members have acutely personal interests at stake in this litigation, which differ in both degree and kind from the federal government's interest in securing an expansive interpretation of executive authority, efficiently enforcing the healthcare laws, and maintaining its working relationship with the states. ECF No. 8 at 20; *see also Texas v. United States*, 805 F.3d 653, 663 (5th Cir. 2015) (holding that undocumented immigrants with minor children living in the United States were entitled to intervene as of right to defend the federal government's Deferred Action for Parents of Americans program, because the federal government did not adequately represent their interests). While the federal government may take the concerns of Proposed Intervenors' members "into account," that "does not mean giving them the kind of primacy that [Proposed Intervenors] would give them." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (internal quotation marks omitted). Proposed Intervenors have already pointed out that they intend to raise Establishment Clause, Equal Protection Clause, and Emergency Medical Treatment and Active Labor Act defenses that Defendants are unlikely to raise. ECF No. 8 at 20–23. Defendants' timely filed response to the Motion to Intervene provided no argument disputing Proposed Intervenors' contentions regarding adequacy of representation, and specifically declined to address Proposed Intervenors' additional defenses. Given that Defendants have significantly different interests at stake in this litigation than Proposed Intervenors' members, their failure to address the additional defenses raised by Proposed Intervenors suffices to meet

the "minimal burden" of demonstrating that the federal government's "representation 'may be' inadequate." *Espy*, 18 F.3d at 1207–08 (citation omitted). Moreover, the impending change in Administration significantly increases the likelihood that Defendants' litigating positions will differ substantially from the positions asserted by Proposed Intervenors.[3]

> 2.  *Proposed Intervenors Will Suffer Irreparable Prejudice if Proceedings Are Not Stayed.*

Proposed Intervenors will be irreparably prejudiced if proceedings are not stayed immediately. As discussed above, Proposed Intervenors' members will be irrevocably harmed if the Final Rule is enjoined, even on a preliminary basis. *Supra* at 2–6. To prevent those harms, Proposed Intervenors timely filed a Motion to Intervene, in which they asserted a right to intervene under Federal Rule of Civil Procedure 24(a)(2). If the right to intervene means anything, it means the right to participate as an equal party in proceedings affecting one's legally protectable interests. *See Brumfield*, 749 F.3d at 344–45 ("The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions."); *White*, 958 F.2d at 83–85. In particular, full-fledged intervenors enjoy the "legal rights associated with formal intervention, namely the briefing of issues, presentation of evidence, and ability to appeal." *Espy*, 18 F.3d at 1207. If the Court issues a preliminary injunction against the Final Rule, Proposed Intervenors' members will be exposed to irreparable harm on the basis of a proceeding in which they were denied the ability to participate. Moreover, as non-parties, Proposed Intervenors would be powerless to appeal an adverse decision on the preliminary injunction motion or seek a stay of the preliminary injunction pending appellate review. Thus, so long as any preliminary injunction remains in effect,

---

[3] As Proposed Intervenors have noted previously, motions to intervene are routinely granted before responsive pleadings are filed. *See* ECF No. 30 at 3.

Proposed Intervenors' members will be continuously subject to irreparable harm from which they will have no recourse. The Court should accordingly stay proceedings to prevent this irreparable, and unjustifiable, prejudice to the rights of Proposed Intervenors' members.

     *3.  The Other Parties Will Not Be Unduly Harmed by a Stay.*

     As contrasted with the significant—and potentially irreparable—harm that will be imposed on Proposed Intervenors if proceedings are not stayed, a stay would impose no undue prejudice on the existing parties. Defendants have taken no position on Proposed Intervenors' request to stay proceedings pending resolution of the Motion to Intervene, ECF No. 28 at 2 n.3, and take no position on the instant motion. Plaintiffs have opposed Proposed Intervenors' request for a stay, arguing that any delay in adjudicating their Motions for Preliminary Injunction would prejudice their interests. ECF No. 29 at 3–4. To be clear, Proposed Intervenors would agree to expedite all further briefing on the Motion to Intervene. But even if a stay would delay resolution of Plaintiffs' preliminary injunction motions, Plaintiffs' own actions undermine their assertions of prejudice.

     Plaintiffs argue that their preliminary injunction motions require expedited adjudication because the Final Rule will go into full effect on January 1, 2017. ECF No. 29 at 3.[4] But their own brinksmanship has brought them to the edge of the January 1 deadline. The Final Rule being challenged here was issued by the U.S. Department of Health and Human Services on May 18, 2016. *See Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31,376–01 (May 18, 2016). Plaintiffs filed this lawsuit on August 23, 2016, more than three months later. *See*

---

[4] In fact, most of the Final Rule's provisions—including provisions prohibiting discrimination in access to healthcare services and facilities, as well as health care plan benefit implementation—went into effect on July 18, 2016. 45 C.F.R. § 92.1. Plaintiffs' proposed January 1, 2017, deadline appears to be based on the effective date for the Final Rule provisions governing plan benefit design. *See id.*; ECF No. 29 at 3.

ECF No. 1. They did not serve the United States Attorney for the Northern District of Texas until

September 26, 2016. *See* ECF No. 28 at 2. And they filed their motions for partial summary

judgment or preliminary injunction on October 21, 2016, more than five months after the Final

Rule was issued. ECF Nos. 23, 25. Plaintiffs' delay in seeking a preliminary injunction, despite

knowing about the Final Rule since May, undermines their claim of irreparable harm. *See*

Charles A. Wright & Arthur R. Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 & n.13 (3d ed.).

  In contrast to Plaintiffs' sluggishness, Proposed Intervenors have moved with alacrity to

protect their members' interests. Proposed Intervenors filed their Motion to Intervene on

September 16, well before any dispositive motion. ECF No. 7. Defendants filed their timely

response to the Motion to Intervene on October 7, ECF No. 19, and briefing would now be

complete if Plaintiffs had allowed the Motion to Intervene to be briefed pursuant to the standard

schedule. Instead, on October 3—more than two weeks after the Motion to Intervene was filed,

and just a few days before the deadline for their response—Plaintiffs asked the Court to extend

their response deadline to 14 days after Defendants file their responsive pleading. ECF No. 12.

Although Plaintiffs now concede that they had already planned to file motions for preliminary

injunction when they asked to delay briefing on the motion to intervene, their extension requests

omitted any mention of these plans. *See id.* In opposing Plaintiffs' extension request, Proposed

Intervenors expressly pointed out that their rights would be prejudiced if Plaintiffs moved for a

preliminary injunction while the Motion to Intervene remained pending. ECF No. 16 at 2–3. In

response to these concerns, Plaintiffs replied by accusing Proposed Intervenors of

"speculat[ion]," and stated cryptically that "the litigation will soon move forward." ECF No. 17

at 2.

In briefing their extension request, Plaintiffs could have informed the Court and the parties that they had already conferenced motions for preliminary injunction and intended to file them imminently. Had Plaintiffs been forthright about their intentions, Proposed Intervenors would have raised the arguments at issue here more than a month ago, supplying ample time for this Court—and, if necessary, the appeals court—to resolve the Motion to Intervene. Instead, Plaintiffs deliberately obfuscated their intentions. When Plaintiffs ultimately filed their motions for partial summary judgment or preliminary injunction, Proposed Intervenors immediately informed the Court that adjudication of these potentially dispositive motions without Proposed Intervenors' participation would lead to irreparable prejudice. ECF No. 27 at 5. In response, Plaintiffs argued that there is simply not enough time to resolve intervention prior to their self-created January 1, 2017, deadline for adjudicating the Motions for Preliminary Injunction. ECF No. 29 at 3–4. Plaintiffs' conduct should not be countenanced, let alone rewarded.

4. *The Public Interest Supports a Stay.*

Finally, the public interest strongly supports a stay of proceedings pending appellate review of the Court's denial of intervention. Plaintiffs seek a preliminary injunction that would strip anti-discrimination protections from transgender people and women seeking reproductive care in numerous states throughout the country, including Proposed Intervenors' members. The loss of these protections would lead to denials of medically necessary healthcare coverage and services. Moreover, Proposed Intervenors maintain that Plaintiffs' requested relief would violate the Constitution's Establishment and Equal Protection Clauses. Whatever one thinks about the merits of Plaintiffs' claims, it is indisputable that their requested relief would have significant consequences for thousands of individuals. Given the stakes, it is absolutely imperative that these proceedings afford adequate opportunity for interested parties to exercise their rights. *See*

13

*Brumfield*, 749 F.3d at 344 (holding that "[t]he public interest easily supports" an interested party's intervention to defend a generally applicable law). At the very least, the appeals court should be given adequate opportunity to weigh in on the Motion to Intervene before the preliminary injunction motions are adjudicated.

> 5. *Alternatively, Proposed Intervenors Present a Substantial Case on the Merits and the Equities Tip Sharply in Favor of Granting a Stay.*

Even if the Court concludes that Proposed Intervenors do not meet the four-factor test outlined above, it should nonetheless grant a stay under the alternative test established in *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981). There, the Fifth Circuit held that a movant requesting a stay "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.* at 565. At the very least, Proposed Intervenors have made out a substantial case on the merits of whether Rule 24(a)(2) affords Proposed Intervenors the legal right to intervene under these circumstances. Moreover, the balance of equities tips sharply in favor of a stay, given the prejudice Proposed Intervenors would experience if a preliminary injunction issues without their participation and Plaintiffs' conduct in the course of this litigation. Thus, under either test, a stay of proceeding pending appeal is warranted.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court reconsider its decision effectively denying the Motion to Intervene, and instead grant intervention. Alternatively, if the Court declines to reconsider its decision, Proposed Intervenors request that the Court stay further proceedings pending Proposed Intervenors' appeal of the denial of the Motion to Intervene.

Respectfully submitted this 9th day of November, 2016.

/s/Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75206
(214) 346-6575

Daniel Mach*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss*
Brigitte Amiri*
Joshua Block*
James D. Esseks*
Louise Melling*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller*
AMERICAN CIVIL LIBERTIES
  UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Applications for admission pending.

## CERTIFICATE OF CONFERENCE

On the morning of November 9, counsel for Proposed Intervenors informed Adam Grogg, Emily Nestler, and Bailey Heaps, counsel for Defendants, via email that Proposed Intervenors planned to file this Motion for Expedited Reconsideration Or, In The Alternative, For Stay Of Proceedings. Proposed Intervenors asked Defendants' position on the instant motion. On November 9, Mr. Grogg responded that Defendants take no position on the motion.

On the morning of November 9, counsel for Proposed Intervenors informed Austin R. Nimocks and Luke Goodrich, counsel for Plaintiffs, via e-mail that Proposed Intervenors planned to file this Motion for Expedited Reconsideration Or, In The Alternative, For Stay of Proceedings. Proposed Intervenors asked Plaintiffs' position on the instant motion. Proposed Intervenors have not received a response to their inquiry.

/s/Rebecca L. Robertson
Rebecca L. Robertson

**CERTIFICATE OF SERVICE**

On November 10, 2016, I electronically submitted the foregoing **MOTION FOR EXPEDITED RECONSIDERATION OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS AND BRIEF IN SUPPORT** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/Rebecca L. Robertson
Rebecca L. Robertson

17