# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant,<br><br> *Plaintiffs*,<br><br>v.<br><br>SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br> *Defendants*. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO PUTATIVE INTERVENORS' MOTION FOR EXPEDITED RECONSIDERATION OR, IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS**<br><br><br><br>Civ. Action No. 7:16-cv-00108-O |

## ARGUMENT

Hoping "third time's a charm," putative intervenors file yet another motion seeking to prematurely insert themselves into this litigation—even though the Court has not yet ruled on their motion to intervene and has twice set a sensible briefing schedule awaiting Defendants' answer to the complaint. Unpersuaded by the logic of the Court's two previous rulings, putative intervenors seek immediate intervention or, in the alternative, a stay of all proceedings so they may appeal a decision that the Court has not yet made. ECF No. 38. This request fails for several reasons.

First, putative intervenors ignore the fact that even if the Court allowed them into the case at this juncture—and it should not—the most they could do to participate in the current preliminary injunction briefing is to file a brief. But they may do that as *amici*, Order 6, ECF No. 32, and Plaintiffs already consented to them doing so, Pls.' Resp. to Putative Intervenors' Mot. to Stay 6–7, ECF No. 29. Putative intervenors do not explain why this is inadequate at this stage of the case. Accordingly, the Court should construe their motion as a request for leave to file an amici curiae brief, and grant that request with instructions to file any amici brief the same day as Defendants' brief is due: November 23, 2016.

Second, a motion for reconsideration is inappropriate here, because "[m]otions for reconsideration under Rule 54(b) are for the narrow purpose to correct manifest errors of law or fact or to present newly discovered evidence." *Neaville v. Wells Fargo Bank, N.A.*, No. 3:11-CV-97-P, 2013 WL 12124590, at *2 (N.D. Tex. June 4, 2013). When the movant "is attempting to rehash its previously made arguments" the Court should not entertain a motion for reconsideration under Rule 54. *Colli v. S. Methodist Univ.*, No. 3:08–CV–1627–P, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (denying motion to reconsider). Putative intervenors' motion does not present new evidence, nor does it identify any manifest errors of law or fact.

Third, even assuming the Court were to reconsider its ruling, the Court has already reached the correct result—twice. A key factor in adjudicating the motion to intervene is whether the existing parties adequately represent their interests. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014); Order 3, ECF No. 20. But the parties cannot sensibly brief this factor, and the Court cannot knowledgably assess it, until *after* Defendants answer Plaintiffs' complaint. Thus, the Court rightly ordered Plaintiffs to respond to the motion to intervene fourteen days after Defendants answer the complaint. Order 3, ECF No. 20. When putative intervenors moved again to stay the proceedings and reset the deadlines for responding to their motion to intervene, ECF No. 27, the Court again reminded putative intervenors that, "as stated in the Court's October 7, 2016 Order, considering the motion to intervene after Defendants file their answer will 'provide the Court with enough information to determine whether the Putative Intervenors have met their burden to show that their interests are inadequately represented.'" Order 6, ECF No. 32 (quoting Order 3, ECF No. 20). There is no basis for disturbing this ruling.

Fourth, despite putative intervenors' request for a stay of proceedings so that they can appeal, there is no order for them to appeal. An order delaying consideration of a motion is not appealable. *See Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 701 (3d Cir. 1991) (noting that a scheduling order establishing a hearing date and matters to be considered at the hearing was not a final order and therefore not appealable); *see also Roe v. N. Mariana Islands Ret. Fund*, 454 F. App'x 565, 566–67 (9th Cir. 2011) (holding 60-day stay was not an appealable order). Moreover, a stay of proceedings would irreparably harm Plaintiffs, making it impossible for them to obtain an injunction before the new Rule deprives them of their constitutional and statutory rights.

Finally, putative intervenors' impatience and repeated requests preview their behavior in this matter if they are allowed to intervene—that they will clutter the

Court's docket with combative motions and hinder the prompt resolution of the case. This weighs heavily against their request to intervene, as courts often deny intervention to movants who will "unduly delay" the litigation. *See, e.g., Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955–56 (9th Cir. 2009) (denying intervention because it would delay the proceedings); *Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994) (denying intervention because government defendants adequately represented putative intervenor and intervention would unduly delay the litigation); *Nat'l Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342, 350 (M.D. Pa. 2013) (same); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 864 F. Supp. 1473, 1485 (S.D. Miss. 1994) (holding intervenor would delay the proceedings and was adequately represented by the attorney general); Charles Alan Wright, et al., 7C FED. PRACTICE & PROCEDURE § 1913 (3d ed.) ("Additional parties always take additional time that may result in delay and that thus may support the denial of intervention."). The Court should reject putative intervenors' attempt to hamper the litigation by filing duplicative motions and delaying resolution of the case.

## CONCLUSION

Putative intervenors' request for reconsideration should either be denied, making clear that there has been no appealable order, or be construed as a motion for leave to file an amici brief, and granted with instructions to file any amici brief by November 23, 2016.

Respectfully submitted this the 17th day of November, 2016.

| | |
|---|---|
| /s/ Luke W. Goodrich<br>Luke W. Goodrich<br>DC Bar No. 977736<br>Eric C. Rassbach (admission pending)<br>Mark L. Rienzi (admission pending)<br>Stephanie H. Barclay (admission pending)<br>The Becket Fund for Religious Liberty<br>1200 New Hampshire Ave. NW<br>Suite 700<br>Washington, DC 20036<br>(202) 955-0095<br>(202) 955-0090<br>lgoodrich@becketfund.org<br><br>*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC* | KEN PAXTON<br>Attorney General of Texas<br><br>JEFFREY C. MATEER<br>First Assistant Attorney General<br><br>BRANTLEY D. STARR<br>Deputy First Assistant Attorney General<br><br>PRERAK SHAH<br>Senior Counsel to the Attorney General<br><br>ANDREW D. LEONIE<br>Associate Deputy Attorney General<br><br>*/s/ Austin R. Nimocks*<br>AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General<br>Texas Bar No. 24002695<br>austin.nimocks@oag.texas.gov<br><br>MICHAEL C. TOTH<br>Senior Counsel<br><br>JOEL STONEDALE<br>Counsel<br><br>Office of Special Litigation<br>ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br>(512) 936-1414<br><br>*ATTORNEYS FOR PLAINTIFFS STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA, STATE OF ARIZONA, and STATE OF MISSISSIPPI, by and through Governor Phil Bryant* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

                                         */s/ Austin R. Nimocks*
                                         AUSTIN R. NIMOCKS