IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS, <br><br>    *Plaintiffs*, <br>  v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br>    *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED RECONSIDERATION OR, IN THE ALTERNATIVE FOR STAY OF PROCEEDINGS**

  Proposed Intervenors are seeking intervention so that they can advocate meaningfully for their members' interests at a critical stage of the litigation. Plaintiffs' opposition is unavailing for three reasons:

1

First, as Proposed Intervenors have already pointed out, their members will suffer irreparable injury—including denial of access to medically necessary healthcare coverage and services, as well as the violation of their constitutional rights—if the Final Rule is enjoined, even temporarily. Proposed Intervenors are therefore real parties in interest to this lawsuit, and should be given an opportunity to advocate for their members' rights before any decision issues on the merits. *See Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014); *Ross v. Marshall*, 426 F.3d 745, 757 n.46 (5th Cir. 2005); *White v. Texas Am. Bank/Galleria, N.A.*, 958 F.2d 80, 82–85 (5th Cir. 1992); *cf. also, e.g.*, *Citizens Opposing Pollution v. Jewell*, No. 14-1107-DRH, 2015 WL 4594167, at *5 (S.D. Ill. July 30, 2015) ("[I]t is procedurally proper to decide the intervention question before addressing the merits of the motion to dismiss."). Proposed Intervenors have advocated, and will continue to advocate, zealously on behalf of their members' interests. That is not a reason to deny intervention.

Second, the impending change in Administration has significantly altered the circumstances of this case. It is now readily apparent that Defendants will not adequately represent the interests of Proposed Intervenors' members. President-Elect Donald Trump has promised to repeal the Affordable Care Act and to "[p]rotect individual conscience in healthcare." President-Elect Donald J. Trump, Making America Great Again, Healthcare Reform, https://www.greatagain.gov/policy/healthcare.html (last visited Nov. 18, 2016). In other cases, the government has already sought to stay proceedings pending the change in Administration. For instance, in the case challenging the government's "Deferred Action for Parents of Americans and Lawful Permanent Residents" program, the government and the plaintiffs jointly moved for a stay of merits proceedings, citing "the change in Administration." Joint Motion for Stay of Merits Proceedings, *Texas v. United States*, No. 1:14-cv-254, ECF No.

430 (S.D. Tex. Nov. 18, 2016). In light of these developments, there is no reason to further delay a ruling on the Motion to Intervene. Just the opposite: Proposed Intervenors must be allowed to participate immediately to prevent any prejudice to their members' interests.

Third, Plaintiffs err in stating that it does not matter whether Proposed Intervenors are allowed to participate as full parties at this stage of the litigation because "the most they could do to participate in the current preliminary injunction briefing is to file a brief," and assert that Proposed Intervenors "do not explain why this is inadequate at this stage of the case. ECF No. 41 at 1. As Proposed Intervenors have already pointed out, their status as *amici* prevents them from presenting evidence to dispute the tenuous factual contentions supporting Plaintiffs' requests for preliminary injunction. ECF No. 38 at 5. Moreover, as *amici*, Proposed Intervenors are powerless to appeal a grant of preliminary injunction or seek a stay of the preliminary injunction pending appeal. *Id.* These are not mere technicalities, but fundamental procedural rights. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994). The denial of these rights at a critical stage of the litigation will irreparably prejudice Proposed Intervenors' members.

The Court's order is a denial of intervention in effect, if not in name. *See White*, 958 F.2d at 83. The Court should reconsider that decision for the reasons outlined by Proposed Intervenors in their motion for reconsideration. ECF No. 38. If the Court declines to reconsider its decision, it should stay proceedings pending Proposed Intervenors' appeal.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its decision effectively denying the Motion to Intervene. Alternatively, if the Court declines to reconsider its decision, it should stay further proceedings pending Proposed Intervenors' appeal of the denial of the Motion to Intervene.


Respectfully submitted this 21st day of November, 2016.


/s/Rebecca L. Robertson
Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
  UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360


Daniel Mach*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Hauss
Joshua Block
Brigitte Amiri
James D. Esseks
Louise Melling
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500


Amy Miller*
AMERICAN CIVIL LIBERTIES
  UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091


*Applications for admission pending.

**CERTIFICATE OF SERVICE**

On November 21, 2016, I electronically submitted the foregoing **PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED RECONSIDERATION OR, IN THE ALTERNATIVE FOR STAY OF PROCEEDINGS** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/Rebecca L. Robertson
Rebecca L. Robertson