**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

FRANCISCAN ALLIANCE, INC., *et al.*,

              *Plaintiffs*,

   v.

SYLVIA BURWELL, Secretary of the United
States Department of Health and Human
Services, *et al.*,

              *Defendants*.

Civil Action No. 7:16-cv-00108-O

---

## REPLY IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR RULING ON INTERVENTION AND STAY OF PRELIMINARY INJUNCTION PENDING APPEAL

      Proposed Intervenors offer the following additional points and authorities in reply to Plaintiffs' opposition:

      1.     Plaintiffs argue that "Defendants' deadline for responding to the Complaint— January 25—is just days away." Pls.' Response at 2, ECF No. 67. This is cold comfort. The preliminary injunction is currently subjecting Proposed Intervenors' members, and similarly situated individuals throughout the country, to irreparable harm. Every day the preliminary injunction remains in place extends this harm. Motion at 2, ECF No. 63. Moreover, Defendants have moved the Court to extend the deadline to file their Answer to March 1, ECF No. 66, which is the deadline for appealing the preliminary injunction. Plaintiffs maintain that, as non-parties, Proposed Intervenors should be barred from appealing the preliminary injunction or seeking a stay of the preliminary injunction pending appeal. Pls.' Response at 2–3, ECF No. 67. This is precisely why Proposed Intervenors require an immediate and express ruling on intervention.

2.      It is clear that Defendants will not adequately represent Proposed Intervenors'
interests. Defendants have informed Proposed Intervenors that they cannot provide assurances
about whether they will appeal the preliminary injunction or seek to stay the preliminary
injunction pending appeal. Defendants have further indicated that they will not be able to make
any decision about the appeal until a new Solicitor General is in place. *See* Defs.' Response, ECF
No. 65. And the incoming Administration has evinced marked hostility to the rights Proposed
Intervenors seek to vindicate. Motion at 3, ECF No. 63. These developments amply demonstrate
that Defendants' representation "'may be' inadequate." *Trbovich v. United Mine Workers of Am.*,
404 U.S. 528, 538 n.10 (1972). Plaintiffs offer no argument to the contrary.

3.      Plaintiffs do not dispute that the Supreme Court's decision in *Price Waterhouse v.
Hopkins*, 490 U.S. 228 (1989), applies to Title IX and Section 1557. As Proposed Intervenors
argued in their *amici* brief, the application of *Price Waterhouse* to Title IX and Section 1557
supports the Final Rule's interpretation of Section 1557. Amici Br. at 19–20, ECF No. 53. At the
very least, it demonstrates that a facial injunction against the Final Rule is inappropriate. *Id.* at
22–25.[1]

4.      Plaintiffs agree that Defendants may prohibit discrimination against people who
have received an abortion in the past. Pls.' Response at 4, ECF No. 67. There is thus no basis for

---

[1] Plaintiffs argue that Proposed Intervenors "do not contest this Court's ruling that the
Department of Health and Human Services' (HHS) interpretation of 'sex' is contrary to the plain
meaning of Title IX as understood at the time of its enactment." Pls.' Response at 3, ECF No. 67.
To the contrary, Proposed Intervenors addressed this issue in their *amici* brief. Amici Br. at 18–
19, ECF No. 53 (collecting sources).

a facial injunction that restrains Defendants from enforcing the Final Rule's "termination of pregnancy" provision to prohibit discrimination against people who have obtained abortions.[2]

5.      Plaintiffs would have this Court believe the Final Rule was directed at individual physicians. Pls.' Response at 4, 5 n.3, ECF No. 67. The Final Rule, however, applies only to healthcare entities receiving HHS funds, not to their individual employees. *See* Amici Br. at 27, ECF No. 53.

6.      As explained in Proposed Intervenors' motion, Plaintiffs have failed to show that any individual CMDA member is a covered entity subject to the Final Rule. *See* Motion at 9–10 n.5, ECF No. 63. In their opposition, Plaintiffs do not dispute this assertion.

7.      Plaintiffs argue that the government does not have a compelling interest in ensuring access to healthcare on a nondiscriminatory basis. Pls.' Response at 5–6, ECF No. 67. However, the Court expressly presumed that the government has a compelling interest in enforcing the Final Rule, and based its holding on RFRA's least restrictive means requirement. Order at 41, ECF No. 62. Plaintiffs do not contest Proposed Intervenors' arguments about why the Final Rule is the least restrictive means for advancing the government's compelling interests.[3]

---

[2] To be clear, Proposed Intervenors disagree with the Court's conclusion that Section 1557 unambiguously incorporated Title IX's religious and abortion exemptions. Amici Br. at 25–26, ECF No. 53.

[3] Plaintiffs attempt to invoke *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014). Pls.' Response at 5–6 n.5, ECF No. 67. But *Hobby Lobby* is inapposite. There, the Supreme Court assumed that the government has a compelling interest in "guaranteeing cost-free access to the four challenged contraceptive methods," *id.* at 2780, and held that extending the contraceptive coverage rule's religious accommodation to closely held non-profit corporations would serve this interest "equally well," *id.* at 2782, with "precisely zero" effect on the corporations' employees, *id.* at 2760. In this case, by contrast, there is no less restrictive alternative that would assuredly have "precisely zero" effect on the Final Rule's beneficiaries.

8.      The balance of equities tilts sharply in favor of granting a stay. By restraining Defendants from enforcing Section 1557's civil rights protections through the Final Rule, the preliminary injunction exposes transgender people and women, including Proposed Intervenors' members, to irreparable harm and undermines the public interest in effectuating Section 1557's commands. *See United States v. Hayes Int'l Corp.*, 415 F.2d 1038, 1045 (5th Cir. 1969); *see also Cornish v. Dudas*, 540 F. Supp. 2d 61, 65 (D.D.C. 2008), *aff'd sub nom Cornish v. Doll*, 330 Fed. App'x 919 (Fed. Cir. 2009). By contrast, Plaintiffs offer no substantive response to Proposed Intervenors' contention that a stay would not impose irreparable harm. *See* Motion at 9, ECF No. 63. Plaintiffs also fail to clarify what HHS's Texas investigation has to do with the Final Rule. *See id.* at 9 n.4.

9.      Plaintiffs contend that nationwide preliminary relief is appropriate because, "if an agency rule is invalid," nationwide relief serves the public interest by preventing duplicative litigation.  Pls.' Response at 7, ECF No. 67. The cases Plaintiffs cite to support their position involve *vacatur* of agency action found to violate the Administrative Procedure Act. *See Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("We have made clear that '[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.'" (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)). But here, no final determinations have been made regarding the Final Rule's validity.

10.     Proposed Intervenors appreciate the Court's attention to their motion, and they understand that the Court's trial schedule makes it difficult to issue a ruling on these issues prior to January 20. Proposed Intervenors will not seek appellate relief before January 30.

  
## CONCLUSION

For the foregoing reasons, the Court should issue a decision on intervention. The Court should also stay the preliminary injunction pending appeal.

Respectfully submitted this 19th day of January, 2017.

| | |
|---|---|
| Rebecca L. Robertson | /s/ Brian Hauss |
| AMERICAN CIVIL LIBERTIES | Brian Hauss |
| UNION OF TEXAS | Joshua Block |
| P.O. Box 8306 | Brigitte Amiri |
| Houston, TX 77288 | James D. Esseks |
| (713) 942-8146 | Louise Melling |
| | AMERICAN CIVIL LIBERTIES |
| Kali Cohn | UNION FOUNDATION |
| AMERICAN CIVIL LIBERTIES | 125 Broad Street, 18th Floor |
| UNION OF TEXAS | New York, NY 10004 |
| P.O. Box 600169 | (212) 549-2500 |
| Dallas, TX 75360 | |
| (214) 346-6577 | |
| | |
| Daniel Mach* | Amy Miller* |
| AMERICAN CIVIL LIBERTIES | AMERICAN CIVIL LIBERTIES |
| UNION FOUNDATION | UNION OF NEBRASKA |
| 915 15th Street, N.W. | 134 S. 13th St., #1010 |
| Washington, D.C. 20005 | Lincoln, NE 68508 |
| (202) 548-6604 | (402) 476-8091 |

Counsel for Proposed Intervenors

*Applications for admission pending.

## <u>CERTIFICATE OF SERVICE</u>

On January 19, 2017, I electronically submitted the foregoing **REPLY IN SUPPORT OF MOTION FOR RULING ON INTERVENTION AND STAY OF PRELIMINARY INJUNCTION PENDING APPEAL** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.


/s/ Brian Hauss

Brian Hauss