IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NORRIS COCHRAN, Acting Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants*. | No. 7:16-CV-00108 <br><br> **PLAINTIFFS' RESPONSE TO PUTATIVE INTERVENORS' REQUEST FOR PERMISSIVE INTERVENTION** |

As this Court has held, Putative Intervenors' request for mandatory intervention failed because they were unable to demonstrate inadequacy of representation. Order 7, ECF No. 69. Their request for permissive intervention likewise fails because their participation would prejudice the parties and would add nothing to the litigation beyond what they offer as *amici curiae*.

## I. Permissive intervention should be denied.

Rule 24(b) provides: "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Even if the requirements of Rule 24(b) are met, permissive intervention remains "wholly discretionary with the district court." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 & n.2 (5th Cir. 1987) (alteration omitted). A denial of permissive intervention is reviewed only for "clear abuse of discretion" and can be reversed only in "extraordinary circumstances." *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

1

Perhaps for that reason, the Fifth Circuit has never reversed a denial of permissive intervention. *Kneeland*, 806 F.2d at 1289–90; *accord Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994) ("As we have noted, we have never reversed a lower court's decision on Rule 24(b) intervention.").

To exercise its discretion over a request for permissive intervention, the Court must consider not only the existence of common questions of law or fact, but also three more factors:

(1) "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties";

(2) "whether intervention is likely to contribute significantly to the development of the underlying factual issues"; and

(3) "whether [the] intervenor is adequately represented by other parties."

*Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, No. CIV.A. 11-2405, 2013 WL 5175620, at *3 (E.D. La. Sept. 12, 2013) (citing Rule 24(b) and *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *accord Ouch v. Sharpless*, 237 F.R.D. 163, 166 (E.D. Tex. 2006) (denying permissive intervention); ACLU Br. 28-29, ECF No. 8 (acknowledging that all three factors must be considered). Here, all three factors weigh against intervention.

*First*, granting intervention would unduly delay and prejudice the adjudication of Plaintiffs' claims. As the Fifth Circuit has observed, "Additional parties always take additional time." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (internal quotation omitted). "Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Id*. They are also the source of more discovery, which exponentially increases the cost and duration of the litigation. All of this

interferes with "the ability of the original parties to . . . have the court resolve [their dispute] expeditiously." *Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 389 (5th Cir. 1999).

That is particularly true here, where Putative Intervenors have already shown that they engage in unnecessary, repetitive, and wasteful litigation. Even without becoming a party to the case, Putative Intervenors have already filed more motions than either Plaintiffs or Defendants—most of which were geared toward delaying adjudication of Plaintiffs' claims. ECF Nos. 7, 27, 38, 44, 63. They have already entered appearances for more lawyers than Plaintiffs and Defendants combined. And of the 59 docket entries generated by the litigants thus far, 31 were generated by or in response to Putative Intervenors—meaning that they are already responsible for more than half of the litigation without even becoming parties yet. If they become parties, they will only cause more delay and prejudice to the adjudication of Plaintiffs' rights.

*Second*, Putative Intervenors do not even argue that they will "contribute significantly to the development of the underlying factual issues." *Clements*, 884 F.2d at 189. Instead, they say only that they will address "the *legal* questions presented." ACLU Br. 29, ECF No. 8 (emphasis added). But that is not the standard. Moreover, even the factual circumstances they purport to raise on behalf of their members—the hypothetical possibility of being denied medical services—repeat those which Defendants reported in support of the final rule. *See, e.g.*, 81 Fed. Reg. 31376, 31377, 31384, 31388–89, 31428, 31434–35. These are two more reasons to deny their request for permissive intervention, and two more reasons why participation as *amicus curiae* will suffice.

*Third*, as this Court has already held, Putative Intervenors are adequately represented by the federal government. Order 7, ECF No. 69. They share with the federal government "the same ultimate objective"—"namely, a finding that the Rule is lawful." *Id.* And they have failed to rebut the presumption of adequate representation by demonstrating "adversity of interest, collusion, or nonfeasance." *Id.* (citation omitted). This alone is sufficient grounds for denying permissive intervention. *See, e.g., Staley v. Harris Cty. Texas*, 160 F. App'x 410, 414 (5th Cir. 2005) (denial of permissive intervention was proper where another party "adequately represents [intervenor's] interests"); *EEOC v. Air Exp. Int'l, USA, Inc.*, No. 3:11-CV-2581-L, 2011 WL 6409121, at *3 (N.D. Tex. Dec. 21, 2011) (same).

Finally, beyond these three factors, "it is proper for the court to consider the fact that [a putative intervenor] has been granted *amicus curiae* status." *Bush*, 740 F.2d at 359. Here, where Putative Intervenors' participation would prejudice Plaintiffs, where they would add nothing to the factual development of the case, and where they are adequately represented by Defendants, participation as an *amicus* is the proper course. *Id.*; *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 473 (5th Cir. 1984) ("the position of amicus may be considered more appropriate"); *Terrebonne Par. Branch NAACP v. Jindal*, No. CV 14-69-JJB-EWD, 2016 WL 2743525, at *6 (M.D. La. May 11, 2016) (rejecting intervention and stating that "[putative intervenor] may consider seeking leave to be granted *amicus curiae* status"). Moreover, as *amicus curiae*, the Court did not ignore Putative Intervenors' arguments, but considered them when ruling on the motion for preliminary injunction. *See, e.g.*, Order 41 n.34, ECF No. 62; Order 2, ECF No. 69. Since they seek

to present legal arguments only and will not contribute to the underlying factual development, Putative Intervenors should continue to serve as *amicus curiae* only.

## II. On the question of intervention as of right, the Court should clarify that it need not reach the issues of Putative Intervenors' interest or impairment.

In denying Putative Intervenors' request for intervention as of right, the Court rightly held that Putative Intervenors failed to demonstrate inadequacy of representation. Order 7, ECF No. 69. However, the Court also noted in passing, and without the benefit of adversarial briefing, that "Putative Intervenors have a legally protectable interest in the proceedings and that disposition of this action will impair their ability to protect members' interests if not allowed to intervene." Order 5-6, ECF No. 69. Plaintiffs respectfully disagree, because Putative Intervenors have not demonstrated a "concrete, personalized, and legally protectable" interest in the case; rather, they have asserted only "ideological, economic, or precedential" interests that are inadequate for intervention. *Texas v. United States*, 805 F.3d 653, 657–58 (5th Cir. 2015). For example, in *Texas v. United States*, the Fifth Circuit approvingly cited a case denying intervention to an advocacy group that wanted to intervene in a case dealing with the constitutionality of a statute. *Id.* at 658 (citing *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (internal quotation marks and alterations omitted)). The court held that the organization "had only an ideological interest in the litigation, and the lawsuit [did] not involve the regulation of the organization's conduct in any respect." *Id.* The same is true of Putative Intervenors here.

In any event, the better course would be to clarify that the Court need not reach the issues of Putative Intervenors' interest or impairment, given that Putative

Intervenors have failed to demonstrate inadequacy of representation. *See, e.g.*, *Bush*, 740 F.2d at 354–55 ("Since we conclude that the [intervenor's] interests are adequately represented by [another party], we need not address the question whether the [intervenor] has met the other three requirements for intervention of right.") (footnotes omitted). Should it become necessary to address those questions, Plaintiffs request an opportunity to brief them.

## CONCLUSION

The request for permissive intervention should be denied.

Respectfully submitted this 8th day of February, 2017.

*/s/ Luke W. Goodrich*
Luke W. Goodrich
Bar No. 977736DC
Mark L. Rienzi
Stephanie H. Barclay
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

PRERAK SHAH
Senior Counsel to the Attorney General

ANDREW D. LEONIE
Associate Deputy Attorney General

*/s/ Austin R. Nimocks*
AUSTIN R. NIMOCKS
Associate Deputy Attorney General
Texas Bar No. 24002695
austin.nimocks@oag.texas.gov

MICHAEL C. TOTH
Senior Counsel

JOEL STONEDALE
Counsel

ATTORNEY GENERAL OF TEXAS
Office of Special Litigation
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
(512) 936-1414

*Counsel for Plaintiff States*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2017, the foregoing motion was served on all parties via ECF.

*/s/ Luke W. Goodrich*

Luke W. Goodrich