IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants*. | Civil Action No. 7:16-cv-00108-O |

**REPLY IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTION**

In its Order denying Proposed Intervenors' motion for intervention as of right, the Court requested further briefing on Proposed Intervenors' motion for permissive intervention. Order at 8, ECF No. 69. Defendants take no position with respect to permissive intervention. Defs.' Response to Mot. for Permissive Intervention, ECF No. 73. Plaintiffs oppose the motion. Pls.' Opp. to Mot. for Permissive Intervention, ECF No. 74.

Federal Rule of Civil Procedure 24(b) authorizes this Court to grant a timely motion for permissive intervention if the proposed intervenor's claim or defense shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b). In exercising its discretion over whether to grant a motion for permissive intervention, the Court must consider: (1) whether the proposed intervenor is adequately represented by the other parties; (2) whether intervention is likely to contribute to development of the underlying factual issues; and (3) whether intervention will unduly delay or prejudice the

existing parties' rights. *Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*, Civil Action No. 06-7232, 2011 WL 3349821, at *2 (E.D. La. Aug. 3, 2011) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)). The Court has held, and Plaintiffs do not dispute, that Proposed Intervenors' motion is timely and that Proposed Intervenors' defenses share a common question of law or fact with the underlying action. Order at 8, ECF No. 69; Pls.' Opp. to Mot. for Permissive Intervention at 1–2, ECF No. 74. Instead, Plaintiffs argue that the three discretionary factors identified above counsel against permissive intervention. *Id.* at 2. To the contrary, all three factors support permissive intervention.[1]

First, the evidence that Defendants will not adequately represent Proposed Intervenors' interests continues to mount. On February 10, the Department of Justice reversed course in an appeal challenging this Court's nationwide preliminary injunction against the Title IX Guidelines regarding transgender students' right to use restrooms and other facilities consistent with their gender identities. Sandhya Somashekhar & Moriah Balingit, *Trump Administration Signals Change in Policy for Transgender Students*,

---

[1] Plaintiffs also ask the Court to amend its Order in order to remove the Court's acknowledgment, in denying Proposed Intervenors' motion to intervene as of right, that Proposed Intervenors "have a legally protectable interest in the proceedings and that disposition of this action will impair their ability to protect members' interests if not allowed to intervene, as several of their members wish to avail themselves of rights provided under the Rule." Order at 5–6, ECF No. 69; *see* Pls.' Opp. to Mot. for Permissive Intervention at 5–6, ECF No. 74. Because Proposed Intervenors appealed the Court's denial of intervention as of right, however, the Court no longer has jurisdiction to amend its Order in this respect. *See Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014). If the Court concludes that it does have jurisdiction to entertain Plaintiffs' request, Proposed Intervenors also request the opportunity to submit briefing on the issue.

Wash. Post, Feb. 11, 2017.[2] Specifically, the government withdrew its request to limit the injunction to the twelve plaintiff states, and the parties jointly asked the court to cancel arguments scheduled for February 14, explaining that they "are currently considering how best to proceed in this appeal." Defs.-Appellants' Notice of Withdrawal of Mot. for Partial Stay Pending Appeal & Joint Mot. to Cancel Argument, *Texas v. United States*, Case No. 16-11534 (5th Cir. Feb. 10, 2017).

In both the *Texas* case and this case, this Court issued nationwide preliminary injunctions based in large part on its conclusion that the prohibition against sex discrimination in Title IX and its implementing regulations does not apply to discrimination against transgender people. *See* Order at 32–35, 45–46, ECF No. 62; *Texas v. United States*, --- F. Supp. 3d ----, Civil Action No. 7:16-cv-00054-O, 2016 WL4426495, at *14–15, *17 (N.D. Tex. Aug. 21, 2016). The government's actions in the *Texas* case are therefore highly relevant to assessing whether the government will adequately represent Proposed Intervenors in this litigation. Taken together with the other issues Proposed Intervenors have already identified, Mot. for Stay of Preliminary Injunction at 2–3, ECF No. 63, the government's recent actions in the *Texas* case establish that Defendants' representation here "*may* be inadequate." *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014) (emphasis in original). Indeed, permissive intervention

---

[2] https://www.washingtonpost.com/national/trump-administration-signals-change-in-policy-for-transgender-students/2017/02/11/c2fd138e-f051-11e6-b4ff-ac2cf509efe5_story.html?utm_term=.7d7d1e9b7717.

should be granted to ensure that Proposed Intervenors are able to defend the Final Rule in the event Defendants decide that they will no longer do so.[3]

Second, Proposed Intervenors will contribute significantly to development of the underlying factual issues. As demonstrated by the Proposed Answer in Intervention, ECF No. 10, Proposed Intervenors dispute many of Plaintiffs' factual assertions. Proposed Intervenors have also consistently argued that, if intervention were granted, they would seek to submit evidence to contest Plaintiffs' assertions—including their assertion regarding "the common understanding within the scientific, medical, academic, and general communities" regarding the meaning of sex, State Pls.' Mot. for Preliminary Injunction at 21, ECF No. 23, as well as their assertion regarding the medical necessity of treatments for gender dysphoria and abortions. *See* Mot. to Stay Briefing at 5–6, ECF No. 27; Mot. for Reconsideration at 5, ECF No. 38; Mot. for Stay of Preliminary Injunction at 7 & n.2, 9 & nn.4–5, ECF No. 63.

Plaintiffs dismiss the factual circumstances of discrimination encountered by Proposed Intervenors' members and people like them throughout the country. Pls.' Opp. to Mot. for Permissive Intervention at 3, ECF No. 74. But the specific factual circumstances in which transgender people and women seeking reproductive care encounter discrimination in healthcare may, for instance, prove critical to the Court's RFRA, balancing of harms, and public interest analyses. *See* Order at 40–42, 43–44, ECF No. 62. Thus, even if Defendants continue to defend the Final Rule, Proposed Intervenors would make significant contributions to development of the underlying factual issues.

---

[3] Taken to their logical conclusion, Plaintiffs' arguments would prevent any form of intervention unless the proposed intervenor could conclusively demonstrate that the existing parties were *already* failing to adequately represent its interests.

Additionally, Proposed Intervenors' "resources, expertise, and personal experience" will "be helpful in fully developing the case." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).[4]

Finally, intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *See* Defs.' Response to Mot. for Permissive Intervention, ECF No. 73. "Because the proposed intervenors' defenses . . . largely overlap with the legal and factual issues that are already present in the main action, the addition of the proposed intervenors is not likely to significantly complicate the proceedings or unduly expand the scope of any discovery in this case." *Carcaño v. McCrory*, 315 F.R.D. 176, 179 (M.D.N.C. 2016); *see also, e.g., Jackson v. Abercombie*, 282 F.R.D. 507, 520 (D. Haw. 2012) (stating that the Hawaii Family Forum's participation as an intervenor-defendant in a lawsuit challenging Hawaii's marriage ban for same-sex couples "will not unduly delay the proceedings or prejudice the parties," but would rather "contribute to the full development and analysis of the issues in this action").

Proposed Intervenors' motion practice to date has focused almost exclusively on their request for a ruling on intervention that would allow them to participate as parties in preliminary injunction proceedings, which Proposed Intervenors maintain was necessary to prevent prejudice to their members' interests. Proposed Intervenors made these requests in response to Plaintiffs' attempt to delay adjudication of intervention until after Defendants filed their Answer—an event that still has not occurred more than five months after the motion to intervene was filed. And Proposed Intervenors have briefed

---

[4] The serious possibility that Defendants' representation may prove inadequate, along with Proposed Intervenors' ability to contribute to the development of the underlying factual issues, dispels Plaintiffs' suggestion that Proposed Intervenors should be relegated to the role of *amici curiae*.

their motions swiftly in order to facilitate expedited consideration of their requests. Such motion practice has not prevented Plaintiffs from obtaining a preliminary injunction prior to their January 1, 2017, deadline, and there is no reason to believe that allowing intervention here would unduly delay ultimate adjudication of Plaintiffs' claims.[5]

---

[5] Although Plaintiffs take issue with the number of lawyers appearing on behalf of Proposed Intervenors in this case, Pls. Opp. to Mot. for Permissive Intervention at 3, ECF No. 74, that in itself has no bearing on the question of whether intervention would unduly delay or prejudice adjudication of the parties' rights.

## CONCLUSION

For the foregoing reasons, the Court should grant Proposed Intervenors' motion for permissive intervention.

Respectfully submitted this 15th day of February, 2017.

Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6577

Daniel Mach
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

/s/ Brian Hauss
Brian Hauss
Joshua Block
Brigitte Amiri
James D. Esseks
Louise Melling
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller
AMERICAN CIVIL LIBERTIES
UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

On February 15, 2017, I electronically submitted the foregoing **REPLY IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR PERMISSIVE INTERVENTION** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/ Brian Hauss
Brian Hauss