**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.;<br>SPECIALITY PHYSICIANS OF ILLINOIS,<br>LLC,;<br>CHRISTIAN MEDICAL & DENTAL<br>ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS;<br>STATE OF WISCONSIN;<br>STATE OF NEBRASKA;<br>COMMONWEALTH OF KENTUCKY, by<br>and through Governor Matthew G. Bevin; and<br>STATE OF KANSAS,<br><br>       *Plaintiffs*,<br>   v.<br><br>TOM PRICE, Secretary of the United States<br>Department of Health and Human Services; and<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br><br>       *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' MOTION FOR STAY OF PROCEEDINGS PENDING
APPEAL OF DENIAL OF INTERVENTION AS OF RIGHT**

## INTRODUCTION

Proposed Intervenors respectfully request that the Court stay discovery and summary judgment proceedings in this case pending resolution of their appeal from the denial of intervention as of right. Staying the case would be "more efficient and less costly than" proceeding while Proposed Intervenors' appeal remains pending, with the "attendant risk of undoing what the trial court has already done" if the Fifth Circuit determines that intervention as of right should have been granted. *Plain v. Murphy Family Farms*, 296 F.3d 975, 980–81 (10th Cir. 2002). Moreover, a stay is necessary to avert the prospect of a decision on the merits in this case before the question of intervention is very resolved, which would be contrary to the very purpose of Rule 24.

## PROCEDURAL BACKGROUND

On August 23, 2016, Plaintiffs brought this lawsuit challenging the Final Rule on a number of constitutional and statutory grounds. Dkt. No. 1. Proposed Intervenors—whose members include transgender people and women seeking reproductive healthcare—moved to intervene in the lawsuit on September 16, before any motions or responsive pleadings were filed. Dkt. No. 7. This Court extended the parties' time to respond to the intervention motion until 14 days after Defendants file their responsive pleading. Dkt. No. 20. Defendants' responsive pleading is currently due May 2, 2017. Dkt. No. 79. In extending the parties' time to respond to the intervention motion, the Court explained that "[t]he putative intervenors will not be prejudiced by the extension because they have filed a timely motion to intervene which the Court can consider once the parties have stated their positions in this case." Dkt. No. 20 at 3.

On December 31, 2016, the Court issued a nationwide preliminary injunction that prohibits the federal government from enforcing the Final Rule's provisions prohibiting discrimination based on gender identity and termination of pregnancy. Dkt. No. 62. The Court

previously denied Proposed Intervenors' motion to stay preliminary injunction proceedings pending resolution of intervention. Dkt. No. 32.

On January 9, 2017, Proposed Intervenors filed a combined motion for ruling on intervention and stay of the preliminary injunction pending appeal. Dkt. No. 63. On January 24, the Court issued an order denying Proposed Intervenors' intervention as of right, refusing to stay the preliminary injunction, and ordering further briefing on permissive intervention. Dkt. No. 69.

Proposed-Intervenors filed a notice of appeal from the denial of intervention as of right and a protective notice of appeal from the preliminary injunction order.[1] On March 14, 2017, Plaintiffs filed a motion for summary judgment, which incorporates by reference the evidence and legal arguments submitted in support of their motions for preliminary injunction. Dkt. No. 83.

## ARGUMENT

Proposed Intervenors have sought intervention to defend the Final Rule on behalf of their members, who are among its intended beneficiaries. Although Proposed Intervenors moved promptly to intervene, before any motions or other proceedings in the case, the Final Rule has been preliminarily enjoined—and may soon be permanently enjoined or vacated—all before the motion to intervene is resolved. A stay is necessary to effectuate the purpose of Rule 24, and to preserve Proposed Intervenors' legally protectable interests.

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (citations omitted). "[T]he power to stay proceedings is incidental to the power inherent in

---

[1] Proposed Intervenors have filed a motion asking the Fifth Circuit to stay the preliminary injunction pending appeal. Plaintiffs have moved to dismiss the appeal. Neither motion has been ruled on.

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Court should stay discovery and summary judgment proceedings pending resolution of Proposed Intervenors' appeal from the denial of intervention as of right. "It would indeed be a questionable rule that would require prospective intervenors to wait on the sidelines until after a court has already decided enough issues contrary to their interests. The very purpose of intervention is to allow interested parties to air their view so that a court may consider them before making potentially adverse decisions." *Brumfield v. Dodd*, 749 F.3d 339, 345–46 (5th Cir. 2014). Indeed, If Proposed Intervenors are entitled to intervention as of right, then they also have the right "to make every factual and legal argument against the [summary judgment] motion" before final adjudication. *White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 84 (5th Cir. 1992).

Moreover, any judgment obtained now would have to be vacated if the denial of intervention is reversed. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (concluding that "the entire merits of the case must be reopened to give [proposed intervenors] an opportunity to be heard as of right as intervenors"); *Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) (en banc) (reversing denial of intervention as of right and vacating judgment entered at fairness hearing in which intervenors could not fully participate); *White*, 958 F.2d at 84 (vacating grant of summary judgment entered without intervenors' participation); *see also In re PaineWebber Inc. Ltd. P'ships Litig.*, 94 F.3d 49, 52 (2d Cir. 1996) ("If the intervenor prevailed on appeal, the entire matter might have to be relitigated.").

For these reasons, proposed intervenors are frequently instructed to seek a stay of proceedings pending appeal. *See Plain v. Murphy Family Farms*, 296 F.3d 975, 980–81 (10th Cir. 2002) (staying case pending appeal would be "more efficient and less costly than" proceeding with the "attendant risk of undoing what the trial court has already done"); *see also Dominion*

3

*Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004) ("[A]fter a district court has rejected a party's attempt to intervene in an action and also refuses to stay the proceedings pending appeal, the unsuccessful intervening party should, pursuant to Federal Rule of Appellate Procedure 8(a)(2), move before [the Court of Appeals] for a stay." (footnote omitted)). That is precisely what Proposed Intervenors seek to do here.

Finally, Plaintiffs will not suffer any prejudice from a stay of discovery and summary judgment proceedings because this Court's preliminary injunction remains in place.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court stay discovery and summary judgment proceedings pending Proposed Intervenors' appeal of the denial of intervention as of right.


Respectfully submitted this 27th day of March, 2017.


Rebecca L. Robertson                          /s/ Joshua Block
AMERICAN CIVIL LIBERTIES                       Joshua Block
UNION OF TEXAS                                 Brian Hauss
P.O. Box 8306                                  Brigitte Amiri
Houston, TX 77288                              James D. Esseks
(713) 942-8146                                 Louise Melling
                                               AMERICAN CIVIL LIBERTIES
Kali Cohn                                      UNION FOUNDATION
AMERICAN CIVIL LIBERTIES                       125 Broad Street, 18th Floor
UNION OF TEXAS                                 New York, NY 10004
P.O. Box 600169                                (212) 549-2500
Dallas, TX 75360
(214) 346-6577

Daniel Mach                                    Amy Miller
AMERICAN CIVIL LIBERTIES                       AMERICAN CIVIL LIBERTIES
UNION FOUNDATION                               UNION OF NEBRASKA
915 15th Street, N.W.                          134 S. 13th St., #1010
Washington, D.C. 20005                         Lincoln, NE 68508
(202) 548-6604                                 (402) 476-8091


*Counsel for Proposed Intervenors*

5

## <u>CERTIFICATE OF SERVICE</u>

On March 27, 2017, I electronically submitted the foregoing **MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF DENIAL OF INTERVENTION AS OF RIGHT** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/ Joshua Block
Joshua Block

**CERTIFICATE OF CONFERENCE**

On March 21, 2017, I informed William Havemann, counsel for Defendants, via email that Proposed Intervenors planned to file this Motion for Stay of Proceedings Pending Appeal of Denial of Intervention as of Right. I asked Defendants' position on the instant motion. On March 27, Adam Grogg, counsel for Defendants, informed me that Defendants take no position on the motion.

On March 21, 2017, I informed Austin Nimocks and Luke Goodrich, counsel for Plaintiffs, via email that Proposed Intervenors planned to file this motion. I asked Plaintiffs' position on the instant motion. On March 22, Mr. Nimocks responded that Plaintiffs oppose the motion.

/s/ Joshua Block
Joshua Block