IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TOM PRICE, Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>*Defendants*. | No. 7:16-CV-00108<br><br>**PLAINTIFFS' RESPONSE TO PUTATIVE INTERVENORS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF DENIAL OF INTERVENTION AS OF RIGHT** |

This is now the fourth time that putative intervenors have moved for a stay in this Court, with each new attempt weaker than the last. This time, putative intervenors do not even bother to cite the controlling legal standard, much less argue that they satisfy it. Nor can they. They have alleged no likelihood of success on the merits and no irreparable injury. And their delay would harm Plaintiffs and undermine the public interest. Accordingly, their request for a stay should be denied, yet again.

## I. Procedural background.

Putative intervenors first moved to stay all briefing on Plaintiffs' preliminary injunction motion until the Court resolved their motion to intervene. ECF No. 27. This Court denied that motion, stating that putative intervenors would "remain free to participate in all proceedings as amici curiae." ECF No. 32 at 6. Nine days later, putative intervenors repeated the same request and were again denied. ECF No. 38. After participating as *amici*, putative intervenors then filed a third stay request asking the Court to stay its preliminary injunction pending appeal. ECF No. 63. This

Court rejected that request, noting that putative intervenors "misstate[d] the scope and application of the Court's preliminary injunction order" and "failed to present concrete evidence of irreparable injury." ECF No. 69 at 8–11. Now putative intervenors request a stay for a fourth time seeking to stop all proceedings pending their appeal of this Court's rulings on intervention and on the preliminary injunction. ECF No. 85.

## II. Putative intervenor's request for a stay is meritless.

Putative intervenors do not even cite or discuss the controlling legal standard. As the Fifth Circuit has said, courts must "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (internal quotation marks omitted); *see also* 16A Charles Alan Wright et al., *Federal Practice and Procedure Jurisprudence* § 3954 (4th ed. 2017) (discussing standard). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). The moving party "bears a heavy burden to show why a stay should be granted." ECF No. 69 at 4–5 (quoting *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985)). Putative intervenors have not even tried to carry that "heavy burden" and plainly cannot do so.

2

***Success on the merits***. Putative intervenors fail to offer any argument on likelihood of success on appeal; accordingly, the issue is waived. *Carter v. Jail of Caddo Par.*, 102 F.3d 551 (5th Cir. 1996) ("Issues not raised or briefed . . . are deemed abandoned."). In any event, they cannot demonstrate a likelihood of success for two reasons. First, as this Court has already held, their case for intervention is weak. Putative intervenors are adequately represented by the federal government. ECF No. 69 at 7. They also lack a "concrete, personalized, and legally protectable" interest in the case; rather, they have asserted only "ideological, economic, or precedential" interests that are inadequate for intervention. *Texas v. United States*, 805 F.3d 653, 657–58 (5th Cir. 2015).

Second, even assuming they had a plausible case for intervention, the Fifth Circuit lacks jurisdiction over their appeal because it is premature. A denial of intervention is immediately appealable only if it is a "*complete* denial" that "prevents a putative intervenor from becoming a party in *any* respect." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) (emphasis in original); *see also United States v. City of Milwaukee*, 144 F.3d 524, 528 (7th Cir. 1998) ("[I]n order to be immediately appealable, an order denying a motion to intervene must be truly final with respect to the proposed intervenor—that is, the order must rule definitively on the party's participation in the litigation before the district court."). Here, however, this Court has not yet ruled on putative intervenors' request for permissive intervention. Thus, there has been no "complete denial" of intervention, and the appeal is premature. *Stringfellow*, 480 U.S. at 377. On that ground, Plaintiffs have filed a motion to dismiss putative intervenors' Fifth Circuit appeal. *See* Motion to Dismiss, No. 17-10135 (Feb. 15, 2017). And putative intervenors have acknowledged

3

the vulnerability of their appeal by asking the Fifth Circuit to postpone briefing on the merits of their appeal "in light of the outstanding motion to dismiss their appeal." Extension Request, No. 17-10135 (Mar. 15, 2017).

Nor could putative intervenors possibly establish a likelihood of success on the merits of their preliminary injunction appeal. By definition, and as expressly set forth in a previous order (ECF No. 69 at 8–11), this Court has already found the opposite: that Plaintiffs are likely to succeed on their Administrative Procedure Act and Religious Freedom Restoration Act claims and are therefore entitled to injunctive relief.

***Irreparable injury***. Putative intervenors also fail to argue that they will suffer irreparable harm absent a stay; thus, this issue is also waived. *Carter*, 102 F.3d 551. In any event, even if putative intervenors were parties to the case, their participation at this stage of the litigation would involve filing a brief opposing Plaintiffs' motion for summary judgment. But putative intervenors may do the very same thing as *amici*—which Plaintiffs do not oppose. They do not even attempt to explain why this form of participation will result in irreparable harm, even though they participated in precisely that manner at the preliminary injunction stage.

***Harm to Plaintiffs***. Putative intervenors have argued that Plaintiffs will not suffer any prejudice from a stay, because this Court's preliminary injunction remains in place. ECF No. 85 at 4. But putative intervenors omit the fact that the entire point of their appeal is to eliminate that injunction. Thus, they have asked the Fifth Circuit to stay this Court's preliminary injunction order, and they are attempting to challenge the merits of the injunction on appeal. *See* Motion for Stay Pending Appeal, No. 17-10135 (Feb. 10, 2017). If they succeed, and if a stay is granted, Plaintiffs will

immediately be exposed to significant penalties and liability. Indeed, that is precisely why this Court has already granted a preliminary injunction.

Furthermore, courts have recognized that delay and uncertainty can themselves constitute harm. *See Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895, 901 (7th Cir. 2005) ("delay, uncertainty, and expense" resulted in "substantial" harm for religious exercise rights); *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 38 (2d Cir. 1993) (noting that allowing unjustified "delay" tactics would be a "misuse of the judicial process" against a party). Here, Plaintiffs operations remain under a cloud of uncertainty as they wait for complete resolution of this case. Accordingly, this Court should resolve the case expeditiously, rather than allowing putative intervenors to delay.

***Public interest***. Proposed intervenors' primary argument is that it would be "more efficient and less costly" to stay the proceeding while their appeal is pending. ECF No. 85 at 1 (quoting *Plain v. Murphy Family Farms*, 296 F.3d 975, 980–81 (10th Cir. 2002)). But the only Fifth Circuit cases they cite have nothing to do with a stay. *Id.* at 3 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 345–46 (5th Cir. 2014); *White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 84 (5th Cir. 1992)). And the out-of-circuit cases they cite are inapposite, because they involved trials or evidentiary hearings that intervenors would be excluded from, and would therefore need to be redone if intervention were granted. *See, e.g.*, *Plain*, 296 F.3d at 981 (discussing the difficulty of undoing "what the trial court has already done"); *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004) (party failed to seek a stay and the case proceeded to arbitration). This case, by contrast, involves summary judgment proceedings on purely legal issues that putative intervenors can participate

in as *amici*—to which Plaintiffs do not object. In fact, other courts routinely proceed on dispositive motions while a motion to intervene is pending, rather than staying the case until resolving a motion to intervene.[1] The Fifth Circuit, too, has noted that unnecessary delays resulting from stays are not in the public interest. *Coastal States Gas Corp. v. Dep't of Energy*, 609 F.2d 736, 738 (5th Cir. 1979). Accordingly, this Court should reject putative intervenors' fourth attempt to delay resolution of the case.

## CONCLUSION

Putative intervenors' motion should be denied.

---

[1] *See, e.g.*:
- *WRR Industries, Inc. v. Prologis*, No. 3:04-cv-2544-L, Dkt. Nos. 42, 52, 72 (N.D. Tex. 2006) (proceeding on dispositive motions despite pending motion to intervene);
- *XTO Energy, Inc. v. ATD, LLC*, No. 1:14-cv-01021-JB-SCY, Dkt. Nos. 32, 42, 68, 72, 82, 89 (D.N.M. 2016) (same);
- *Ansley v. Warren*, No. 1:16-cv-54, Dkt. Nos. 8, 38, 46, 61, 67 (W.D.N.C. 2016) (same);
- *Testa v. Hoban*, No. 3:16-cv-00055-FLW-DEA, Dkt. Nos. 38, 39, 44, 114 (D.N.J. 2016) (same);
- *Atlantic Sea Island Group, LLC v. Connaughton*, No. 1:08-cv-00259-RWR, Dkt. Nos. 10, 12, 46 (D.D.C. 2008) (same);
- *Aristotle Int'l, Inc. v. NGP Software, Inc.*, No. 1:05-cv-01700-TFH, Dkts. Nos. 75, 76, 89, 110, 112, 115, 117 (D.D.C. 2010) (same).

Respectfully submitted this 5th day of April, 2017.

/s/ Luke W. Goodrich
Luke W. Goodrich
Bar No. 977736DC
Mark L. Rienzi
Bar No. 648377MA
Stephanie H. Barclay
Bar No. 1011476
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

MICHAEL C. TOTH
Special Counsel to the First Assistant Attorney General

ANDREW D. LEONIE
Associate Deputy Attorney General

/s/ Austin R. Nimocks
AUSTIN R. NIMOCKS
Associate Deputy Attorney General
Texas Bar No. 24002695
austin.nimocks@oag.texas.gov

DAVID J. HACKER
Senior Counsel

JOEL STONEDALE
Counsel

Office of Special Litigation
ATTORNEY GENERAL OF TEXAS

P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
(512) 936-1414

*Counsel for Plaintiff States*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 5, 2017, the foregoing motion was served on all parties via ECF.

                                              */s/ Luke W. Goodrich*
                                              Luke W. Goodrich