IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; and STATE OF KANSAS, <br><br>      *Plaintiffs*, <br>    v. <br><br> TOM PRICE, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br>      *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**PROPOSED INTERVENORS' REPLY IN FURTHER SUPPORT OF
MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF
DENIAL OF INTERVENTION AS OF RIGHT**

Proposed Intervenors respectfully submit this reply memorandum of law in further support of their request that the Court stay discovery and summary judgment proceedings in this case pending resolution of their appeal from the denial of intervention as of right.

## ARGUMENT

In their opposition to Proposed Intervenors' motion for a stay of proceedings, Plaintiffs have confused the standard for requesting a stay of *proceedings* under *Landis v. North American Co.*, 299 U.S. 248 (1936), with the standard for requesting the stay of an *injunction* under *Nken v. Holder*, 556 U.S. 418 (2009), and *Hilton v. Braunskill*, 481 U.S. 770 (1987). Under *Landis*, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254; *accord McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55)).[1]

Instead of applying the proper standard for stays of proceedings under *Landis*, Plaintiffs rely upon the standard for a stay of injunction pending appeal. *See* Pls.' Opp. at 2, ECF No. 89 (citing standard from *Nken*, which applies standard from *Hilton*). But that test "applies *specifically* to stays of the enforcement of an order or judgment, not stays of an action during interlocutory appeal." *Am. Hotel & Lodging Ass'n v. City of L.A*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015). When a party seeks to stay proceedings as

---

[1] There is no standard formula for exercising this discretion, but courts often consider "(1) the potential prejudice to the non-movant from a brief stay; (2) the hardship to the movant if the stay is denied; and (3) 'the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Conn Gen. Life Ins. Co. v. Elite Ctr. for Minimally Invasive Surgery LLC*, No. 4:16-CV-00571, 2017 WL 607130, at *3 (S.D. Tex. Feb. 15, 2017) (quoting *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494-95 (S.D. Tex. 2015)).

part of efficient case management, the more flexible *Landis* standard applies. *See, e.g.*, *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010) ("*Hilton* is germane where a stay is sought with respect to an order. In this case, Plaintiffs are seeking to stay the *proceedings*. As such, the considerations set forth in *Landis* are germane."); *Cent. W.V. Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*, No. 2:15-CV-11818, 2015 WL 6758233, at *3 (S.D.W.V. Nov. 5, 2015) ("*Hilton* considered the circumstances in which the enforcement of a judgment may be stayed during an appeal. . . . These rules do not address stays during ongoing proceedings. The leading authorities regarding ongoing proceedings, as described above, are *Landis* and its progeny.").[2]

A stay of proceedings under *Landis* is plainly warranted here. Staying the case would be "more efficient and less costly than" proceeding while Proposed Intervenors' appeal remains pending, with the "attendant risk of undoing what the trial court has already done" if the Fifth Circuit determines that intervention as of right should have been granted. *Plain v. Murphy Family Farms*, 296 F.3d 975, 980–81 (10th Cir. 2002); *see Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (concluding that "the entire merits of the case must be reopened to give [proposed intervenors] an opportunity to be heard as of right as intervenors").

Plaintiffs will suffer no harm from a stay of proceedings because this Court's preliminary injunction remains in place. In their opposition, Plaintiffs state that they would suffer harm if the preliminary injunction were stayed or overturned on appeal. Pls.' Opp. at 4–5, ECF No. 89. But if the Fifth Circuit decides to stay or overturn the preliminary injunction, it would be based on a determination that Plaintiffs have failed to establish the necessary likelihood of success on the merits or irreparable harm necessary for the injunction to issue. Plaintiffs cannot claim irreparable harm

---

[2] Proposed Intervenors appropriately briefed the *Hilton* requirements in their motion for a stay of the preliminary injunction pending appeal, Proposed Intervenors' Mot. for Stay of PI at 3–9, ECF No. 63, which was denied, Order, ECF No. 69.

based on the possibility that the Fifth Circuit may overturn a preliminary injunction that they were never entitled to in the first place.

By contrast, Proposed Intervenors *will* be immediately harmed if the case proceeds without affording them the protections of intervenors as of right. If Proposed Intervenors are entitled to intervention as of right, then they also have the right "to make every factual and legal argument against the [summary judgment] motion" before final adjudication. *White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 84 (5th Cir. 1992). Although Plaintiffs state that their motion raises a pure question of law, Pls.' Opp. at 4, ECF No. 89, they have based their motion on affidavits filled with inadmissible hearsay and blatant factual errors. As a result of Defendants' failure to correct these errors during the preliminary injunction hearing—a hearing in which Proposed Intervenors were not allowed to participate—these errors infected this Court's preliminary injunction order and will continue to infect any dispositive order issued without Proposed Intervenors' participation.

Moreover, although it is not necessary to establish likelihood of success on the merits, Proposed Intervenors are overwhelmingly likely to succeed in establishing that they are entitled to intervention. This Court already determined that Proposed Intervenors satisfied all of the requirements for intervention as of right except for possibility that their interests would be inadequately represented by Defendants. Order at 5–6, ECF No. 69. The Court determined that "[a]s of this Order, Defendants have taken no action inconsistent with Putative Intervenors' objective to demonstrate the Rule's legality." *Id.* at 7. That conclusion is no longer tenable in light of Defendant's failure to appeal the preliminary injunction order and their recent request for an extension in order to "consider[] whether further administrative action concerning the Section 1557 regulation that Plaintiffs challenge would be appropriate," Defs.' Mot. for Extension at 2, ECF No. 86. Given these developments, there is no question that Defendants' "representation *may* be inadequate" to protect

Proposed Intervenors' interests. *Texas v. United States*, 805 F.3d 653, 663 (5th Cir. 2015) (emphasis in original) (citation and internal quotation marks omitted); *see also Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (holding that litigant's abandonment of his appeal "is sufficient to meet Allstate's minimal burden of showing inadequate representation"); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997) (holding that the state's failure to fully appeal a preliminary injunction "demonstrated that it will not adequately represent and protect the interests held by the Chamber [of Commerce]").

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court stay discovery and summary judgment proceedings pending Proposed Intervenors' appeal of the denial of intervention as of right.

Respectfully submitted this 10th day of April, 2017.

Rebecca L. Robertson
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Kali Cohn
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6577

Daniel Mach
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

/s/ Joshua Block
Joshua Block
Brian Hauss
Brigitte Amiri
James D. Esseks
Louise Melling
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller
AMERICAN CIVIL LIBERTIES
UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Counsel for Proposed Intervenors*

**CERTIFICATE OF SERVICE**

On April 10, 2017, I electronically submitted the foregoing **MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF DENIAL OF INTERVENTION AS OF RIGHT** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/ Joshua Block
Joshua Block