**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS E. PRICE, M.D., Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants*. | No. 7:16-cv-00108 |

## DEFENDANTS' MOTION FOR VOLUNTARY REMAND AND STAY

The United States Department of Health and Human Services ("HHS") should be given the opportunity to reconsider the regulation at issue in this case, based in part on the Department's desire to assess the reasonableness, necessity, and efficacy of the two aspects of the regulation that are challenged in this case, and to address issues identified by the Court in granting Plaintiffs a preliminary injunction. Defendants respectfully request that the Court remand this matter to HHS and stay this litigation pending the completion of rulemaking proceedings. A remand and stay would conserve the resources of the parties and of the Court by avoiding unnecessary briefing and consideration of a summary judgment motion that may become moot in light of subsequent administrative proceedings. Leadership at HHS should be given an opportunity to reevaluate the regulation and address the issues raised in this litigation

through proper rulemaking proceedings. And because the preliminary injunction would continue in force during the remand, a remand and stay would cause no prejudice to Plaintiffs.[1]

## BACKGROUND

Plaintiffs challenge two provisions of a final rule issued by HHS in May 2016. First Am. Compl. ¶¶ 24-25 (Oct. 17, 2016), ECF No. 21;[2] *see Nondiscrimination in Health Programs and Activities* (the "Rule"), 81 Fed. Reg. 31,376 (May 18, 2016) (codified at 45 C.F.R. pt. 92). Specifically, "Plaintiffs challenge the Rule's interpretation of discrimination 'on the basis of sex' . . . as encompassing 'gender identity' and 'termination of pregnancy.'" Order at 3 (Dec. 31, 2016), ECF No. 62 (quoting 45 C.F.R. § 92.4).

On December 31, 2016, the Court granted Plaintiffs' motion for preliminary injunction and enjoined Defendants "from enforcing the Rule's prohibition against discrimination on the basis of gender identity or termination of pregnancy." *Id.* at 46. Among other things, the Court found Plaintiffs likely to succeed on their claim that those two provisions of the Rule violate the Administrative Procedure Act. Specifically, the Court concluded that, by purporting to define prohibited sex discrimination to include discrimination on the basis of gender identity, the Rule is likely contrary to Section 1557 because the statute instead "prohibit[s] sex discrimination on the basis of the biological differences between males and females." *Id.* at 32. The Court also found that the Rule is likely contrary to law because it does not incorporate certain statutory

---

[1] Counsel for Plaintiffs have informed the undersigned that Plaintiffs will oppose the instant motion.

[2] On March 14, 2017, Plaintiffs voluntarily dismissed certain of their claims, *see* Pls.' Voluntary Dismissal (March 14, 2017), ECF No. 81, but it is unclear which of Plaintiffs' claims remain. Plaintiffs stated that they were "voluntarily dismiss[ing] without prejudice Counts III-X and XIII-XX of their First Amended Complaint," *id.* at 2, but in Counts I and II of their First Amended Complaint—which seemingly remain untouched by Plaintiffs' notice of voluntary dismissal—Plaintiffs incorporate by reference certain of the claims that they purported to dismiss, *see, e.g.*, First Am. Compl. ¶¶ 142-46, 176-79.

exemptions concerning religion and abortion. *See id.* at 37; *see also id.* at 42 (finding certain

Plaintiffs likely to succeed on their Religious Freedom Restoration Act challenge to the Rule).

On April 4, 2017, in seeking an extension of their deadline to respond to Plaintiffs'

summary judgment motion, Defendants stated that HHS was "considering whether further

administrative action concerning the [Rule] would be appropriate." Defs.' Mot. for Ext. at 1-2

(April 4, 2017), ECF No. 86; *see also* Order (April 5, 2017), ECF No. 88 (granting Defendants'

extension motion). New leadership at HHS has now had time to scrutinize the two aspects of the

Rule at issue in this case and has concerns as to the need for, reasonableness, and burden

imposed by those parts of the Rule. HHS takes the concerns of the Court seriously and should be

given the opportunity to initiate rulemaking proceedings to reconsider the Rule.

## ARGUMENT

"Courts have long recognized the propriety of voluntarily remanding a challenged agency

action without judicial consideration of the merits, with or without admission of agency error."

*Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20. F. Supp. 3d 548, 552 (N.D. Tex. 2014) (citation

omitted); *see, e.g.*, *Ohio Valley Envt'l Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 215 (4th

Cir. 2009) ("When a court reviews an agency action, the agency is entitled to seek remand

'without confessing error, to reconsider its previous position.'" (quoting *SKF USA Inc. v. United

States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001))). As the Fifth Circuit has observed, "[e]mbedded

in an agency's power to make a decision is its power to reconsider that decision."

*ConocoPhillips Co. v. U.S. E.P.A.*, 612 F.3d 822, 832 (5th Cir. 2010) (footnote omitted).

"'An agency's motion to remand for reconsideration of its own decision is usually

granted.'" *Am. Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1, 3 (D.D.C.

2012) (alteration in the original) (quoting *Edward W. Sparrow Hosp. Ass'n v. Sebelius*, 796 F.

Supp. 2d 104, 107 (D.D.C. 2011)). Courts "commonly grant such motions, preferring to allow

agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see id.* at 524 n.3 (collecting cases); *Sierra Club v. EPA*, 705 F.3d 458, 463 (D.C. Cir. 2013) (remanding portion of rule that EPA stated functioned in a manner that EPA "did not intend"); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) ("when an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons").

Remand is warranted here. First, a remand would permit HHS to reconsider the challenged aspects (or other aspects) of the Rule in light of its desire to assess the Rule's necessity, reasonableness, and efficacy—or lack thereof—and in light of Plaintiffs' challenges to it and this Court's conclusion that certain of those challenges are likely to succeed. *See Citizens Against the Pellissippi Parkway Extension*, 375 F.3d at 416 (it may be "an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action"). Second, granting a voluntary remand and staying this litigation while regulatory proceedings are ongoing "would preserve the Court's scarce judicial resources by providing [Defendants] the opportunity to cure" any legal errors that may exist in the Rule. *Frito-Lay, Inc.*, 20 F. Supp. 3d at 554 (alterations and citation omitted); *see id.* at 554-55 (surveying cases and noting that courts "often rely on the principle of judicial economy" in granting motions for voluntary remand); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23, 25 (D.D.C. 2008) ("an agency wishing to reconsider its action should move the court to remand or hold the case in abeyance pending the agency's reconsideration," in part because remand "will serve the interest of allowing [the agency] to cure its own potential mistake rather than needlessly wasting the

4

Court's and the parties' resources").[3] Third, and finally, a remand and stay would not prejudice

Plaintiffs because this Court's preliminary injunction would remain in effect during the

impending regulatory proceedings.

## CONCLUSION

Defendants request that the Court remand this matter to HHS, and stay this litigation,

pending further rulemaking proceedings.

Dated:   May 2, 2017

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

/s/ Adam Grogg
ADAM GROGG
EMILY BROOKE NESTLER
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
phone: (202) 514-2395
fax: (202) 616-8470
email: adam.a.grogg@usdoj.gov

*Counsel for Defendants*

---

[3] *See, e.g.*, *Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*, No. 6:14-cv-1877, 2016 WL
1317775, at *3 (M.D. Fla. April 5, 2016) (remanding to the agency and staying court
proceedings); *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 76 (D.D.C. 2015) (same).

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 1, 2017, I emailed Plaintiffs' counsel to ask Plaintiffs'

position on the relief requested in Defendants' Motion for Voluntary Remand and Stay, and that

Plaintiffs' counsel responded that Plaintiffs will oppose this motion.

/s/ *Adam Grogg*
ADAM GROGG


## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2017, I electronically filed a copy of the foregoing. Notice

of this filing will be sent via email to all parties by operation of the Court's electronic filing

system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Adam Grogg*
ADAM GROGG