# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS E. PRICE, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | **PLAINTIFFS' COMBINED OPPOSITION TO DEFENDANTS' MOTION FOR VOLUNTARY REMAND AND STAY AND DEFENDANTS' MOTION FOR EXTENSION OF TIME** <br><br><br> Civ. Action No. 7:16-cv-00108-O |

Rather than respond to Plaintiffs' motion for summary judgment, Defendants seek a "voluntary remand" so that they can "reevaluate the regulation." Defs.' Mot. 1–2. But Defendants can "reevaluate the regulation" at any time—with or without a voluntary remand. The more appropriate course in this situation is to grant Plaintiffs' pending motion for summary judgment. That, too, will result in a remand. But it will also give the agency clear guidance on the scope of its authority, eliminating a lengthy period of uncertainty, and reducing the likelihood that the parties will end up in court again.

I. **The Court should grant summary judgment.**

Both Plaintiffs and Defendants agree that a remand is appropriate. The only question is whether the remand should occur "voluntarily"—*i.e.*, without a final ruling on the merits, and without vacating the unlawful portions of the rule—or should instead occur after a final ruling on the merits and vacatur of the unlawful portions of the rule. Under the Administrative Procedure Act (APA), the "normal remedy" is to vacate an unlawful rule.[1] Even Defendants' own authorities recognize this. *See, e.g.*, *Sierra Club v. EPA*, 705 F.3d 458, 469 (D.C. Cir. 2013) (vacating aspects of a final rule that exceeded the agency's statutory authority, and remanding to the agency for further proceedings). Vacating the unlawful portions of the rule is more efficient because it gives the agency clear guidance as it reconsiders the rule. By contrast, a voluntary remand without vacatur—which is what Defendants seek—

---

[1] *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014); *see also Texas v. EPA*, 690 F.3d 670, 686 (5th Cir. 2012) (vacating an unlawful final rule and remanding to the agency for further consideration); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894 (1990) ("[Court intervention under the APA] may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised by the agency in order to avoid the unlawful result that the court discerns.").

leaves the parties in legal limbo, creates an indefinite delay, and often results in additional litigation. Defendants provide no basis for following that approach here.[2]

## II. The Court should deny the request for a voluntary remand.

Defendants claim that they are entitled to a voluntary remand under *Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20 F. Supp. 3d 548, 553 (N.D. Tex. 2014) (citations omitted). But this case is quite different. In *Frito-Lay*, "Defendants [were] forthcoming about the merits of Plaintiff's challenges and admitted the alleged errors once they were discovered." *Id*. at 555. Here, the agency has not "confessed error," "recognize[d] the merits of plaintiff's challenges," or "admitted the alleged errors." *Id*. at 554, 555. Quite the contrary, the best that Defendants are willing to state is that "[n]ew leadership at HHS has now had time to scrutinize the two aspects of the Rule at issue in this case and has concerns as to the need for, reasonableness, and burden imposed by those parts of the Rule." Defs.' Mot. 3. Defendants do not commit to revising the Rule. They do not even commit to initiating a rulemaking process. They say only that "[l]eadership at HHS should be given an opportunity to reevaluate the regulation and address the issues raised in this litigation through proper rulemaking proceedings." Defs.' Mot. 1–2. This hardly represents the sort of confession of error that justifies a voluntary remand.

Second, Defendants' request for a voluntary remand is not timely. Their request comes over four months after the Court issued a preliminary injunction and nearly three months after the new Secretary of the Department of Health and Human Services was confirmed on February 10, 2017. At any time during those months, the

---

[2] The cases cited by Defendants do not support their request. As noted, *Sierra Club* involved a remand with vacatur. And in *American Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1 (D.D.C. 2012), the dispute was not over a final rule published in the Federal Register, but "administrative decisions" (a.k.a., regulatory dark matter) that the agency was able to obviate with the stroke of a pen. The same is true of *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412 (6th Cir. 2004) and *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). Indeed, Defendants offer no example of a voluntary remand of a final rule that had been preliminarily enjoined and was currently under challenge on summary judgment.

agency could have initiated rulemaking. But it chose not to. Instead, it waited until it was facing an imminent grant of summary judgment before requesting a "voluntary" remand.

Third, remand will prejudice Plaintiffs. Though Defendants claim that Plaintiffs would not be prejudiced because "the preliminary injunction would remain in effect during the impending regulatory proceedings," Defs.' Mot. 5, nothing is guaranteed. As the Court is aware, putative intervenors continue their quest to become a party in this matter. As part of their ongoing advocacy, putative intervenors have requested a stay of the Court's preliminary injunction from the Fifth Circuit. If the Fifth Circuit grants a stay of the Court's preliminary injunction pending appeal, Plaintiffs (both private and governmental) will be exposed to massive liability under the challenged rule.

### III. If the Court remands, it should not do so unconditionally.

If the Court chooses to remand, Plaintiffs respectfully request that it expressly retain jurisdiction over Plaintiffs' lawsuit. Defendants have already conceded that this is appropriate by requesting a "stay," rather than a dismissal, and by conceding that the preliminary injunction should remain in place. *American Gas Ass'n v. FERC*, 888 F.2d 136, 153 (D.C. Cir. 1989) ("[T]he court retains jurisdiction of this matter and remands the record only."). Indeed, many courts treat remand orders as merely interlocutory, with the court retaining jurisdiction. *See Win-Tex Prods., Inc. v. United States*, 843 F. Supp. 709, 711 (Ct. Int'l Trade 1994) ("It is well settled that an order of the court remanding a matter to an administrative agency for further findings and proceedings is itself interlocutory relief and that pending the completion of the remand proceedings by the agency, the case remains within the jurisdiction, control and supervision of the court issuing the remand order."); *Taylor v. Heckler*, 778 F.2d 674, 677 n.2 (11th Cir. 1985) ("Because this circuit considers a remand order an

interlocutory order, it follows by operation of law that the district court retains jurisdiction of the case until the proceedings on remand have been concluded.").

In this regard, exercising ongoing jurisdiction can include an order that HHS initiate and complete rulemaking within a prescribed time period as well as call for periodic status reports. *See, e.g.*, Order, *Am. Stewards of Liberty et al. v. U.S. Fish & Wildlife Svc.*, 1:15-cv-01174-LY (W.D. Tex. Mar. 28, 2017), ECF No. 96; *Grynberg v. FERC*, No. 93-1221, 1994 WL 527209, at *1 (D.C. Cir. Aug. 5, 1994) ("The court expects respondent to act expeditiously and, if the case is not resolved within 90 days of the date of this order, respondent shall file a status report with the court."); *Murray Ohio Mfg. Co. v. EPA*, 971 F.2d 766, at *1 (D.C. Cir. 1992) (unpublished); *Mass. Bay Telecasters, Inc. v. FCC*, 261 F.2d 55, 67 (D.C. Cir. 1958) ("Our order will provide that the status quo is to be maintained, and that we retain jurisdiction of these appeals pending receipt of the findings and final report of the Commission. In addition the Commission will within 60 days from the date of our order, report to this court its progress, with such recommendations as to the Commission may seem desirable at that stage of the proceeding.").

If and when it becomes apparent that any prospective rulemaking will not impact the case, the Court should immediately lift any stay or remand and proceed with an adjudication on the merits. Alternatively, should any rulemaking impact the substance of the case and controversy before the Court, the Court should schedule a status conference 30 days after conclusion of the rulemaking process.

**IV. Conclusion.**

Defendants' request for a voluntary remand and stay should be denied, and the Court should grant summary judgment for Plaintiffs. Plaintiffs respectfully renew their request for the following relief against the Defendants, their officers, agents, employees, and attorneys:

1. A declaratory judgment that the Rule is invalid under the Administrative Procedure Act;
2. A declaratory judgment that the Rule violates the Religious Freedom Restoration Act;
3. A permanent injunction prohibiting Defendants from enforcing the Rule; and
4. An order vacating and remanding the unlawful portions of the Rule.

Respectfully submitted this the 4th day of May, 2017.

<div style="display: flex;">

*/s/ Luke W. Goodrich*
Luke W. Goodrich
DC Bar No. 977736
Eric C. Rassbach
Mark L. Rienzi
Stephanie H. Barclay
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
(202) 955-0090
lgoodrich@becketfund.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

MICHAEL C. TOTH
Special Counsel to the First Assistant Attorney General

ANDREW D. LEONIE
Associate Deputy Attorney General

*/s/ Austin R. Nimocks*
AUSTIN R. NIMOCKS
Associate Deputy Attorney General
Texas Bar No. 24002695
austin.nimocks@oag.texas.gov

DAVID J. HACKER
Senior Counsel

JOEL STONEDALE
Counsel

Office of Special Litigation
ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
(512) 936-1414

*ATTORNEYS FOR PLAINTIFFS STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant*

</div>

## CERTIFICATE OF SERVICE

    I hereby certify that on May 4, 2017, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

                                                        */s/ Austin R. Nimocks*
                                                        AUSTIN R. NIMOCKS