IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

|  |  |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMAS E. PRICE, M.D., Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>*Defendants*. | No. 7:16-cv-00108 |

# REPLY IN SUPPORT OF
# DEFENDANTS' MOTION FOR VOLUNTARY REMAND AND STAY

Plaintiffs have identified no sound reason why this Court should adjudicate summary judgment as to aspects of a regulation that the United States Department of Health and Human Services ("HHS") is preliminarily enjoined from enforcing and that HHS seeks the opportunity to reconsider through proper rulemaking proceedings. Granting Defendants' Motion for Voluntary Remand and Stay ("Defs.' Mot.") (May 2, 2017), ECF No. 92, would promote important principles by enabling Defendants to fulfill the rulemaking function entrusted to HHS, would preserve scarce resources, and would not prejudice Plaintiffs.

Plaintiffs are mistaken in asserting that Defendants' request for a voluntary remand and stay is out of the ordinary. *See* Pls.' Combined Opp'n to Defs.' Mot. for Voluntary Remand and Stay and Defs.' Mot. for Ext. of Time ("Pls.' Opp'n") at 2-3 (May 4, 2017), ECF No. 94.[1]

---

[1] Although Plaintiffs have purported to oppose Defendants' Motion for Extension of Time (May 2, 2017), ECF No. 93, *see* Pls.' Opp'n at 1, Plaintiffs' opposition brief fails entirely to address that motion. Plaintiffs have presented no argument as to why, if the Court were to deny

To the contrary, Defendants' request respects the proper roles, under our Constitution and the Administrative Procedure Act, of executive agencies—which promulgate regulations pursuant to Congressional authorization—and courts—which adjudicate live cases and controversies within their subject matter jurisdiction. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). As such, many courts have observed that motions like Defendants' are "commonly" granted. *Ethyl Corp. v. Browner*, 989 F.2d 552, 554 (D.C. Cir. 1993); *see, e.g.*, *Am. Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1, 3 (D.D.C. 2012) (such motions are "usually" granted); *see generally SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001) ("If the agency's concern [about an existing regulation] is substantial and legitimate, a remand is usually appropriate."); *Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20 F. Supp. 3d 548, 552 (N.D. Tex. 2014) ("Courts have long recognized the propriety of voluntarily remanding a challenged agency action without judicial consideration of the merits, with or without admission of agency error." (collecting cases)).

Plaintiffs particularly miss the mark in claiming that Defendants "have offered no example of a voluntary remand of a final rule that had been preliminarily enjoined and was currently under challenge on summary judgment." Pls.' Opp'n at 3 n.2. To take one example cited by Defendants, *see* Defs.' Mot. at 5 n.3, in *FBME Bank Ltd. v. Lew*, the court had "issued a preliminary injunction against" the agency's final rule, and the agency, while "not directly confess[ing] error, . . . recognize[d] that the [c]ourt ha[d] identified serious . . . concerns with the rule" and accordingly moved for a voluntary remand and stay. 142 F. Supp. 3d 70, 72, 73 (D.D.C. 2015). Although the plaintiffs "urge[d] the [c]ourt . . . to deny [the agency's] motion,

---

Defendants' Motion for Voluntary Remand and Stay, Defendants should not be granted fourteen days from the Court's order to file an answer or other response to the complaint and to respond to Plaintiffs' summary judgment motion.

order expedited summary-judgment briefing, and proceed to render final judgment," *id.* at 72-73, the Court disagreed, remanded the rule to the agency, and stayed the litigation, *see id.* at 73-76. The same course is warranted here, where a voluntary remand and stay would likewise "conserve judicial resources, and would not unduly prejudice parties aggrieved by the rule." *Id.* at 71; *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 414 (6th Cir. 2004) (cited in Defs.' Mot. at 4) (holding that the district court abused its discretion by refusing to grant a voluntary remand the agency sought after the court issued a preliminary injunction).

Remanding without adjudicating final judgment at this stage would not deny "the agency clear guidance" or "leave[] the parties in legal limbo." Pls.' Opp'n at 2-3. As Defendants have emphasized, *see* Defs.' Mot. 1, 2-3, 4, this Court's opinion granting Plaintiffs' motions for preliminary injunction provides ample guidance, *see FBME Bank Ltd.*, 142 F. Supp. 3d at 74. Moreover, a remand would not affect the preliminary injunction, which would continue to protect Plaintiffs.[2] Nor is Defendants' request for a voluntary remand untimely. Plaintiffs note that Defendants' request comes four months after this Court's preliminary injunction ruling and fewer than three months after the new Secretary of HHS was confirmed, Pls.' Opp'n at 3, but ignore authority from another court in this district finding a request for voluntary remand timely and appropriate where *20* months had passed, *Frito-Lay, Inc.*, 20 F. Supp. 3d at 556; *see id.* at 555-56 (surveying cases).

Finally, contrary to Plaintiffs' assertion, *see* Pls.' Opp'n at 3, Defendants repeatedly asked the Court for space to reassess the Rule in light of the Court's conclusion that certain of

---

[2] Plaintiffs' speculation that proceedings before the Court of Appeals could hypothetically disturb this Court's preliminary injunction, *see* Pls.' Opp'n at 4, provides no basis for denying Defendants' motion, particularly where either party could move to lift this Court's stay and resume litigation if changed circumstances warranted such a course.

Plaintiffs' challenges are likely to succeed, *see* Defs.' Mot. at 1 (requesting a stay "pending the completion of rulemaking proceedings"); *id.* at 1-2 (seeking a remand so HHS can "be given an opportunity to reevaluate the regulation and address the issues raised in this litigation through proper rulemaking proceedings"); *id.* at 3 (seeking "the opportunity to initiate rulemaking proceedings to reconsider the Rule"); *id.* at 4 (citing HHS's "desire to assess the Rule's necessity, reasonableness, and efficacy" through "rulemaking proceedings"); *id.* at 5 (referencing "impending regulatory proceedings"). Although Defendants cannot predetermine the outcome and timing of any such proceedings—which depend on the input and evidence HHS would receive during the rulemaking—because a voluntary remand and stay would have no effect on this Court's preliminary injunction, Plaintiffs would suffer no prejudice. *See FBME Bank Ltd.*, 142 F. Supp. 3d at 75 (a plaintiff is "unlikely to be prejudiced by a voluntary remand" where a preliminary injunction is in place). And regardless of the outcome of the remand, judicial review at this time would put the parties and the Court in the awkward position of litigating about and adjudicating a rule that is under active review. Remanding, keeping the preliminary injunction in place, and staying these proceedings is the most appropriate and efficient course.

Dated:   May 18, 2017                                    Respectfully Submitted,

                                                         CHAD A. READLER
                                                         Acting Assistant Attorney General

                                                         JENNIFER D. RICKETTS
                                                         Director, Federal Programs Branch

                                                         SHEILA M. LIEBER
                                                         Deputy Director, Federal Programs Branch

                                                         /s/ *Adam Grogg*
                                                         ADAM GROGG
                                                         EMILY BROOKE NESTLER
                                                         U.S. Department of Justice
                                                         Civil Division, Federal Programs Branch

20 Massachusetts Ave. NW  
Washington, DC  20530  
phone: (202) 514-2395  
fax: (202) 616-8470  
email: adam.a.grogg@usdoj.gov  

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2017, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Adam Grogg*
ADAM GROGG