IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC. et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00108-O |
| § | |
| THOMAS E. PRICE, Secretary of the § | |
| United States Department of Health and § | |
| Human Services; and UNITED STATES § | |
| DEPARTMENT OF HEALTH AND § | |
| HUMAN SERVICES, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Defendants' Motion for Voluntary Remand and Stay (ECF No. 92), filed May 2, 2017; Plaintiffs' Response (ECF No. 94), filed May 4, 2017; and Defendants' Reply (ECF No. 95), filed May 18, 2017.[1]  For the following reasons, Defendants' Motion for Voluntary Remand and Stay (ECF No. 92) is **GRANTED in part**.

## I. BACKGROUND

Plaintiffs brought suit on August 23, 2016, challenging two provisions of a final rule issued by the Department of Health and Human Services ("HHS") to implement Section 1557 of the Affordable Care Act.[2]  Am. Compl. 10–11, ECF No. 21; *see Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31376 (May 18, 2016) (codified at 45 C.F.R. § 92.4) (the

---

[1] Also pending before the Court are Putative Intervenors' Motion to Intervene (ECF No. 7), filed September 16, 2016; Plaintiffs' Motion for Summary Judgment (ECF No. 82), filed March 14, 2017; Putative Intervenors' Motion to Stay Pending Appeal (ECF No. 85), filed March 27, 2017; and Defendants' Motion for Extension of Time (ECF No. 93), filed May 2, 2017.

[2] The Court's December 31, 2016 Order granting Plaintiffs' motions for preliminary injunction recounts the factual background of this case in detail.  *See* Dec. 31, 2016 Order ("Inj. Order") 1–3, ECF No. 62.

1

"Rule"). Specifically, Plaintiffs argue the Rule's interpretation of prohibited sex discrimination as encompassing "gender identity" and "termination of pregnancy" violates the Administrative Procedure Act ("APA") and the Religious Freedom Restoration Act ("RFRA").[3] Am. Compl. 41–54, 69–72, ECF No. 21. On December 31, 2016, the Court granted Plaintiffs' motions for a preliminary injunction, finding they were likely to succeed on their APA and RFRA claims and enjoining enforcement of the Rule's expanded definition of sex discrimination. *See* Inj. Order 28–35, ECF No. 62 (finding that the Rule's expanded definition of sex discrimination as encompassing "gender identity" and "termination of pregnancy" likely exceeded HHS's statutory authority); *see also* Inj. Order 35–42, ECF No. 62 (finding the Rule was likely contrary to law because it failed to incorporate the religious and abortion exemptions in Title IX and likely violated RFRA as applied to Private Plaintiffs).

The American Civil Liberties Union of Texas and River City Gender Alliance (collectively, "Putative Intervenors") filed a motion to intervene as of right, seeking in the alternative a grant of permissive intervention, on September 16, 2016. Mot. Intervene, ECF No. 7. In order to give Plaintiffs' preliminary injunction motions expedited consideration before the Rule took full effect, the Court issued a briefing schedule and reserved consideration of the motion to intervene until after Defendants filed an answer to Plaintiffs' complaint, which has yet to be filed.[4] *See* ECF Nos. 40, 69, 79, 93 (granting Defendants' consent motion to extend the answer deadline to 25 days after resolution of the motions for preliminary injunction—January 25, 2017, then to March 1,

---

[3] Plaintiffs voluntarily dismissed without prejudice Counts III–X and XIII–XX of their First Amended Complaint on March 14, 2017. *See* Pls.' Vol. Dismissal, ECF No. 81.

[4] "[C]onsidering the motion to intervene after Defendants file their answer will 'provide the Court with enough information to determine whether the Putative Intervenors have met their burden to show that their interests are inadequately represented.'" Nov. 1, 2016 Order 6, ECF No. 32 (quoting Oct. 7, 2016 Order, ECF No. 20).

2017, to coincide with Defendants' deadline to notice any appeal, and finally to May 2, 2017, to provide the incoming administration time to assess their position, on which day Defendants filed the present motion for remand and requested another extension of the answer deadline). The Court has allowed Putative Intervenors to participate in all proceedings as amici curiae and considered their filings in its December 31, 2016 Order granting Plaintiffs' motions for preliminary injunction. Nov. 1, 2016 Order 6, ECF No. 32; Inj. Order 41 n.34, ECF No. 62.

On January 24, 2017, the Court denied Putative Intervenors' request for a stay of the preliminary injunction and issued a partial ruling on their motion to intervene.[5] Jan. 24, 2017 Order 7–8, ECF No. 69. The Court (1) denied intervention as of right, finding their interests were presumed to be adequately represented by Defendants because they shared the same ultimate objective and failed to rebut that presumption by demonstrating "adversity of interest, collusion, or nonfeasance"; and (2) deferred a ruling on permissive intervention until the existing parties filed briefs addressing whether intervention would "delay or prejudice the adjudication of the[ir] rights."[6] *Id.* Plaintiffs are opposed to intervention and Defendants are opposed to intervention as

---

[5] In considering the motion to intervene as of right, the Court noted that "Putative Intervenors have a legally protectable interest in the proceedings" as the intended beneficiaries of the Rule. Jan. 24, 2017 Order 5, ECF No. 69. Plaintiffs have asked the Court to retract that finding because Putative Intervenors failed to demonstrate a "concrete, personalized, and legally protectable" interest sufficient to confer standing under Article III. *See* Pls.' Resp. 5, ECF No. 74; *see also* Hr'g Tr. (citing *Town of Chester v. Laroe Estates*, 137 S. Ct. 1645 (2017), which Putative Intervenors claim is inapplicable because they are seeking to intervene as a defendant in the present case). In reply, Putative Intervenors argued that their appeal deprived the Court of jurisdiction to reconsider its conclusion that they had a "legally protectable interest." Put. Int. Reply 2 n.1, ECF No. 76. As requested, the Court will allow the parties an opportunity to brief the issue as necessary when the stay is lifted. *Id.*

[6] The Parties' official responses to the motion to intervene are due 14 days after Defendants file their responsive pleading to Plaintiffs' complaint, which was due May 2, 2017, on which day Defendants filed a motion for extension that is currently pending before the Court. Oct. 7, 2016 Order 3, ECF No. 20; Feb. 27, 2017 Order 1, ECF No. 79; Defs.' Mot. 1, ECF No. 93.

3

of right but take no position on permissive intervention.[7] *See* Defs.' Br., ECF No. 73; Pls.' Br., ECF No. 74.

Since the Court entered its preliminary injunction on December 31, 2016, Putative Intervenors appealed the denial of their motion to intervene as of right, Plaintiffs filed a motion for summary judgment, Putative Intervenors requested a stay of the case pending appeal, and

---

[7] Before the requested briefing on permissive intervention was filed, Putative Intervenors appealed the Court's January 24, 2017 Order denying intervention as of right. *See* Notice of Interlocutory Appeal, ECF No. 72. Putative Intervenors have maintained that their February 2, 2017 appeal deprived this Court of jurisdiction over their request to intervene as of right and argued at the June 26, 2017 hearing that ruling on their motion for permissive intervention before the Fifth Circuit decided if they had jurisdiction to consider the issue would improperly interfere with the Fifth Circuit's jurisdiction. *See* Hr'g Tr.; Put. Int. Reply 2 n.1, ECF No. 75 (noting "[b]ecause Proposed Intervenors appealed the Court's denial of intervention as of right, however, the Court no longer has jurisdiction to amend its Order in this request). On appeal, Plaintiffs argued Putative Intervenors' request was premature and the Fifth Circuit lacked jurisdiction because Putative Intervenors were not parties to the underlying suit and had not received a complete ruling on their motion to intervene. *See* Hr'g Tr. In order to respond to the Fifth Circuit's letter requesting the Court's estimated timeframe for ruling on the motion to intervene, the Court set a hearing for June 26, 2017. But on June 30, 2017, before this Order issued, the United States Court of Appeals for the Fifth Circuit dismissed Putative Intervenors' appeal for lack of jurisdiction. *See* ECF Nos. 100, 101, 104.

The Court has worked to ensure Putative Intervenors were fully heard at every stage without compromising the Court's ability to deliver a prompt ruling on the request for expedited injunctive relief. Any delay in ruling on the motion to intervene was caused, first, by the Court's need to provide expedited review of Plaintiffs' motions for preliminary injunction before the challenged Rule took full effect on December 31, 2016, and second, by awaiting the Fifth Circuit's decision on its jurisdiction over the partial denial of the motion to intervene. *See* Oct. 7, 2016 Order 1, ECF No. 20 (making the parties' responses to the motion to intervene due 14 days after Defendants respond to Plaintiffs' complaint, stating their official position in the case). Within days of the Court's preliminary injunction, the Court issued a partial ruling on the motion to intervene—denying intervention as of right and deferring a ruling on permissive intervention, requesting expedited briefing on the issue. Jan. 24, 2017 Order 7–8, ECF No. 69. Before the Court received the requested briefing, Putative Intervenors appealed the Court's partial ruling on February 2, 2017, claiming the Fifth Circuit had jurisdiction over the denial of their motion to intervene as of right, even though a ruling on their alternative form of relief—permissive intervention—had been deferred and was not yet fully briefed. *See* Notice of Interlocutory Appeal, ECF No. 72.

Putative Intervenors filed a single motion to intervene seeking intervention as of right, or alternatively, permissive intervention. Mot. Intervene 1, ECF No. 7. Because from February 2, 2017 to June 30, 2017, the Putative Intervenors were appealing the partial denial of their motion to intervene, the Court awaited a ruling from the Fifth Circuit on the issue instead of ruling on a motion the Fifth Circuit was actively considering. In that time, consideration of the merits of this case has largely been at a standstill and Putative Intervenors have not been unduly prejudiced from the delay that resulted from their appeal. *See* Put. Int. Mot. Stay, ECF No. 85. Defendants have yet to respond to Plaintiffs' complaint and this Court has not considered any briefing on the merits. As emphasized below, Putative Intervenors will receive a final ruling on their motion to intervene before the Court considers Plaintiffs' motion for summary judgment.

Defendants moved the Court to remand or stay the case pending reconsideration of the Rule. *See* Notice of Interlocutory Appeal, ECF No. 72; Pls.' Mot. Summ. J., ECF No. 82; Put. Int. Mot. Stay, ECF No. 85; Defs.' Mot., ECF No. 92. Defendants request a remand to HHS and stay of all proceedings in order to conserve party resources and allow HHS "an opportunity to reevaluate the regulation and address the issues raised in this litigation through proper rulemaking proceedings." Defs.' Mot. 1–2, ECF No. 92. Plaintiffs urge the Court to deny the motion and issue a ruling on their motion for summary judgment, or alternatively, retain jurisdiction during the remand and require periodic status reports. Pls.' Resp., ECF No. 94. The Court held a hearing on June 26, 2017, and heard from the Plaintiffs, Defendants, and Putative Intervenors on all pending motions. *See* Min. Entry, ECF No. 103.

For the following reasons, the Court **GRANTS in part** Defendants' Motion for Voluntary Remand and Stay (ECF No. 92), declining to remand but staying the case until further Order of the Court.

## II. LEGAL STANDARD

When a plaintiff files a complaint challenging agency action, a federal court has the discretion to grant the agency's motion for a voluntary remand of the matter in order to permit the agency to reconsider its decision, even before any judicial consideration of the merits. *See Code v. McHugh*, No. 15-cv-31, 2015 WL 6154381, at *3 (D.D.C. Oct. 19, 2015). The decision whether to grant an agency's request to remand is left to the discretion of the court. *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). Courts often prefer to "allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources." *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C. Cir. 1993).

A court may grant an agency's request to remand when "(i) new evidence becomes available after an agency's original decision was rendered, or (ii) where intervening events outside the agency's control may affect the validity of an agency's actions." *Carpenters Indus. Council*, 734 F. Supp. 2d at 132 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)). But even in the absence of new evidence or intervening events, courts retain discretion to remand an agency decision, provided the agency has raised substantial and legitimate concerns in support of remand. *See SKF*, 254 F.3d at 1029; *Carpenters Indus. Council*, 734 F. Supp. 2d at 132. In exercising discretion, courts should consider whether the opposing party will be unduly prejudiced. *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (citing *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 47 (D.D.C. 2013)).

An agency need not confess error to obtain a voluntary remand but should at least "profess [its] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017). The Fifth Circuit has held that an "agency may not reconsider its own decision if to do so would be arbitrary, capricious, or an abuse of discretion." *Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002). And courts have recognized that requests for remand should be made "within a reasonable time after the first decision." *See id.*; *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (quoting *Belville Mining Co. v. United States*, 999 F.2d 989, 997 (6th Cir. 1993)).

III.     ANALYSIS

Defendants request a voluntary remand to reconsider the Rule challenged by Plaintiffs and partially enjoined by the Court. Defs.' Mot. 1, ECF No. 92. Defendants have not confessed error, identified new evidence, or cited any intervening events to support their remand request. But

6

Defendants have identified "substantial and legitimate concerns" in support of a remand and stay—namely, that the Court and the parties could waste limited resources litigating issues that may be mooted by HHS's impending review of the Rule. *Id.* Defendants argue that a remand and stay is warranted because (1) it would allow HHS to reconsider the Rule; (2) it would preserve Court and party resources; and (3) Plaintiffs would suffer no undue prejudice because the preliminary injunction would remain in effect. Defs.' Mot. 4–5, ECF No. 92.

Plaintiffs argue a stay or remand is unnecessary for HHS to reconsider the Rule and that the Court should deny the request because Defendants have confessed no error and made no commitment to revise the Rule or even initiate rulemaking proceedings. Pls.' Resp. 2–3, ECF No. 94. While HHS could revise or revoke the Rule without a remand or stay, courts ordinarily allow the rulemaking agency an opportunity to reconsider a rule when it cites serious and legitimate concerns, even in the absence of confessed error and before consideration of the merits.[8] *Ethyl Corp.*, 989 F.2d at 524 n.3; *Code*, 2015 WL 6154381, at *3.

Second, Plaintiffs argue that HHS's request is untimely because it was made four months after the Court's preliminary injunction. Pls.' Resp. 3–4, ECF No. 94. But, as Defendants pointed out at the hearing, it is not unusual for the initiation of rulemaking proceedings to take many months. Hr'g Tr. Further, courts have found time periods in excess of three years to be reasonable, and considering the change in administration that occurred shortly after the Court's preliminary

---

[8] Plaintiffs did not cite, and the Court was unable to find, any case requiring that the agency requesting remand make a formal commitment to initiate rulemaking proceedings or make any revision. As Defendants pointed out at the hearing, committing to revision before the notice-and-comment period would frustrate the very purpose of receiving notice and comment. Hr'g Tr. While the agency need not make any concrete commitment to initiate rulemaking proceedings, it should at least profess an intention to reconsider the challenged rule. *Limnia*, 857 F.3d at 387. Here, Defendants have expressed their intention to reconsider the Rule. Defs.' Mot. 1, ECF No. 92. But the Court recognizes Plaintiffs' concern that Defendants have made no concrete commitment to initiate rulemaking proceedings. Pls.' Resp. 3, ECF No. 94. Therefore, to encourage timely review of the Rule, the Court will continue to exercise jurisdiction over the case, requiring periodic status reports on the rulemaking proceedings.

injunction, the Court finds Defendants' request to be timely. *See Frito-Lay, Inc. v. U.S. Dep't. of Labor*, 20 F. Supp. 3d 548, 555–56 (N.D. Tex. 2014) (Horan, Mag. J.) (finding "there is no hard and fast rule regarding what constitutes 'reasonable time' with respect to voluntary remand" and citing cases that upheld two and four years) (citing *Crager v. United States*, 25 Cl. Ct. 400, 403–04, 411 (1992); *Elkem Metals Co. v. United States*, 193 F. Supp. 2d 1314, 1322–23 (Ct. Int'l Trade 2002)).

Plaintiffs also argue that, even if the preliminary injunction were to remain in effect during the remand or stay, they would face undue prejudice because the Fifth Circuit may allow Putative Intervenors to intervene and grant a stay of the Court's injunction or private parties may initiate new suits against them. Pls.' Resp. 4, ECF No. 94; Hr'g Tr. But the Fifth Circuit has dismissed Putative Intervenors' appeal for lack of jurisdiction, so that concern is now moot, and the potential prejudice from additional lawsuits is too remote to constitute undue prejudice that would lead the Court to consider the merits of Plaintiffs' claims before allowing HHS time to reconsider the Rule. Finally, Plaintiffs argue that a final ruling on the merits and vacatur of the Rule would provide HHS much-needed guidance in their reconsideration. Pls.' Resp. 2, ECF No. 94. But the Court finds that its preliminary injunction motion provides sufficient guidance for HHS's review of the Rule.

Plaintiffs cite efficiency as another reason to deny the motion to stay and rule on their motion for summary judgment. *See* Pls.' Resp. 2, ECF No. 94 (arguing that proceeding to final judgment before remanding the case would reduce the likelihood that the parties would end up in court again). The Court agrees that judicial efficiency is a primary consideration but finds that resuming consideration of the merits after HHS completes its review of the Rule would be more efficient than proceeding directly to the merits. Because HHS's reconsideration of the Rule may

moot some or all of Plaintiffs' claims presented in their motion for summary judgment, proceeding to the merits before reconsideration is complete may waste limited judicial and party resources.[9] Therefore, staying the case until HHS completes its review of the Rule makes efficient use of both the Court's and the parties' resources.

In light of Defendants' "desire to reassess the reasonableness, necessity, and efficacy of the two aspects of the [Rule] that are challenged in this case," the Court finds that staying the case and resuming consideration of all pending motions when HHS completes reconsideration of the Rule will promote judicial efficiency and impose no undue prejudice on Plaintiffs. In distinguishing the requested remand from a stay, Defendants stated only that a stay could cause the "threat of ongoing litigation" to "distract" the agency from its rulemaking proceedings. Hr'g Tr. Because HHS's authority to reconsider the Rule is unaffected by whether the Court grants a remand or stay, and Defendants have consented to the Court's continued jurisdiction and ongoing preliminary injunction, the Court declines to fully remand the case but imposes a stay of all proceedings. Defendants made no argument that a stay would diminish their authority to reconsider the Rule and the Court perceives no compelling reason to remand instead of stay the case.[10] Accordingly, Defendants' Motion for Voluntary Remand and Stay (ECF No. 92) is **GRANTED in part**.

---

[9] Putative Intervenors did not file an official response to Defendants' motion to remand and stay, but asked the Court at the hearing to fully resolve their pending motion to intervene before granting a stay or remand. Hr'g Tr. Because a potential revision of the Rule could moot or change the Court's intervention analysis, the Court finds that considering the intervention motion before allowing HHS an opportunity to review the Rule would not serve the efficiency considerations cited by Putative Intervenors in their own motion for a stay of the case. Put. Int. Mot. Stay 3, ECF No. 85. The Court will rule on the motion for permissive intervention, as necessary, after the stay is lifted and before consideration of Plaintiffs' motion for summary judgment.

[10] With a stay of all proceedings in the case until HHS completes review of the Rule, there should be no "distraction" sufficient to detract from the agency's ability to conduct rulemaking proceedings in a timely fashion.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion for Voluntary Remand and Stay (ECF No. 92) should be and is hereby **GRANTED in part**. Accordingly, the case is hereby **STAYED** until further order of the Court and all pending motions are held in abeyance.

Defendants are hereby **ORDERED** to file a status report on or before **August 4, 2017**, identifying any rulemaking proceedings initiated with respect to the challenged Rule. The Court expressly **RETAINS** jurisdiction over Plaintiffs' asserted claims and will maintain a supervisory role until the stay is lifted by requiring periodic status reports from the existing parties. Further, the Court **CLARIFIES** that the December 31, 2016 Preliminary Injunction Order (ECF No. 62) is unaffected by this Order and remains in full force and effect throughout the duration of the stay until further order of the Court.

**SO ORDERED** on this **10th day** of **July, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**