# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | No. 7:16-CV-00108 <br><br> **PLAINTIFFS' UNOPPOSED MOTION FOR STATUS CONFERENCE** |

1

Plaintiffs respectfully ask the Court to schedule a status conference to consider whether to lift the stay of this litigation and proceed to final judgment. Counsel for Plaintiffs have conferred with counsel for the Defendants, and Defendants do not oppose this request. Both parties are available for a telephonic status conference during the week of December 17-21.

## I.  Procedural background

Plaintiffs are eight states, a religious hospital network, and an association of over 19,000 Christian healthcare professionals. They filed this lawsuit on August 23, 2016, challenging a Rule issued by the U.S. Department of Health and Human Services (HHS) pursuant to the Patient Protection and Affordable Care Act (ACA). Although the ACA forbids discrimination on the basis of "sex," 42 U.S.C. § 18116(a), HHS issued a Rule interpreting this provision to forbid discrimination on the basis of "gender identity" and "termination of pregnancy." 45 C.F.R. § 92.4. The Rule would require Plaintiffs to perform and provide insurance coverage for gender transitions and abortions contrary to their religious beliefs and medical judgment. ECF No. 21 (Am. Compl.).

On December 31, 2016, the day before the Rule was to take effect, this Court concluded that the Rule likely violates the Administrative Procedure Act (APA) and Religious Freedom Restoration Act (RFRA) and issued a preliminary injunction. ECF No. 62. On March 14, 2017, noting the absence of any factual disputes, Plaintiffs moved for summary judgment. ECF No. 82.

In response, HHS did not attempt to defend the Rule on the merits. Instead, it moved for a "stay" of the litigation and a "voluntary remand" to "reconsider" "the

reasonableness, necessity, and efficacy of the two aspects of the regulation that are challenged in this case." ECF No. 92.

Over Plaintiffs' opposition, ECF No. 94, this Court granted HHS's request for a stay and voluntary remand, ECF No. 105. Although the Court acknowledged that HHS had "not confessed error, identified new evidence, or cited any intervening events to support [its] remand request," it concluded that a stay was warranted because "some or all of Plaintiffs' claims" "may" be rendered moot by HHS's "impending review of the Rule." ECF 7-9.

It has now been 17 months since the Court issued its stay, and 23 months since the Court issued its preliminary injunction. HHS has filed seven nearly identical status reports, all stating that HHS is "reevaluating the reasonableness, necessity, and efficacy of the Rule," and all requesting "an opportunity to continue reconsidering the Rule." ECF Nos. 109, 110, 111, 113, 114, 115, 119.

## II. Argument

Plaintiffs respectfully ask the Court to schedule a status conference to consider whether to lift the stay of this litigation and proceed to summary judgment. Plaintiffs have been living under the uncertainty of an unlawful Rule for almost two years. Although the Court's preliminary injunction remains in place, multiple lawsuits have been filed against entities like the Plaintiffs in other jurisdictions, seeking a ruling that the term "sex" in the ACA (or the Equal Protection Clause itself) requires them to perform controversial and sometimes harmful transgender medical procedures in violation of their religious beliefs and medical judgment. *See, e.g.*, *Tovar v. Essentia Health*, No. CV 16-100 (DWF/LIB), 2018 WL 4516949, at *3 (D. Minn. Sept. 20, 2018); *Minton v. Dignity Health*, No. 17-558259 (Calif. Super. Ct. Apr. 19, 2017) (appeal

filed); *Enstad v. PeaceHealth*, No. 2:17-cv-01496 (W.D. Wash filed Oct. 5, 2017); *Conforti v. St. Joseph's Healthcare System*, No. 2:17-cv-00050 (D.N.J. filed Jan. 5, 2017). These lawsuits have not been stayed to give HHS time to reconsider its Rule. And if they are resolved contrary to this Court's preliminary-injunction ruling, Plaintiffs face the risk of conflicting legal requirements.

Even assuming HHS moves forward with its rulemaking process, it has stated that it is contemplating only a "proposed rule," which will require "a public comment period"—and the "time required to complete the notice-and-comment phase and to publish a final rule" is indefinite. ECF No. 119 at 2 (Status Report #7). Further, rulemaking is inherently inchoate until an agency issues a final rule because the NPRM is subject to—indeed invites—substantive revision. *See Williams Nat. Gas Co. v. FERC*, 872 F.2d 438, 450 (D.C. Cir. 1989). So it may be several more years yet before a final rule is published, if ever. *Cf.* Wendy Wagner et al., *Rulemaking in the Shade: An Empirical Study of EPA's Air Toxic Emission Standards*, 63 Admin. L. Rev. 99, 144-45 (2011) (finding that the EPA regulations reviewed had an average pre-NPRM period of four years and a post-NPRM period of 1.5 years). Plaintiffs should not have to wait in limbo indefinitely, particularly as this issue gets litigated to judgment in other courts across the country.

### III. Conclusion

The Court should schedule a status conference to consider whether to lift the stay of this litigation and proceed to summary judgment.

Respectfully submitted this 11th day of December, 2018.

<u>*/s/ Luke W. Goodrich*</u>
Luke W. Goodrich
Bar No. 977736DC
Mark L. Rienzi
Bar No. 648377MA
Stephanie H. Barclay
Bar No. 1011476
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

DARREN MCCARTY
Deputy Attorney General for
Civil Litigation

<u>*/s/ David J. Hacker*</u>
DAVID J. HACKER
Special Counsel for Civil Litigation
Texas Bar No. 24103323
david.hacker@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 001
Austin, Texas 78711-2548
(512) 936-1414

*Counsel for Plaintiff States*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 7, 2018, I conferred with counsel for Defendants, who authorized me to state that Defendants do not oppose this motion.

                                             */s/ Luke W. Goodrich*
                                               Luke W. Goodrich

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, the foregoing motion was served on all parties via ECF.

                                        */s/ Luke W. Goodrich*
                                          Luke W. Goodrich