# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALITY PHYSICIANS OF ILLINOIS, LLC; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br> v. <br><br> ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES | Civ. Action No. 7:16-cv-00108-O |

## PROPOSED INTERVENORS' RESPONSE TO
## PLAINTIFFS' MOTION FOR STATUS CONFERENCE

Proposed Intervenors respectfully submit this Response to Plaintiffs' Motion for a Status Conference "to consider whether to lift the stay of this litigation and proceed to final judgment." ECF No. 121.  When this Court stayed proceedings, it expressly stated that "[t]he Court will rule on the motion for permissive intervention, as necessary, after the stay is lifted *and before consideration of Plaintiffs' motion for summary judgment.*" ECF No. 105 at 9 n.9 (emphasis added). If the Court grants Plaintiffs' motion, Proposed Intervenors respectfully request the opportunity to participate in the scheduling conference and ask the Court to set a schedule for resolving Proposed Intervenors' Motion to Intervene, ECF No. 7—including reconsideration of this Court's initial denial of intervention as of right—before entering any briefing schedule with respect to Plaintiffs' Motion for Summary Judgment, ECF No 82.

## PROCEDURAL BACKGROUND

Proposed Intervenors are organizations whose members include transgender people and women seeking reproductive healthcare— the same individuals whom the challenged regulation sought to protect, and against whom Plaintiffs seek to discriminate.  On September 16, 2016, Proposed Intervenors filed a Motion to Intervene requesting both permissive intervention and intervention as of right.  ECF No. 7.

On January 24, 2017, this Court denied Proposed Intervenors' request for intervention as of right and delayed ruling on the request for permissive intervention.  With respect to intervention as of right, the Court explained:

> To intervene as of right, Putative Intervenors must show: (1) their intervention application is timely; (2) they have an interest relating to the property that is the subject of the action; (3) they are situated so that disposition may, as a practical matter, impair or impede their ability to protect that interest; and (4) their interest is inadequately represented by the existing parties.

1

ECF No. 69 at 5.  This Court concluded that Prospective Intervenors satisfied the first three requirements for intervention as of right, *see id.* at 5-6, but had failed to establish that their interests were not adequately represented by the existing parties. The Court stated that "*[u]p to this point,* Defendants have taken no action out of step with their original position that remains in line with Putative Intervenors' objective: an order that the Rule is lawful." *Id.* at 7 (emphasis added).  The Court thus concluded that "[b]ecause *it is not yet clear* whether Defendants will adequately represent Putative Intervenors' interests, Putative Intervenors *may not presently* intervene as of right." *Id.* (emphases added).

With respect to the request for permissive intervention, the Court postponed its decision and requested supplemental briefing.  *See id.* at 8.  Proposed Intervenors attempted to appeal the Court's decision with respect intervention as of right, but the Fifth Circuit held that the order could not be appealed until this Court also ruled on permissive intervention. *ACLU of Texas v. Franciscan Alliance*, No. 17-10135, Doc. No. 00514055754, at 5 (5th Cir. June 30, 2017).

Plaintiffs filed a Motion for Summary Judgment on March 14, 2017, ECF No. 82, before the Court issued a ruling with respect to permissive intervention.  In response, Proposed Intervenors filed a motion asking the Court to stay any proceedings on the Motion for Summary Judgment until the motion to intervene is resolved.  ECF No. 85.  Proposed Intervenors noted that if the Fifth Circuit ultimately reverses the Court's denial of intervention as of right, then "the entire merits of the case must be reopened to give [Proposed Intervenors] an opportunity to be heard as of right as intervenors."  *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.,* 386 U.S. 129, 136 (1967)); *see also ACLU of Texas*, No. 17-10135, Doc. No. 00514055754, at 4 (Costa, J., concurring).

On July 10, 2017, this Court stayed proceedings without ruling on Proposed Intervenors'

motions. ECF No. 105. In doing so, the Court expressly reassured Proposed Intervenors that

"[t]he Court will rule on the motion for permissive intervention, as necessary, after the stay is

lifted *and before consideration of Plaintiffs' motion for summary judgment.*" *Id.* at 9 n.9

(emphasis added). The Court also noted that, in opposing Proposed Intervenors' stay request,

Plaintiffs asked the Court to reconsider its prior ruling that Proposed Intervenors had

successfully established a "legally protectable interest" for purpose of intervention as of right.

*See id.* at 3 n.5.  The Court stated that it would "allow the parties an opportunity to brief the issue

as necessary when the stay is lifted. *Id.*

## ARGUMENT

Proposed Intervenors request the opportunity to participate in any status conference

regarding whether to lift the stay, and, if the stay is lifted, ask the Court to issue a schedule for

resolving the Motion to Intervene.  This request comports with the Court's prior order that "the

Motion to Intervene will be resolved—thus allowing Proposed Intervenors to appeal an adverse

ruling to the Fifth Circuit—"before consideration of Plaintiffs' motion for summary judgment,"

ECF No. 105 at 9 n.9.

Proposed Intervenors further request that the Court order supplemental briefing with

respect to whether its initial ruling on the request for intervention as of right should be

reevaluated.  When it stayed the case, the Court stated that it would consider supplemental

briefing with respect to Plaintiff's request for the Court to reconsider its earlier determination

that Proposed Intervenors had demonstrated a "legally protectable interest" for purposes of

intervention as right.  ECF No. 105 at 3 n.5. Proposed Intervenors respectfully request that the

Court also reconsider its prior determination that the existing parties will adequately represent

Proposed Intervenors' interests.  When the Court made that determination in January 2017, the

3

Court noted that that "*[u]p to this point,* Defendants have taken no action out of step with their original position that remains in line with Putative Intervenors' objective: an order that the Rule is lawful." ECF No. 69. at 7 (emphasis added).  Because Defendants no longer share Prospective Intervenors' objective in defending the lawfulness of the challenged rule, this Court's determination on January 24, 2017, that "Putative Intervenors *may not presently* intervene as of right," *id.* (emphasis added), should be reevaluated.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request the opportunity to participate in the scheduling conference and ask the Court to set a schedule for resolving Proposed Intervenors' Motion to Intervene, ECF No. 7, before entering any briefing schedule with respect to Plaintiffs' Motion for Summary Judgment, including reconsideration of this Court's initial denial of intervention as of right.

Respectfully submitted this 13th day of December, 2018.

Kali Cohn
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 600169
Dallas, TX 75360
(214) 346-6577

Daniel Mach
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

*Counsel for Proposed Intervenors*

/s/ Joshua Block
Joshua Block
Brigitte Amiri
James D. Esseks
Louise Melling
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Amy Miller
AMERICAN CIVIL LIBERTIES
UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

4

## CERTIFICATE OF SERVICE

On December 13, 2018, I electronically submitted the foregoing **RESPONSE TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE** to the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel of record for all parties through the Court's ECF system.

/s/ Joshua Block_____
Joshua Block