**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    *Defendants*. | No. 7:16-CV-00108<br><br>**JOINT MOTION TO LIFT STAY, VACATE STATUS CONFERENCE, AND SET BRIEFING SCHEDULE** |

1

Plaintiffs and Defendants jointly ask the Court to lift the stay of this litigation, vacate the status conference scheduled for December 19, and set an agreed briefing schedule on the parties' motions for summary judgment and on proposed intervenors' motion to intervene. Proposed intervenors take no position on whether the stay should be vacated, but agree to the proposed briefing schedule if the Court chooses to vacate the stay.

## I. Procedural background

Plaintiffs are eight states, a religious hospital network, and an association of over 19,000 Christian healthcare professionals. They filed this lawsuit on August 23, 2016, challenging a Rule issued by the U.S. Department of Health and Human Services (HHS) pursuant to the Patient Protection and Affordable Care Act (ACA). Although the ACA forbids discrimination on the basis of "sex," 42 U.S.C. § 18116(a), HHS issued a Rule interpreting this provision to forbid discrimination on the basis of "gender identity" and "termination of pregnancy." 45 C.F.R. § 92.4. Plaintiffs allege that the Rule would require Plaintiffs to perform and provide insurance coverage for gender transitions and abortions contrary to their religious beliefs and medical judgment. ECF No. 21 (Am. Compl.).

Proposed Intervenors are organizations whose members include transgender people and women seeking reproductive healthcare. They filed a motion to intervene on September 16, 2016, requesting both permissive intervention and intervention as of right. ECF No. 7.

On December 31, 2016, the day before the Rule was to take effect, this Court concluded that the Rule likely violates the Administrative Procedure Act (APA) and Religious Freedom Restoration Act (RFRA) and issued a preliminary injunction. ECF

No. 62. On January 24, 2017, this Court denied Proposed Intervenors' request for intervention as of right and deferred ruling on the request for permissive intervention. ECF No. 69.

On March 14, 2017, noting the absence of any factual disputes, Plaintiffs moved for summary judgment. ECF No. 82. In response, HHS moved for a "stay" of the litigation and a "voluntary remand" to "reconsider" "the reasonableness, necessity, and efficacy of the two aspects of the regulation that are challenged in this case." ECF No. 92.

Over Plaintiffs' opposition, ECF No. 94, this Court granted HHS's request for a stay and voluntary remand, ECF No. 105. Although the Court acknowledged that HHS had "not confessed error, identified new evidence, or cited any intervening events to support [its] remand request," it concluded that a stay was warranted because "some or all of Plaintiffs' claims" "may" be rendered moot by HHS's "impending review of the Rule." ECF 7-9.

It has now been 17 months since the Court issued its stay, and 23 months since the Court issued its preliminary injunction. HHS has filed eight nearly identical status reports, all stating that HHS is "reevaluating the reasonableness, necessity, and efficacy of the Rule," and all requesting "an opportunity to continue reconsidering the Rule." ECF Nos. 109, 110, 111, 113, 114, 115, 119, 124.

On December 11, 2018, the Plaintiffs asked the Court to schedule a status conference to consider whether to lift the stay of this litigation and proceed to final judgment. On December 13, the Court set a status conference for December 19. On December 14 and 17, the parties conferred with each other and with proposed intervenors and were able to reach an agreed briefing schedule as set forth below.

## II. Argument

The parties respectfully ask the Court to vacate the status conference and set an agreed briefing schedule on the parties' motions for summary judgment and on proposed intervenors' motion to intervene.

Plaintiffs have been living under the uncertainty of the challenged Rule for almost two years. Although the Court's preliminary injunction remains in place, multiple lawsuits have been filed against entities like the Plaintiffs in other jurisdictions, seeking a ruling that the term "sex" in the ACA (or the Equal Protection Clause itself) requires them to perform controversial and sometimes harmful transgender medical procedures in violation of their religious beliefs and medical judgment. *See, e.g.*, *Tovar v. Essentia Health*, No. CV 16-100 (DWF/LIB), 2018 WL 4516949, at *3 (D. Minn. Sept. 20, 2018); *Minton v. Dignity Health*, No. 17-558259 (Calif. Super. Ct. Apr. 19, 2017) (appeal filed); *Enstad v. PeaceHealth*, No. 2:17-cv-01496 (W.D. Wash filed Oct. 5, 2017); *Conforti v. St. Joseph's Healthcare System*, No. 2:17-cv-00050 (D.N.J. filed Jan. 5, 2017). Although HHS is currently reevaluating the reasonableness, necessity, and efficacy of the Rule, the time required to complete the notice-and-comment phase and to publish a final rule is not currently known, ECF No. 119 at 2 (Status Report #7), and may take a substantial length of time. Proposed intervenors also desire a final ruling on their motion to intervene. Accordingly, the parties agree that the Court should lift the stay of this litigation, resolve the motion to intervene, and allow the parties to file motions for summary judgment. They propose the following schedule:

**Proposed schedule**

| Filing | Deadline |
|---|---|
| Plaintiffs' motion for summary judgment | 2/4/18 |
| Proposed intervenors' renewed motion to intervene | 2/4/18 |
| Plaintiffs' and Defendants' responses to the renewed motion to intervene | 2/25/18 |
| Proposed intervenors' reply in support of the renewed motion to intervene. | 3/11/18 |
| Defendants' and proposed intervenors' cross-motions for summary judgment and opposition to Plaintiffs' motion for summary judgment | 4/5/18 |
| Plaintiffs' opposition to Defendants' and proposed intervenors' cross-motions for summary judgment and reply in support of Plaintiffs' motion for summary judgment | 5/3/18 |
| Defendants' and proposed intervenors' reply in support of their cross-motions for summary judgment | 5/24/18 |

This proposed schedule contemplates that proposed intervenors may file a renewed motion to intervene, addressing in light of any new developments both intervention as of right and permissive intervention. It also contemplates that proposed intervenors may submit summary judgment briefs together with Defendants. If the Court denies intervention, those briefs would be considered as amicus briefs; if it grants intervention, those briefs would be considered as the briefs of intervenors.

## III. Conclusion

The parties respectfully request that the Court vacate the status conference scheduled for December 19, and set an agreed briefing schedule for further proceedings consistent with this joint motion.

Respectfully submitted this 17th day of December, 2018.

<div style="column-count:2">

*/s/ Luke W. Goodrich*
Luke W. Goodrich
Bar No. 977736DC
Mark L. Rienzi
Bar No. 648377MA
Stephanie H. Barclay
Bar No. 1011476
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

DARREN MCCARTY
Deputy Attorney General for
Civil Litigation

*/s/ David J. Hacker*
DAVID J. HACKER
Special Counsel for Civil Litigation
Texas Bar No. 24103323
david.hacker@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 001
Austin, Texas 78711-2548
(512) 936-1414

*Counsel for Plaintiff States*

</div>

6

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Assistant Director, Federal Programs Branch

/s/ Rhett P. Martin
Rhett P. Martin
ALEX HAAS
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
phone: (202) 305-7538
fax: (202) 616-8470
email: rhett.martin@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 17, 2018, I conferred with proposed intervenors, who authorized me to state that they take no position with respect to whether the stay should be vacated, but agree to the proposed briefing schedule if the Court chooses to vacate the stay.

                                                 */s/ Luke W. Goodrich*
                                                  Luke W. Goodrich

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2018, the foregoing motion was served on all parties and proposed intervenors via ECF.

                                          */s/ Luke W. Goodrich*
                                          Luke W. Goodrich