IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    *Defendants*. | **[PROPOSED] ORDER GRANTING PRIVATE PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Civ. Action No. 7:16-cv-00108-O |

This matter came before the Court on Private Plaintiffs' Renewed Motion for Partial Summary Judgment on Counts I, II, XI, XII, and XIII of the First Amended Complaint (ECF No. 21). After reviewing the briefing on the matter, and the evidence offered in support of the motion, the Court finds that there are no genuine issues of material fact, and that Private Plaintiffs are entitled to judgment as a matter of law.

For the reasons stated in the Court's Order of Dec. 31, 2016 (ECF No. 62), the Court concludes that the United States Department of Health and Human Services Rule entitled "Nondiscrimination in Health Programs & Activities," 81 Fed. Reg. 31376–31473 (May 18, 2016) (codified at 45 C.F.R. § 92) ("Rule"), which prohibits discrimination on the basis of "gender identity" and "termination of pregnancy," violates the Administrative Procedure Act, 5 U.S.C. § 706(1)(A) & (C), and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. The Court also concludes that the Rule, insofar as it pressures Private Plaintiffs to perform and provide insurance coverage for gender transition and abortion services in violation of their religious beliefs, violates the Free Exercise Clause of the First Amendment, because it is neither neutral and generally applicable nor narrowly tailored to advance a compelling government interest.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the Rule is "not in accordance with law" and is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" under the APA, 5 U.S.C. § 706(1)(A) & (C), because it impermissibly redefines Section 1557 of the

Affordable Care Act ("Section 1557") to extend Title IX's definition of "sex" to include "gender identity," and because, with respect to its prohibition on sex discrimination, including "gender identity" and "termination of pregnancy," it fails to incorporate the relevant statutory exemptions regarding religious organizations, 20 U.S.C. § 1681(a), and abortion, 20 U.S.C. § 1688.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Rule's requirements regarding provision of medical services and insurance coverage related to "gender identity" and "termination of pregnancy" violate RFRA, 42 U.S.C. § 2000bb *et seq.*, because they substantially burden Private Plaintiffs' religious exercise and are not the least restrictive means of furthering a compelling governmental interest.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Rule's requirements regarding provision of medical services and insurance coverage related to "gender identity" and "termination of pregnancy" also violate the Free Exercise Clause of the First Amendment, because these requirements are not neutral and generally applicable and because they are not narrowly tailored to a compelling governmental interest.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States of America, its departments, agencies, officers, agents, and employees, including Alex M. Azar, II, Secretary of HHS, and HHS, are hereby permanently enjoined on a nationwide basis from:

    a. Enforcing the Rule's prohibition against discrimination on the basis of "gender identity."

   b. Enforcing the Rule's prohibition against discrimination on the basis of sex, including "termination of pregnancy," without also incorporating Title IX's statutory exemptions regarding religious organizations, 20 U.S.C. § 1681(a), and abortion, 20 U.S.C. § 1688;

   c. Enforcing the Rule in a way that would require Private Plaintiffs to provide medical services or insurance coverage related to "gender identity" or "termination of pregnancy" in violation of their religious beliefs;

   d. Construing Section 1557 to extend Title IX's definition of "sex" to include "gender identity" or to mean something other than the immutable, biological differences between males and females as acknowledged at or before birth;

   e. Construing Section 1557 to extend Title IX's definition of "sex" to include "termination of pregnancy" without also incorporating Title IX's statutory exemptions regarding religious organizations, 20 U.S.C. § 1681(a), and abortion, 20 U.S.C. § 1688;

   f. Construing Section 1557 to require Private Plaintiffs to provide medical services or insurance coverage related to "gender identity" or "termination of pregnancy" in violation of their religious beliefs.

The Court hereby vacates and remands to HHS for further consideration the unlawful portions of HHS's Rule, as set forth in this Court's order. *See Sierra Club v. EPA*, 705 F.3d 458, 469 (D.C. Cir. 2013) (vacating aspects of a final rule that exceeded the agency's statutory authority, and remanding to the agency for further proceedings). Vacatur of unlawful rules is the "normal remedy," particularly where, as here, the agency's rule has "serious deficiencies" and vacatur will not result in "disruptive consequences." *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014); *see also Texas v. EPA*, 690 F.3d 670, 686 (5th Cir. 2012) (vacating an unlawful final rule and remanding to the agency for further consideration); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894 (1990) ("[Court intervention under the APA] may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised by the

agency in order to avoid the unlawful result that the court discerns.").

The Court will retain jurisdiction of this action to supervise compliance with its order and to receive any applications for costs and attorneys' fees that may be filed.

**SO ORDERED** on this ___ day of _____, 2019.

_____
HONORABLE REED O'CONNOR
UNITED STATES DISTRICT JUDGE