IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC,; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS;<br><br>- and -<br><br>STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    *Defendants*. | Civ. Action No. 7:16-cv-00108-O<br><br><br>**OBJECTIONS TO THE DECLARATIONS OF CHERYL NEWCOMB AND ALLISON ANDREWS FILED BY PUTATIVE INTERVENORS IN SUPPORT OF THEIR RENEWED MOTION TO INTERVENE** |

    Plaintiffs file these Objections to the Declarations of Cheryl Newcomb and Allison Andrews submitted by the putative intervenors in support of their renewed motion to intervene.

## LEGAL STANDARD

While a court must accept as true all non-conclusory allegations made in support of a motion to intervene, those allegations, and any declarations in support, must contain admissible evidence. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001). Thus, Plaintiffs make the following objections to the Declarations of Cheryl Newcomb and Allison Andrews:

## OBJECTIONS TO EVIDENCE

### A. Declaration of Cheryl Newcomb

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| Objection No. 1 | "If Plaintiffs succeed in permanently striking down the U.S. Department of Health and Human Service's final rule, . . . the ACLU of Texas's members will be stripped of critical protections from discrimination in healthcare." Newcomb ¶ 3. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of unidentified third parties. Fed. R. Evid. 601–602. |
| Objection No. 2 | "If Plaintiffs succeed in permanently striking down the U.S. Department of Health and Human Service's final rule, . . . the ACLU of Texas's members will be stripped of critical protections from discrimination in healthcare." Newcomb ¶ 3. | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 3 | "If Plaintiffs succeed in permanently striking down the U.S. Department of Health and Human Service's final rule, . . . the ACLU of Texas's members will be stripped of critical | Hearsay | Witness relies on beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matter |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | protections from discrimination in healthcare." Newcomb ¶ 3. |  | asserted. Fed. R. Evid. 801–802. |
| Objection No. 3 | "The ACLU of Texas has multiple members who are transgender and seeking transition-related care for gender dysphoria." Newcomb ¶ 4. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of unidentified third parties. Fed. R. Evid. 601–602. |
| Objection No. 4 | "The ACLU of Texas has multiple members who are transgender and seeking transition-related care for gender dysphoria." Newcomb ¶ 4. | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 5 | "The ACLU of Texas has multiple members who are transgender and seeking transition-related care for gender dysphoria." Newcomb ¶ 4. | Hearsay | Witness relies on beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |
| Objection No. 6 | "For example, one member who is insured through Texas Medicaid's Star Plus plan requires medically necessary surgery related to his transition, but that surgery is not covered under his Medicaid plan." Newcomb ¶ 4. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of an unidentified third party. Fed. R. Evid. 601–602. |
| Objection No. 7 | "For example, one member who is insured through Texas Medicaid's Star Plus | Calls for speculation | Witness speculates about the beliefs of an unidentified third party |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | plan requires medically necessary surgery related to his transition, but that surgery is not covered under his Medicaid plan." Newcomb ¶ 4. |  | without providing a basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 8 | "For example, one member who is insured through Texas Medicaid's Star Plus plan requires medically necessary surgery related to his transition, but that surgery is not covered under his Medicaid plan." Newcomb ¶ 4. | Hearsay | Witness relies on beliefs held and statements made by an unidentified third party, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |
| Objection No. 9 | "The ACLU of Texas has multiple members who anticipate requiring reproductive care within the next year." Newcomb ¶ 5. | Lack of foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of unidentified third parties. Fed. R. Evid. 601–602. |
| Objection No. 10 | "The ACLU of Texas has multiple members who anticipate requiring reproductive care within the next year." Newcomb ¶ 5. | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 11 | "The ACLU of Texas has multiple members who anticipate requiring reproductive care within the next year." Newcomb ¶ 5. | Hearsay | Witness relies on beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| Objection No. 12 | "For example, one member has informed me that she has a history of high-risk pregnancies requiring emergency miscarriage management, including abortion care. This member terminated a past pregnancy after being informed by her doctor that, because of serious hemorrhaging, carrying the pregnancy to term would put her own life at risk. This past year, she had a pregnancy loss, as well as a tubal pregnancy that required termination. She remains fertile and could be at serious risk if a public or religiously affiliated hospital denied her emergency healthcare." Newcomb ¶ 5. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of an unidentified third party. Fed. R. Evid. 601–602. |
| Objection No. 13 | "For example, one member has informed me that she has a history of high-risk pregnancies requiring emergency miscarriage management, including abortion care. This member terminated a past pregnancy after being informed by her doctor that, because of serious hemorrhaging, carrying the pregnancy to term would put her own life at risk. This past year, she had a pregnancy loss, as well as a tubal pregnancy that required termination. She | Calls for speculation | Witness speculates about the beliefs of an unidentified third party without providing a basis for her testimony. Fed. R. Evid. 601–602. |

| | TESTIMONY | OBJECTION | EXPLANATION |
|---|---|---|---|
| | remains fertile and could be at serious risk if a public or religiously affiliated hospital denied her emergency healthcare." Newcomb ¶ 5. | | |
| Objection No. 14 | "For example, one member has informed me that she has a history of high-risk pregnancies requiring emergency miscarriage management, including abortion care. This member terminated a past pregnancy after being informed by her doctor that, because of serious hemorrhaging, carrying the pregnancy to term would put her own life at risk. This past year, she had a pregnancy loss, as well as a tubal pregnancy that required termination. She remains fertile and could be at serious risk if a public or religiously affiliated hospital denied her emergency healthcare." Newcomb ¶ 5. | Hearsay | Witness relies on beliefs held and statements made by an unidentified third party, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |

### B. Declaration of Allison Andrews

| | TESTIMONY | OBJECTION | EXPLANATION |
|---|---|---|---|
| Objection No.15 | "RCGA has several members residing in Nebraska and surrounding states who have a medical | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of |

| | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| | need for treatment related to gender transition and who anticipate needing treatment over the next year." Andrews ¶ 3. | | unidentified third parties. Fed. R. Evid. 601–602. |
| Objection No. 16 | "RCGA has several members residing in Nebraska and surrounding states who have a medical need for treatment related to gender transition and who anticipate needing treatment over the next year." Andrews ¶ 3. | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 17 | "RCGA has several members residing in Nebraska and surrounding states who have a medical need for treatment related to gender transition and who anticipate needing treatment over the next year." Andrews ¶ 3. | Hearsay | Witness relies on beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |
| Objection No. 18 | "At least one member requires medically necessary surgery related to their transition, but is insured through the Nebraska Medicaid Program, which does not provide insurance coverage for surgery related to gender transition." Andrews ¶ 3. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of an unidentified third party. Fed. R. Evid. 601–602. |
| Objection No. 19 | "At least one member requires medically necessary surgery related to their transition, but is insured through the | Calls for speculation | Witness speculates about the beliefs of an unidentified third party without providing a |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | Nebraska Medicaid Program, which does not provide insurance coverage for surgery related to gender transition." Andrews ¶ 3. |  | basis for her testimony. Fed. R. Evid. 601–602. |
| Objection No. 20 | "At least one member requires medically necessary surgery related to their transition, but is insured through the Nebraska Medicaid Program, which does not provide insurance coverage for surgery related to gender transition." Andrews ¶ 3. | Hearsay | Witness relies on beliefs held and statements made by an unidentified third party, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |
| Objection No. 21 | "If Plaintiffs succeed in striking down the U.S. Department of Health and Human Service's final rule, . . . RCGA reasonably fears that its members will be discriminated against in healthcare based on their gender identity. Its members have already been stripped of critical protections." Andrews ¶ 5. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of unidentified third parties. Fed. R. Evid. 601–602. |
| Objection No. 22 | "If Plaintiffs succeed in striking down the U.S. Department of Health and Human Service's final rule, . . . RCGA reasonably fears that its members will be discriminated against in healthcare based on their gender identity. Its members have already been | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. Fed. R. Evid. 601–602. |

| | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| | stripped of critical protections." Andrews ¶ 5. | | |
| Objection No. 23 | "If Plaintiffs succeed in striking down the U.S. Department of Health and Human Service's final rule, . . . RCGA reasonably fears that its members will be discriminated against in healthcare based on their gender identity. Its members have already been stripped of critical protections." Andrews ¶ 5. | Hearsay | Witness relies on beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matter asserted. Fed. R. Evid. 801–802. |

## CONCLUSION

Plaintiffs respectfully request that the Court sustain these objections, deem the Declarations of Cheryl Newcomb and Allison Andrews inadmissible and omit the evidence when evaluating the putative intervenors' motion to intervene.

Respectfully submitted this the 25th day of February, 2019.

DOUG PETERSON
Attorney General of Nebraska

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

MARK BRNOVICH
Attorney General of Arizona

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

*/s/ David J. Hacker*
DAVID J. HACKER
Special Counsel for Civil Litigation
Texas Bar No. 24103323
david.hacker@oag.texas.gov

        MICHAEL C. TOTH
Special Counsel for Civil Litigation
Texas Bar No. 24100608
michael.toth@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 001
Austin, Texas 78711
(512) 936-1414

*ATTORNEYS FOR PLAINTIFFS STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant*

*/s/ Luke W. Goodrich*
Luke W. Goodrich
DC Bar No. 977736
Eric C. Rassbach
Mark L. Rienzi
Stephanie H. Barclay
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
(202) 955-0090
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ David J. Hacker*
DAVID J. HACKER
