**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br>     *Plaintiffs,* <br><br> v. <br><br> ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br>     *Defendants.* | Civ. Action No. 7:16-cv-00108-O <br><br><br> **BRIEF IN OPPOSITION TO RENEWED MOTION TO INTERVENE** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................iii

INTRODUCTION ....................................................................................... 1

PROCEDURAL HISTORY ........................................................................... 1

ARGUMENT ............................................................................................. 4

I.      The Court Should Deny Intervention as of Right............................. 5

    A.      Putative intervenors lack a legally protectable interest. ....................... 5

    B.      It remains unclear whether putative intervenors' interests will be
    adequately represented. .......................................................... 8

II.     If the Court Allows Permissive Intervention, it Should Limit the Putative
Intervenors' Participation............................................................. 11

CONCLUSION......................................................................................... 12

CERTIFICATE OF SERVICE ..................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Bailey v. Shell W. E&P, Inc.,*
   609 F.3d 710 (5th Cir. 2010) ................................................................ 3

*Beauregard v. Sword Servs. LLC,*
   107 F.3d 351 (5th Cir. 1997) ............................................................... 11

*Bibles v. City of Irving,*
   No. 3:08-CV-1795-M, 2009 WL 2252510 (N.D. Tex. July 28, 2009) .................... 12

*Brumfield v. Dodd,*
   749 F.3d 339 (5th Cir. 2014) ................................................................ 9

*Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.,*
   974 F.2d 450 (4th Cir. 1992) ............................................................... 11

*Doe v. Glickman,*
   256 F.3d 371 (5th Cir. 2001) ................................................................ 4

*Edwards v. City of Houston,*
   78 F.3d 983 (5th Cir. 1996) ......................................................... 5, 9, 10

*Franciscan All., Inc. v. Burwell,*
   227 F. Supp. 3d 660 (N.D. Tex. 2016) ...................................................... 3

*Freedom from Religion Found., Inc. v. Geithner,*
   644 F.3d 836 (9th Cir. 2011) ............................................................... 10

*Harris v. Amoco Prod. Co.,*
   768 F.2d 669 (5th Cir. 1985) ............................................................... 11

*Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the
   Orleans Levee Dist.,*
   493 F.3d 570 (5th Cir. 2007) ......................................................... 8, 9, 10

*Hopwood v. Texas,*
   21 F.3d 603 (5th Cir. 1994) ................................................................. 9

*Kneeland v. NCAA,*
   806 F.2d 1285 (5th Cir. 1987) ............................................................... 4

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI),*
   732 F.2d 452 (5th Cir. 1984) (en banc) ............................................... 4, 5, 6, 8

*Northland Family Planning, Inc. v. Cox,*
   487 F.3d 323 (6th Cir. 2007) ................................................................ 8

*Saldano v. Roach,*
   363 F.3d 545 (5th Cir. 2004) ................................................................ 4

*Sierra Club v. Espy,*
    18 F.3d 1202 (5th Cir. 1994) .......................................................... 4, 9

*Spangler v. Pasadena City Bd. of Educ.,*
    552 F.2d 1326 (9th Cir. 1977) ............................................................... 5

*Stringfellow v. Concerned Neighbors in Action,*
    480 U.S. 370 (1987) ......................................................................... 11

*Texas v. United States,*
    805 F.3d 653 (5th Cir. 2015) ................................................................ 8

*United States v. Franklin Parish Sch. Bd.,*
    47 F.3d 755 (5th Cir. 1995) .................................................................. 9

*Warth v. Seldin,*
    422 U.S. 490 (1975) ........................................................................... 6

**Statutes**

Tex. Health & Safety Code § 171.002 ........................................................ 8

Tex. Health & Safety Code § 171.0124 ...................................................... 8

Tex. Health & Safety Code § 171.046 ........................................................ 8

**Rules & Regulations**

45 C.F.R. § 92.4 ....................................................................................... 2

Fed. R. Civ. P. 24(b)(3) ............................................................................ 5

Fed. R. Evid. 602 ..................................................................................... 7

Fed. R. Evid. 801–802 .............................................................................. 7

**Other Authorities**

7C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc.

    § 1909 ................................................................................................ 9

    § 1913 ................................................................................................ 5

    § 1922 .............................................................................................. 11

## INTRODUCTION

The speculative interests of public policy organizations concerned with voicing their opinions about laws do not justify intervention. Intervenors must have skin in the game. Before a court may allow a party to intervene, the party must establish that it—and not third parties associated with it—has a concrete interest that will be affected by the court's decisions. The putative intervenor also must establish that other parties to the litigation do not adequately represent its interests, a tall order when the federal government is presumed to represent those interests.

The ACLU of Texas and the River City Gender Alliance (collectively, "putative intervenors") renew their motion to intervene in this litigation either as of right or permissively. Yet neither of these organizations can demonstrate a legally protectable interest that would be impacted by an adverse decision from the Court. Moreover, as the Court has repeatedly indicated already, it is still too early to assess whether the putative intervenors should be allowed to intervene as of right because neither the parties nor the Court can assess whether they are inadequately represented until Defendants file a responsive pleading. Thus, the putative intervenors do not satisfy the requirements for intervention as of right.

Plaintiffs are willing, however, to consent to permissive intervention provided that the Court prevents the putative intervenors from conducting discovery, moving to stay the litigation or the preliminary injunction, and disrupting the dispositive motion schedule. Thus, the Court should deny the putative intervenors' motion to intervene as of right, but grant their motion for permissive intervention provided that they comply with the foregoing conditions.

## PROCEDURAL HISTORY

Plaintiffs initiated this action on August 23, 2016. Compl., ECF No. 1. The case concerns a final rule promulgated by the U.S. Department of Health and Human Services ("HHS") that redefines sex discrimination in healthcare to include "gender

identity" and "termination of pregnancy" discrimination. 45 C.F.R. § 92.4 (the "Rule"). Plaintiffs are eight States and three private entities engaged in the provision and regulation of healthcare. Defendants are HHS and the Secretary of HHS.

On September 16, 2016, the putative intervenors filed a motion to intervene as of right or permissively under Rule 24. Mot. to Interv., ECF No. 7. On October 7, 2016, the Court granted Plaintiffs an extension of time to respond to the putative intervenors' motion to intervene until 14 days after Defendants filed their responsive pleading. Order 3, ECF No. 20.

Plaintiffs filed the operative complaint on October 17, 2016, Am. Compl., ECF No. 21, and moved for partial summary judgment or, in the alternative, a preliminary injunction on October 21, 2016, State Pls.' Mot. for Summ. J., ECF No. 22; Private Pls.' Mot. for Summ. J., ECF No. 24. In response, the putative intervenors moved to stay briefing on Plaintiffs' motions and reset the deadlines for responding to their motion to intervene. Put. Interv. Mot. to Stay., ECF No. 27. Defendants moved to stay briefing on Plaintiffs' dispositive motions, and for a briefing schedule on Plaintiffs' alternative motions for preliminary injunction. Defs.' Mot. to Set Sch., ECF No. 28. On November 1, 2016, the Court granted in part and denied in part Defendants' motion to set a briefing schedule, and denied the putative intervenors' motion to stay. Order 1, ECF No. 32. The Court set a schedule for the parties to brief the motions for preliminary injunction, and stayed Plaintiffs' motions for partial summary judgment. *Id.* at 7.

Nine days later, the putative intervenors filed a motion for expedited reconsideration of their motion to intervene, or, in the alternative, for a stay of proceedings. Put. Interv. Mot. for Reconsid., ECF No. 38. The putative intervenors also filed a motion for leave to file an overlength brief as amici curiae, Put. Interv. Mot. for Expand. Page Limit, ECF No. 44, which the Court granted, Order 1, ECF No. 45.

On December 31, 2016, the Court issued a nationwide preliminary injunction against the Rule's prohibition against discrimination on the basis of gender identity or termination of pregnancy. Prelim. Inj. Order, ECF No. 62; *Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 695–96 (N.D. Tex. 2016).

On January 9, 2017, the putative intervenors again moved for a ruling on their motion to intervene and, separately, for a stay of the preliminary injunction. Put. Interv. Mot. for Ruling, ECF No. 63. In denying the putative intervenors' motion to intervene as of right, the Court held that they had not yet satisfied the standards for intervention as of right because it was "not yet clear whether Defendants will adequately represent Putative Intervenors' interests." Order 7, ECF No. 69. The Court also ordered the parties to respond to the putative intervenors' motion for permissive intervention, *id.* at 8, and denied their motion to stay the preliminary injunction, *id.* at 12.[1]

On March 14, 2017, Plaintiffs jointly moved for partial summary judgment.[2] Pls.' Mot. Summ. J., ECF No. 82. In response, the putative intervenors once again moved to stay the proceedings pending resolution of their intervention appeal, Put. Interv. Mot. to Stay, ECF No. 85, and Defendants moved to voluntarily remand the case to HHS and stay proceedings in this Court, Defs.' Mot. Vol. Remand & Stay, ECF No. 92. On July 10, 2017, the Court granted in part and denied in part Defendants' motion, stayed the case, ordered Defendants to provide periodic status updates to the

---

[1] The putative intervenors filed a protective appeal of the preliminary injunction on January 30, 2017. Protec. Not. of Appeal, ECF No. 71. They also appealed the Court's denial of their motion to intervene as of right. Not. of Appeal, ECF No. 72. On June 30, 2017, the Fifth Circuit granted Plaintiffs' motion to dismiss the putative intervenors' appeal from the denial of intervention as of right. Order 2, *Franciscan All., Inc. v. Cochran*, No. 17-10135, (5th Cir. June 30, 2017), Doc. 00514055754.

[2] Prior to moving for partial summary judgment in March 2017, Plaintiffs purported to voluntarily dismiss Counts III–X and XIII–XX under Rule 41(a)(1)(A)(i). ECF No. 81. That "dismissal," however, was ineffective because Rule 41(a) dismissals apply only to the dismissal of an entire action, not particular claims. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010). Thus, these counts remain live in the operative complaint.

Court, retained jurisdiction over the case, and clarified that the preliminary injunction order remained in place. Order 10, ECF No. 105.

Since July 2017, Defendants have filed *nine* status reports, each indicating scant progress on revising or repealing the Rule. Thus, on December 13, 2018, Plaintiffs moved the Court to hold a status conference, Pls.' Mot. for Status Conf., ECF No. 121, and the parties later filed a joint motion to lift the stay, vacate the status conference, and set a briefing schedule for dispositive motions, Jt. Mot. to Lift Stay, ECF No. 125, which the Court granted, Order 1, ECF No. 126. Pursuant to the schedule, the putative intervenors filed a renewed motion to intervene, Put. Interv. Mot. to Interv., ECF No. 129, the State Plaintiffs filed a motion for summary judgment, State Pls.' Mot. Summ. J., ECF No. 132, and the Private Plaintiffs filed a motion for partial summary judgment, Private Pls.' Mot. Summ. J., ECF No. 135.

## ARGUMENT

A party seeking to intervene as of right under Rule 24(a)(2) must satisfy four requirements: "(1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (citing *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). "If a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Kneeland v. NCAA*, 806 F.2d 1285, 1287 (5th Cir. 1987)).

Permissive intervention is "'wholly discretionary with the [district] court . . . even though . . . the requirements of Rule 24(b) are otherwise satisfied.'" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* (*NOPSI*), 732 F.2d 452, 470–71 (5th Cir.

1984) (en banc) (quoting 7C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc.: Civil § 1913 at 551). Before granting permissive intervention, the court should determine "'whether the intervenors' interests are adequately represented by other parties.'" *Id.* at 472 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Permissive intervention is not appropriate if it will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Putative intervenors fail to demonstrate that they are entitled to intervene as of right. While their original motion was timely, Order 3, ECF No. 20, they lack a legally protectable interest that may be impaired by an adverse ruling, and it remains unclear whether their interests are inadequately represented by the federal defendants. Nevertheless, and without conceding their satisfaction of the requirements for permissive intervention, Plaintiffs consent to the putative intervenors' permissive intervention provided they are not permitted to conduct discovery, move for a stay of the litigation or of the preliminary injunction, or cause any further delay to the full and final resolution of this case in the district court.[3]

## I.     The Court Should Deny Intervention as of Right.

### A.     Putative intervenors lack a legally protectable interest.

"To demonstrate an interest relating to the property or subject matter of the litigation sufficient to support intervention of right, the applicant must have a direct, substantial, legally protectable interest in the proceedings." *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (quotation marks and citation omitted). This "interest [must] be one which the substantive law recognizes as belonging to or being owned by the applicant." *NOPSI*, 732 F.2d at 464. In addition, the intervenor

---

[3] In their motion, the putative intervenors argue they possess Article III standing to intervene. Plaintiffs dispute that the putative intervenors have Article III standing, but in this brief, Plaintiffs focus solely on the requirements for intervention as a defendant under Rule 24.

should be the real party in interest regarding his claim. *Id.* Thus, an intervenor may not assert the rights of others. *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 499, 509 (1975)).

Here, the evidence offered in support of the putative intervenors' motion is inadmissible. But even if the Court considers the evidence, it shows that the putative intervenors lack a legally protectable interest in the legality and constitutionality of the Rule and are attempting to assert the rights of others. As to the Rule's prohibition against "gender identity" discrimination, the ACLU of Texas asserts it has "multiple members who are transgender and seeking transition-related care for gender dysphoria," offering one example of a member in Texas who is allegedly insured through Medicaid and "requires" surgery related to his transition. Put. Interv. App. 2 ¶ 4, ECF No. 131. The River City Gender Alliance claims "members residing in Nebraska and surrounding states" need gender transition services, including at least one member who "requires" surgery related to a transition, but is insured through Medicaid. *Id.* at 5 ¶ 3. As to the Rule's prohibition against "termination of pregnancy" discrimination, only the ACLU of Texas alleges "multiple members who anticipate requiring reproductive care," including one who "informed" the ACLU's declarant that she "could" be at risk if a public or religiously affiliated hospital denied her care. *Id.* at 2 ¶ 5.

The Court should exclude the evidence submitted by the putative intervenors because the evidence lacks a proper evidentiary foundation, is speculative, and is based on inadmissible hearsay. First, both declarations filed by the putative intervenors are based on inadmissible hearsay. The declarant for the ACLU of Texas is the deputy director of that organization. *Id.* at 1 ¶ 1. Her declaration asserts that some members of the ACLU of Texas are seeking transgender surgeries and abortions, referencing one unnamed member for each of these alleged interests. Likewise, the declarant for the River City Gender Alliance is the president of that

organization. *Id.* at 4 ¶ 1. Her declaration refers to members who anticipate needing gender transition treatment, referencing one unnamed member in particular. But none of the members of these organizations who are allegedly affected by the injunction submitted witness declarations. Thus, the basis of both putative intervenors' declarations is inadmissible hearsay. Fed. R. Evid. 801–802.

Second, both declarations lack foundation and are speculative. The deputy director of the ACLU of Texas is not herself stating that she needs gender transition or abortion services, but that one of the members of that organization needs, or may need, those services in the future. Put. Interv. App. 2 ¶ 4. The president of the River City Gender Alliance alleges that members of the organization, not herself, desire gender transition services through Medicaid. *Id.* at 4 ¶ 1. The putative intervenors provide no foundation for these statements, which include speculation as to future events that may or may not occur. They do not establish how the deputy director of the ACLU of Texas and the president of the River City Gender Alliance know the third-parties for whom they purport to speak or how they came to know about the private medical needs of these people. By not providing a basis for their testimony, the declarants lack personal knowledge and are speculating about third parties, which is barred by the Federal Rules of Evidence. Fed. R. Evid. 602.

The putative intervenors' declarations are also speculative because they fail to offer any evidence of a doctor who is willing to perform the transition surgeries and abortions their members claim to need but cannot receive due to the injunction against the Rule. They also offer no evidence that the member of the ACLU of Texas who has had abortions is pregnant currently or how she would be impaired by an adverse ruling because they claim this same person had an abortion last year while the Rule was enjoined. Obviously, the injunction against the Rule did not prevent her from getting an abortion. Finally, the allegation that this member fears being denied emergency healthcare is unfounded because States do not prohibit abortions when

the life of the mother is at stake. *See, e.g.*, Tex. Health & Safety Code §§ 171.002(3), .0124, .046.

In addition to the putative intervenors' motion being based on inadmissible evidence, they also assert only "ideological, economic, or precedential" interests that are insufficient for intervention. *Texas v. United States*, 805 F.3d 653, 657–58 (5th Cir. 2015). The putative intervenors simply "*prefer[]* one outcome to the other." *Id*. In *NOPSI*, the Fifth Circuit, sitting en banc, held that the City of New Orleans possessed only a generalized economic interest in the outcome of a fuel price dispute between a utility company and natural gas retailer. *NOPSI*, 732 F.2d at 466. In *Northland Family Planning Clinic, Inc. v. Cox*, the Sixth Circuit held that an advocacy organization opposing abortion could not intervene in an action contesting a Michigan law because the organization had "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of the [organization's] conduct in any respect." 487 F.3d 323, 345 (6th Cir. 2007). Similarly, the putative intervenors are public policy organizations that are "dedicated to defending the principles embodied in our Constitution and our nation's civil rights laws," Put. Interv. App. 2 ¶ 2 (ACLU of Texas), advocate on behalf of transgender people and abortion, *id*. at 3 ¶ 6 (ACLU of Texas), and "advocate for social acceptance of transgender and gender non-conforming people," *id*. at 5 ¶ 4 (River City Gender Alliance). The Rule does not regulate the conduct of the ACLU of Texas or the River City Gender Alliance. And there is no admissible evidence that it regulates the conduct of any of their members. Thus, the putative intervenors' evidence in support of intervention is inadmissible, and even if it were admissible, they still lack legally protectable interests.

### B. It remains unclear whether putative intervenors' interests will be adequately represented.

The putative intervenors bear the "burden of establishing inadequate representation." *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs*

*of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007); Order 2, ECF No. 20 (citing *Espy*, 18 F.3d at 1207). While the burden is "minimal," *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014), "it cannot be treated as so minimal as to write the requirement completely out of the rule," *Edwards*, 78 F.3d at 1005 (quotation marks and citation omitted). The requirement to show inadequacy "must have some teeth." *Brumfield*, 749 F.3d at 345. Thus, the putative intervenors must overcome "two presumptions of adequate representation." *Edwards*, 78 F.3d at 1005. The first is where one party "is a governmental body or officer charged by law with representing the interests of the absentee, a presumption of adequate representation arises whether the would-be intervenor is a citizen or subdivision of the governmental entity." *Id*. When this is the case, "a much stronger showing of inadequacy is required." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (citing 7C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1909 (2d ed. 1986)). The second "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit," in which event "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Edwards*, 78 F.3d at 1005 (citing *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995)). Presently, both presumptions are satisfied in this case.

Over the course of this litigation, the putative intervenors have raised several unsuccessful arguments as to why Defendants do not adequately represent their interests. In their original motion to intervene, the putative intervenors argued that Defendants failed to guarantee they would appeal a preliminary injunction, Defendants did not raise the same defenses as the putative intervenors, and President Trump made campaign statements that he wanted to repeal the Affordable Care Act (the basis for the Rule). The Court correctly rejected each of these arguments. Order 7, ECF No. 69. Now the putative intervenors assert that

Defendants do not adequately represent their interests because Defendants sought remand of the case to HHS to reevaluate the Rule and potentially engage in new rulemaking. Put. Interv. Br. 8, ECF No. 130. But Defendants requested remand nearly two years ago, Defs.' Mot. for Vol. Remand & Stay, ECF No. 92, and since that time filed nine status reports indicating scant progress on any rulemaking. In fact, Defendants' lack of action raises the distinct possibility that HHS wishes to stand by the Rule and defend its lawfulness, which overcomes the putative intervenors' arguments to the contrary. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (finding the presumption of adequate representation is "nowhere more applicable than in a case where the Department of Justice deploys its formidable resources" to defend a federal law) (quotation marks and citation omitted). And the putative intervenors proffer no evidence that Defendants are engaged in collusion or nonfeasance. *See Haspel*, 493 F.3d at 579.

At bottom, we do not know whether the Defendants will inadequately represent the putative intervenors' interests until the Defendants respond to Plaintiffs' motions for summary judgment, and, as it stands right now, the Court must presume adequate representation. *Edwards*, 78 F.3d at 1005. Throughout the litigation the Court has agreed with this conclusion because Defendants had not yet filed an answer to the operative complaint. Order 6, ECF No. 32. As such, the Court delayed briefing and consideration of the motion to intervene until after Defendants filed their answer. Order 3, ECF No. 20. Defendants never filed an answer because they moved to stay and remand the case. Now that the parties agreed to reopen the litigation and move it to final resolution in this Court, it makes sense that the Court would wait to see Defendants' position, as articulated in their response to Plaintiffs' dispositive motions, before it determines whether the putative intervenors' interests are adequately represented. Order 7, ECF No. 69. And there is no prejudice to the putative intervenors by adopting this course of action because the briefing schedule

entered by the Court allows them to lodge a cross-motion for summary judgment and a brief in opposition to Plaintiffs' motions for summary judgment, should they choose to do so. Order 2, ECF No. 126. Thus, the Court should consider the putative intervenors' renewed motion to intervene and their proposed motion for summary judgment at the same time as it considers the parties' cross-motions for summary judgment, and rule on all those motions simultaneously.

## II.   If the Court Allows Permissive Intervention, it Should Limit the Putative Intervenors' Participation.

Plaintiffs consent to the putative intervenors' permissive intervention provided that the Court places limitations on their participation in this case. "When granting an application for permissive intervention, a federal district court is able to impose almost any condition, including the limitation of discovery." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) (citing 7C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1922 (2d ed. 1986)); *see Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (noting district courts' power to restrict the ability of an intervenor to take discovery or request additional relief).[4]

Plaintiffs are willing to consent to permissive intervention on the conditions that the Court prevent the putative intervenors from conducting discovery, moving to stay the litigation or the preliminary injunction, and disrupting the established schedule for dispositive motions. Plaintiffs have already gone out of their way to accommodate the putative intervenors by agreeing to allow them to lodge briefs in support of and opposition to summary judgment. But because they agree the

---

[4] This is also true for intervention as of right. *See Beauregard v. Sword Servs. LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997) ("[I]t is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right."); *see also Harris v. Amoco Prod. Co*., 768 F.2d 669, 675 (5th Cir. 1985) ("[T]he intervenor's mere presence in an action does not clothe it with the status of an original party.").

questions presented by this case are primarily legal, Put. Interv. Br. 3 ECF No. 130, they should not be allowed discovery, *see Bibles v. City of Irving*, No. 3:08-CV-1795-M, 2009 WL 2252510, at *5 (N.D. Tex. July 28, 2009) (limiting intervenor's participation in discovery and legal issues). Thus, if the Court permits intervention, it should place these limitations on the putative intervenors.

## CONCLUSION

The Court should deny the motion to intervene as of right. However, Plaintiffs consent to permissive intervention provided that the putative intervenors are not permitted to conduct discovery, stay the litigation or the preliminary injunction, and cause delay to the established summary judgment briefing schedule.

Respectfully submitted this the 25th day of February, 2019.

| | |
|---|---|
| DOUG PETERSON<br>Attorney General of Nebraska | KEN PAXTON<br>Attorney General of Texas |
| DEREK SCHMIDT<br>Attorney General of Kansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | BRANTLEY D. STARR<br>Deputy First Assistant Attorney General |
| MARK BRNOVICH<br>Attorney General of Arizona | RYAN L. BANGERT<br>Deputy Attorney General for Legal Counsel |

*/s/ David J. Hacker*
DAVID J. HACKER
Special Counsel for Civil Litigation
Texas Bar No. 24103323
david.hacker@oag.texas.gov

MICHAEL C. TOTH
Special Counsel for Civil Litigation
Texas Bar No. 24100608
michael.toth@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 001
Austin, Texas 78711
(512) 936-1414

*ATTORNEYS FOR PLAINTIFFS*
*STATE OF TEXAS; STATE OF*

*WISCONSIN; STATE OF*
*NEBRASKA; COMMONWEALTH*
*OF KENTUCKY, by and through*
*Governor Matthew G. Bevin;*
*STATE OF KANSAS; STATE OF*
*LOUISIANA; STATE OF ARIZONA; and*
*STATE OF MISSISSIPPI, by and through*
*Governor Phil Bryant*

<u>*/s/ Luke W. Goodrich*</u>
Luke W. Goodrich
DC Bar No. 977736
Eric C. Rassbach
Mark L. Rienzi
Stephanie H. Barclay
The Becket Fund for Religious
Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
(202) 955-0090
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Christian*
*Medical & Dental Associations,*
*Franciscan Alliance, Inc., Specialty*
*Physicians of Illinois, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ David J. Hacker*
DAVID J. HACKER