IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 7:16-cv-00108 |
| ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, | |
| *Defendants*. | |

**NOTICE REGARDING ISSUANCE OF NOTICE OF PROPOSED RULEMAKING TO AMEND CHALLENGED REGULATIONS**

Defendants hereby notify the Court that, on May 24, 2019, the Department of Health and Human Services (HHS) issued a Notice of Proposed Rulemaking (NPRM) that proposes to amend the HHS regulations implementing Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, which are challenged in this litigation (hereafter, "current regulations"). *See* https://www.hhs.gov/about/news/2019/05/24/hhs-proposes-to-revise-aca-section-1557-rule.html. The NPRM is available on HHS's website, *see* https://www.hhs.gov/sites/default/files/1557-nprm-hhs.pdf; soon will be published in the Federal Register; and is attached hereto for the Court's convenience. As described below, the proposed rule would amend the current regulations to address the two flaws identified by this Court in its December 31, 2016 order granting Plaintiffs' motion for a preliminary injunction. *See Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660 (N.D. Tex. 2016). In light of the issuance of the NPRM, Defendants respectfully renew their request that the Court postpone ruling on Plaintiffs' summary judgment motions to allow HHS to complete its ongoing efforts to

amend the current regulations. The proposed rule, if finalized in relevant part, would likely moot this case and Plaintiffs will not be harmed in the interim because the relevant parts of the current regulations are presently enjoined nationwide.

In its order granting a preliminary injunction, this Court held that the current regulations' prohibitions on discrimination on the basis of gender identity and termination of pregnancy were substantively unlawful under the Administrative Procedure Act. Specifically, the Court determined that "the meaning of sex in Title IX unambiguously refers to the biological and anatomical differences between male and female students as determined at their birth," and that by "not including" Title IX's religious and abortion exemptions, the current regulations "expanded the 'ground prohibited under' Title IX that Section 1557 explicitly incorporated." *Franciscan Alliance*, 227 F. Supp. 3d at 687, 691.

The proposed rule aims to address these flaws, among other things. First, HHS "proposes to repeal the definition of 'on the basis of sex' that had been adopted in [the current regulations]." NPRM at 45. The proposed rule would not include a "definition of 'sex' for purposes of discrimination on the basis of sex in the regulation," NPRM at 45-46, and instead would merely cross-reference Title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.) and thus prohibit sex discrimination "as defined by Title IX," NPRM at 63.[1] Second, the

---

[1] Defendants note that, on April 22, 2019, the Supreme Court granted three petitions for writs of certiorari, raising the question whether Title VII's prohibition on discrimination on the basis of sex also bars discrimination on the basis of gender identity or sexual orientation. *See Bostock v. Clayton Cty.*, 723 Fed. Appx. 964 (11th Cir. 2018), *cert granted*, No. 17-1618 (U.S. Apr. 22, 2019); *Altitude Express, Inc. v. Zarda*, 883 F.3d 100 (2d Cir. 2018), *cert granted*, No. 17-1623 (U.S. Apr. 22, 2019); *Equal Employment Opportunity Comm'n v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560 (6th Cir. 2018), *cert granted*, No. 18-107 (U.S. Apr. 22, 2019). A decision by the Supreme Court on the definition of "sex" under Title VII will likely have significant ramifications for the definition of "sex" under Title IX. *See, e.g., Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 75 (1992).

proposed rule would make clear that HHS's "enforcement of Section 1557 (to the extent it incorporates Title IX), must be constrained by the statutory contours of Title IX, which include explicit abortion and religious exemptions." NPRM at 76.  The NPRM proposes making those exemptions explicit in the regulations as well, by amending the regulations to provide that, "[i]nsofar as the application of any requirement under this part would violate, depart from, or contradict definitions, exemptions, affirmative rights, or protections provided by [a number of listed statutes, including Title IX] . . . or any related, successor, or similar Federal laws or regulations, such application shall not be imposed or required."  NPRM at 186.

Respectfully submitted this 31st day of May, 2019.

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ Rhett P. Martin*_____
RHETT P. MARTIN
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC  20005
phone: (202) 305-7538
fax: (202) 616-8470
email: rhett.martin@usdoj.gov

*Counsel for Defendants*