IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, <br><br> *Defendants*. | No. 7:16-cv-00108-O |

**REPLY TO PLAINTIFFS' RESPONSE TO NOTICE REGARDING
ISSUANCE OF THE NOTICE OF PROPOSED RULEMAKING
TO AMEND CHALLENGED REGULATIONS**

Pursuant to this Court's June 7, 2019 Order, ECF No. 161, Defendants hereby reply to Plaintiffs' Response to HHS's Notice Regarding Issuance of Notice of Proposed Rulemaking to Amend Challenged Rules, ECF No. 160. For the reasons explained in Defendants' Notice, ECF No. 159, and for the additional reasons below, Defendants respectfully ask that the Court postpone ruling on Plaintiffs' summary judgment motions to allow HHS to complete its ongoing efforts to amend the regulations challenged in this litigation.

Postponing ruling on Plaintiffs' motions would promote judicial economy and would avoid an unnecessary decision that will likely be overtaken by events. Indeed, this case was stayed for over seventeen months precisely because, in the Court's view, "staying the case and resuming consideration of all pending motions when HHS *completes* reconsideration of the Rule will promote judicial efficiency and impose no undue prejudice on Plaintiffs." ECF No. 105 at 9 (emphasis added); *see also id.* at 8-9 ("Because HHS's reconsideration of the Rule may moot some or all of Plaintiffs' claims presented in their motion for summary judgment, proceeding to

the merits before reconsideration *is complete* may waste limited judicial and party resources." (emphasis added)). Although the stay has been lifted, the same considerations that justified a stay now counsel in favor of postponing a ruling on Plaintiffs' pending motions.[1] Indeed, postponement is even more appropriate now, in light of the May 24, 2019 Notice of Proposed Rulemaking, which, if finalized, would likely moot this case by addressing the two flaws this Court identified in its order granting Plaintiffs' motion for a preliminary injunction.

Plaintiffs provide no compelling reason for the Court to rule on their summary judgment motions now, before the agency's rulemaking is complete. Plaintiffs are, of course, still protected by this Court's preliminary injunction, and thus will not be prejudiced by the delay while the Department of Health and Human Services ("HHS") works toward finalizing a new rule. To the degree there are lingering disputes between the parties after the agency completes the rulemaking process, the issues before the Court will likely differ from those presented by Plaintiffs' summary judgment motions, which weighs strongly in favor of postponing a ruling.

Plaintiffs suggest that they may not be satisfied with the new rule as outlined in the NPRM, even if it is finalized, because "it wouldn't replace [the current definition of 'sex'] with any new definition limited to biological sex." Pls.' Resp. at 6. Plaintiffs' objection to proposed rules that (i) have not been finalized, and (ii) are not the subject of this litigation, is no reason to rush to rule on motions for summary judgment with respect to the current regulations, which that will soon be replaced. Plaintiffs, in essence, seek a declaratory judgment regarding how HHS may interpret the statute prospectively, rather than relief limited to the regulations that they

---

[1] Defendants previously agreed that the stay could be lifted because they did not know how long it would take to "reevaluat[e] the reasonableness, necessity, and efficacy of the Rule." ECF No. 125. But now that the proposed rule has been issued, the reasons for lifting the stay no longer exists.

challenge. But any such decision would be purely advisory and therefore improper. *See Life Partners, Inc. v. Life Ins. Co. of N. Am.*, 203 F.3d 324, 325 (5th Cir. 1999) ("Federal courts do not render advisory opinions.").

Plaintiffs also justify their request for immediate action on their summary judgment motions by pointing out that other parties may challenge the NPRM if it is finalized. But potential future litigation that may challenge the new rule does not require an immediate ruling on Plaintiffs' summary judgment motions. Even if a third party were to challenge the new rule, and even if that rule were enjoined, the government would still itself be enjoined from enforcing the current rules based on the Court's existing order. Plaintiffs, therefore, would still not suffer any prejudice from a postponement while HHS's rulemaking concludes.

Citing *El Paso Electric Company v. FERC*, 667 F.2d 462 (5th Cir. 1982), Plaintiffs suggest that Defendants are attempting to "escape review" of the current regulations. *See* Pls.' Resp. at 3. But that is incorrect. This Court already reviewed the current regulations when it considered Plaintiffs' motion for a preliminary injunction and concluded that they are substantively unlawful under the Administrative Procedure Act. The proposed rule aims to address the flaws the Court identified, among other things. *El Paso Electric Company*, moreover, addressed whether the plaintiffs' claim was entirely moot in light of an ongoing rulemaking and therefore no longer justiciable. *See* 667 F.2d at 467. *City* of *Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982), which Plaintiffs also cite, similarly addressed the issue of justiciability, and is therefore inapposite. *See id.* at 288-89 & n.1. Here, by contrast, Defendants ask the Court merely to exercise its inherent authority to control its docket to postpone consideration of Plaintiffs' motions pending the outcome of the ongoing rulemaking. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (holding that courts have the inherent authority to

"control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Where, as here, an agency has issued a notice of proposed rulemaking that will likely moot the issues in litigation, it is common for courts to exercise that authority to postpone issuing a ruling. *See, e.g.*, *Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20 F. Supp. 3d 548, 554 (N.D. Tex. 2014); *Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*, No. 6:14-cv-1877, 2016 WL 1317775, at *3 (M.D. Fla. Apr. 5, 2016); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23, 25 (D.D.C. 2008).

Moreover, the Sixth Circuit's recent opinion in *Doe v. BlueCross BlueShield of Tennessee, Inc.*, No. 18-5987, 2019 WL 2353207 (6th Cir. June 4, 2019), does not support Plaintiffs' argument. In *Doe*, the plaintiff relied on one aspect of the current regulations to support his claim that Section 1557 of the Affordable Care Act requires his insurer to make medication available at his preferred pharmacy. The Sixth Circuit rejected that claim, concluding that the plain language of the ACA did not allow the plaintiff to obtain the affirmative relief he seeks. Accordingly, there was no need to consider HHS's ongoing rulemaking, because, in the Sixth Circuit's view, HHS could never interpret the ACA in such a way as to allow the plaintiff to succeed on his claim. Indeed, it is not apparent from either the Sixth Circuit's opinion or from the docket that the parties in *Doe* ever informed that court that HHS was reconsidering the current regulations. This case, by contrast, is an action to prevent HHS from *enforcing* regulations that are already enjoined and that the agency has proposed to materially revise in an ongoing rulemaking. Unlike in *Doe*, therefore, the rulemaking will likely affect the outcome of this litigation, and it may moot Plaintiffs' claims entirely.

Finally, Plaintiffs point to this Court's recent order in *DeOtte v. Azar*, No. 4:18-cv-00825 (N.D. Tex. June 5, 2019), which permanently enjoined HHS from enforcing a different set of

regulations as to the specific class of plaintiffs in that case. Pls.' Resp. at 3. In contrast to the relief the Court provided in *DeOtte*, Plaintiffs here improperly seek relief on a nationwide basis. Even if the Court were to proceed to rule on Plaintiffs' summary judgment motions now, it should limit any relief to redressing the cognizable injuries of the parties before it, as in *DeOtte*.

DATED:  June 12, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

/s/ *Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
phone: (202) 305-0878
fax: (202) 616-8470
email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, a copy of the foregoing Status Report was filed electronically via the Court's ECF System, which effects service upon counsel of record.

/s/ *Bradley P. Humphreys*
Bradley P. Humphreys