IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **FRANCISCAN ALLIANCE, INC. et al.,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:16-cv-00108-O |
| **ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,** | § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Putative Intervenors American Civil Liberties Union of Texas and River City Gender Alliance's (collectively, "Putative Intervenors") Renewed Motion to Intervene (ECF No. 129), filed February 1, 2019; Plaintiffs' and Defendants' Responses (ECF Nos. 140, 141), filed February 25, 2019; and Putative Intervenors' Reply (ECF No. 144), filed March 11, 2019. In the motion, Putative Intervenors request to intervene as of right or permissively. Plaintiffs oppose intervention as of right, but consent to permissive intervention subject to certain limitations. Defendants do not oppose the motion.

Notably, in *Town of Chester*, the Supreme Court ruled that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1651 (2017). The Court has not reached a decision on how that ruling applies in this case. But the Court notes that *Town of Chester* did not take a position on whether the standing requirement should also apply to *permissive* intervenors who seek relief different from that sought by a party

with standing. And, notably, there is disagreement among the Circuit Courts of Appeals on this issue. *See* Evan E. Smith IV, Note, *The Standing Requirements of Third Party Intervenors*, 40 AM. J. TRIAL ADVOC. 581 (2017) (Pointing out the pre-*Town of Chester* circuit split over intervenor standing. Noting that a majority of circuits did not require standing for *either* method of intervention under Rule 24 but a minority of circuits required *all parties* to a suit to possess Article III standing, whether original parties or intervenors).

"Standing is a jurisdictional requirement and not subject to waiver." *Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 497 n.1 (5th Cir. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). And "[f]or all relief sought, there must be a *litigant with standing*, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." *Town of Chester*, 173 S. Ct. at 1651 (emphasis added). If a litigant seeking relief different than another party must demonstrate Article III standing, the Court seemingly cannot *grant jurisdiction* to a litigant who fails to do so. Similarly, the parties themselves cannot waive the requirement and *agree* to federal jurisdiction. As such, the Court requires further briefing on the application of this issue.

The Court hereby **ORDERS** Plaintiffs and Defendants to submit briefing on this issue **on or before August 12, 2019**. Putative Intervenors are **ORDERED** to respond **on or before August 14, 2019**.

**SO ORDERED** on this **7th day** of **August, 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2