**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR, II, *et al.*, <br><br> *Defendants*. | No. 7:16-CV-00108-O <br><br> **Plaintiffs' Supplemental Brief in Response to Court's Order of August 7, 2019** |

The Court has ordered the parties to address whether the rule of *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017), distinguishes between intervenors who intervene as of right and intervenors who intervene permissively with respect to whether the intervenor is required to demonstrate Article III standing. Order, ECF No. 164. The answer is no: if an intervenor "pursue[s] relief that is different from that which is sought by" any other party, he must make an independent showing of Article III standing, regardless of which provision of Rule 24 supports intervention. *Town of Chester,* 137 S. Ct. at 1650-52. Here, however, it is unclear whether Putative Intervenors "pursue relief" within the meaning of *Town of Chester* in a way that would require them to demonstrate Article III standing. If they are required to show Article III standing, they have not made that showing here.

## I. *Town of Chester* Does Not Distinguish Between Permissive Intervention and Intervention of Right.

*Town of Chester* requires that intervenors—whether permissive or of right—have standing if they seek relief different from that sought by any other party in the case with standing. That case itself involved an intervenor who had been granted intervention of right, so the Court articulated its holding in those terms. 137 S. Ct. at 1651.

("[A]n intervenor of right must have Article III standing in order to pursue relief different from that which is sought by a party with standing."). But the Court explained that this holding derived from a more fundamental principle: "For all relief sought, there must be a litigant with standing." *Id.* at 1647. And that principle—which in turn "follows ineluctably" from Article III's case-or-controversy requirement, *id.* at 1651—applies just as readily to permissive intervenors as it does to intervenors of right. Put simply, a federal court "ha[s] no business" adjudicating a claim or defense unless at least one litigant has standing to raise it, *id.* at 1650 (internal quotation marks omitted)—regardless of how the various litigants found (or seek to find) their way into the case.

Based on this principle, several post-*Town of Chester* courts have recognized that the requirement of Article III standing in *Town of Chester* "extends to a permissive intervenor." *United States v. Bayer Cropscience LP*, No. 15-13331, 2018 WL 3553413, at *9 (S.D. W. Va. July 24, 2018); *see also Seneca Res. Corp. v. Highland Twp.*, No. 16-289, 2017 WL 4171703, at *6 (W.D. Pa. Sept. 20, 2017) ("Because [putative intervenors] have not established standing, this Court will deny their request for permissive intervention."). One district court has gone the other way, grounding its analysis on the fact that Rule 24(b) gives the court broad "discretion" whether to allow a party to permissively intervene. *Vazzo v. City of Tampa*, No. 17-2896, 2018 WL 1629216, at *2-4 (M.D. Fla. Mar. 15, 2018). But the *Vazzo* court overlooked that no matter how much "discretion" courts have under *Rule 24*, that Rule cannot abrogate *Article III*. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 576 (1992) (standing is an "irreducible constitutional minimum" that cannot be "ignor[ed]," even "at the invitation of Congress"). Regardless, applying *Town of Chester* to permissive intervention does nothing to limit district courts' discretion under Rule 24(b) in the many cases to which *Town of Chester* doesn't apply—that is, cases in which the putative intervenor does not seek unique relief, and thus can "ride 'piggyback'" on another party's standing.

2

*Diamond v. Charles*, 476 U.S. 54, 64 (1986); *see Pennsylvania v. President, United States of Am.*, 888 F.3d 52, 57 n.2 (3d Cir. 2018) ("Because the Little Sisters moved to intervene as defendants and seek the same relief as the federal government, they need not demonstrate Article III standing." (citing *Town of Chester*)).

A more difficult question is whether *Town of Chester* requires intervening *defendants* (such as Putative Intervenors here) to demonstrate standing. Again, the *Town of Chester* rule depends not on *how* a party intervenes (whether of right or permissively) but on whether the intervenor is "pursu[ing] relief different from that which is sought by a party with standing." 137 S. Ct. at 1651. That condition may not be triggered where, as here, a party seeks to intervene as a *defendant* only to *oppose* another party's relief, rather than to seek affirmative relief of its own (*e.g.*, through a cross- or counter-claim). As a general rule, defendants need not establish standing in order to defend themselves from a claim. *See, e.g., Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("The *plaintiff*, as the party invoking federal jurisdiction, bears the burden of establishing these elements." (emphasis added)); *Knight v. Alabama*, 14 F.3d 1534, 1555 (11th Cir. 1994) ("[I]t is not generally required that a defendant have any particular 'standing' in order to be sued in a trial court . . . ."). And even though HHS has now conceded that Plaintiffs are "entitled to summary judgment," Defs.' Resp. Mem. 1, 5, ECF No. 154—thus putting the case in a different posture than when HHS and Putative Intervenors both sought to deny Plaintiffs' requested relief—it is still possible that the Court could deny Plaintiffs' requested relief, regardless of whether Putative Intervenors become a party to the case or not. Thus, Putative Intervenors may not be seeking a different "form of relief" in the sense contemplated by *Town of Chester*. *See* 137 S. Ct. at 1651 ("At least one *plaintiff* must have standing to seek each form of relief requested in the *complaint*" (emphasis added)); *id.* at 1650-51 (offering "damages" and "injunctive relief" as examples of relief).

3

## II. Putative Intervenors Lack Article III Standing for Purposes of Intervention.

Either way, Putative Intervenors have not demonstrated Article III standing here, for many of the same reasons that they cannot show the legally protectable interest necessary to intervene of right under Rule 24(a). *See* Pls.' Opp'n to Renewed Mot., 9-12, ECF No. 140. First, Putative Intervenors' alleged injury-in-fact is "speculative" and "conjectural." *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401-02, 412 (2013). Putative Intervenors say they have members who are insured through Medicaid and either "require[]" gender-transition services (Putative Intervenors App. 2, ¶ 4, App. 5 ¶ 3, ECF No. 131) or "anticipate requiring reproductive care" in the future (*id.* App. 2 ¶ 5). But Putative Intervenors offer no evidence of any doctor who would be willing to perform the transition surgeries and abortions they claim their members need but for the injunction against the Rule.

Second, Putative Intervenors have not provided any testimony from the actual members they allege would be affected by an injunction against the Rule, offering only declarations from their leadership saying that such members exist. Putative Intervenors App. 1-2 ¶ 1, ECF No. 131 (deputy director of ACLU of Texas); *id.* App. 4 ¶ 1 (president of River City Gender Alliance). But in *Summers v. Earth Island Institute*, the Supreme Court held that associations lacked associational standing when they failed to submit "individual affidavits" from the allegedly affected members, instead asking the Court to accept their "self-descriptions of their membership." 555 U.S. 488, 497-500 (2009). That is just what Putative Intervenors ask the Court to do here.

4

Respectfully submitted this the 12th day of August, 2019.

/s/ Luke W. Goodrich
Luke W. Goodrich
Bar No. 977736DC
Eric C. Rassbach (admission pending)
Mark L. Rienzi
Bar No. 648377MA
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036
(202) 955-0095
mrienzi@becketlaw.org

*Counsel for Plaintiffs Christian
Medical & Dental Associations,
Franciscan Health, Inc., Specialty
Physicians of Illinois, LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

/s/ David J. Hacker
DAVID J. HACKER
Special Counsel to the First Assistant
   Attorney General
Texas Bar No. 24103323
david.hacker@oag.texas.gov

MICHAEL C. TOTH
Special Counsel for Civil Litigation

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 001
Austin, Texas 78711
(512) 936-1414

*ATTORNEYS FOR PLAINTIFFS
STATE OF TEXAS; STATE OF
NEBRASKA; COMMONWEALTH OF
KENTUCKY, by and through
Governor Matthew G. Bevin; STATE
OF KANSAS; STATE OF
LOUISIANA; STATE OF ARIZONA;
and STATE OF MISSISSIPPI, by and
through Governor Phil Bryant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2019, the foregoing was served on all parties via ECF.

/s/ Luke W. Goodrich
Luke W. Goodrich