IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC. *et al.* <br><br> *Plaintiffs*, <br> v. <br><br> ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services, *et al,*. <br> *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO INTERVENE OF RIVER CITY GENDER ALLIANCE AND ACLU OF TEXAS**

Pursuant to this Court's Order dated August 7, 2019 (ECF No. 164), the ACLU of Texas and the River City Gender Alliance (collectively "Proposed Intervenors") respectfully submit this Supplemental Memorandum of Law.

**I.   *Town of Chester* Applies To Permissive Intervenors, But Does Not Apply To Intervenor-Defendants in the District Court.**

Proposed Intervenors agree with the parties that the standing requirements articulated in *Town of Chester* apply to permissive intervenors as well as intervenors as of right. For all relief sought, there must be a litigant with standing.

In this case, however, Proposed Intervenors are seeking to intervene as intervenor-*defendants*. The parties and Proposed Intervenors all agree that intervenor-defendants do not have to establish Article III standing at the district court because intervenor-defendants are not litigants seeking judicial "relief." *See* Renewed Mot. to Intervene at 11-13 (ECF No. 129); Pls.' Supp. Mem. at 3 (ECF No. 165); Defs.' Supp. Mem. at 1 (ECF No. 166).

1

Proposed Intervenors recognize that—without the benefit of adversarial briefing—this Court held in *Deotte v. Azar*, No. 4:18-cv-00825-O (N.D. Tex. July 29, 2019) (ECF No. 97), that the State of Nevada was required to establish Article III standing to defend the legality of the "contraceptive mandate." Because the federal government declined to defend the mandate, this Court concluded that "no party is seeking Nevada's desired relief—a ruling that the contraceptive mandate as applied to the two certified classed does not violate RFRA. Nevada must, therefore, demonstrate independent standing under the Supreme Court's holding in *Town of Chester* . . . ." *Id.* at 4.

With the benefit of briefing on the issue, the Court should reconsider that conclusion. Proposed Intervenors seek to raise defenses in support of a challenged regulation, but defenses are not claims for "relief." *See* Fed. R. Civ. P. 8(a) (describing a compliant as pleading "a demand for the relief sought"); Fed. R. Civ. P. 8(b) (describing an answer as pleading "defenses"). Proposed Intervenors have not filed any counterclaim and do not seek a declaratory judgment that the regulations are lawful. Like any other defendant, Proposed Intervenors are not invoking this Court's jurisdiction and are not seeking affirmative judicial "relief" of any kind. Proposed Intervenors simply ask the Court to *deny* Plaintiffs' requests for relief, and such a request does not require Proposed Intervenors to establish Article III standing.

## II. Proposed Intervenors Have Article III Standing.

In any event, as discussed in the Renewed Motion to Intervene, Proposed Intervenors have adequately alleged an injury in fact to support Article III standing. Renewed Mot. to Intervene at 14-16. These injuries are neither speculative nor conjectural: At least two members are subject to categorical exclusions of coverage for transition-related surgical care in Texas's and Nebraska's Medicaid programs, and at least one member faces a substantial risk of

discrimination at Texas public hospitals based on pregnancy and pregnancy termination. *Id.* Contrary to Plaintiffs' contention, Pls.' Supp. Mem. at 3, Proposed Intervenors need not identify physicians "willing" to care for their members to properly allege that their members are currently suffering an injury in fact and that "there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013) (cleaned up)); *see also Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).

Plaintiffs also assert that under *Summers v. Earth Island Institute*, 555 U.S. 488, 497-500 (2009), Proposed Intervenors must submit "individual affidavits" from their members to support Article III standing. Pls.' Supp. Mem. at 3. But, as explained in Proposed Intervenors Reply Memorandum at 3 (ECF No. 144), motions to intervene are judged by the same pleading standards as complaints. *Summers* was a case about what evidence was necessary to support standing to obtain final judgment on the merits, not a case about alleging standing at the pleading stage. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (distinguishing between requirements to establish standing at pleading stage and at summary judgment). As the Fifth Circuit explained in *Hancock County Board of Supervisors v. Ruhr*, "We are aware of no precedent holding that an association must set forth the name of a particular member in its complaint in order to survive a Rule 12(b)(1) motion to dismiss based on a lack of associational standing." 487 F. App'x 189, 198-99 (5th Cir. 2012); *accord Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015) ("Where it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action, and where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury, we see no purpose to be served by requiring an

3

organization to identify by name the member or members injured."); *Bldg. and Constr. Trades Council v. Downtown Dev., Inc.*, 448 F.3d 138, 145 (2d Cir. 2006) ("The defendants' argument that the persons allegedly injured must be identified by name might have some validity if this litigation were at the summary judgment stage . . . . But [defendants'] contention is unpersuasive on a motion to dismiss, where standing is challenged based on the pleadings alone.").

Once the Motion to Intervene is granted, Plaintiffs may test Proposed Intervenors' standing through appropriate discovery or a motion for summary judgment. As part of that process, Proposed Intervenors may also seek an appropriate protective order to prevent unwarranted public dissemination of its members' name. The Court will have an opportunity to rule on those issues in due course. But Plaintiffs cannot leapfrog over the normal rules of procedure by requiring Proposed Intervenors to submit evidence before their motion to intervene as even been granted.

Respectfully submitted this the 14th day of August, 2019.

/s/ *Joshua Block*
Joshua Block
(NY Bar No. 4370573)
Lindsey Kaley
Brigitte Amiri
James D. Esseks
Louise Melling
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
(202) 548-6604

Brian Klosterboer*
AMERICAN CIVIL LIBERTIES UNION OF TEXAS
P.O. Box 8306
Houston, Texas, 77288
(346) 299-6811

Amy Miller
AMERICAN CIVIL LIBERTIES UNION OF NEBRASKA
134 S. 13th St., #1010
Lincoln, NE 68508
(402) 476-8091

*Counsel for Proposed Intervenors*

*\*Notice of Attorney Appearance forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

/s/ *Joshua Block*
Joshua Block