IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 7:16-cv-00108-O |
| v. ) | |
| ) | |
| ALEX M. AZAR II, Secretary of Health ) | |
| and Human Services, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## DEFENDANTS' MOTION TO MODIFY FINAL JUDGMENT

Defendants respectfully ask the Court to modify its October 15, 2019 Final Judgment, ECF No. 176, pursuant to Rule 59(e) to clarify that the Court vacated only the specific portions of the challenged rule, titled Nondiscrimination in Health Programs & Activities, 81 Fed. Reg. 31,376 (May 18, 2016) ("Rule"), that the Court determined to be unlawful. Defendants do not believe that the Court intended to or, in fact, did vacate the Rule in its entirety, based on the Court's clear statement in the accompanying Memorandum Opinion and Order that it was vacating only "the *unlawful portions* of the Rule." *See* ECF No. 175 at 23 (emphasis added). However, out of an abundance of caution, and to remove any doubt, Defendants respectfully ask the Court to modify the Final Judgment to make explicit that it vacated only those portions of the Rule that the Court found to be unlawful.

## BACKGROUND

Plaintiffs brought this action to challenge only certain portions of the Rule—specifically the Rule's prohibition of discrimination on the basis of "gender identity" and "termination of pregnancy." *See, e.g.*, ECF No. 62 (describing Plaintiffs' objections to the Rule); *see also* ECF

No. 57 (describing the portions of the Rule Plaintiffs challenge). On December 31, 2016, the Court granted Plaintiffs' motion for a preliminary injunction, finding that those two challenged aspects of the Rule were contrary to law. *See id.* at 32-38. In that order, the Court was explicit that, because the Rule contains a severability clause, the Court was enjoining "[o]nly the Rule's command this Court finds is contrary to law and exceeds statutory authority—the prohibition of discrimination on the basis of 'gender identity' and 'termination of pregnancy.'" *Id.* at 46.

With the preliminary injunction in place, and in light of Defendants' request that the United States Department of Health and Human Services ("HHS") be given the opportunity to reconsider the regulations at issue in this case, the Court stayed the litigation until December 17, 2018. *See* ECF No. 126. After the stay was lifted, on February 4, 2019, Plaintiffs moved for summary judgment. *See* ECF Nos. 132-37. On October 15, 2019, the Court granted Plaintiffs' motions for summary judgment and entered Final Judgment in favor of Plaintiffs. *See* ECF Nos. 175, 176. As described below, Defendants respectfully ask the Court to modify its Final Judgment to be clear that the Court intended to vacate only the specific portions of the Rule the Court determined were unlawful, consistent with the Court's Memorandum Opinion and Order.

## ANALYSIS

Based on the clear language in the Court's October 15, 2019 Memorandum Opinion and Order—and based on the Court's previous statements—Defendants believe that the Court intended to vacate only the specific portions of the Rule that the Court determined were unlawful, rather than the Rule in its entirety.

In the Court's October 15, 2019 Memorandum and Opinion, the Court specifically addressed the appropriate remedy, explaining that, if an agency action is found to be in excess of statutory authority under 5 U.S.C. § 706(2)(c), courts "may 'set aside' only the part of a rule found

to be invalid—for that is the only 'agency action' that exceeds statutory authority." ECF No. 175 at 22 n.7 (quoting *Catholic Soc. Serv. v. Shalala*, 12 F.3d 1123, 1128 (D.C. Cir. 1994)). And, as the Court explained, it would "exceed the statutory scope of review for a court to set aside an entire rule where only a part is invalid, and where the remaining portion may sensibly be given independent life." *Id.* Accordingly, and because the challenged Rule includes a severability provision, the Court indicated that it vacated "only the portions of the Rule that are unlawful under the APA and RFRA." *Id.*; *see also id.* at 23 ("[T]he Court **VACATES and REMANDS** the *unlawful portions* of the Rule for Defendants' further consideration in light of this opinion and the Court's December 31, 2016 Order." (italics added)).

Despite the Court's clear intent as stated in the Memorandum Order and Opinion to vacate only the discrete portions of the Rule that the Court found unlawful, the Court's Final Judgment—by referring to the Rule as a whole and without distinguishing between those portions of the Rule that the Court found unlawful and the remainder of the Rule—could arguably be read to mean that the Rule as a whole is unlawful and is therefore vacated in its entirety. *See* ECF No. 176 (stating that the Court "now **HOLDS** that Nondiscrimination in Health Programs & Activities ('the Rule'), 81 Fed. Reg. 31376 (May 18, 2016), codified at 45 C.F.R. § 92, violates the APA and RFRA," and, accordingly, that the Court "**VACATES and REMANDS** *the Rule* for further consideration" (italics added)).

To clarify the record—and to ensure that the portions of the Rule the Court has not found to be unlawful remain operable—Defendants respectfully ask the Court to modify its Final Judgment to make clear its intent to vacate only the Rule's prohibition of discrimination on the basis of "gender identity" and "termination of pregnancy." Without Defendants' requested relief, HHS arguably would be unable to implement and/or enforce the remaining aspects of the Rule that

3

the Plaintiffs in this case do not challenge, potentially resulting in serious programmatic challenges for HHS in areas unrelated to those at issue in this litigation. That result, as the Court itself explained in its Memorandum Opinion and Order, would also ignore the Rule's severability provision at 45 U.S.C. § 92.2(c).

Defendants respectfully submit that the Court should modify its Final Judgment to clarify that the Court intended to vacate only the portions of the Rule that the Court concluded are unlawful, as reflected in the attached Proposed Order. Specifically, Defendants ask that the Court make clear that the Court intended to vacate the phrases "gender identity" and "termination of pregnancy" in the definition of "On the basis of sex" in 45 C.F.R. § 92.4 and that the rest of 45 C.F.R. § 92 should remain in effect.[1]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to modify the October 15, 2019 Final Judgment consistent with the Court's Memorandum Opinion and Order and Defendants' accompanying Proposed Order.

Dated:   November 12, 2019

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE BENNETT
Assistant Branch Director, Federal Programs Branch

---

[1] Defendants do not understand the Court's holding with respect to RFRA to provide any different relief than its holding with respect to the APA because the Private Plaintiffs' RFRA claim challenged the same prohibitions on discrimination based on gender identity and termination of pregnancy as did their APA claim. That said, to the degree the Court's RFRA analysis applies to any other portion of the Rule beyond the definition of "On the basis of sex" in 45 C.F.R. § 92.4, the appropriate relief would not be to vacate any such portion, but rather to declare it unlawful under RFRA as to the Private Plaintiffs only.

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W
Washington, D.C. 20005
Telephone: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*