# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC.; SPECIALTY PHYSICIANS OF ILLINOIS, LLC; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; <br><br> - and - <br><br> STATE OF TEXAS; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | Civ. Action No. 7:16-cv-00108-O |

## **RESPONSE TO DEFENDANTS' MOTION TO MODIFY FINAL JUDGMENT**

Pursuant to this Court's order, Docket No. 179, State Plaintiffs respond to Defendants' Motion to Modify Final Judgment, Docket No. 178. Like Defendants, State Plaintiffs interpret the Court's judgment as vacating only "the unlawful

portions of the Rule." Docket No. 175 at 23. Thus, State Plaintiffs do not believe modification of the judgment is necessary.

If the Court is inclined to modify its judgment, State Plaintiffs respectfully suggest that the Court specify that it vacates the Rule "insofar as the Rule defines 'on the basis of sex' to include gender identity or termination of pregnancy."

The Rule says: "On the basis of sex includes, but is not limited to, discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender identity." 42 C.F.R. § 92.4. The Court has concluded the Rule is unlawful insofar as it prohibits discrimination on the basis of gender identity or termination of pregnancy. State Plaintiffs believe their proposed language captures that conclusion.

But Defendants' motion could be read to propose that the Court delete particular words in the Rule, namely "termination of pregnancy" and "gender identity." Docket No. 178-1. But such a deletion could create more confusion that it resolves. For example, it would leave the words "sex stereotyping" in the Rule, and some litigants have argued that "discrimination . . . for being transgender is inherently based on sex stereotypes."[1] The Court should not invite such arguments by editing the precise text of the Rule. Instead, the Court should vacate the Rule insofar as it includes gender identity and termination of pregnancy, regardless of the words on which Defendants or a future litigant might rely.

---

[1] *See, e.g.*, Br. for Resp. Aimee Stephens at 32, *R.G & G.R. Harris Funeral Homes, Inc. v. EEOC*, No. 18-107 (U.S. June 26, 2019).

Respectfully submitted this the 20th day of November, 2019.

| | |
|---|---|
| DOUG PETERSON<br>Attorney General of Nebraska | KEN PAXTON<br>Attorney General of Texas |
| DEREK SCHMIDT<br>Attorney General of Kansas | JEFFREY C. MATEER<br>First Assistant Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | RYAN L. BANGERT<br>Deputy Attorney General for Legal Counsel |
| MARK BRNOVICH<br>Attorney General of Arizona | DAVID J. HACKER<br>Special Counsel to the First Assistant |

*/s/ William T. Thompson*
WILLIAM T. THOMPSON
Special Counsel for Civil Litigation
Texas Bar No. 24088531
will.thompson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Mail Code 076
Austin, Texas 78711
(512) 936-1414

*ATTORNEYS FOR PLAINTIFFS STATE OF TEXAS; STATE OF NEBRASKA; COMMONWEALTH OF KENTUCKY, by and through Governor Matthew G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF ARIZONA; and STATE OF MISSISSIPPI, by and through Governor Phil Bryant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ William T. Thompson*
WILLIAM T. THOMPSON