IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| FRANCISCAN ALLIANCE, INC., et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:16-cv-00108-O |
| ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | § § § § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants' Motion to Modify Final Judgment (ECF No. 178), filed November 12, 2019; State Plaintiffs' Response (ECF No. 180), filed November 20, 2019; and Private Plaintiffs' Response (ECF No. 181), filed November 20, 2019.

Defendants state that they "do not believe the Court intended to or, in fact, did vacate the Rule in its entirety, based on the Court's clear statement in the accompanying Memorandum Opinion and Order that it was vacating only 'the *unlawful portions* of the Rule,'" but "out of an abundance of caution, and to remove any doubt," they ask the Court to modify its Final Judgment (ECF No. 176), dated October 15, 2019. Defs.' Mot. 1, ECF No. 178 (emphasis in original) (quoting Mem. Op. & Order 23, ECF No. 175). Defendants ask the Court to specify that the Court vacates "the portion of the definition of '*On the basis of sex*' at 45 C.F.R. § 92.4 that refers to 'termination of pregnancy' and 'gender identity.'" Defs.' [Proposed] Order 1, ECF No. 178-1.

Neither State Plaintiffs nor Private Plaintiffs believe that modification of the Final Judgment is necessary given the Court's severability analysis in its Memorandum Opinion and

Order. *See* State Pls.' Resp. 1–2, ECF No. 180; Private Pls.' Resp. 1, ECF No. 181. However, State Plaintiffs and Private Plaintiffs agree that, "[i]f the Court is inclined to modify its judgment," the modification should clarify that the Court "vacates the Rule 'insofar as the Rule defines "on the basis of sex" to include gender identity or termination of pregnancy.'" State Pls.' Resp. 2, ECF No. 180; *see also* Private Pls.' Resp. 1, ECF No. 181 (agreeing that the State Plaintiffs' "proposed language . . . better captures the conclusion of the Court's summary-judgment order"). State Plaintiffs argue that this language avoids any potential confusion regarding the particular words in the Rule. *See* State Pls.' Resp. 2, ECF No. 180.

Having considered the Defendants' motion and Plaintiffs' responses, the **GRANTS in part** the motion and **MODIFIES** the Final Judgment (ECF No. 176), filed October 15, 2019, to confirm that, consistent with the Court's discussion in the accompanying Memorandum Opinion and Order (ECF No. 175), the Court vacates only the portions of the Rule that Plaintiffs challenged in this litigation. Specifically, the Court **VACATES** the Rule insofar as the Rule defines "*On the basis of sex*" to include gender identity and termination of pregnancy, and the Court **REMANDS** for further consideration. The remainder of 45 C.F.R. § 92 remains in effect.

**SO ORDERED** on this **21st day** of **November, 2019.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**