IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR, II, *et al.*,<br><br>*Defendants*. | No. 7:16-CV-00108-O<br><br>**Private Plaintiffs' Motion to Set Deadline for Filing Petition for Fees and Expenses** |

In October 2019, this Court granted in part Private Plaintiffs' motion for partial summary judgment, holding that the U.S. Department of Health and Human Services (HHS) rule challenged in this litigation violated the Administrative Procedure Act (APA) and the Religious Freedom Restoration Act (RFRA). ECF No. 175. The Court did not resolve the other claims in the case, however, creating potential ambiguity about the time in which Private Plaintiffs are required to seek the attorney's fees and expenses available under 42 U.S.C. § 1988 and 28 U.S.C. § 2412. Private Plaintiffs therefore seek an order setting a deadline for them to seek attorney's fees and expenses by 30 days after final resolution of all claims. Such a deadline is in the best interests of both the Court and the parties, avoiding any need to litigate fees while the case is ongoing and when the extent of the available fee award is subject to change.

Counsel for HHS has indicated that HHS opposes this motion as untimely and intends to file a response.

## BACKGROUND

Plaintiffs—a religious hospital and an association of Christian healthcare professionals, as well as eight states—filed this lawsuit in 2016, challenging an HHS rule

1

interpreting the Affordable Care Act's (ACA) prohibition on "sex" discrimination to include discrimination on the basis of "gender identity" and "termination of pregnancy." ECF No. 1; *see also* ECF No. 21 (Am. Compl.). Plaintiffs alleged that because the statutory term "sex" unambiguously means biological sex, the Rule violated the APA, the Spending Clause, and the Eleventh Amendment. ECF No. 21, Counts I-III, XVI-XVIII. And Plaintiffs alleged that because the Rule required them to perform and provide insurance coverage for gender transitions and abortions contrary to their religious beliefs and medical judgment, it violated RFRA, Title VII, and the First and Fifth Amendments. *Id.* ¶ 130, Counts IV-XV. Plaintiffs also alleged that the Rule violated the Tenth Amendment. *Id.*, Counts XIX-XX.

On December 31, 2016, this Court entered a preliminary injunction, agreeing that the Rule likely violated the APA and RFRA. ECF No. 62. In March 2017, Plaintiffs moved for summary judgment. ECF No. 82. Rather than respond to Plaintiffs' motion, HHS moved for a stay of the litigation to reconsider the challenged aspects of the Rule, ECF No. 92, which the Court granted, ECF No. 105.

In December 2018, after 17 months of inaction from HHS, the Court reopened the case. ECF No. 126. Private Plaintiffs then renewed their motion for partial summary judgment, ECF Nos. 135-137, seeking, *inter alia*, vacatur of the unlawful portions of the Rule and an injunction prohibiting HHS from construing the ACA "to require Private Plaintiffs to provide medical services or insurance coverage related to 'gender identity' or 'termination of pregnancy' in violation of their religious beliefs." ECF No. 135-1 at 4.

On October 15, 2019, the Court granted in part Private Plaintiffs' motion, adopting the reasoning of its preliminary-injunction decision and holding that the Rule violates the APA and RFRA, but ordering only vacatur and remand, rather than an injunction. ECF No. 175. That same day, the Court entered a separate judgment, which "sever[ed] Plaintiffs' APA and RFRA claims" from the claims not reached in

the summary-judgment decision. ECF No. 176. It also issued an order staying the unreached claims "pending notice by the parties that these claims should go forward." ECF No. 177. On November 12, HHS filed a motion to modify the Court's judgment to clarify that it affected "only the specific portions of the challenged rule . . . that the Court determined to be unlawful." ECF No. 178 at 1. The Court granted that motion in part on November 21, entering a modified judgment confirming that the Rule had been vacated "insofar as [it] defines '*On the basis of sex*' to include gender identity or termination of pregnancy," and remanding for further consideration. ECF No. 182 at 2.

Private Plaintiffs intend to seek reasonable attorney's fees and expenses from HHS as prevailing parties in an "action . . . to enforce" RFRA, 42 U.S.C. § 1988(b), and a "proceeding[] for judicial review of agency action," 28 U.S.C. § 2412(d)(1)(A). Private Plaintiffs now move for an order setting their deadline for doing so as 30 days after the resolution of all claims in this litigation, including any appeals. The time for appealing the Court's November 21, 2019, judgment on Plaintiffs' APA and RFRA claims expires on January 21, 2020. *See* Fed. R. App. P. 4(a)(1)(B)(i), (a)(4)(A)(iv).

## ARGUMENT

Section 1988(b) makes "a reasonable attorney's fee" available to "prevailing part[ies]" "[i]n any action or proceeding to enforce" a number of civil-rights statutes, including RFRA. 42 U.S.C. § 1988(b). Section 1988 originally didn't apply of its own force to actions against federal agencies. *Knights of Ku Klux Klan, Realm of La. v. E. Baton Rouge Parish Sch. Bd.*, 735 F.2d 895, 897-898 (5th Cir. 1984). In 1980, however, Congress enacted the Equal Access to Justice Act (EAJA). That statute sets out "two distinct methods for a district court to award attorneys' fees" against the federal government. *Hyatt v. Shalala*, 6 F.3d 250, 253-254 (4th Cir. 1993). First, under § 2412(b), the EAJA provides that courts "may award reasonable fees and expenses of attorneys" against the government "to the same extent that any other

3

party would be liable under the common law or under the terms of any statute which specifically provides for such an award"—thus incorporating § 1988 against federal agencies. *Knights of Ku Klux Klan*, 735 F.2d at 899-900 (emphasis omitted). Second, under § 2412(d)(1)(A), the EAJA provides that courts "shall award" fees to parties who prevail against the federal government "in any civil action (other than cases sounding in tort)," subject to certain government defenses and a fee cap not applicable to claims under § 2412(b).

In addition to incorporating § 1988 against federal agencies, the EAJA also establishes a statutory deadline for fee applications, which "applies to fee applications brought under either 28 U.S.C. § 2412(d)(1)(A) or 28 U.S.C. § 2412(b)." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 n.1 (6th Cir. 2005). Under that deadline, the prevailing party must seek fees "within thirty days of a final judgment," defined as a judgment "that is final and not appealable." 28 U.S.C. §§ 2412(d)(1)(B), (2)(G).

Private Plaintiffs here seek fees under § 1988(b) as it "applies to the government through section 2412(b)." *Knights of Ku Klux Klan*, 735 F.2d at 899-900; *see also N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1085 (8th Cir. 2006) (citing § 2412(b) and § 1988 as together supporting fee-shifting against the federal government under RFRA). In the alternative, they also seek fees directly under § 2412(d)(1)(A). *Sai v. Dep't of Homeland Sec.*, 179 F. Supp. 3d 128, 131-132 (D.D.C. 2016) ("EAJA applies to APA claims, *see* 28 U.S.C. § 2412(d)(1)(A) . . . ."). Under the EAJA, then, their deadline for filing a fee application is, at the earliest, 30 days after this Court's November 21, 2019, judgment becomes unappealable. 28 U.S.C. § 2412(d)(1)(G). And that 30-day time period has not yet begun to run, because the "time for taking an appeal from" this Court's judgment—January 21, 2020—has not yet "expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 95-96 (1991).

However, because the Court's decision "stayed" a number of Private Plaintiffs' claims, ECF No. 177, leaving them unresolved, it is not entirely clear whether the

4

deadline for Private Plaintiffs to seek fees will be 30 days after the resolution of all *appeals* (if any) arising from the Court's November 21, 2019, judgment, or 30 days after resolution of *all claims* in this case, including the claims that are as-yet unadjudicated. *Cf. James v. U.S. Dep't of Hous. & Urban Dev.*, 783 F.2d 997, 999 (11th Cir. 1986) ("final judgment" under EAJA means "the date on which a party's case has met its final demise").

To resolve the ambiguity, and to ensure efficient resolution of their claim to fees, Private Plaintiffs seek an order setting the deadline to seek fees as 30 days after the final resolution of all claims. Because Private Plaintiffs are "entitled to fees expended at every stage of the litigation," an earlier deadline "would result in multiple fee litigation, thus unnecessarily burdening the courts and the litigants." *Russell v. Nat'l Mediation Bd.*, 764 F.2d 341, 347 (5th Cir.), *vacated on reh'g on other grounds*, 775 F.2d 1284 (5th Cir. 1985). By contrast, granting Private Plaintiffs' motion would avoid this "fragmentation of the fee petitions and . . . waste of judicial resources," *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1207 (5th Cir. 1991), making it the course that best advances "both judicial economy and time and cost efficiencies for the parties." *Kirmer v. Goodyear Tire & Rubber Co.*, Civil Action No. 11-69, 2012 WL 2564971, at *2 (E.D. La. June 7, 2012) (deferring fee issues until the "case is concluded in its entirety" after granting final judgment on some of several claims in case).

HHS has informed Plaintiffs that it will oppose this motion as untimely. Although it has not yet disclosed the basis for its view, it may attempt to invoke Fed. R. Civ. P. 54(d)(2), which provides a 14-day deadline for filing certain motions for attorney's fees.

But Rule 54's deadline doesn't govern here. Under that Rule, fee motions must "be filed no later than 14 days after the entry of judgment" "*[u]nless a statute or a court order provides otherwise.*" Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added). Here, a

statute *does* provide otherwise. Specifically, Private Plaintiffs seek fees under § 1988, which "applies to the [federal] government through" the EAJA, 28 U.S.C. § 2412(b). *Knights of Ku Klux Klan,* 735 F.2d at 899-900. They also seek fees directly under the EAJA itself as prevailing parties under the APA. 28 U.S.C. § 2412(d)(1)(A). And the EAJA includes its own deadline for fee motions: they must be brought "within thirty days of" when a judgment becomes "final *and not appealable.*" 28 U.S.C. §§ 2412(d)(1)(B), (2)(G) (emphasis added). Because Rule 54(d)(2)(B) by its terms yields to the relevant fee-shifting statutes, the EAJA's deadline—which hasn't yet begun to run—is the applicable one here. *See, e.g.*, *Johnson v. Astrue*, No. 2:11–CV–260 JD, 2013 WL 359653, at *1 n.1 (N.D. Ind. Jan. 30, 2013) ("The EAJA overrides the 14-day limit contained in Fed. R. Civ. P. 54(d)(2)(B)(i)[.]"); Fed. R. Civ. P. 54(d)(2)(B), advisory committee's note to 1993 amendment ("The time for making claims is specifically stated in some legislation, such as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B)[.]").

In any event, even if Rule 54(d) applied, this Court would still have "broad discretion to expand [its] filing deadlines under Fed. R. Civ. P. 6(b)," *Jones v. Cent. Bank*, 161 F.3d 311, 313 n.1 (5th Cir. 1998), which allows extension of deadlines for "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This is precisely the type of case in which such an extension is appropriate.

For one thing, the Fifth Circuit has held that untimely fee motions "may [be] entertain[ed] if the purposes of Rule 54 are satisfied," such as when the losing party "was put on ample notice that" the prevailing party "would be seeking fees." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998). That's the case here: Private Plaintiffs requested fees in every iteration of their complaint, ECF No. 1 at 78; ECF No. 21 at 85; anticipated a fee request in their summary-judgment

6

papers, ECF No. 135-1 at 5; and informed counsel for HHS again by email on January 14, 2020, that they intended to seek fees based on the Court's summary-judgment order, citing the relevant statutes. All this occurred before HHS's deadline to appeal the Court's judgment—January 21, 2020—satisfying Rule 54(d)'s "purpose of . . . assur[ing] that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. P. 54(d)(2)(B), advisory committee's note to 1993 amendment.

Even if Private Plaintiffs hadn't informed HHS of their intent to seek fees—and they did—the notion that HHS needs notice of the fee claim in order to decide whether to appeal makes little sense in this case, where HHS "*agree[d]*" with Plaintiffs" that the Rule was "unlawful," ECF No. 154 at 1, acquiesced in Plaintiffs' motions for summary judgment, *id.*, and has already proposed a new rule, ECF No. 159. In other words, given that HHS ultimately agreed with the Court's summary-judgment ruling, it is highly unlikely that an early fee motion would influence its decision whether to appeal that ruling. If a defendant's problem isn't with a merits decision but with a fee award, it can just appeal the fee award itself. *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009).

The other "excusable neglect" considerations likewise support an extension. Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 & n.44 (5th Cir. 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Rather, it may include "inadvertent delays," which may be excused based on considerations such as the lack of "prejudice" to the opposing party, "the length of the delay and its potential impact on judicial proceedings," "the reason for the delay," and "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 391-392, 395.

These factors all cut in Private Plaintiffs' favor. There is no prejudice to HHS in

7

considering a fee motion 30 days after the conclusion of all litigation, as this is the most efficient way to handle fees for everyone involved, and HHS has had ample notice before the time for filing its appeal that Private Plaintiffs intend to seek attorney's fees. *See Eads v. Wolpoff & Abramson, LLP*, No. EP-07-CV-229-PRM (PRM), 2008 WL 11408616, at *2 (W.D. Tex. Nov. 3, 2008) (allowing fee request where "Defendant had notice of Plaintiff's fee claim," "no appeal ha[d] been taken," and "there is no prejudice"); *Blissett v. Casey*, 969 F. Supp. 118, 122-123 (N.D.N.Y. 1997) (allowing fee request where the delay was "slight," "there was no prejudice to defendants," and no evidence of "bad faith"). And the duration of the supposed "delay"—43 days after the Rule 54(d)(2) deadline, measured from this Court's November 21, 2019, judgment, *see Quigley v. Rosenthal*, 427 F.3d 1232, 1236-1237 (10th Cir. 2005)—pales in comparison to other excused delays. *See Romaguera*, 162 F.3d at 894-895 (343 days after final judgment).

Moreover, the "delay"—if any—was not a result of bad faith, but of the good-faith view that the controlling deadline is provided by 28 U.S.C. § 2412(d)(1)(B), not Rule 54(d)(2). The reasonableness of this view is further confirmed by the numerous claims that remain unresolved before this Court. Ordinarily, "[i]n a lawsuit which contains multiple claims," a judgment is final and appealable only "if it meets one of two conditions": it either "adjudicate[s] all claims, rights, and liabilities of all parties"—which the judgment here didn't do—or the district court "expressly conclude[s] that no just reason exists for delaying the entry of final judgment and . . . expressly order[s] the entry of that judgment pursuant to Rule 54(b)"—which didn't happen here either. *Bader v. Atl. Int'l, Ltd.*, 986 F.2d 912, 914-915 (5th Cir. 1993). And without a final judgment in this sense, not even Rule 54(d)(2)'s deadline (much less § 2412(d)(1)(B)'s) begins to run. *See* Fed. R. Civ. P. 54(a). Private Plaintiffs now recognize that some Fifth Circuit precedent allows "severance" of unresolved claims as an alternative path to finality. *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir.

8

1983); *but see Dole*, 922 F.2d at 1207 ("[I]n order to sever a claim, a judge must enter an order of final judgment under Rule 54(b); in the absence of such a determination, there is no final judgment as to any claim."). But it's at least excusable for Private Plaintiffs not to have initially perceived the Court's actions—a *partial* grant of a motion for *partial* summary judgment, without invocation of Rule 54(b), and expressly leaving several other claims unresolved—as starting the clock on their time for seeking fees, especially given the lack of prejudice to HHS in addressing fees later and the harshness of the result otherwise.

Finally, the "impact on judicial proceedings" of granting Private Plaintiffs' motion, (*Pioneer*, 507 U.S. at 395), and thus entertaining a fee petition within 30 days of the end of this litigation, is nonexistent. That's because even if the Court *denies* this motion as untimely under Rule 54(d)(2)—meaning Private Plaintiffs would be unable to seek fees as prevailing RFRA plaintiffs under § 1988—Private Plaintiffs still have an *independent* right to seek fees as prevailing *APA* plaintiffs under the later deadline of § 2412(d)(1)(A). As noted above, § 2412(d)(1)(A) provides a right, independent of § 1988 and § 2412(b), to seek fees as "a prevailing party" in a (non-tort) civil action against the United States, subject to that subsection's defenses and limitations. 28 U.S.C. §§ 2412(d)(1)(A), (2)(A). And even if the EAJA's 30-days-after-unappealability deadline doesn't displace Rule 54(d)(2) as to Private Plaintiffs' claim for fees under § 1988 and § 2412(b), it plainly does as to a claim under § 2412(d)(1)(A). *See Scarborough v. Principi*, 541 U.S. 401, 408 (2004). The only question, then, is whether post-appeal fee litigation will proceed solely with Private Plaintiffs asserting their rights as prevailing APA plaintiffs under § 2412(d)(1)(A), or whether Private Plaintiffs will also be able to assert their rights as prevailing RFRA plaintiffs under § 1988. Because this motion is timely, or in the alternative its untimeliness arises from excusable neglect, such litigation should proceed under both § 1988 and § 2412(d)(1)(A).

9

\*     \*     \*     \*     \*

Plaintiffs are asking this Court to clarify that any fee litigation in this case will take place after all claims are resolved. That course is routinely followed by courts around the country, to avoid "deciding an issue that could ultimately be for naught, or deciding it twice." *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 808-811 (M.D. Tenn. 2018) (collecting cases). And that approach makes the most sense here, where several of Private Plaintiffs' claims remain unadjudicated, and the deadline for appeal on the adjudicated claims hasn't yet run.

This motion is timely, and even if it weren't, HHS can identify no prejudice from responding to a fee petition under § 1988 after all of the litigation is complete. On the other hand, HHS would reap an undeserved windfall if § 1988 fees—a mechanism central to the vindication of those rights, like religious freedom, "that Congress considered of the highest priority," *Fox v. Vice*, 563 U.S. 826, 832-33 (2011) (internal quotation marks omitted)—were taken off the table altogether because of counsel's alleged (but good-faith) mistake.

## CONCLUSION

The Court should grant Private Plaintiffs' motion.

Respectfully submitted this the 17th day of January, 2020.

*/s/ Luke W. Goodrich*
Luke W. Goodrich
  Bar No. 977736DC
Mark L. Rienzi
  Bar No. 648377MA
Joseph C. Davis
  Bar No. 1047629DC
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
  Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Health, Inc., Specialty Physicians of Illinois, LLC*

## CERTIFICATE OF CONFERENCE

On January 14, 2020, counsel for Private Plaintiffs, Joseph Davis, informed Bradley Humphreys, counsel for HHS, of Private Plaintiffs' intent to file this motion. On January 16, 2020, Mr. Humphreys indicated that HHS opposes the motion as untimely and intends to file a response.

/s/ Luke W. Goodrich
Luke W. Goodrich

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, the foregoing was served on all parties via ECF.

/s/ Luke W. Goodrich
Luke W. Goodrich