IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 7:16-cv-00108-O |
| v. ) | |
| ) | |
| ALEX M. AZAR II, Secretary of Health ) | |
| and Human Services, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' PARTIAL OPPOSITION TO PRIVATE PLAINTIFFS' MOTION TO SET DEADLINE FOR FILING PETITION FOR FEES AND EXPENSES**

Defendants oppose the Private Plaintiffs' request to set a deadline for filing a petition for fees and expenses to the extent they seek them pursuant to 28 U.S.C. § 2412(b), because their request pursuant to that statutory provision is untimely. Rule 54 of the Federal Rules of Civil Procedures is clear that a party requesting fees must seek them within 14 days of entry of final judgment, unless a statute or court order provides otherwise. Here, the Court entered its modified final judgment on November 21, 2019, ECF No. 182, almost two months before the Private Plaintiffs requested a briefing schedule for fees. Notwithstanding the Private Plaintiffs' possible eligibility for fees under 28 U.S.C. § 2412(d)—assuming they satisfy § 2412(d)'s various threshold requirements—the Court should not entertain briefing on the Private Plaintiffs' untimely request for fees under § 2412(b). This distinction matters because, not only are there different time limits under § 2412(b) and § 2412(d), but § 2412(d) also imposes threshold requirements and limitations on fees not found in § 2412(b). *Compare*, *e.g.*, 28 U.S.C. § 2412(d)(1)(A) (precluding fees where the court "finds that the position of the United States was substantially justified"); *id.* § 2412(d)(2)(A) (limiting the hourly rates that can be awarded); *id.* § 2412(d)(2)(B) (limiting the

parties that can seek fees based on net worth and number of employees), *with id*. § 2412(b) (permitting fees "to the extent that any other party would be liable . . . under the terms of any statute which specifically provides for such an award").

## BACKGROUND

Plaintiffs brought this action to challenge certain portions of the May 18, 2016 rule titled Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31,375, 31,392 (Rule), specifically the Rule's prohibition of discrimination on the basis of "gender identity" and "termination of pregnancy." *See, e.g.*, ECF No. 62 (describing Plaintiffs' objections to the Rule); *see also* ECF No. 57 (describing the portions of the Rule Plaintiffs challenge).  On December 31, 2016, the Court granted Plaintiffs' motion for a preliminary injunction, finding that those two challenged aspects of the Rule were contrary to law. *See id.* at 32-38.

With the preliminary injunction in place, and in light of Defendants' request that the United States Department of Health and Human Services be given the opportunity to reconsider the regulations at issue in this case, the Court stayed the litigation until December 17, 2018. *See* ECF No. 126. After the stay was lifted, on February 4, 2019, Plaintiffs moved for summary judgment. *See* ECF Nos. 132-37. On October 15, 2019, the Court granted Plaintiffs' motions for summary judgment and entered Final Judgment in favor of Plaintiffs. *See* ECF Nos. 175, 176. Upon Defendants' request, the Court modified the language of the Final Judgment on November 21, 2019. *See* ECF No. 182. Under Federal Rule of Civil Procedure 54(d)(2)(B), Plaintiffs had until December 4, 2019 to file a motion for fees, "[u]nless a statute or a court order provides otherwise."

## ANALYSIS

In their Motion to Set Deadline for Filing Petition for Fees and Expenses, the Private Plaintiffs put forth two theories for why they may be entitled to fees: First, that they may seek fees under 42 U.S.C. § 1988, as incorporated through § 2412(b) of the Equal Access to Justice Act

2

(EAJA).  *See* Private Pls.' Mot. to Set Deadline for Filing Petition for Fees and Expenses at 4-5, ECF No. 184 (Priv. Pls.' Mot.).  And, second, that the Court should award fees under § 2412(d), which sets out a deadline of 30 days of entry of a judgment that is "final and not appealable," as well as various other specific threshold requirements and limitations on fees. *Id.*

Defendants acknowledge that, assuming the Private Plaintiffs can meet the other requirements of that subsection, the Private Plaintiffs could still file a timely petition for fees under § 2412(d).  However, it is too late for the Private Plaintiffs to seek fees under § 2412(b).  Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees and nontaxable expenses "must . . . be filed no later than 14 days after the entry of judgment," "[u]nless a statute or a court order provides otherwise."  Fed. R. Civ. P. 54(d)(2)(B).  The "failure to file" a motion for attorney's fees and nontaxable expenses "within the allotted period" set forth in Rule 54(d) "serves as a waiver of [a party's] claim for attorneys' fees." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996).

The Private Plaintiffs argue that the 14-day deadline in Rule 54(d) does not apply, because EAJA provides a different deadline.  Their argument is that—when deciding what deadline to apply to their claim under *§ 2412(b)*—the Court should use the 30-day deadline that appears in *§ 2412(d)(1)(B)*, rather than the generally applicable 14-day deadline in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure.

Plaintiffs' argument finds no support in EAJA, the text of which Defendants attach as Exhibit 1 for ease of reference.  The 30-day deadline in § 2412(d)(1)(B) expressly applies only to applications for fees and expenses "*under this subsection*," referring to paragraph (d). 28 U.S.C. § 2412(d)(1)(B) (emphasis added).  Applying the 30-day deadline to fee requests brought under § 2412(b) would be contrary to the plain language and structure of the statute.  The Private

3

Plaintiffs offer no valid reason why the Court should ignore the statutory text to import the deadline in § 2412(d)(1)(B) to give them more time to submit a fee request under § 2412(b), or why the Rule 54(d) deadline should not apply.[1]

The Private Plaintiffs cite dicta from one case, *Townsend v. Commissioner of Social Security*, 415 F.3d 678 (6th Cir. 2006), for the proposition that—contrary to the language and structure of the statute—the 30-day time limit in § 2412(d)(1)(B) also applies to attorneys' fees sought pursuant to § 2412(b). Priv. Pls.' Mot. at 4. In *Townsend*, the Sixth Circuit indicated in a footnote and without any analysis that the 30-day deadline applies to claims for fees brought under both § 2412(d) and § 2412(b). *See Townsend*, 415 F.3d at 581 n.1. Yet, in that case and in the case the Sixth Circuit cited, *United States v. Ranger Electronics Communications, Inc.*, 210 F.3d 637 (6th Cir. 2000), the 30-day deadline in § 2412(d) had already run. *See Townsend*, 415 F.3d at 581; *Ranger Elec. Commc'ns*, 210 F.3d at 632. Thus, the Sixth Circuit had no need to consider whether, like here, a shorter deadline for requesting fees applied under § 2412(b).

In any event, the cited dicta from *Townsend* is contrary to Fifth Circuit precedent. In *Jackson v. U.S. Postal Service*, 799 F.2d 1018 (5th Cir. 1986), the Fifth Circuit addressed the deadline to seek fees under § 2412(b), which, "unlike the Equal Access to Justice Act, 28 U.S.C. § 2412(d)[,] contains no time limit within which requests for attorneys' fees must be made." *Id.* at 1023. The court explained that, "[i]n such situation, we deem it appropriate for the [district] court to apply its local rule, since there is neither statute nor regulation to the contrary." *Id.*

---

[1] If the Private Plaintiffs were correct that the time limit in § 2412(d)(1)(B) applies to claims for fees under § 2412(b), then the other procedural requirements in § 2412(d) should also apply to § 2412(b), including, among other things, the need to establish that the government's position was not substantially justified, § 2412(d)(3), and the amount of fees awarded shall be based on prevailing market rates, "not to exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee," § 2412(d)(2)(A).

Notably, in 1986, when the Fifth Circuit decided *Jackson*, Federal Rule of Civil Procedure 54 did not include the 14-day deadline that is currently in Rule 54(d)(2)(B). The 14-day deadline was added to Rule 54 in 1993. *See* Fed. R. Civ. P. 54, Notes of Advisory Committee on Rules—1993 Amendment. Because there is now a clear, generally applicable deadline for moving for fees in Rule 54(d)(2)(B), that deadline should apply with respect to § 2412(b) under the Fifth Circuit's logic in *Jackson*.

Moreover, the Private Plaintiffs argument that the 30-day deadline in § 2412(d) applies to § 2412(b) would, in effect, eliminate the 14-day deadline in Rule 54(d)(2)(B) as to the United States any time a statute authorizes fees.[2] Yet, courts routinely deny requests for fees as untimely under Rule 54(d) after the 14-day deadline has passed. *See, e.g.*, *Lagarde v Metz*, No. 13-cv-805-RLB, 2017 WL 2371817, at *5 (M.D. La. May 31, 2017) (denying request for fees authorized under 42 U.S.C. § 1988 because the request was made after the 14-day deadline); *Zimmerman v. City of Austin, Texas*, No. 1:15-CV-00628-LY, 2019 WL 2712265, at *3-4 (W.D. Tex. June 28, 2019) (same); *S. Tex. Elec. Cooperative v. Dresser-Rand Co.*, No. V-06-cv-28, 2010 WL 1855959, at *4 (S.D. Tex. May 5, 2010) (denying fees sought after the Rule 54(d) deadline had passed).

Further, the advisory committee notes to the 1993 amendments to Rule 54 also strongly suggest that the 14-day deadline applies to claims brought under § 2412(b). When creating a time limit for moving for fees, the advisory committee specifically noted that "[t]he time for making claims is specifically stated in some legislation, such as [EAJA], 28 U.S.C. *§ 2412(d)(1)(B)*[.]"

---

[2] Because § 2412(b) applies only to the United States, if the Private Plaintiffs were correct, it would also mean, paradoxically, that litigants would often have *more time* when seeking fees against the United States than if they prevailed against a private party, where Rule 54(d)(2)(B) would govern. That result would be inconsistent with § 2412(b)'s purpose, which is to make the United States "liable for [ ] fees and expenses *to the same extent* that any other party would be liable." 28 U.S.C. § 2412(b) (emphasis added).

5

*See* Fed. R. Civ. P. 54, Notes of Advisory Committee on Rules—1993 Amendment (emphasis added).  If the Private Plaintiffs' theory that the 30-day time limit applies to fee petitions under both § 2412(d)(1)(B) and § 2412(b), the advisory committee could have cited EAJA without specifying a specific subsection, or could have cited both § 2412(d)(1)(B) *and* § 2412(b).  It did not.  Rather, the advisory committee went out of its way to highlight only § 2412(d)(1)(B) as a statute that would provide a different deadline than the one in Rule 54(d).

For all the reasons above, the Private Plaintiffs are incorrect that they can still file a timely fee petition through § 2412(b).  Their fallback argument is that the failure to file a timely petition was the result of "excusable neglect."  *See* Priv. Pls.' Mot. at 7-9.  The Private Plaintiffs state that their failure to meet the 14-day deadline was based on "the good-faith view that the controlling deadline is provided by 28 U.S.C. § 2412(d)(1)(B)."  *Id.* at 8.  Putting the Private Plaintiffs' subjective beliefs aside, it is clear from EAJA's text that the 30-day deadline in § 2412(d)(1)(B) applies only to fee awards "*under [that] subsection*," as discussed above.  *See* 28 U.S.C. § 2412(d)(1)(B) (emphasis added).  The Private Plaintiffs are represented by the Becket Fund for Religious Liberty, which has extensive experience litigating RFRA claims; thus, counsel for Private Plaintiffs should have been aware that the deadline in Rule 54(d)(2)(B) applies when seeking fees against the government under 42 U.S.C. § 1988, as incorporated through § 2412(b).  Indeed, in other RFRA cases, the Becket Fund has demonstrated its knowledge of this 14-day deadline.  *See, e.g.*, Unopposed Mot. to Extend Deadlines for Bill of Costs and Mot. for Attorney's Fees, ECF No. 84, *Little Sisters of the Poor Home for the Aged, Denver, Co. v. Sebelius*, No. 1:13-cv-2611-WJM-BNB (D. Colo., filed June 11, 2018) (acknowledging that the district court's local rule and Rule 54(d)(2)(B) establish the deadline to file the plaintiffs' motion for attorney's fees) (attached as Exhibit 2); Plaintiffs' Mot. for Extension of Time to File Petition for Fees and

Expenses, ECF No. 137, *E. Tex. Baptist Univ. v. Sebelius*, No, 4:12-cv-3009 (S.D. Tex., filed Feb. 3, 2014) ("Federal Rule of Civil Procedure 54(d) provides that, absent an order from the court, motions for fees and expenses [shall] 'be filed no later than 14 days after the entry of judgment.'") (attached as Exhibit 3).

It is also clear based on the face of the Court's November 21, 2019 order that the Court entered "Final Judgment," ECF No. 182, triggering the Rule 54(d)(2)(B) deadline, even if the Private Plaintiffs subjectively believed the Court had not concluded the case. *See* Priv. Pls. Mot. at 8. "Oversight," "inadvertence," or "mistake" on the "part of counsel" is "not a viable basis for excusable neglect." *Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2014 WL 235441, at *10 (E.D. La. Jan. 22, 2014) (citing *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993)). The Private Plaintiffs also have not demonstrated that they were prevented from seeking more time before the expiration of the relevant deadline, and Defendants (as well as taxpayers) would be prejudiced by resuscitation of the deadline. Allowing the Private Plaintiffs to resuscitate their claim for discretionary fees available under § 2412(b) after the deadline has passed would harm Defendants and taxpayers (who will ultimately bear the burden of any fees) by exposing them to costs that otherwise would be avoided. *See* pp. 1-2, *supra* (explaining the differences in fees available under § 2412(b) and § 2412(d)).

## CONCLUSION

For the foregoing reasons, any briefing on the Private Plaintiffs' petition for fees should be limited to fees available under 28 U.S.C. § 2412(d).

| | |
|---|---|
| Dated: February 7, 2020 | Respectfully Submitted, |
| | JOSEPH H. HUNT<br>Assistant Attorney General |

MICHELLE BENNETT
Assistant Branch Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W
Washington, D.C. 20005
Telephone: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*