*Franciscan Alliance, Inc. v. Azar*
**Case No. 7:16-cv-108-O (N.D. Tex.)**

# Exhibit 1

section 765 providing that interest shall be computed from the date of the judgment.

Provisions of section 765 of title 28, U.S.C., 1940 ed., that when the findings of fact and the law applicable thereto have been filed in any case as provided in "section 763" [764] of title 28, U.S.C., 1940 ed., and the judgment or decree is adverse to the Government, it shall be the duty of the district attorney to transmit to the Attorney General of the United States certified copies of all the papers filed in the cause, with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same, that, whereupon, the Attorney General shall determine and direct whether an appeal shall be taken or not, and that, when so directed, the district attorney shall cause an appeal to be perfected in accordance with the terms of the statutes and rules of practice governing the same were omitted as unnecessary and covered by section 507 of this title which provides for supervision of United States attorneys by the Attorney General.

Words of section 765 of title 28, U.S.C., 1940 ed., "Until the time when an appropriation is made for the payment of the judgment or decree" were omitted and words "up to, but not exceeding, thirty days after the date of approval of any appropriation act providing for payment of the judgment" were substituted. Substituted words clarify meaning and are in accord with congressional procedure in annual deficiency appropriation acts for payment of judgments against the United States. The substituted words will obviate necessity of repeating such provisions in appropriation acts.

Changes were made in phraseology.

1949 ACT

This section amends section 2411 of title 28, U.S.C., by restoring the provisions of section 177 of the former Judicial Code for the payment of interest on tax refunds.

REFERENCES IN TEXT

Section 6621 of the Internal Revenue Code of 1986, referred to in text, is classified to section 6621 of Title 26, Internal Revenue Code.

AMENDMENTS

1986—Pub. L. 99–514, §1511(c)(18), substituted "the overpayment rate established under section 6621" for "an annual rate established under section 6621".

Pub. L. 99–514, §2, substituted "Internal Revenue Code of 1986" for "Internal Revenue Code of 1954".

1982—Pub. L. 97–164 struck out "(a)" before "In any judgment" and struck out subsec. (b) which provided that, except as otherwise provided in subsection (a) of this section, on all final judgments rendered against the United States in actions instituted under section 1346 of this title, interest was to be computed at the rate of 4 per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment.

1975—Subsec. (a). Pub. L. 93–625 substituted "an annual rate established under section 6621 of the Internal Revenue Code of 1954" for "the rate of 6 per centum per annum".

1949—Act May 24, 1949, restored provisions relating to payment of interest on tax refunds.

EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by Pub. L. 99–514 applicable for purposes of determining interest for periods after Dec. 31, 1986, see section 1511(d) of Pub. L. 99–514, set out as a note under section 6621 of Title 26, Internal Revenue Code.

EFFECTIVE DATE OF 1982 AMENDMENT

Amendment by Pub. L. 97–164 effective Oct. 1, 1982, see section 402 of Pub. L. 97–164, set out as a note under section 171 of this title.

### § 2412. Costs and fees

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(2) A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee.

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

(c)(1) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for costs pursuant to subsection (a) shall be paid as provided in sections 2414 and 2517 of this title and shall be in addition to any relief provided in the judgment.

(2) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for fees and expenses of attorneys pursuant to subsection (b) shall be paid as provided in sections 2414 and 2517 of this title, except that if the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment.

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an

itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(D) If, in a civil action brought by the United States or a proceeding for judicial review of an adversary adjudication described in section 504(a)(4) of title 5, the demand by the United States is substantially in excess of the judgment finally obtained by the United States and is unreasonable when compared with such judgment, under the facts and circumstances of the case, the court shall award to the party the fees and other expenses related to defending against the excessive demand, unless the party has committed a willful violation of law or otherwise acted in bad faith, or special circumstances make an award unjust. Fees and expenses awarded under this subparagraph shall be paid only as a consequence of appropriations provided in advance.

(2) For the purposes of this subsection—

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.);

(B) "party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5;

(C) "United States" includes any agency and any official of the United States acting in his or her official capacity;

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings;

(E) "civil action brought by or against the United States" includes an appeal by a party, other than the United States, from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Government or pursuant to chapter 71 of title 41;

(F) "court" includes the United States Court of Federal Claims and the United States Court of Appeals for Veterans Claims;

(G) "final judgment" means a judgment that is final and not appealable, and includes an order of settlement;

(H) "prevailing party", in the case of eminent domain proceedings, means a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government; and

(I) "demand" means the express demand of the United States which led to the adversary adjudication, but shall not include a recitation of the maximum statutory penalty (i) in the complaint, or (ii) elsewhere when accompanied by an express demand for a lesser amount.

(3) In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to chapter 71 of title 41, the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.

(4) Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise.

(e) The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies (determined without regard to subsections (b) and (f) of such section). Nothing in the preceding sentence shall prevent the awarding

under subsection (a) of section 2412 of title 28, United States Code, of costs enumerated in section 1920 of such title (as in effect on October 1, 1981).

(f) If the United States appeals an award of costs or fees and other expenses made against the United States under this section and the award is affirmed in whole or in part, interest shall be paid on the amount of the award as affirmed. Such interest shall be computed at the rate determined under section 1961(a) of this title, and shall run from the date of the award through the day before the date of the mandate of affirmance.

(June 25, 1948, ch. 646, 62 Stat. 973; Pub. L. 89–507, §1, July 18, 1966, 80 Stat. 308; Pub. L. 96–481, title II, §204(a), (c), Oct. 21, 1980, 94 Stat. 2327, 2329; Pub. L. 97–248, title II, §292(c), Sept. 3, 1982, 96 Stat. 574; Pub. L. 99–80, §§2, 6, Aug. 5, 1985, 99 Stat. 184, 186; Pub. L. 99–514, §2, Oct. 22, 1986, 100 Stat. 2095; Pub. L. 102–572, title III, §301(a), title V, §§502(b), 506(a), title IX, §902(b)(1), Oct. 29, 1992, 106 Stat. 4511–4513, 4516; Pub. L. 104–66, title I, §1091(b), Dec. 21, 1995, 109 Stat. 722; Pub. L. 104–121, title II, §232, Mar. 29, 1996, 110 Stat. 863; Pub. L. 105–368, title V, §512(b)(1)(B), Nov. 11, 1998, 112 Stat. 3342; Pub. L. 111–350, §5(g)(9), Jan. 4, 2011, 124 Stat. 3848.)

HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §§258, 931(a) (Mar. 3, 1911, ch. 231, §152, 36 Stat. 1138; Aug. 2, 1946, ch. 753, §410(a), 60 Stat. 843).

Section consolidates the last sentence of section 931(a) of title 28, U.S.C., 1940 ed., with section 258 of said title 28. For other provisions of said section 931(a), see Distribution Table.

Subsection (a) is new. It follows the well-known common-law rule that a sovereign is not liable for costs unless specific provision for such liability is made by law. This is a corollary to the rule that a sovereign cannot be sued without its consent.

Many enactments of Congress relating to fees and costs contain specific exceptions as to the liability of the United States. (See, for example, section 548 of title 28, U.S.C., 1940 ed.) A uniform rule, embodied in this section, will make such specific exceptions unnecessary.

Subsection (b) incorporates section 258 of title 28, U.S.C., 1940 ed.

Subsection (c) incorporates the costs provisions of section 931(a) of title 28, U.S.C., 1940 ed.

Words "and for summoning the same," after "witnesses," were omitted from subsection (b) as covered by "those actually incurred for witnesses."

Changes were made in phraseology.

REFERENCES IN TEXT

Section 7430 of the Internal Revenue Code of 1986, referred to in subsec. (e), is classified to section 7430 of Title 26, Internal Revenue Code.

AMENDMENTS

2011—Subsec. (d)(2)(E). Pub. L. 111–350, §5(g)(9)(A), substituted "chapter 71 of title 41" for "the Contract Disputes Act of 1978".

Subsec. (d)(3). Pub. L. 111–350, §5(g)(9)(B), substituted "chapter 71 of title 41" for "the Contract Disputes Act of 1978".

1998—Subsec. (d)(2)(F). Pub. L. 105–368 substituted "Court of Appeals for Veterans Claims" for "Court of Veterans Appeals".

1996—Subsec. (d)(1)(D). Pub. L. 104–121, §232(a), added subpar. (D).

Subsec. (d)(2)(A)(ii). Pub. L. 104–121, §232(b)(1), substituted "$125" for "$75".

Subsec. (d)(2)(B). Pub. L. 104–121, §232(b)(2), inserted before semicolon at end "or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5".

Subsec. (d)(2)(I). Pub. L. 104–121, §232(b)(3)–(5), added subpar. (I).

1995—Subsec. (d)(5). Pub. L. 104–66 struck out par. (5) which read as follows: "The Attorney General shall report annually to the Congress on the amount of fees and other expenses awarded during the preceding fiscal year pursuant to this subsection. The report shall describe the number, nature, and amount of the awards, the claims involved in the controversy, and any other relevant information which may aid the Congress in evaluating the scope and impact of such awards."

1992—Subsec. (a). Pub. L. 102–572, §301(a), designated existing provisions as par. (1) and added par. (2).

Subsec. (d)(2)(F). Pub. L. 102–572, §902(b)(1), substituted "United States Court of Federal Claims" for "United States Claims Court".

Pub. L. 102–573, §506(a), inserted before semicolon at end "and the United States Court of Veterans Appeals".

Subsec. (d)(5). Pub. L. 102–572, §502(b), substituted "The Attorney General shall report annually to the Congress on" for "The Director of the Administrative Office of the United States Courts shall include in the annual report prepared pursuant to section 604 of this title,".

1986—Subsecs. (d)(2)(B), (e). Pub. L. 99–514 substituted "Internal Revenue Code of 1986" for "Internal Revenue Code of 1954".

1985—Subsecs. (a), (b). Pub. L. 99–80, §2(a)(1), substituted "or any agency or any official of the United States" for "or any agency and any official of the United States".

Subsec. (d). Pub. L. 99–80, §6, repealed amendment made by Pub. L. 96–481, §204(c), and provided that subsec. (d) was effective on or after Aug. 5, 1985, as if it had not been repealed by section 204(c). See 1980 Amendment note and Revival of Previously Repealed Provisions note below.

Subsec. (d)(1)(A). Pub. L. 99–80, §2(a)(2), inserted ", including proceedings for judicial review of agency actions," after "in tort)".

Subsec. (d)(1)(B). Pub. L. 99–80, §2(b), inserted provisions directing that whether or not the position of the United States was substantially justified must be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action was based) which is made in the civil action for which fees and other expenses are sought.

Subsec. (d)(2)(B). Pub. L. 99–80, §2(c)(1), substituted "$2,000,000" for "$1,000,000" in cl. (i), and substituted "or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association;" for "(ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of the Code and a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association, or (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organiza-