IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEX M. AZAR, II, *et al.*, <br><br> *Defendants*. | No. 7:16-CV-00108-O <br><br> **Private Plaintiffs' Reply in Support of Their Motion to Set Deadline for Filing Petition for Fees and Expenses** |

    HHS's partial opposition (ECF No. 187) only serves to underscore why Private Plaintiffs' motion (ECF No. 184) should be granted. HHS doesn't question the prudence of litigating attorneys' fees only after the case is fully resolved. (In fact, it has agreed to this approach in other cases.) Nor does HHS dispute that Plaintiffs can timely seek fees as a prevailing party under the Administrative Procedure Act (APA) regardless of how the Court resolves this motion. Instead, HHS claims there are two different deadlines governing Plaintiffs' fee motion: the 30-days-after-unappealability deadline of 28 U.S.C. § 2412(d)(1)(B) for fees under the APA, and the 14-days-after-final-judgment deadline of Fed. R. Civ. P. 54(d)(2)(B)(i) for fees under the Religious Freedom Restoration Act (RFRA) and 42 U.S.C. § 1988. Thus, HHS says, Plaintiffs can seek fees under the APA but are time-barred from seeking fees under RFRA.

    This argument fails both textually and practically. Textually, Rule 54 already specifies what happens when a fee motion is governed by two different deadlines, one supplied by the Rule and one supplied by statute: the "statute" controls. *See* Fed. R. Civ. P. 54(d)(2)(B) (motion must be filed within 14 days "*[u]nless a statute . . . provides otherwise*") (emphasis added). Thus, even if HHS were correct that Rule 54's deadline would control a fee motion authorized under § 1988 *alone*, that doesn't follow where,

as here, the motion is authorized by *both* § 1988 *and* 28 U.S.C. § 2412(d). Rather, the default deadline in Rule 54 gives way where "a statute"—here, § 2412(d)—"provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). Practically, HHS's interpretation also fails because it would require Plaintiffs to file multiple fee motions at multiple times: one motion for RFRA fees within 14 days of the judgment, one for APA fees 30 days after the case becomes unappealable, and another for more RFRA fees if Plaintiffs prevail on appeal. Yet Congress enacted § 2412(d)(1)(B) precisely to avoid such "unnecessary fragmentation of . . . fee petitions." *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1207 (5th Cir. 1991).

In any event, even if Plaintiffs' request for fees under § 1988 were untimely, HHS hasn't rebutted Plaintiffs' showing that the supposed delay is "excusable" under Fed. R. Civ. P. 6(b). Indeed, HHS fails to identify *any* prejudice whatsoever arising from the purported delay. Instead, HHS candidly admits its goal in opposing Plaintiffs' motion: it simply wants the windfall of paying less fees. But HHS's potential fee liability isn't attributable to Plaintiffs' "delay" but to Congress's policy judgment, enshrined in § 1988, that suits vindicating RFRA are important enough to require the government to pay fees. Absent some showing of prejudice *beyond* the fees themselves, HHS can't use an (alleged) delay to escape liability imposed by Congress.

## I.     Plaintiffs' motion is timely.

Plaintiffs intend to file a motion seeking attorneys' fees under both 42 U.S.C. § 1988 (as prevailing parties under RFRA) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (as prevailing parties under the APA). The deadline to file that motion has not yet run for two reasons. First, § 1988 was incorporated against the federal government by a provision of the EAJA—§ 2412(b), *see Knights of Ku Klux Klan, Realm of La. v. E. Baton Rouge Parish Sch. Bd.*, 735 F.2d 895, 897-98 (5th Cir. 1984)—and the EAJA's thirty-days-after-unappealability deadline, codified at 28 U.S.C. § 2412(d)(1)(B), "applies to fee applications brought under either 28

U.S.C. § 2412(d)(1)(A) or 28 U.S.C. 2412(b)," *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 n.1 (6th Cir. 2005). Second, even if standalone § 1988 claims against the federal government were ordinarily governed by Rule 54(d)(2)(B)(i), a fee motion authorized by *both* § 1988 *and* § 2412(d)(1)(A) is governed by § 2412(d)(1)(B)—a statutory deadline that trumps Rule 54 according to Rule 54's own terms.

HHS contests the first of these arguments, arguing that the relevant language from *Townsend* is "dicta" and "contrary to Fifth Circuit precedent." Opp'n 4-5 (citing *Jackson v. U.S. Postal Serv.*, 799 F.2d 1018 (5th Cir. 1986)). But HHS has it backwards. The *Townsend* footnote wasn't dicta: the court's holding that § 2412(b) claims are governed by § 2412(d)(1)(B)'s deadline was the sole reason the court gave for finding the plaintiff's § 2412(b) claim untimely. 415 F.3d at 581 n.1. Meanwhile, HHS's *Jackson* language *was* dicta: the *Jackson* court explicitly noted that the local rule deadline "mirror[ed] the EAJA time limit" anyway, so it didn't matter which one governed. 799 F.2d at 1023. Regardless, even if *Jackson* means that an applicable local rule can govern § 2412(b) claims, there's no such local rule applicable here, and HHS doesn't argue otherwise.[1]

---

[1] HHS claims in a footnote (at 4 n.1) that if Plaintiffs are right that § 2412(d)(1)(B)'s deadline applies to fee claims under § 1988 as incorporated against the federal government by § 2412(b), then "other procedural requirements" applicable to § 2412(d)(1)(A) claims—such as a rate cap and "substantially justified" limitation—must apply to Plaintiffs' § 1988 claims, too. But this doesn't follow textually and is contrary to Fifth Circuit precedent. *See Knights of Ku Klux Klan*, 735 F.2d at 896, 899 (analysis whether "the government's position was 'substantially justified' [is] required by § 2412(d), but not relevant to § 2412(b)"). Section 2412(b) makes the federal government liable "*to the same extent that any other party* would be liable" (emphasis added) under other fee-shifting statutes like § 1988. *Id.* at 899 (quoting § 2412(b)). Subjecting Plaintiffs' § 1988 claim to, *e.g.*, a rate cap would plainly alter the "extent" of the government's fee liability; applying a post-appeal deadline for plaintiffs to seek fees would not. HHS's argument also fails to address the alternative reason Plaintiffs' motion is governed by § 2412(d)(1)(B)'s deadline—because, *even if* a motion seeking fees solely under § 1988 would be governed by Rule 54's deadline, a motion seeking fees under § 1988 *and* § 2412(d)(1)(A) is governed instead by § 2412(d)(1)(B)'s. *See infra.*

3

More importantly, HHS *concedes*, as it must, that whatever the controlling deadline might be for Plaintiffs to seek fees under 42 U.S.C. § 1988 alone, Plaintiffs' request for fees as prevailing APA plaintiffs under 28 U.S.C. § 2412(d)(1)(A) is governed by the 30-days-after-unappealability deadline of 28 U.S.C. § 2412(d)(1)(B). Opp'n 3; *see* Mot. 4. Yet this concession dooms their opposition. Rule 54's deadline is a default provision—it requires "the motion" seeking attorney's fees to "be filed no later than 14 days after the entry of judgment" "*[u]nless a statute or a court order provides otherwise.*" Fed. R. Civ. P. 54(d)(2)(B), (B)(i) (emphasis added). But here, it's undisputed that a "statute" *does* "provide[] otherwise": § 2412(d)(1)(B). Because Plaintiffs are authorized to seek fees under § 2412(d), and because that statute sets out a filing deadline different from Rule 54, that statute is controlling.

This reading both comports with the Rule and makes good sense. Mot. 5. HHS's position, by contrast, would require Plaintiffs to file multiple, separate fee petitions all arising out of their single victory—one seeking RFRA fees within 14 days of the Court's judgment, *see* Fed. R. Civ. P. 54(d)(2)(B)(i); one seeking APA fees within 30 days of the case's becoming unappealable, *see* 28 U.S.C. § 2412(d)(1)(B); and yet another seeking more RFRA fees if Plaintiffs prevail on appeal. Yet it was precisely to avoid such "unnecessary fragmentation of . . . fee petitions"—and the resulting "waste of judicial resources"—that Congress enacted § 2412(d)(1)(B) in the first place. *Dole*, 922 F.2d at 1207.

## II. Any untimeliness was the result of excusable neglect.

Even if Plaintiffs' claim for fees under § 1988 weren't timely, the Court has "broad discretion to expand filing deadlines" for "excusable neglect." *Jones v. Cent. Bank*, 161 F.3d 311, 313-14 nn.1-2 (5th Cir. 1998). The Supreme Court has identified several factors relevant to the excusable-neglect inquiry, including (1) the reason for the delay; (2) its length; (3) danger of prejudice to the other party; and (4) the impact on judicial proceedings. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

4

380, 395-97 (1993); *see Sparks v. L.M. Berry & Co.*, 184 F.3d 815, 1999 WL 499519, at *3 (5th Cir. 1999) ("This Court has adopted the Supreme Court's standard of 'excusable neglect' announced in *Pioneer*[.]"). All these factors cut in Plaintiffs' favor:

- *Reason for delay*: Plaintiffs believe in good faith that the controlling deadline is provided by 28 U.S.C. § 2412(d)(1)(B), not Rule 54(d)(2)—a belief reinforced by the text of Rule 54, the policy against unnecessary fragmentation of fee petitions, and the fact that 16 of their Complaint's 20 claims remain pending and unresolved before this Court, *see* Mot. 2, 5-6;

- *Length of delay*: Plaintiffs filed this motion less than two months after the Rule 54(d)(2) deadline—before the appeal deadline had expired, and before the controlling deadline provided by 28 U.S.C. § 2412(d)(1)(B), Mot. 8;

- *Prejudice*: HHS will suffer no prejudice from responding to the same fee motion that it would have had to respond to had Plaintiffs filed earlier, Mot. 7-8, particularly given that HHS has *consented* in other cases to postponing fee litigation until after appeal;

- *Impact on proceedings*: The impact on this Court's proceedings of granting Plaintiffs' motion is nonexistent, since, as HHS concedes, Plaintiffs will be entitled to file a fee motion within 30 days of this case's final resolution regardless of how the Court disposes of this motion, Mot. 9; Opp'n 3.

HHS's arguments otherwise miss the mark. First, as to the reason for delay, HHS says that "[o]versight, inadvertence, or mistake on the part of counsel" can't constitute "excusable neglect." Opp'n 7 (cleaned up, quoting *Atel Marl. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2014 WL 235441, at *10 (E.D. La. Jan. 22, 2014)). But this is simply incorrect; indeed, it's identical to the "stringent[]" excusable-neglect standard the Supreme Court expressly rejected in favor of a "more liberal" one in *Pioneer*. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998). In *Pioneer*, the Court held that "late filings caused by inadvertence, mistake, or carelessness" *could* constitute "excusable neglect," 507 U.S. at 388, because "'neglect' by definition encompasses 'omissions caused by carelessness.'" *Coleman Hammons Constr. Co. v. OSHA*, 942 F.3d 279, 283 (5th Cir. 2019) (quoting 507 U.S. at 388). The sole

5

case HHS cites for its contrary proposition relies on Fifth Circuit precedent interpreting a standard of "*good cause*, not *excusable neglect*," and expressly distinguishing *Pioneer* on that basis. *McGinnis v. Shalala*, 2 F.3d 548, 550 n.1 (5th Cir. 1993).

Under the correct *Pioneer* standard, the Fifth Circuit has excused delays arising from the same circumstances underlying Plaintiffs' supposed mistake here—including a case's "confusing procedural posture," *Louisiana v. Sparks*, 978 F.2d 226, 233-34 (5th Cir. 1992), and an attorney's mistaken belief (which was excusable, given statutory ambiguity) that a different deadline applied, *U.S. ex rel. King v. Univ. of Tex. Health Sci. Ctr.-Hous.*, 544 F. App'x 490, 493-94 & n.2 (5th Cir. 2013). Many other cases are to similar effect, *e.g.*:

- *United States v. Evbuomwan*, 36 F.3d 89, 1994 WL 523681, at *2 (5th Cir. 1994) ("counsel's good faith misinterpretation of the rules");
- *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1206-07 (5th Cir. 1978) ("counsel's misunderstanding of the effect of" motion on deadline);
- *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) ("plausible misinterpretation of a procedural rule");
- *Feeder Line Towing Serv., Inc. v. Toledo, P. & W. R.R. Co.*, 539 F.2d 1107, 1108-09 (7th Cir. 1976) (counsel's "good faith, though erroneous interpretation" of how to reconcile two different, potentially applicable deadlines);
- *Koncak v. Deutsche Bank Nat'l Tr.*, No. 3:16-CV-1507-L-BK, 2017 WL 7512945, at *1 (N.D. Tex. May 24, 2017) (plaintiffs "misinterpreted Rule 4(a) in calculating the . . . deadline"), *report and recommendation adopted* No. 3:16-CV-1507-L, 2017 WL 7512933 (N.D. Tex. June 9, 2017);
- *Castillo v. Zucker, Goldberg & Ackerman, LLC*, Civil Action No. 2:14-cv-6956 (WHW) (CLW), 2015 WL 5722625, at *3 (D.N.J. Sept. 29, 2015) (misinterpretation that "was not grave, ill-intentioned, or time-consuming") (collecting cases).

*Lynn v. West*, No. 2:94CV00577, 2000 WL 1229752 (M.D.N.C. 2000), is illustrative. There, plaintiffs sought fees under § 1988 after denial of certiorari became final, rather than after the Rule 54 "judgment," because they interpreted the applicable local rule to mirror the EAJA in postponing fee litigation until after the final resolution of

the case. *Id.* at \*1-2. Noting that plaintiffs' interpretation had the "advantage of allowing all the fees for a case to be awarded at one time," the court held that "whether or not" it was "the best interpretation of the Rule," the fact that it was "plausible" made any delay excusable. *Id.* at \*2-3. So too here: Even "[a]ssuming" HHS is correct about how to reconcile Rule 54's deadline with the EAJA's, "Plaintiffs' failure to reach the same conclusion amounts" at worst "to excusable neglect." *Id.* at \*3.

More modestly, HHS argues that Plaintiffs' reason for delay cuts against excusable neglect here, because Plaintiffs' law firm treated Rule 54(d)(2) as the controlling deadline in two previous cases seeking fees on behalf of prevailing RFRA plaintiffs under § 1988. Opp'n 6-7. But neither case involved a *combined* motion for attorneys' fees under both RFRA (via § 1988) *and* the *APA* (via § 2412(d)(1)(A))—meaning that the later deadline of § 2412(d)(1)(B) for APA claims did not (as here) indisputably displace the earlier deadline of Rule 54(d)(2)(B). And in neither case was there room for confusion as to whether the court had entered a final, appealable judgment. *See* Final Judgment, ECF No. 83, *Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Azar*, No. 1:13-cv-2611-WJM-BNB (D. Colo. May 29, 2018) ("terminat[ing]" case); Order, ECF No. 136, *E. Tex. Baptist Univ. v. Sebelius*, No. 4:12-cv-3009 (S.D. Tex. Jan. 21, 2014) (certifying partial final judgment under Fed. R. Civ. P. 54(b)). Indeed, more relevant than the plaintiffs' assumptions about the deadline in these cases is that both courts immediately granted the plaintiffs' requests to postpone fee litigation, demonstrating just how unexceptional is the relief Plaintiffs seek here. *See* Order, ECF No. 85, *Little Sisters of the Poor*, *supra* (June 12, 2018); Order, ECF No. 138, *E. Tex. Baptist Univ.*, *supra* (Feb. 4, 2014).

HHS's arguments on *Pioneer*'s "prejudice" factor are equally unpersuasive. The only "prejudice" HHS identifies is that it may have to pay more in fees. Opp'n 7. But the fact that the court might grant the relief sought in an untimely motion can't itself be a reason to deny the motion; otherwise the "prejudice" prong would cut against

7

excusable neglect "in every case." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985). And indeed, many cases have found that defendants would suffer no cognizable prejudice from consideration of an untimely fee motion—even though allowing a fee motion in such a case would (in HHS's words, Opp'n 7), by definition, "expos[e] them to costs that otherwise would be avoided." *See, e.g.*, *Tex. Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1107 (5th Cir. 1996); *Crue v. Aiken*, 370 F.3d 668, 681 (7th Cir. 2004); *Schwartz v. Dolan*, 159 F.R.D. 380, 385-86 (N.D.N.Y. 1995)

Rather, the relevant "prejudice" for purposes of the excusable-neglect inquiry is *prejudice from the movant's delay*. That is, the nonmovant must suffer some "greater harm" that it wouldn't have suffered had the movant timely filed its motion. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001); *see also In re Processed Egg Prod. Antitrust Litig.*, 130 F. Supp. 3d 945, 954 (E.D. Pa. 2015) ("In the context of excusable neglect, when the claimed prejudice is, in reality, the loss of a windfall rather than an affirmative injury to the non-movant, there is no real prejudice to the non-movant."). In the tardy-fee-motion context, for example, the nonmovant might argue that awareness of the fee claim might have influenced his decision whether to appeal, *see* 10 Wright & Miller, *Fed. Prac. & Proc.* § 2680 (4th ed.), or that the delay affected his "memory of the details of the case," *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019).

HHS can show nothing like that here, nor does it even try. HHS *agreed* with the Court's summary-judgment decision, so the possibility that a fee motion would have influenced its appeal calculus was zero, particularly given that it always remains free to later appeal the fee award itself. Mot. 7. And any notion that the details of this litigation have grown stale is belied by the fact that Plaintiffs filed this motion before the appeal deadline had even expired. *Cf. Iopa*, 916 F.3d at 1301 (280 days post-fee

8

petition deadline). Indeed, any argument that HHS would be prejudiced from litigating RFRA fees post-appeal can't be squared with the fact that HHS has frequently *consented* to just that arrangement—including just months ago in another RFRA case before this Court. *See* Pls.' Unopposed Mot. for Extension of Deadline for Filing Application for Attorneys' Fees, *DeOtte v. Azar*, No. 4:18-cv-00825-O (N.D. Tex. Sept. 28, 2019), ECF No. 104 ("the parties . . . agree that [litigating fees post-appeal] would serve both judicial economy and the efficient use of the parties' limited resources"); *see also, e.g.,* Mot. for Extension of Time to File Bill of Costs, *New York v. HHS*, No. 1:19-cv-4676-PAE (S.D.N.Y. Dec. 4, 2019), ECF No. 251 (joint motion to align costs deadline with EAJA fee deadline "in the interest of efficiency and conserving this Court's and the parties' resources"). "[T]here is little danger of prejudice to Defendant in permitting [a] late filing" where the defendant "would have agreed to an extension had one been requested in advance." *U.S. ex. rel. Heath v. Dallas/Fort Worth Int'l Airport Bd.*, No. 3:99-CV-0100-M, 2007 WL 9718200, at *2 (N.D. Tex. Jan. 31, 2007).

Rather than avoiding harm deriving from the delay itself, HHS is explicit about what it really wants to avoid: paying fees for its violation of Plaintiffs' rights. Yet absent Plaintiffs' supposed mistake, HHS would have been liable for fees under § 1988—so to deny Plaintiffs' motion would give HHS a "windfall." *Knoebber*, 244 F.3d at 701. That result should be avoided. As in *Pioneer*, "the lack of any prejudice to [HHS] or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." 507 U.S. at 397-98.

## CONCLUSION

The Court should grant Plaintiffs' motion.

Respectfully submitted this the 21st day of February, 2020.

/s/ Luke W. Goodrich
Luke W. Goodrich
  Bar No. 977736DC
Mark L. Rienzi
  Bar No. 648377MA
Joseph C. Davis
  Bar No. 1047629DC
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
  Suite 700
Washington, DC 20036
(202) 955-0095
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Health, Inc., Specialty Physicians of Illinois, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, the foregoing was served on all parties via ECF.

/s/ Luke W. Goodrich
Luke W. Goodrich

10