IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC. et al., § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ALEX M. AZAR II, Secretary of the § <br> United States Department of Health and § <br> Human Services; and UNITED STATES § <br> DEPARTMENT OF HEALTH AND § <br> HUMAN SERVICES, § <br> § <br> Defendants. § | Civil Action No. 7:16-cv-00108-O |

## ORDER

Before the Court are Plaintiffs Franciscan Alliance, Inc.'s, Christian Medical and Dental Society's, Specialty Physicians of Illinois, LLC's (collectively, the "Private Plaintiffs") Motion to Set Deadline for Filing Petition for Fees and Expenses (the "Motion") (ECF No. 184), filed January 17, 2020; Defendants Alex M. Azar II's and the U.S. Department of Health and Human Services' (collectively, the "Defendants") Response (ECF No. 187), filed February 7, 2020; and the Private Plaintiffs' Reply (ECF No. 191), filed February 21, 2020. Having considered the motion, briefing, and applicable law, the Court finds that the Private Plaintiffs' Motion should be and is hereby **GRANTED.** The Private Plaintiffs **SHALL** file any petition for attorney's fees and expenses by 30 days after final resolution of all claims.

I.  **FACTUAL BACKGROUND**

On October 15, 2019, the Court issued an order granting in part the Private Plaintiffs' Renewed Motion for Partial Summary Judgment and concluding that the regulation at issue, Nondiscrimination in Health Programs & Activities (the "Rule"), violates at the Administrative

Procedure Act ("APA") and the Religious Freedom Restoration Act ("RFRA"). Mem. Op. & Order, ECF No. 175. The same day, the Court also issued a final judgment on the APA and RFRA claims and an order staying the remaining claims. Final J., ECF No. 176; Order, ECF No. 177.

On January 17, 2020, the Private Plaintiffs filed this Motion, which asks the Court to issue an "order setting a deadline for them to seek attorney's fees and expenses by 30 days after final resolution of all claims." Private Pls.' Mot. 1, ECF No. 184. The Defendants oppose the Motion in part, conceding that the Private Plaintiffs may seek fees and expenses under the APA but arguing that their motion for fees and expenses under RFRA is untimely. Defs.' Resp. 1, ECF No. 187. The Motion and related briefing are ripe for the Court's review.

## II.   LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") "provides two paths for recovering attorneys' fees from the government." *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 559 (5th Cir. 2015). "First, under 28 U.S.C. § 2412(b), the federal government may be liable for attorneys' fees 'to the same extent that any other party would be liable under the common law.'" *Id.* Thus, Section 2412(b) incorporated 42 U.S.C. § 1988, which allows a court to award a "reasonable attorney's fee" to the prevailing party in a dispute arising under RFRA. *Knights of Ku Klux Klan, Realm of La. v. E. Baton Rouge Parish Sch. Bd.*, 735 F.2d 895, 98 (5th Cir. 1984) (quoting 28 U.S.C. § 2412(b)). "Second, 28 U.S.C. § 2412(d) allows courts to award attorneys' fees 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Perez*, 792 F.3d at 559. Section 2412(d) applies "in any civil action . . . including proceedings for judicial review of agency action," such as those brought under the APA. 28 U.S.C. § 2412(d)(1)(A). Unlike § 2412(b), § 2412(d) requires a prevailing party to file its

motion for expenses and fees within a specific timeframe—"within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

**III.   ANALYSIS**

The Private Plaintiffs state that they "intend to seek reasonable attorney's fees and expenses from HHS as prevailing parties in an 'action . . . to enforce' RFRA, 42 U.S.C. § 1988(b), and a 'proceeding[] for judicial review of agency action,' 28 U.S.C. § 2412(d)(1)(A)." Private Pls.' Mot. 3, ECF No. 184 (alteration in original). The Defendants oppose the Private Plaintiffs' request only in part. They contend that "[n]otwithstanding the Private Plaintiffs' possible eligibility for fees under 28 U.S.C. § 2412(d)—assuming they satisfy § 2412(d)'s various threshold requirements—the Court should not entertain briefing on the Private Plaintiffs' untimely request for fees under § 2412(b)." Defs.' Resp. 1, ECF No. 187.

The Private Plaintiffs contend the Court should allow them to file a request under both § 2412(d) and § 2412(b) for three reasons. First, the EAJA's statutory deadline "'applies to fee applications brought under either 28 U.S.C. § 2412(d)(1)(A) or 28 U.S.C. § 2412(b).'" Private Pls.' Mot. 4, ECF No. 184 (quoting *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 n.1 (6th Cir. 2005)). Second, because the Private Plaintiffs seek fees under both § 2412(b) and § 2412(d), the default deadline found in Federal Rule of Civil Procedure 54(d)(2)(B)(i) yields to § 2412(d)'s deadline. *See id.* at 5–6; *see also* Private Pls.' Reply 3 n.1, ECF No. 191 ("*[E]ven if* a motion seeking fees solely under § 1988 would be governed by Rule 54's deadline, a motion seeking fees under § 1988 *and* § 2412(d)(1)(A) is governed instead by § 2412(d)(1)(B)'s." (emphasis in original)). And finally, even if Rule 54's 14-day deadline applies, the Court should exercise its "broad discretion" to expand the deadline due to the Private Plaintiffs' "excusable neglect." Private

3

Pls.' Mot. 6, ECF No. 184 (quoting Fed. R. Civ. P. 6(b)(1)(B); *Jones v. Cent. Bank*, 161 F.3d 311, 313 n.1 (5th Cir. 1998)). The Court addresses each argument in turn.

### A. Deadline Under 28 U.S.C. § 2412(b)

The Private Plaintiffs first state that the statutory fee deadline found in § 2412(d)(1)(B) applies not only to fee applications under §2412(d), but also to those under § 2412(b). Private Pls.' Mot. 4, ECF No. 184. The Defendants disagree and claim this conclusion is foreclosed by, *inter alia*, the plain language and structure of the statute and governing Fifth Circuit precedent. Defs.' Resp. 3–5, ECF No. 187. Defendants contend that Rule 54, not § 2412(d)(1)(B), sets the deadline for § 2412(b) fee applications. *Id.* at 3.

"We begin, as we must, with the text of the statute." *W. Ref. Sw., Inc. v. F.E.R.C.*, 363 F.3d 719, 723 (5th Cir. 2011). Under § 2412(d)(1)(B) of the EAJA, a prevailing party "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). Where, as here, Congress drafts a provision to apply to its own subsection, that provision does not also apply to other subsections within the same statute. *See Clark v. Avatar Techs. Phl, Inc.*, No. H-13-2777, 2014 WL 1342033, at *2 (S.D. Tex. Apr. 3, 2014) ("The 'Private Right of Action' provision of § 227(b) applies only to 'a violation of this subsection or the regulations prescribed under this subsection . . . .' It does not apply to the other provisions of § 227 that do not contain an express grant of a private right of action." (citations omitted)). A subsection-specific provision does, however, show that Congress *could* include such a provision in another subsection. *See id.* ("Congress clearly knew how to create a private right of action, having done so for § 227(b) and § 227(c); the fact that it did so as to subsection (b) and subsection (c) but not subsection (d) of 47 U.S.C. § 227 manifests a legislative intent not to create

4

a private right of action under subsection (d) of the statute." (citations omitted)). When enacting the EAJA, Congress created "two paths for recovering attorneys' fees from the government"—one that expressly includes a filing deadline, and one that does not. *Perez*, 792 F.3d at 559. Based on the language and structure of the statute, the Court finds no indication that Congress intended § 2412(d)(1)(B)'s 30-day deadline to apply to § 2412(b).

When considering the issue in 1986, the Fifth Circuit reached the same conclusion. *Jackson v. U.S. Postal Serv.*, 799 F.2d 1018, 1023 (5th Cir. 1986). In *Jackson*, the Fifth Circuit held that "[s]ection 2412(b), unlike the Equal Access to Justice Act, 28 U.S.C. § 2412(d) contains no time limit within which requests for attorneys' fees must be made." *Id.* Rather than applying § 2412(d)(1)(B)'s deadline, the Fifth Circuit "deem[ed] it appropriate for the court to apply its local rule, since there [wa]s neither statute nor regulation to the contrary." *Id.* "Notably, in 1986, when the Fifth Circuit decided *Jackson*, Federal Rule of Civil Procedure 54 did not include the 14-day deadline that is currently in Rule 54(d)(2)(B)." Defs.' Resp. 5, ECF No. 187. But "[b]ecause there is now a clear, generally applicable deadline for moving for fees in Rule 54(d)(2)(B)," the Defendants contend "that deadline should apply with respect to § 2412(b) under the Fifth Circuit's logic in *Jackson*." *Id.*

The Private Plaintiffs, on the other hand, urge the Court to follow the Sixth Circuit, which more recently held that § 2412(d)(1)(B) "'applies to fee applications brought under either 28 U.S.C. § 2412(d)(1)(A) or 28 U.S.C. § 2412(b).'" Private Pls.' Mot. 4, ECF No. 184 (quoting *Townsend*, 415 F.3d at 581 n.1). Given the language and structure of the statute, the Fifth Circuit's holding in *Jackson*, and other recent opinions echoing *Jackson*'s conclusion, the Court concludes that § 2412(d)(1)(B) does not apply to fee applications under § 2412(b). *See Arulampalam v. Gonzales*, 399 F.3d 1087, 1090–91 (9th Cir. 2005) (concluding that § 2412(d)(1)(B) does not apply

5

to § 2412(b) fee applications); *N.C. All. for Transp. Reform, Inc. v. U.S. Dep't of Transp.*, 104 F. Supp. 2d 599, 602 n.2 (M.D.N.C. 2000) (same). Thus, at least when a prevailing party invokes § 2412(b) alone, Rule 54's default 14-day filing deadline applies. Fed. R. Civ. P. 54(d)(2)(B)(i).

### B. Applications Brought Under 28 U.S.C. § 2412(b) and 28 U.S.C. § 2412(d)

In the alternative, the Private Plaintiffs contend that "*even if* a motion seeking fees solely under § 1988 would be governed by Rule 54's deadline"—which it would—"a motion seeking fees under § 1988 and § 2412(d)(1)(A) is governed instead by § 2412(d)(1)(B)'s." Private Pls.' Reply 3 n.1, ECF No. 191 (emphasis in original). The Private Plaintiffs state that Rule 54's deadline is merely a "default provision—it requires 'the motion' seeking attorney's fees to 'be filed no later than 14 days after the entry of judgment' '*[u]nless a statute or a court order provides otherwise.*' Fed. R. Civ. P. 54(d)(2)(B), (B)(i) (emphasis added)." *Id.* at 4. They say "here, it's undisputed that a 'statute' *does* 'provide[] otherwise': § 2412(d)(1)(B)." *Id.* (emphasis in original). Thus, they argue, because they "are authorized to seek [APA] fees under § 2412(d), and because that statute sets out a filing deadline different from Rule 54, that statute is controlling." *Id.*

Neither party cites case law regarding which statutory deadline applies when a prevailing party seeks fees from the government under both § 2412(b) and § 2412(d), but the Private Plaintiffs do provide reasonable arguments to support applying § 2412(d)(1)(B) under these circumstances. For two reasons, the Private Plaintiffs say "[t]his reading both comports with the Rule and makes good sense." *Id.* Practically, "HHS's position . . . would require Plaintiffs to file multiple, separate fee petitions all arising out of their single victory—one seeking RFRA fees within 14 days of the Court's judgment, *see* Fed. R. Civ. P. 54(d)(2)(B)(i); one seeking APA fees within 30 days of the case becoming unappealable, *see* 28 U.S.C. § 2412(d)(1)(B); and yet another seeking more RFRA fees if Plaintiffs prevail on appeal." *Id.* This, they argue, would defy Congress's purpose for 28

6

U.S.C. § 2412(d)(1)(B): "avoid[ing] such 'unnecessary fragmentation of . . . fee petitions'—and the resulting 'waste of judicial resources.'" *Id.* (quoting *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1207 (5th Cir. 1991)).

Given the Court's conclusion that § 2412(d)(1)(B) would not ordinarily apply in a petition for attorneys' fees under § 2412(b), the Private Plaintiffs' practical and purposive arguments are not enough to persuade the Court to apply § 2412(b)(1)(B) here. But the Court considers the reasonableness of these arguments when determining whether to extend the Private Plaintiffs' filing deadline with respect to fees and expenses under § 2412(b).

### C. Extending the Filing Deadline Due to Excusable Neglect

Finally, the Private Plaintiffs argue that, even if Rule 54 applies, the Court should exercise its "'broad discretion to expand [its] filing deadlines under Fed. R. Civ. P. 6(b).'" Private Pls.' Mot. 6, ECF No. 184 (alteration in original) (quoting *Jones*, 161 F.3d at 313 n.1). Because Rule 6(b) allows the Court to extend deadlines due to a party's "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), the Private Plaintiffs contend "[t]his is precisely the type of case in which such an extension is appropriate," Private Pls.' Mot. 6, ECF No. 184. The Defendants urge the Court not to excuse the Private Plaintiffs' delay, as their "oversight, inadvertence, or mistake on the part of counsel is not a viable basis for excusable neglect." Defs.' Resp. 7, ECF No. 187 (citation omitted).

"Rule 6 provides that the district court for good cause shown may, in its discretion, grant an extension after the expiration of a specified time period if the failure to timely file was the result of excusable neglect." *Tex. Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1107 (5th Cir. 1996). In the Fifth Circuit, "[w]hether a party is entitled to relief for excusable neglect is a determination that is 'at bottom an equitable one, taking account of all relevant circumstances.'" *Coleman Hammons Constr. Co., Inc. v. OSHA*, 942 F.3d 279, 282–83 (5th Cir.

2019) (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). And contrary to Defendants' contention, "[t]he excusable neglect inquiry is not limited to whether a party's mistake caused the delay, such cause being expressed in the term 'neglect,' but equally concerns whether the party's mistake or omission was 'excusable.'" *Id.* Rather, district courts "take[] into account factors such as 1) danger of prejudice; 2) length of delay; 3) reason for delay; and 4) evidence of good faith." *Sparks v. L.M. Berry & Co.*, 184 F.3d 815, 1999 WL 499519, at *3 (5th Cir. 1999) (unpublished). When considering these factors, the Court concludes that the delay constitutes excusable neglect.

First, the Defendants will not be prejudiced by an extension. The Defendants do not dispute that the Private Plaintiffs' may still request APA fees and expenses under § 2412(d). Nor do they contest the Private Plaintiffs' request to delay the issue until all claims are resolved. In fact, their only argument is that "[a]llowing the Private Plaintiffs to resuscitate their claims for discretionary fees available under § 2412(b) after the deadline has passed would harm Defendants and taxpayers (who will ultimately bear the burden of any fees) by exposing them to costs that otherwise would be avoided." Defs.' Resp. 7, ECF No. 187. But the mere fact that the Defendants could otherwise avoid paying costs does not make a petition for fees and expenses prejudicial. *See City of Nederland*, 101 F.3d at 1107.

Additionally, the Private Plaintiffs' delay was relatively short. The Private Plaintiffs filed their motion on January 17, 2020—less than two months after the Rule 54 deadline. And even so, they filed before the appeal deadline and before the § 2412(d)(1)(B) deadline. Other courts have excused much longer delays when other circumstances weighed in favor of an extension. *See, e.g.*, *Romaguera v. Gegenheimer*, 162 F.3d 893, 894, 896 (5th Cir. 1998) (upholding a 343-day delay as timely because the purposes of Rule 54 were satisfied).

Of particular importance is the Private Plaintiffs' good cause for their delay. The Private Plaintiffs state they "believe in good faith that the controlling deadline is provided by 28 U.S.C. § 2412(d)(1)(B), not Rule 54(d)(2)." Private Pls.' Reply 5, ECF No. 191. They argue this belief is "reinforced by the text of Rule 54, the policy against unnecessary fragmentation of fee petitions, and the fact that 16 of their Complaint's 20 claims remain pending and unresolved before this Court." *Id.* Though the Court ultimately concludes Rule 54 does apply, *see supra*, it also recognizes that the Private Plaintiffs' arguments are reasonable.[1] The Court notes the circuit split regarding whether § 2412(d)(1)(B) applies to petitions under § 2412(b). *Compare Townsend*, 415 F.3d 578 (holding that § 2412(d)(1)(B) applies to § 2412(b) petitions), *with Jackson*, 799 F.2d 1018 (holding that § 2412(d)(1)(B) does not apply to § 2412(b) petitions), *and Arulampalam*, 399 F.3d 1087 (same). Though the Fifth Circuit has already weighed in, holding that § 2412(d)(1)(B) does not apply, the opinion addressing the issue predates Rule 54's deadline. *See generally Jackson*, 799 F.2d 1018. And given the Private Plaintiffs' invocation of both § 2412(b) and § 2412(d), there are practical reasons to apply § 2412(d)(1)(B) here.

---

[1] The Private Plaintiffs also question whether the Rule 54 deadline has even passed, as they claim it is unclear whether the Court's Final Judgment (ECF No. 76), filed October 15, 2019, constitutes a "final judgment" under Rule 54. *See* Private Pls.' Mot. 8, ECF No. 184. They note that "[o]rdinarily, '[i]n a lawsuit which contains multiple claims,' a judgment is final and appealable only 'if it meets one of two conditions': it either 'adjudicate[s] all claims, rights and liabilities of all parties'—which the judgment here didn't do— or the district court 'expressly conclude[s] that no just reason exists for delaying the entry of final judgment and . . . expressly order[s] the entry of that judgment pursuant to Rule 54(b)'—which didn't happen here either. *Bader v. Atl. Int'l, Ltd.*, 968 F.2d 912, 914–15 (5th Cir. 1993)." *Id.* (alterations in original). If, as the Private Plaintiffs suggest, there was no "final judgment in this sense, not even Rule 54(d)(2)'s deadline (much less § 2412(d)(1)(B)'s) begins to run. *See* Fed. R. Civ. P. 54(a)." *Id.* The Defendants contend this argument lacks merit, as "[i]t is also clear based on the face of the Court's November 21, 2019 order that the Court entered 'Final Judgment,' ECF No. 182, triggering the Rule 54(d)(2)(B) deadline, even if the Private Plaintiffs subjectively believed the Court had not concluded the case." Defs.' Resp. 7, ECF No. 187. The Court need not resolve this dispute, as its outcome does not change the Court's ultimate conclusion. If the October 15, 2019 Final Judgment did not trigger the Rule 54(d)(2)(B) deadline, the Private Plaintiffs' motion is timely. But if it did trigger the Rule 54(d)(2)(B) deadline—as the filing's title suggests—the Court uses its discretion to grant an extension.

Finally, the Court concludes that the above evidences the Private Plaintiffs' good faith. Because the Defendants do not argue the Private Plaintiffs acted in bad faith, this factor also weighs in the Private Plaintiffs' favor.

In addition to the excusable-neglect factors, the Court "may entertain a motion for costs if the purposes of Rule 54 are satisfied," such as when the losing party was "put on ample notice that [the prevailing party] would be seeking fees." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 54 (2006). The Defendants were on notice and therefore should not be surprised by the Private Plaintiffs' requests for fees under § 2412(b). The Private Plaintiffs repeatedly informed the Defendants they would be seeking fees—in both complaints, in their summary-judgment papers, and via email one week before the Defendants' deadline to appeal. Private Pls.' Mot. 6–7, ECF No. 184 (citing ECF Nos. 1, 21, 135-1). By "notify[ing] their counterparts of their requests for attorneys' fees," the Private Plaintiffs have "satisfie[d] the intended purposes of Rule 54(d)(2)." *Romaguera*, 162 F.3d at 895.

The evidence overwhelmingly supports the Private Plaintiffs' claim that their delay was the result of excusable neglect. Accordingly, the Court grants an extension to encompass the Private Plaintiffs' Motion, filed January 17, 2020.

## IV.   CONCLUSION

Though the Court concludes that the Private Plaintiffs' Motion to Set Deadline for Filing Petition for Fees and Expenses is untimely under Rule 54(d)(2), the Court **EXTENDS** the applicable filing deadline to January 17, 2020. Accordingly, the Court finds that the Private Plaintiffs' Motion should be and is hereby **GRANTED.** The Court further **ORDERS** the Private

Plaintiffs to file a petition for attorneys' fees and expenses by 30 days after the final resolution of all claims.

**SO ORDERED** on this **21st day** of **April, 2020**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE