ORIGINAL

**FILED**
**April 22, 2021**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 15, 2021
Lyle W. Cayce
Clerk

No. 20-10093

FRANCISCAN ALLIANCE, INCORPORATED; CHRISTIAN MEDICAL AND DENTAL SOCIETY; SPECIALTY PHYSICIANS OF ILLINOIS, L.L.C.,

*Plaintiffs—Appellants*,

versus

XAVIER BECERRA, *Secretary, U.S. Department of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

*Defendants—Appellees*,

versus

AMERICAN CIVIL LIBERTIES UNION OF TEXAS; RIVER CITY GENDER ALLIANCE,

*Intervenors—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-108-O

Before Elrod, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Religious medical providers challenged a Department of Health and Human Services 2016 rule prohibiting discrimination on the basis of "termination of pregnancy" and "gender identity."[1] The providers claimed that the rule violated the Administrative Procedure Act by defining "sex discrimination" inconsistently with Title IX, the statutory basis for the rule. They also claimed that the rule violated the Religious Freedom Restoration Act by forcing them to perform abortions and gender-transition surgeries against their sincerely held religious beliefs. The district court agreed. It vacated the offending provisions of the rule but declined to enter a permanent injunction. The providers timely appealed the denial of injunctive relief.

Since then, the legal landscape has shifted significantly: HHS repealed the 2016 rule and finalized a new rule in 2020;[2] the Supreme Court interpreted Title VII's prohibition of "sex discrimination" to include gender identity in *Bostock v. Clayton County*;[3] applying *Bostock*'s reasoning to Title IX, two district courts entered preliminary injunctions against the 2020 rule and purported to restore certain provisions of the 2016 rule at the center of this case;[4] President Biden issued an executive order declaring that his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31,375, 31,467 (May 18, 2016) (formerly codified at 45 C.F.R. § 92.4 (2016)).

[2] Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020).

[3] 140 S. Ct. 1731 (2020).

[4] *Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020) ("As a result [of the district court's injunction], the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in effect. In addition, the Court preliminarily enjoins the defendants from enforcing the repeal."); *Whitman-*

No. 20-10093

administration would apply *Bostock*'s interpretation of Title VII to other statutes prohibiting sex discrimination;[5] the Department of Justice issued guidance specifically instructing federal agencies to apply *Bostock*'s definition of sex discrimination to Title IX;[6] and HHS is again considering a new rule.[7]

These developments keep us from reaching the merits of this appeal. Whether the providers are pressing the same claim before us as they did in the district court is unclear, as are the jurisdictional consequences of the evolving state of the law. Indeed, the parties cannot even agree on what kind of relief the district court granted. The Department of Justice simply calls it a "favorable final judgment;" the ACLU calls it a "declaratory judgment;" and the providers call it a "vacatur" of some of the 2016 rule's provisions.

On appeal, the providers argue that the district court should have granted them injunctive relief against the 2016 rule and the underlying statute, that they still suffer a substantial threat of irreparable harm under the 2016 rule, and that the subsequent developments have only made it clear that an injunction should have been granted in the first place. In response, the

---

*Walker Clinic, Inc. v. HHS*, 485 F. Supp. 3d 1, 64 (D.D.C. 2020) ("HHS will be preliminarily enjoined from enforcing the repeal of the 2016 Rule's definition of discrimination '[o]n the basis of sex' insofar as it includes 'discrimination on the basis of . . . sex stereotyping.'"). The *Walker* court specifically disagreed with HHS's assertion that, after the district court's judgment in *this* case, "the sex stereotyping provision ha[s] no real-world effect." *Walker*, 480 F. Supp. 3d at 427 (internal quotation marks and citation omitted).

[5] Exec. Order No. 13,988, 86 Fed. Reg. 7023 (Jan. 20, 2021).

[6] Pamela S. Karlan, Principal Deputy Assistant Att'y Gen., U.S. Dep't of Justice, C.R. Div., Memorandum re: Application of *Bostock v. Clayton County* to Title IX of the Education Amendments of 1972 (Mar. 26, 2021).

[7] *See* Order, *Whitman-Walker Clinic, Inc. v. HHS*, No. 20-5331 (D.C. Cir. Feb. 18, 2021) (staying the appeal from the preliminary injunction in light of ongoing agency proceedings).

No. 20-10093

government contends that the case is moot and that the providers never asked the district court for relief against the underlying statute. On remand, the district court should consider these issues, and we express no view as to their relative merits at this time.

We REMAND for further proceedings. If a party to this case later files a notice of appeal, the appeal shall return to this panel.[8]

---

[8] *See, e.g.*, *Dierlam v. Trump*, 977 F.3d 471, 479 (5th Cir. 2020).