## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

FRANCISCAN ALLIANCE, INC.;
SPECIALTY PHYSICIANS OF ILLI-
NOIS, LLC;
CHRISTIAN MEDICAL & DENTAL
ASSOCIATIONS;

- and -

STATE OF TEXAS;
STATE OF NEBRASKA;
COMMONWEALTH OF KEN-
TUCKY, by and through Governor
Matthew G. Bevin;
STATE OF KANSAS;
STATE OF LOUISIANA;
STATE OF ARIZONA; and
STATE OF MISSISSIPPI,

       *Plaintiffs*,

v.

XAVIER BECERRA, Secretary of
the United States Department of
Health and Human Services; and
UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SER-
VICES,

       *Defendants*.

No. 7:16-cv-00108-O

JOINT STATUS REPORT
REGARDING PROCEEDINGS
ON REMAND

The parties jointly submit this status report in accordance with this Court's Or-

der of April 15, 2021 (ECF No. 194).

On April 15, 2021, following Private Plaintiffs' appeal, the Fifth Circuit remanded

this case to this Court. *Franciscan All., Inc. v. Becerra*, ___ F. App'x ____, 2021 WL

1440102 (5th Cir. Apr. 15, 2021) (per curiam). The Fifth Circuit's mandate issued on April 22.

The parties submit that "they believe the case should proceed" (ECF No. 194) by way of supplemental briefing. *See M.D. by Stukenberg v. Abbott*, 929 F.3d 272, 276 (5th Cir. 2019) ("After *Stukenberg I* issued, the district court promptly requested briefing on how to comply with *Stukenberg I*."). However, they have not been able to reach agreement on the issues the supplemental briefing should address or on a proposed briefing schedule. The position of each party follows:

**Private Plaintiffs**

The Fifth Circuit's opinion explained that:

> On appeal, [Private Plaintiffs] argue that the district court should have granted them injunctive relief against the 2016 rule and the underlying statute, that they still suffer a substantial threat of irreparable harm under the 2016 rule, and that the subsequent developments have only made it clear that an injunction should have been granted in the first place. In response, the government contends that the case is moot and that the providers never asked the district court for relief against the underlying statute.

*Id.* at *2. The Fifth Circuit concluded that "[o]n remand, the district court should consider these issues." *Id.*

Plaintiffs submit that the case should proceed by way of supplemental briefing on the specific issues identified in the Fifth Circuit's opinion to be considered on remand—namely, whether the "relief" Private Plaintiffs should be granted includes "injunctive relief against the 2016 rule and the underlying statute," particularly given the "significant[]" "shift[s]" in "the legal landscape"; or, alternatively, whether "the case is moot" or Private Plaintiffs "never asked the district court for relief against the underlying statute." *Id.* at *1-2.

To that end, Private Plaintiffs propose the following briefing schedule:

| Filing | Deadline | Page Limit |
|---|---|---|
| Private Plaintiffs' supplemental brief | 21 days from the date of this Court's order setting briefing schedule on remand | 25 pages |
| Defendants' and Intervenor Defendants' supplemental briefs | 21 days from the deadline for Private Plaintiffs' supplemental brief | 25 pages each |
| Private Plaintiffs' combined response to all Defendants' supplemental briefs | 14 days from the deadline for Defendants' and Intervenors' supplemental briefs | 20 pages |

### State Plaintiffs

State Plaintiffs understand the judgment on their claims to be final and not at issue in the appeal or on remand. *See, e.g., Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 349-50 (5th Cir. 2020) (district court on remand "can consider whatever [the Fifth Circuit] directs—no more, no less" (internal quotation marks omitted; collecting cases)). Thus, State Plaintiffs do not anticipate filing a supplemental brief.

### Federal Defendants and Intervenor-Defendants

Federal Defendants propose the following addition to Private Plaintiffs' proposed briefing schedule to provide for equitable briefing among the parties:

| | | |
|---|---|---|
| Defendants' and Intervenor Defendants' reply to Private Plaintiffs' combined response to all Defendants' supplemental briefs | 14 days from the deadline for Private Plaintiffs' combined response to all defendants' supplemental briefs | 10 pages each |

### CONCLUSION

The Court should set a schedule for supplemental briefing and address the issues identified by the Fifth Circuit on remand.

3

Respectfully submitted this 22nd day of April, 2021.

| | |
|---|---|
| */s/ Luke W. Goodrich* | Ken Paxton |
| Luke W. Goodrich | Attorney General of Texas |
| Mark L. Rienzi | |
| Joseph C. Davis | Brent Webster |
| The Becket Fund for Religious Liberty | First Assistant Attorney General |
| 1919 Pennsylvania Ave. NW | |
| Suite 400 | Patrick K. Sweeten |
| Washington, DC 20006 | Deputy Attorney General for Special |
| (202) 955-0095 | Litigation |
| lgoodrich@becketfund.org | |
| | */s/ William T. Thompson* |
| *Counsel for Plaintiffs Christian* | William T. Thompson |
| *Medical & Dental Associations,* | Deputy Chief, Special Litigation Unit |
| *Franciscan Alliance, Inc., Specialty* | Texas Bar No. 24088531 |
| *Physicians of Illinois, LLC* | will.thompson@oag.texas.gov |
| | |
| | Office of the Attorney General |
| | P.O. Box 12548, Mail Code 009 |
| | Austin, Texas 78711 |
| | (512) 936-1414 |
| | |
| | *Attorneys for Plaintiff State of Texas;* |
| | *State of Nebraska; Commonwealth of* |
| | *Kentucky, by and through Governor* |
| | *Matthew G. Bevin[1]; State of Kansas;* |
| | *State of Louisiana; State of Arizona;* |
| | *and State of Mississippi* |
| | |
| /s/ *Joshua A. Block* | *Bradley P. Humphreys* |
| Joshua A. Block | Trial Attorney |
| AMERICAN CIVIL LIBERTIES | U.S. Department of Justice |
| UNION FOUNDATION | Civil Division |
| 125 Broad Street, 18th Floor | Federal Programs Branch |
| New York, NY 10004 | 1100 L Street, NW |
| (212) 549-2593 | Washington, DC 20005 |
| jblock@aclu.org | (202) 305-0878 |
| | bradley.humphreys@gmail.com |
| | |
| | *Counsel for Defendants* |

---

[1] After the Court entered final judgment, Governor Bevin left office.

*Counsel for Intervenor-Defendants*
*ACLU of Texas and River City*
*Gender Alliance*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the foregoing status report was served on all parties via ECF.

/s/ Luke W. Goodrich
Luke W. Goodrich

5