IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 7:16-cv-00108-O |
| v. ) | |
| ) | |
| XAVIER BECERRA, Secretary of Health ) | |
| and Human Services, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## **RULE 60 (b) MOTION TO MODIFY ORDER**

Defendants hereby move the Court to modify its August 16, 2021 Memorandum and Order ("Order"), ECF No. 206, pursuant to Rule 60(b), to clarify that Defendants do not violate the Order by taking any action under Section 1557 as to any entities that Defendants are unaware are covered by the scope of the Order, given that Plaintiffs' members are not known to Defendants. Defendants respectfully submit that the requested relief is necessary to meet the requirements of Federal Rule of Civil Procedure 65(d).

Defendants have contacted counsel for Plaintiffs regarding this motion, and Plaintiffs' counsel indicated that Plaintiffs intend to file a response.

## **BACKGROUND**

Given the Court's recent decision in this case, Defendants do not recount again here the full factual and procedural background. As relevant to this motion, on August 16, 2021, upon consideration of Plaintiffs' request for a permanent injunction, the Court issued an amended order that permanently enjoined

> HHS, Secretary Becerra, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), or any implementing regulations thereto against Plaintiffs, their current and future members, and those acting in concert or participation with them, including their respective health plans and any insurers or third-party administrators in connection with such health plans, in a manner that would require them to perform or provide insurance coverage for gender-transition procedures or abortions, including by denying Federal financial assistance because of their failure to perform or provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

Order at 22.[1]

## DISCUSSION

The Court has discretion under Federal Rule of Civil Procedure 60(b) to grant relief from its orders. *See Lindy Investments III v. Shakertown 1992 Inc.*, 360 F. App'x 510, 513 (5th Cir. 2010). Defendants respectfully submit that modification of the Court's August 16, 2021 Order is necessary because Plaintiffs have not disclosed the identities of all of their members, and, as such, Defendants cannot know who is or is not a current or future Plaintiff-member or a party acting in concert with Plaintiffs or a Plaintiff-member. Order at 22. In other words, Defendants are unable to ascertain exactly what conduct the Court's injunction proscribes. Rule 65(d) requires that "[e]very order granting an injunction" must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). "'The requirements of Rule 65(d) are not purely technical, but serve to prevent uncertainty and confusion by those faced with injunctive orders and to avoid the possible founding of a contempt citation on a decree too vague to be understood, as well as to facilitate informed and intelligent appellate review.'" *Islander E. Rental Program v.*

---

[1] The Order corrected typographical and grammatical errors in the Court's initial Memorandum Opinion and Order, issued on August 9, 2021. *See* ECF Nos. 205, 207.

*Barfield*, 145 F.3d 359 (5th Cir. 1998) (quoting *Citizen Band Potawatomi Indian Tribe of Okla. V. Oklahoma Tax Comm'n*, 969 F.2d 943, 946 n.3 (10th Cir. 1992) (internal quotations omitted)).

"The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one. Congress responded to that danger by requiring that a federal court frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *Schmidt v. Lessard*, 414 U.S. 473, 476 n.2 (1974) (citation omitted). Thus, courts have found injunctions too vague when they failed to provide sufficient notice of the individuals or entities against whom conduct was enjoined. *See, e.g.*, *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1411 (11th Cir. 1998) (injunction prohibiting entity from contacting "any donor whose name is contained on Plaintiff's [trade secret donor] lists" impermissibly vague because enjoined party had "no way to determine whether a given member of the public might happen to appear on" a list not in its possession); *NLRB v. Teamsters*, 419 F.2d 1282, 1283 (6th Cir. 1970) (injunction directing employers to cease from restraining or coercing the employees of a specified company "or the employees of any other employer within its jurisdictional territory" was too vague where, inter alia, the injunction failed to define the specified jurisdiction "and thus it provides no means of defining the people for whom protection is sought").

Here, because Plaintiffs have not disclosed the identities of their members, and because the Court's injunction applies to both current *and future* members (as well as those acting in concert or participation with them), Defendants lack the necessary information to guard against the risk of contempt. Defendants therefore respectfully request that the Court modify the current injunction to make clear that they are not enjoined from taking any action against an entity if the agency officials directly responsible for taking any of the prohibited actions are unaware of the relevant

3

entity's status as a member or of the entity's relevant relationship to a member. Defendants propose that, if the agency takes any of the prohibited actions against a member or entity with a relevant relationship to a member, the entity may notify the directly responsible agency official of the fact of the member's membership or the entity's relationship to a member. Once the official receives such notice from the member and verification from the relevant Plaintiff, the agency shall promptly comply with the Court's Order as to the relevant entity.[2]

Defendants respectfully submit that this proposed modification would provide Plaintiffs and their current and future members with the same relief contemplated by the Court's Order, while also providing necessary protection so that Defendants may otherwise carry out their statutory obligations without risk of violating the Order. And, of course, once the responsible agency official is aware of the entity's status as a member covered by the Court's injunction, or relevant relationship with such a member, HHS will not proceed further to enforce Section 1557 on the basis of the failure to perform or provide insurance coverage for gender-transition procedures or abortion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to modify the Court's Order consistent with the accompanying proposed order.

Dated:   September 13, 2021

Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

---

[2] Defendants note that the court in the *Religious Sisters of Mercy* and *Catholic Benefits Association* consolidated cases adopted language in its final judgment similar to what Defendants propose here. *See* Final Judgment, ECF No. 133, *Religious Sisters of Mercy v. Cochran*, 3:16-cv-00386 (D.N.D. Feb. 19, 2021).

        MICHELLE BENNETT
Assistant Branch Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W
Washington, D.C. 20005
Telephone: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

5