IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> XAVIER BECERRA, *et al.*, <br><br> *Defendants*. | No. 7:16-cv-00108-O <br><br><br><br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 60(b) MOTION TO MODIFY JUDGMENT |

Plaintiffs do not oppose the modification to the Court's injunction requested in HHS's motion (Dkt. 208; *see* Dkt. 208-1). Plaintiffs write briefly, however, to underscore the contradiction between the relief HHS requests now and the position it took just months ago on the justiciability of Plaintiffs' claims.

In July, HHS told this Court—as it had earlier in the litigation (*cf.* Dkt. 50 at 22-28), and as it told the Fifth Circuit on appeal—that "[i]t is purely speculative" for Plaintiffs to "posit that the agency will enforce Section 1557" to require "religious-entity plaintiffs" to perform and insure gender transitions and abortions. Dkt. 202 at 18. Now that its justiciability arguments have failed, however, and this Court has rightly entered an injunction, HHS has done an about-face. It now says it has "statutory obligations" to "enforce Section 1557" that place it at "risk of violating [this Court's] Order." Dkt. 208 at 4. Indeed, it claims that unless this Court modifies its order, HHS expects to take "prohibited [enforcement] actions against a member" of Plaintiff CMDA, "on the basis of the[ir] failure to perform or provide insurance coverage for gender-transition procedures or abortion," and that because it doesn't know

1

"the identities of [CMDA's] members," HHS will unknowingly violate this Court's order and be at "risk of contempt." *Id.* at 3, 4.

This is a straightforward admission that Plaintiffs face a credible threat of enforcement absent an injunction. And it confirms that this Court rightly rejected HHS's justiciability arguments and entered a permanent injunction. Dkt. 205.

HHS's motion, however, also casts a troubling light on HHS's attempts to persuade this Court to accept those arguments in the first place. Had the Court done so, it would have denied Plaintiffs injunctive relief—exposing them to serious harm, as HHS's own motion now confirms. Meanwhile, merely by pressing these arguments—which it has done in various forms for over five years, *see* Dkt. 50 at 21 ("Plaintiffs' alleged injuries can only be speculative and conjectural"); HHS Response Br. at 18, *Franciscan All., Inc. v. Becerra*, No. 20-10093 (5th Cir. filed Nov. 20, 2020) ("plaintiffs' theory of possible future injury is … speculative")—HHS forced Plaintiffs, this Court, and the Fifth Circuit alike to expend considerable resources responding to and deliberating over arguments the sincerity of which now appears to be open to question.

To the extent this Court is inclined to grant HHS's motion, then, it may wish to consider expressly recognizing in its order the way in which the motion undercuts the justiciability arguments HHS previously pressed—and thus only confirms the propriety of this Court's order granting permanent injunctive relief. Such recognition could dissuade similar tactics in the future, as well as help to conserve judicial resources if and when future courts—at the Fifth Circuit or elsewhere, *see Religious Sisters of Mercy v. Becerra*, No. 21-1890 (8th Cir.) (response brief filed Sept. 8, 2021)—are called upon to again address HHS's meritless justiciability arguments.

Respectfully submitted.

*/s/ Luke W. Goodrich*
Luke W. Goodrich
DC Bar No. 977736
Eric C. Rassbach
Mark L. Rienzi
Joseph C. Davis
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
(202) 955-0095
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Christian Medical & Dental Associations, Franciscan Alliance, Inc., Specialty Physicians of Illinois, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ Luke W. Goodrich*
Luke W. Goodrich

3