IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.* )<br>)<br>*Plaintiffs*, )<br>) <br>v. )<br>)<br>XAVIER BECERRA, Secretary of Health )<br>and Human Services, *et al.*, )<br>)<br>*Defendants*. )<br>) | Case No. 7:16-cv-00108-O |

**REPLY IN SUPPORT OF DEFENDANTS' RULE 60(b)
MOTION TO MODIFY ORDER**

Defendants respectfully request that the Court grant their motion under Rule 60(b) to modify the Court's August 16, 2021 Order for all the reasons stated in their motion and, additionally, because Plaintiffs do not oppose the requested relief. *See* Pls.' Response to Defs.' Rule 60(b) Motion at 1, ECF No. 208 ("Pls.' Response").

Despite Plaintiffs' non-opposition, Defendants feel compelled to address Plaintiffs' commentary in their response, which is misleading. Plaintiffs claim that there is a "contradiction" between the arguments Defendants advanced in their supplemental briefing and those that Defendants put forth in support of their Rule 60(b) motion. *See* Pls.' Response at 1–2. That is incorrect.

In opposing Plaintiffs' requested injunction on remand, Defendants argued that it was speculative whether HHS would ever bring an enforcement action against the Plaintiffs or any of their members. *See* Defs.' Supp. Br. on Remand at 17–19, ECF No. 202 ("Defs.' Supp. Br."). But that does not, of course, mean that HHS will *never* enforce Section 1557 against *any* entity. Because Defendants do not know who is and who is not a member of the Plaintiff organizations,

the Court's current injunction could be read to preclude HHS from bringing an enforcement action, and arguably from even *investigating* an alleged violation of Section 1557, even if HHS is unaware that the relevant entity is covered by the injunction. Contrary to Plaintiffs' suggestion, Defendants have *not* indicated that they intend to bring an enforcement action against any particular entity. They simply need clarity going forward, as required by Rule 65(d), to understand what conduct is and is not prohibited by the Court's order. Diligence in understanding this Court's order is not inconsistent with Defendants' jurisdictional arguments.

Plaintiffs are also wrong to argue that there has been any sort of "about-face." Pls.' Response at 1. Defendants specifically previewed in their supplemental brief on remand that, if the Court were to grant Plaintiffs' requested relief, Defendants would need either (1) to know the identities of Plaintiffs' members, or (2) to have in place "a mechanism for HHS to avoid the possibility of unknowingly violating any injunction." *See* Defs.' Supp. Br. at 21 n.3. It should therefore come as no surprise to Plaintiffs that Defendants seek to modify the Court's order.

Defendants respectfully ask that the Court grant their unopposed Rule 60(b) motion.

Dated: September 28, 2021

Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE BENNETT
Assistant Branch Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W

2

Washington, D.C. 20005
Telephone: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*